Jacob A. Ayres (State Bar No. 299869)
Email: *ja@socal.law*
GUPTA EVANS & AYRES, PC
555 West Fifth Street, 35th Floor
Los Angeles, CA 90013
Telephone: (619) 866-3444
Facsimile: (619) 330-2055

Thomas E.M. Werge
Email: *tom@werge.law*
WERGE LAW GROUP
1627 Vine St., Suite 200
Denver, CO 80206
Telephone: (303)-586-4900
Facsimile: (720)-554-8042
*pro hac vice forthcoming*

Attorneys for Plaintiff - Matthew Spatola

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Spatola p/k/a Matty Spats,<br><br>       Plaintiff,<br><br>v.<br><br>Jason Desrouleaux p/k/a Jason Derulo; and<br>Sony Music Entertainment d/b/a Columbia Records,<br><br>       Defendants. | CASE NO. 2:23-CV-06191-MWF-E<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>   1. DECLARATORY JUDGMENT<br>   2. ACCOUNTING<br>   3. CONSTRUCTIVE TRUST<br><br>AND JURY DEMAND |

Plaintiff Matthew Spatola ("Plaintiff" or "Spatola") alleges as follows:

## JURISDICTION AND VENUE

1.  Spatola's first claim for relief arises under the copyright laws of the United States, as amended, 17 U.S.C. § 101, *et. seq*. Accordingly, the Court has

FIRST AMENDED COMPLAINT

-1-

subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

2. The Court has supplemental jurisdiction over Spatola's second claim pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) as Derulo and Sony have both waived service of their respective summons and are both subject to the jurisdiction of a court of general jurisdiction within the state of California.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendants are residents of Los Angeles County, and a substantial part of the events occurred in this District.

## INTRODUCTION

5. This case arises out of singer Jason Derulo's refusal to accord Matthew Spatola the credit and royalties he is due as a co-author of the number-one hit song *Savage Love (Laxed – Siren Beat)* ("*Savage Love*"). On April 23, 2020, Derulo and Spatola collaborated to create the instrumental composition and recording of what would later become *Savage Love* in Derulo's Los Angeles home studio. Derulo and Spatola went back to the studio again on April 27, 2020 whereon they completed *Savage Love*.

6. Derulo then unilaterally released Savage Love, without providing any credit whatsoever to Spatola for the work they jointly created together. This lawsuit is filed to right that wrong, and to ensure that Spatola is properly credited as a co-writer of *Savage Love* and compensated for his contributions thereto.

7. Although Spatola had produced at Derulo's home studio before *Savage Love*, those sessions involved a larger group of contributors and were entirely unrelated to *Savage Love*. To Spatola's knowledge, none of the music created at those earlier sessions was ever released by Derulo. *Savage Love* was different – the writing and conceptualizing of the instrumental composition and the creation of the

actual recording occurred when Spatola and Derulo were the only contributors present in Derulo's studio collaborating together to create *Savage Love*.

8.   *Savage Love* topped the Billboard Hot 100 on October 17, 2020, after a boost from the release of a remix version of the song by the wildly popular South Korean pop band BTS – a version which also includes all of the contributions to *Savage Love* created by Spatola. On information and belief, Defendants negotiated and released the BTS remix without acknowledging Spatola and while cutting him out completely from the writing credit and income received. *Savage Love* was an international success, reaching number one on the respective charts of over fifteen different countries and is certified multi-platinum in at least fourteen different countries. At no time did Derulo or Sony ever get permission from, account to, or even enter into any contract with, Spatola for his contributions to *Savage Love* and the BTS remix.

9.   Spatola is a Grammy-nominated professional producer, songwriter, and musician for various high-profile music artists such as Drake and DJ Khaled. Prior to working with Derulo on *Savage Love*, Spatola had worked with many different artists such as Juice WRLD, aboogiewitdahoodie, Lil Uzi Vert, and Nipsey Hussle. He has also performed on The Tonight Show Starring Jimmy Fallon, Jimmy Kimmel Live, and Saturday Night Live.

