UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-06191-MWF (JPRx)          **Date:** October 25, 2024

**Title:** Matthew Spatola v. Jason Desrouleaux et al.

---

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER GRANTING EX PARTE APPLICATION [75]

Before the Court is the Ex Parte Application to Deem Defendants' Motion for Summary Judgment Timely Filed, or, in the Alternative, to Extend the Last Day to Hear Motions and Reset the Hearing on Defendants' Motion (the "Application"), filed by Defendants Jason Desrouleaux and Sony Music Entertainment (collectively, "Defendants") on October 22, 2024. (Docket No. 75). Plaintiff Matthew Spatola filed his Opposition on October 23, 2024. (Docket No. 78).

The Court has considered the papers filed on the Application and deems the matters appropriate for decision without oral argument.

The Application is **GRANTED**. The Court finds that there is good cause to modify the current schedule. To ensure that Plaintiff is not prejudiced by the granting of this Application, the Court hereby **ORDERS** that the Motion for Summary Judgment hearing shall take place on November 25, 2024, at 10:00 A.M. Plaintiff's Opposition will be due on November 4, 2024. Defendants' Reply will be due on November 11, 2024.

## I. BACKGROUND

In the Order Granting Joint Stipulation to Amend Order re Deadlines, filed August 28, 2024, the Court set November 18, 2024, as the last day to hear motions, as

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-06191-MWF (JPRx)**                   **Date:  October 25, 2024**
**Title:  Matthew Spatola v. Jason Desrouleaux et al.**

agreed upon by the parties.  (Docket No. 54 at 2).  Under the Local Rules, then, the deadline to file a motion was October 21, 2024.

On October 21, 2024, Defendants attempted to file a Motion for Summary Judgment (the "Motion").  (Application at 1).  Indeed, an application to seal certain documents in support of the Motion was marked filed on October 21, 2024.  Defendants state that "technological and internet connectivity issues" prevented them from successfully filing the Motion until the early morning on October 22.  (*Id.*).  The Court website indicates that the Motion was filed at 12:17 A.M. on October 22, meaning that Defendants missed the filing deadline by 18 minutes, though Plaintiffs report that the filing was completed at 2:49 A.M.  (Docket No. 60; Application at 4).

This Application immediately followed.  Defendants seek for the Court to consider the Motion timely filed, or else to modify the current schedule to allow the Motion to be heard on November 25, 2024, which would then be the last day to hear motions.  (Application at 2).  Plaintiff opposes, arguing that there is not good cause to modify the current schedule.  (*See generally* Opposition).

## II.   DISCUSSION

In effect, Defendants seek relief from having inadvertently filed their Motion 18 minutes late, according to Court records.  (Docket No. 60).  Defendants have demonstrated good cause for this request.

Rule 16(b)(4) allows a party to modify a scheduling order "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" "standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).  Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that

| **CIVIL MINUTES—GENERAL** | **2** |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-06191-MWF (JPRx)**　　　　　　　**Date:  October 25, 2024**
**Title:**  Matthew Spatola v. Jason Desrouleaux et al.

party was not diligent, the inquiry should end."  *Id.* (citation omitted).  As part of the diligence inquiry, "[t]he Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established."  *Desio v. State Farm Mut. Automobile Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

　　　The facts here indicate that Defendants were diligent in attempting to meet the deadline to file their Motion.  Defendants claim that "technological and internet connectivity issues" prevented them from timely filing the Motion. (Application at 1).  Specifically, Defendants' Sealing Application (Docket No. 58) needed to be filed in advance of the Motion.  (*Id.*).  The Declaration of Joshua M. Rosenberg, which contains the material Defendants wish to seal, "was so voluminous it had to be filed in six parts," which apparently slowed the ability of Defendants to file the Motion itself.  (*Id.*).

　　　Defendants argue that they will be irreparably prejudiced if the Motion cannot be heard (*id.* at 3), that the late filing was a product of excusable neglect (*id.* at 3-4), that an extension would be of minimal impact to the proceedings (*id.* at 4), that Defendants have acted in good faith (*id.* at 4-5), and that similar requests are commonly granted (*id.* at 5).

　　　In his Opposition, Plaintiff responds that Defendants have failed to demonstrate good cause for relief (Opposition at 4-6), that Plaintiff will be prejudiced if the Application is granted (*id.* at 6-8), and that Defendants should have filed a noticed motion to modify the schedule, rather than filing the Application (*id.* at 8-10).  Plaintiff claims that "technological and internet connectivity issues" were not the problem at all, and that Defendants simply failed to realize that the Motion could not be filed until after the Sealing Application was filed.  (*Id.* at 6).