10.  Derulo has been an award-winning musician for over a decade. While Derulo has had many successful songs throughout his career, *Savage Love* was Derulo's second Billboard Hot 100 number-one hit in the United States, eleven years after his first number one song, *Whatcha Say*. Both of Derulo's number one singles are derived from other existing works. *Whatcha Say* debuted in 2009 using the chorus and underlying composition of Imogen Heap's *Hide and Seek* from four years earlier. *Hide and Seek* had gained widespread popularity due to a its use in an episode of the television series *The O.C.*, and even more fame when *Saturday Night Live* made a parody of the episode in 2007. Heap clarified that although Derulo did

not publish the song before getting her permission, she was "pretty sure they already mastered it, and it was already ready to go, and they were hoping everything would be okay in the end."[1]

11. Derulo created *Savage Love* in a similar fashion: by finding an existing work and basing a new song around it, without first obtaining permission from the author. *Savage Love* started with a song that gained widespread fame on TikTok called *Laxed (Siren - Beat)* (the "Sample"), which was authored by a New Zealand teenager named Joshua Stylah, professionally known as Jawsh685 ("Jawsh"). *Savage Love* started by sampling a song that gained widespread fame on TikTok called *Laxed (Siren - Beat)* (the "Sample"), which was authored by a New Zealand teenager named Joshua Stylah, professionally known as Jawsh 685 ("Jawsh"). When Derulo and Spatola went into the studio to create Savage Love, Derulo started the session by loading the Sample into Pro Tools, and from which Spatola then wrote and recorded new instrumental contributions, together with Derulo, to create the instrumental version of *Savage Love*. When Derulo and Spatola went into the studio to create Savage Love, Derulo started the session by loading the Sample into Pro Tools, and from which Spatola then wrote and recorded new instrumental contributions, to create the instrumental version of *Savage Love*. When Derulo thereafter completed *Savage Love* and posted it on his personal TikTok account, he completely failed to credit Jawsh,[2] while also failing to credit Spatola in any way. A month later, after what were likely significant negotiations between Sony, Jawsh, and Derulo, permission was obtained to release *Savage Love*, contemporaneously with Jawsh being signed to Derulo's label Columbia Records, but without involving Spatola in any way.

---

[1] *https://www.vulture.com/2019/04/songwriters-on-song-copying-sampling-interpolation.html*

[2] *https://variety.com/2020/music/news/jason-derulo-tiktok-controversy-savage-love-laxed-siren-beat-1234609101/*

12. Since the commercial release of *Savage Love*, Spatola requested that Derulo provide him with credit for his work from Derulo directly. Although Derulo originally agreed, after multiple follow-up messages, Derulo failed to follow through and rightfully credit Spatola as a co-writer.

13. In April of 2023, Spatola was prepared to file a complaint in this Court related to the claims discussed herein. Upon discussion with counsel for Derulo and Sony, the Parties entered into a tolling agreement effective April 26, 2023, agreeing to engage in good faith settlement negotiations. After the tolling agreement was executed, however, Derulo and Sony failed to negotiate with Spatola. Derulo and Sony claimed to have an agreement, signed by Spatola, which governed the relationship between Spatola and Derulo. After numerous requests from Spatola, Derulo and Sony failed to produce any such agreement. Accordingly, on June 30, 2023, Spatola supplied Derulo and Sony with notice of termination of the tolling agreement, which terminated the agreement following the contractual 30-day period thereafter. This complaint is now filed following the expiration of the tolling agreement.

## **THE PARTIES**

14. Plaintiff Spatola at all times relevant hereto was an individual residing in the County of Los Angeles, California.

15. On information and belief, Defendant Derulo is, and at all times relevant hereto was, an individual residing and doing business in the County of Los Angeles, California.

16. Defendant Sony Music Entertainment ("Sony"), through its record label, Columbia Records, distributed *Savage Love*, and at all times relevant hereto was a Deleware corporation that conducts business and has at least one office in the County of Los Angeles, California.

# ALLEGATIONS

17. On April 22, 2020, just after 11:00 p.m., Spatola arrived at Derulo's home studio in Tarzana, California ("First Session").

18. Spatola had been to Derulo's home studio about five times prior to the First Session but each time Spatola was collaborating with another producer, not Derulo individually. The First Session was the first time that Derulo had personally invited Spatola to his home studio.

19. Spatola has a unique feel when he writes guitar or bass sections, including his strum patterns and bassline, such that it is usually identifiable by those who have worked with Spatola.

20. Derulo had requested Spatola's phone number from a mutual friend for the purpose of collaborating together on a new song.

21. After Spatola arrived, a sound engineer loaded the Sample from Jawsh's Siren – Beat into Pro Tools.

22. After listening to the beat, Spatola began writing and recording the instrumental additions to the track that eventually became *Savage Love*.