　　　The Court cannot help but find that good cause to modify the schedule exists here.  As an aside, the Court notes that it is perhaps not an ideal practice to file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-06191-MWF (JPRx)**     **Date:  October 25, 2024**
Title:  Matthew Spatola v. Jason Desrouleaux et al.

Declaration so massive that it cannot be filed but in six parts immediately before the deadline.  But with that minor caveat, the Court agrees that granting a request like the one before it is common practice, and that Plaintiff will suffer no prejudice by it.  Defendants cite a litany of Central District cases in which untimeliness arguments were rejected for deadlines missed by hours.  *See, e.g.*, *Aguilar v. Marinello Schs. Of Beauty*, No. CV 09-00854-DMG (JKx), 2010 WL 11582978, at *5 (C.D. Cal. Mar. 29, 2010) ("Defendant also requests that the Court strike Plaintiff's untimely Opposition to the Motion to Dismiss.  Plaintiff filed her Opposition at 2:28 [A.M.], less than two and a half hours after the deadline had passed. Any prejudice to Defendant is therefore minimal . . ."); *Jamison v. Costco Wholesale Corp.*, No. CV 23-09212-SM (MRWx), 2023 WL 8850705, at *1 n.1 ("Costco moved to strike Plaintiff's reply brief as untimely. . . . Because the reply was filed only a few hours after the deadline and Costco fails to allege prejudice, the Court elects to consider the reply brief.  Any future infractions may result in appropriate sanctions.").

It is far from ideal for any party to miss a filing deadline, and (as the court stated in *Jamison*) repeated violations may result in sanctions.  But Defendants could not reasonably have known that the Sealing Application and the associated Declaration would take so long to file, or that the Declaration would need to be filed in six separate parts.  It is common for attorneys to work on motions up to the deadline, to enhance the quality of their work.  The Court will not punish Defendants for this relatively minor mishap.

Even more importantly, the Court refuses to waste ***the jury's*** time.  Whether the Motion will be granted or not is a determination for another day, but it is obviously within the realm of possibility that it will be granted.  If so, in the counterfactual world in which the Court denies the Application, Plaintiff has inconvenienced the jury for a case that should not have gone to trial in the first place, based on an 18-minute overnight delay.

Similarly, Defendants' argument on prejudice is well-taken.  Were the Court to deny the Application, Defendants would have to expend time and energy in preparation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-06191-MWF (JPRx)**   **Date:  October 25, 2024**
Title:  Matthew Spatola v. Jason Desrouleaux et al.

for a trial that perhaps need not have happened.  Even if Defendants prevailed on a Rule 50 Motion, this would be a strong sanction.  *See, e.g.*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (stating that, in context of motion to dismiss for failure to comply with a court order, prejudice to a defendant may result from "impair[ing] the defendant's ability to go to trial or threaten[ing] to interfere with the rightful decision of the case").

Defendants have also demonstrated good faith in regard to the emergency.  Whereas many litigants would let this lapse lie, Defendants met and conferred with Plaintiff at around noon the following day to seek a stipulation for an extension.  (Declaration of Joseph MacHatton ¶ 5).

Though Plaintiff does allege prejudice here, it is hard to see how that could be possible.  Plaintiff himself claims that "[e]ven if Plaintiff's counsel was residing in Pacific Time, Plaintiff's counsel would not have waited with bated breath into the early morning hours of October 22, 2024 on the off-chance that Defendants filed their motion for summary judgment with a hearing date that was necessarily after the motion cut-off deadline."  (Opposition at 3).  This appears to the Court to be an acknowledgment that it matters not to Plaintiff whether the Motion was appropriately filed at 11:59 P.M., or inappropriately filed at 12:17 A.M., as it was.  Plaintiff's prejudice argument fails to adequately state why prejudice exists in terms of the late filing itself.

However, the Court understands that keeping the Motion hearing on the same day as if the filing had not been late could be prejudicial to Plaintiff.  In addition to (arguably) having one less day to prepare due to the late filing and subsequent meet-and-confer, Plaintiff had to wait for Defendants' Application to be filed, then rush to file his Opposition.  In view of this and that the genesis of the problem is the sheer volume of Defendants' filing, it is more equitable to extend the deadline for the last day to hear motions.  Plaintiff will now have more time to oppose the Motion than he would have in the absence of the mistake.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-06191-MWF (JPRx)          **Date:** October 25, 2024
**Title:** Matthew Spatola v. Jason Desrouleaux et al.

    Accordingly, the Application is **GRANTED**. The Motion is now set for hearing on November 25, 2024, at 10:00 A.M.

    IT IS SO ORDERED.