23. Through the early hours of April 23, 2020, Spatola and Derulo worked together to create on different aspects of the work, which included modifying the tempo, modifying the volume of certain instruments, adjusting the rhythm, crafting the instrumental parts for the electric and acoustic guitars and electric bass, and reimagining the overall feel of the song.

24. Specifically, *Savage Love* includes an acoustic section, of which the instrumental portion was created from scratch by Spatola, and to which Derulo later added vocals.

25. Little to no creative elements from Jawsh's Sample are incorporated as part of the acoustic section, which distinguishes it from the rest of *Savage Love*.

26. The instrumental feel in the acoustic section is defined by Spatola's acoustic guitar and bass elements contributed to the composition and sound recording.

27. In addition to co-writing portions of *Savage Love* with Derulo, Spatola also performed the electric and acoustic guitars and electric bass throughout the sound recording. These parts substantially define the tone and feel of *Savage Love*.

28. While writing and performing the acoustic section and bass, Spatola followed his own direction, made his own decisions, and ultimately wrote and recorded what he felt was right for the song.

29. Spatola wrote and performed the electric bass and acoustic guitar sections without any instruction from Derulo on the content or feel of the parts.

30. Spatola and Derulo wrote the electric guitar section collaboratively, with Spatola performing the electric guitars on the sound recording, and as later used on the BTS remix and other versions that Derulo later released.

31. Other aspects of the song were discussed and decided upon collaboratively by both Derulo and Spatola, with neither party expressing dominant authority.

32. At the end of the First Session, Derulo and Spatola had completed the instrumental composition and base recording of *Savage Love*.

33. On April 27, 2020, Derulo sent a text message to Spatola, asking him to come back to Derulo's studio around 6:00 p.m. that day and continue working on *Savage Love* ("Second Session"). <u>Exhibit 1</u>.

34. Derulo wanted to record additional lyrics in the Second Session.

35. Spatola did not assist Derulo in authoring the lyrics of *Savage Love*, nor performing the vocals. However, Derulo specifically requested that Spatola come back into the studio to complete the song they had created together.

36. Spatola was only asked to join the Second Session because he assisted in the creation of the song and was entrusted as the producer to make the adjustments to the underlying music in order to match the lyrics.

37. At the end of the Second Session, Derulo and Spatola had created a final version of *Savage Love*.

38. Spatola understood that, in the event that Derulo might ever release *Savage Love*, Derulo and his record company would contact him to "clear" the work, to sign paperwork authorizing its release and fairly compensating Spatola for his co-authorship of the work.

39. But that never happened.

40. Following the Second Session, Derulo sent Spatola a text message asking "1k good each day?" Exhibit 2. And Derulo subsequently paid Spatola $2,000 for the two days of time in the studio.

41. This payment was confirmed by Spatola's attempt to file Spatola's American Federation of Musicians ("AFM") report in July 2020, shortly after the commercial release of *Savage Love*. Exhibit 3.

42. Typically, music producers who work on a song will be paid an upfront "session fee" which compensates the producer for their time in the studio. This is to protect the producer from a song not being released, and their time working on the project becoming valueless. The session fees and author's credit and royalties are not mutually exclusive.

43. Derulo teased the song on his TikTok account on May 10, 2020. Derulo immediately received backlash for failing to credit Jawsh or get permission before sampling the song and exploiting that sample on TikTok as part of *Savage Love*.

44. Derulo did not commercially release the song for another month, until he and Sony had negotiated a deal with Jawsh, including finally securing authority to use the Sample and to release *Savage Love*.

45. Despite negotiating the deal with Jawsh, on information and belief, the Defendants did so without identifying to Jawsh that Spatola was a co-writer and co-producer of *Savage Love*.

46. At the same time, Spatola has been seeking authorship credit since the release of *Savage Love*, including through e-mail with multiple employees at AFM, SAG-AFTRA, Sony, and even in direct communication with Derulo.

47. On July 21, 2020, Spatola filed his various AFM reports to claim co-ownership and royalties for *Savage Love*. Exhibit 3.

48. Over the next two years, Spatola was consistently redirected to other people to contact, told it was being handled in due time, and eventually outright ignored.

49. On September 7, 2020, Spatola sent a text message to Derulo asking to "touch base about possibly getting [his] name on Savage love as addition[al] guitar and bass." Exhibit 4.

50. Derulo replied to Spatola with "Hey bro yes. Send me your full name." Exhibit 5.

51. When Derulo failed to credit Spatola as promised, Spatola contacted Derulo's tour manager, who also followed up with Derulo. Exhibit 6; Exhibit 7.

52. Neither Derulo nor his tour manager ever assisted Spatola to get credited for his creative contributions to *Savage Love*.

53. Spatola never was asked to sign a work-for-hire agreement, nor any other paperwork related to his co-authorship of *Savage Love*.

54. Neither Derulo nor Sony ever requested or obtained any agreement from Spatola regarding *Savage Love*.

55. During 2021 and 2022, Derulo invited Spatola to return to his home studio for other projects. At no point did Derulo state his intention to prevent Spatola from rightfully obtaining his authorship credit for *Savage Love*.

56. Upon its release, *Savage Love* received substantial success, including over 10 weeks in the top-10 on the Billboard HOT 100.

57. Derulo and Sony then further monetized *Savage Love* by negotiating the release of a remix of Savage Love with world-renowned K-Pop group BTS, without Spatola's permission, and without accounting to or providing any compensation whatsoever to Spatola.

58. On October 17, 2020, the *Savage Love* remix peaked at number one.

59. *Savage Love* has gone platinum in around fifteen countries and is RIAA certified quadruple platinum as of November 29, 2022.

60. On April 11, 2023, Spatola received his official copyright registration from the Unites States Copyright Office for authorship and co-ownership of the sound recording and musical composition of *Savage Love*. Exhibit 8.

61. *Savage Love* was Spatola's first time co-writing and producing with an artist of international notoriety.

62. If Spatola had been properly credited as a co-author and co-producer of a hit like *Savage Love*, he would have received additional opportunities that were lost due to this lack of credit.

63. Composers credited with co-writing hit songs as writers are invited to work with other top performers in the industry, along with other lucrative opportunities.

64. As a direct result of Defendants' refusal to grant Spatola his rightfully earned co-writing credit, Spatola was not given the opportunity to further advance his career in the music industry as a benefit to helping Derulo create the chart-topping song.

65. Had Derulo and Sony properly accounted to Spatola, he would have also directly generated substantial royalties.

66. *Savage Love* is a multi-national hit that has sold millions of copies and has over a billion streams, including remixes.

67. Defendants' refusal to credit Spatola as a co-writer and co-producer of *Savage Love* has resulted in significant harm to Spatola.

### **FIRST CLAIM FOR RELIEF**

### **(Declaratory Judgment against all Defendants)**

68. Plaintiff repleads, realleges and incorporates by reference each allegation contained in the preceding and foregoing paragraphs.

69. An actual and present controversy now exists between Spatola and Defendants regarding Spatola's status as a co-writer and co-producer of the musical composition of *Savage Love*.

70. Defendants have denied recognition of Spatola's co-authorship and co-producer status, which would otherwise entitle Spatola to a writer's credit and a share of the monies generated from the exploitation of *Savage Love*.

71. Spatola is also a co-writer and co-producer, along with Defendant Derulo, of the sound recording of *Savage Love*. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) (holding that a joint work is "(1) a copyrightable work, [with] (2) two or more 'authors,' and [where] (3) the authors intend their contributions be merged into inseparable or interdependent parts of a unitary whole").

72. Spatola and Derulo each contributed separate and distinct copyrightable components of the song *Savage Love*.

73. Spatola was not involved in writing the lyrics, but he was the driving force in creating the instrumental portions and rhythmic patterns, especially as to the acoustic section, with the remainder of the instrumental portions also created primarily by Spatola with influence from Jawsh's Sample.

74. Spatola also performed all electric guitar, acoustic guitar and electric bass performances that were incorporated into the sound recording of *Savage Love*.

75. Spatola's work on *Savage Love* qualifies him as an author, under a joint work framework *Aalmuhammed*, 202 F.3d at 1234 (holding that the factors for determining an "author" with respect to a joint work are: (1) 'superintending' the

work by exercising control, (2) make objective manifestations of shared intent to be co-authors, and (3) the 'audience appeal' of the work turns on both contributions).

76. Each party had independent creative control over their respective contributions and exercised that control during both studio sessions.

77. Spatola and Derulo each manifested the shared intent to co-write a song, and then worked together to jointly create *Savage Love*. Each party intended for their individual contributions to be merged into inseparable or interdependent parts of a unitary composition.

78. Spatola contributed significantly to *Savage Love*, including by writing and recording additional guitar and bass lines and Spatola's discretion.

79. Starting with the Sample, Spatola composed multiple additional instruments to be added into an instrumental version of *Savage Love* at the end of the First Session.

80. By the end of the Second Session, Spatola and Derulo had recorded what would later be released as *Savage Love*. Spatola's additions helped turn a popular TikTok song into the music underlying a multi-platinum record, generating substantial audience appeal individually and jointly.

81. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Spatola is entitled to a declaration of rights as follows: (a) Spatola is a co-writer and co-producer of the sound recording for *Savage Love*, including all instrumental versions; (b) Spatola is a co-writer and co-producer of the musical composition for *Savage Love*; (c) Spatola is entitled to co-writer and co-producer credits on *Savage Love* and all variations released publicly, including remixes, instrumentals and licensed covers; and (d) Spatola is entitled to prospective and retroactive royalties and other money owed with respect to his interest in *Savage Love*.

82. Alternatively, the First Session and the Second Session each resulted in independent sound files in a fixed medium. Spatola is a co-owner of each of those session files as independently copyrightable works. If Spatola is not an owner of the

commercial release of *Savage Love*, he is at least a co-owner of the two session files, of which *Savage Love* is a derivative work. Spatola is entitled to declaratory judgment with respect to his interest in *Savage Love*.

## SECOND CLAIM FOR RELIEF
### (Accounting against all Defendants)

83. Plaintiff repleads, realleges and incorporates by reference each allegation contained in the preceding and foregoing paragraphs.

84. Spatola, as a joint author and co-owner of the copyright of the sound recording and composition of *Savage Love* is entitled to his *pro rata* share of the profits earned by Defendants through exploitation of Spatola's copyright. *1 Nimmer on Copyright*, § 6.12[A] ("The prevailing rule is that a joint owner is under a duty to account to the other joint owners of the work for a ratable share of the profits realized from his use of the work."); *see also Meredith v. Smith*, 145 F.2d 620, 621 (9th Cir. 1944).

85. Spatola was wrongfully deprived of his rightful share of profits by Defendants' commercial exploitation of *Savage Love* without accounting for profits to Spatola.

86. Defendants are in sole control of the books and records needed to determine the amounts due to Spatola pursuant to their relationship as joint authors. Spatola has no reasonable means by which he can obtain the information necessary to calculate what is owed to him by Defendants.

87. Spatola is entitled to an order of this Court directing Defendants to render a complete and honest accounting of all revenues derived from the exploitation of *Savage Love* and all sums due to Spatola. Spatola is entitled to a judgment in the amount of the sums shown due by such accounting.

## THIRD CLAIM FOR RELIEF
### (For Constructive Trust against all Defendants)

88. Plaintiff repleads, realleges and incorporates by reference each allegation contained in the preceding and foregoing paragraphs.

89. By virtue of the foregoing, any interest that Sptaola has in *Savage Love*, and any and all profits received by Defendants from the commercial exploitation of *Savage Love*, are property of Spatola and Defendants.

90. Defendants have wrongfully deprived Spatola from his share of the profits that they have enjoyed from the exploitation of *Savage Love*.

91. By virtue of the Defendants' deprivation of Spatola's share of profits, the Defendants hold all profits derived from the exploitation of *Savage Love* as constructive trustees for the enjoyment and benefit of Defendants and Spatola.

92. Plaintiff is entitled to immediate possession of his *pro rata* share of profits held by Defendants as contructive trustees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pleads for judgment against Defendants as follows:

1. That the Court declare that: (a) Spatola is a joint author and has ownership of the sound recording of *Savage Love*; (b) Spatola is a joint author in the composition of *Savage Love*; (c) Spatola is entitled to co-writer and co-producer credit on the copyright of the sound recording and composition of *Savage Love*, including on remixed versions of *Savage Love*; and (d) Spatola is entitled to prospective and retroactive royalties and other money owed with respect to his respective interest in the sound recording and composition of *Savage Love*, in a percentage to be proven at trial;

2. That the Court order an accounting of all revenues derived from the exploitation of *Savage Love* by Defendants, including but not limited to earnings from licensor agreements;

3. That the Court order turnover of all share of profits owned by Spatola and held in constructive trust by the Defendants.

1  4. That Spatola be awarded his reasonable attorney's fees and costs pursuant to the U.S. Copyright Act, 17 U.S.C. § 505; and

5. For such other further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable raised in this complaint.

Date: December 21, 2023              Respectfully submitted,

*/s/ Jacob A. Ayres, Esq.*
Jacob A. Ayres
GUPTA EVANS & AYRES, PC

Thomas E.M. Werge
WERGE LAW GROUP
*pro hac vice forthcoming*

*Attorneys for Plaintiff*
*Matthew Spatola p/k/a Matty Spats*