**VENABLE LLP**
Joshua M. Rosenberg (SBN 274473)
 *jmrosenberg@venable.com*
Rodney S. Lasher (SBN 307462)
 *rslasher@venable.com*
Emily J. Wilson (admitted *pro hac vice*)
 *ejwilson@venable.com*
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:   310.229.9901

Attorneys for Defendants
JASON DESROULEAUX p/k/a
JASON DERULO; and SONY MUSIC
ENTERTAINMENT d/b/a
COLUMBIA RECORDS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS<br><br>                    Plaintiff,<br><br>        v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS<br><br>                    Defendants. | Case No. 2:23-cv-06191-MWF-E<br><br>Hon. Michael W. Fitzgerald; Courtroom 5A<br><br>**DEFENDANTS JASON DESROULEAUX P/K/A JASON DERULO'S AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' NOTICE OF MOTION AND MOTION *IN LIMINE* #4 TO STRIKE PLAINTIFF'S JURY DEMAND AS TO COUNTS II AND III, BIFURCATE TRIAL, AND EXCLUDE FROM THE FIRST PHASE OF TRIAL ANY EVIDENCE RELATED TO THE FINANCIAL EXPLOITATION OF SAVAGE LOVE**<br><br>*(Filed concurrently with Declaration of Joshua M. Rosenberg, and [Proposed] Order)*<br><br>**Final Pretrial Conference:**<br>Date:        January 6, 2025<br>Time:        11:00 a.m.<br>Dept.:        Courtroom 5A<br><br>Action Filed:    July 31, 2023<br>FAC Filed:    December 21, 2023<br>Trial Date:    January 21, 2025 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 6, 2025 at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5A of the U.S. District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony;" collectively with Derulo, "Defendants"), by and through their counsel of record, will and hereby do move this Court for an order granting Defendants' Motion to Strike Plaintiff Matthew Spatola's ("Spatola") Jury Demand as to Counts II and III of the First Amended Complaint (*see* ECF 1 [original Complaint] at 14:1-3; *see also* ECF 28 [First Amended Complaint] at 15:4-6), Bifurcate Trial, and Exclude From the First Phase of Trial Any Evidence Related to the Financial Exploitation of Savage Love.

This Motion is made on the grounds that, as a matter of law, Spatola is not entitled to a jury trial on either Count II (Accounting) or Count III (Constructive Trust), as both claims are equitable in nature. To be clear, Spatola demanded "a trial by jury on all issues so triable raised in this complaint." (*See* ECF 1 [original Complaint] at 14:1-3; *see also* ECF 28 [First Amended Complaint] at 15:4-6.) Neither an accounting claim nor a claim seeking constructive trust are triable by jury. As a result, the Court should bifurcate trial so that Spatola's claim for Declaratory Judgment is tried to a jury and his claims for Accounting and Constructive Trust are tried to the Court in a subsequent proceeding. Further, the Court should exclude any evidence of the financial exploitation of Savage Love from the jury phase of trial, as such evidence is irrelevant to the determination of whether Spatola is a joint author, would confuse or mislead the jury, waste time and judicial resources, and prejudice Defendants.

This Motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16-2, which took place on December 9, 2024. (Declaration of Joshua

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Rosenberg dated December 16, 2024 ("Rosenberg Decl.") ¶ 4.)  Defendants presented each of the grounds for the Motion that are set forth in the accompanying Memorandum of Points and Authorities, but Spatola's counsel indicated that Spatola would oppose the Motion.  (*See id*. ¶¶ 5-9.)

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, all pleadings and other records on file in this action, and such further evidence and argument as may be presented at or before any hearing on the Motion.

Dated:  December 16, 2024

VENABLE LLP

By:   */s/ Joshua M. Rosenberg*
Joshua M. Rosenberg
Rodney S. Lasher
Emily J. Wilson

*Attorneys for Defendants*
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................... 1

II.     ARGUMENT ........................................................................................ 2

    A.    Legal Standard ............................................................................ 2

    B.    Spatola Is Not Entitled To A Jury Trial On His Accounting Or Constructive Trust Claim.................................................................. 3

        1.    Accounting Is An Equitable Remedy That Does Not Entitle A Plaintiff To A Jury Trial...........................................3

        2.    Constructive Trust Is An Equitable Remedy That Does Not Entitle A Plaintiff To A Jury Trial....................................4

    C.    This Trial Should Be Bifurcated ................................................... 5

    D.    Evidence Of The Financial Exploitation Of Savage Love Should Be Excluded From The Jury................................................................. 6

III.    CONCLUSION .................................................................................... 8

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aalmuhammed v. Lee,*
202 F.3d 1227 (9th Cir. 2000) .............................................................................. 7

*American Universal Ins Co. v. Pugh,*
821 F.2d 1352 (9th Cir. 1987) ...................................................................... 3, 4, 5

*Armes v. Post,*
2022 WL 1136163 (C.D. Cal. Apr. 18, 2022) ...................................................... 6

*Beverly Hills Nat. Bank & Trust Co. v. Compania de Navegacione
Almirante S.A., Panama,*
437 F.2d 301 (9th Cir. 1971) ................................................................................. 4

*Brooke v. Tsay Jbr LLC,*
2024 WL 4467598 (C.D. Cal. Apr. 15, 2024) ..................................................... 2

*Herwick v. Budget Rent A Car System Inc.,*
2011 WL 13213626 (C.D. Cal. Mar. 22, 2011) ................................................... 8

*Hope Med. Enters., Inc. v. Fagron Compounding Servs., LLC,*
2021 WL 2941546 (C.D. Cal. July 12, 2021) ...................................................... 2

*Jordan v. Star Trak Ent., Inc.,*
2010 WL 454374 (C.D. Cal. Feb. 8, 2010) .......................................................... 3

*Oddo v. Ries,*
743 F.2d 630 (9th Cir. 1984) ................................................................................. 3

*In re Real Estate Associates Ltd. P'ship Litigation,*
2002 WL 31995687 (C.D. Cal. Dec. 6, 2022) ..................................................... 6

*Sanjiv Goel, M.D., Inc. v. Motion Picture Indus. Pension and Health
Plan,*
2015 WL 12656910 (C.D. Cal. Feb. 13, 2015) ................................................... 2

*Siegel v. Warner Bros. Entertainment Inc.,*
581 F.Supp.2d 1067 (C.D. Cal. 2008) ........................................................ 2, 3, 4, 5

**Venable LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Viveros v. Donahoe*,
    2012 WL 12883966 (C.D. Cal. May 22, 2012)......................................................... 2

**Constitutions**

Seventh Amendment......................................................................................................... 3

**Court Rules**

Fed. R. Civ. P. 39(a)(2) .................................................................................................... 2

Fed. R. Evid. 401 ............................................................................................................. 6

Fed. R. Evid. 403 ............................................................................................................. 7

Local Rules 7-3 ................................................................................................................ 1

Local Rules 16-2 .............................................................................................................. 1

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANTS' MOTION *IN LIMINE* #4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Count I of Spatola's First Amended Complaint ("FAC") seeks declaratory judgment that he is a joint author of both the musical composition and sound recording of Savage Love, and that he is entitled to "prospective and retroactive royalties and other money owed" with respect to his claimed interest in Savage Love.  (*See* ECF 28 [FAC] at 12:18-25; *see also id.* at 14:16-23 [Prayer for Relief].)  Counts II and III—for accounting and constructive trust, respectively—seek an accounting of all profits derived from the commercial exploitation of Savage Love (*see id.* at 13:22-25 [Count II]; *see also id.* at 14:24-26 [Prayer for Relief]) and demand that any such profits Spatola is entitled to be turned over to him (*see id.* at 14:11-12 [Count III]; *see also id.* at 14:27-28 [Prayer for Relief]).  Spatola seeks a jury trial for all three claims.  But accounting and constructive trust are not actually claims sounding in law—rather, they are equitable remedies, and they are not triable to a jury.  As a result, the Court should strike Spatola's jury demand as it relates to his Accounting and Constructive Trust claims.

Because Spatola is not entitled to a jury trial for these two claims, the Court should bifurcate trial such that Spatola's claim for Declaratory Judgment is tried before a jury and his claims for Accounting and Constructive Trust are tried in a subsequent proceeding to the Court.  Bifurcating the trial in this manner will streamline the issues and evidence before the jury and conserve significant judicial resources.  Nothing to be decided on Spatola's Declaratory Judgment claim warrants the jury hearing, *inter alia*, expert testimony regarding royalty statements, monies earned, licensing agreements, and the like—all of which are only relevant to what the Court may need to decide in the unlikely event Spatola prevails on Count I.  Thus, the benefits of bifurcation exist regardless of whether Spatola can prevail on his Declaratory Judgment claim.  And, if Spatola does not prevail on that claim, then there is no need for the Court to consider whether he is entitled to

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

the remedies set forth in his claims for Accounting or Constructive Trust or any evidence relating thereto.

To that end, if the Court agrees that the trial should be bifurcated, any evidence of the financial exploitation of Savage Love should be excluded from the jury phase of trial.  Any such evidence is irrelevant to whether Spatola is a joint author of Savage Love, and its introduction would serve only to confuse or mislead the jury, waste time – most saliently, the time of the jurors – and judicial resources, and prejudice Defendants.

## II.   ARGUMENT

### A.   Legal Standard

A motion to strike a jury demand can be properly submitted as a motion *in limine* before trial.  *Viveros v. Donahoe*, 2012 WL 12883966, at *5 (C.D. Cal. May 22, 2012) (granting motion *in limine* to strike jury demand); *Sanjiv Goel, M.D., Inc. v. Motion Picture Indus. Pension and Health Plan*, 2015 WL 12656910, at *3 (C.D. Cal. Feb. 13, 2015) (same); *Hope Med. Enters., Inc. v. Fagron Compounding Servs., LLC*, 2021 WL 2941546, at *2 n.1 (C.D. Cal. July 12, 2021) (granting motion to strike jury demand filed 8 weeks before trial) ("[A] court has discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.").

The Court may, "on motion or on its own," strike a jury demand where the Court finds that "on some or all of [the] issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2); *see also Brooke v. Tsay Jbr LLC*, 2024 WL 4467598, at *1-2 (C.D. Cal. Apr. 15, 2024) (after granting in part and denying in part motion for summary judgment, ordering parties to show cause "why the Court should not convert the trial in this action to a court trial.").  To determine whether the right to a jury trial attaches to a plaintiff's claim, courts consider whether the issue presented is legal or equitable in nature.  *See Siegel v. Warner Bros. Entertainment Inc.*, 581 F.Supp.2d 1067, 1069 (C.D. Cal. 2008) (explaining that "the distinction between the legal or equitable nature of the rights and remedies at

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

issues in the proceeding has become the guidepost for federal courts in determining whether the Seventh Amendment right to trial by jury attaches to the proceedings before it) (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) ("To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought")).  To do this, courts first "compare the . . . action to 18th-century actions brought in the courts of law and equity," and then "examine the remedy the sought and determine whether it is legal or equitable in nature." *Id*. (citing *Tull v. United States*, 481 U.S. 412, 417-18 (1987)).  Critically, in performing this analysis, "[i]t is the nature of the particular claim to be tried that is determinative, not the character of the overall action." *Id*. (citing *Chauffeurs*, 494 U.S. at 569).

**B.** **Spatola Is Not Entitled To A Jury Trial On His Accounting Or Constructive Trust Claim**

**1.** **Accounting Is An Equitable Remedy That Does Not Entitle A Plaintiff To A Jury Trial**

Spatola is not entitled to a jury trial on his accounting claim, which presents an equitable remedy, not a claim at law.  *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) (explaining that claim for accounting of profits from co-owner of copyright was equitable in nature because it "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners.") (citations omitted); *American Universal Ins Co. v. Pugh*, 821 F.2d 1352, 1356 (9th Cir. 1987) ("[A]n accounting is an equitable remedy."); *Jordan v. Star Trak Ent., Inc.*, 2010 WL 454374, at *2 (C.D. Cal. Feb. 8, 2010) ("An accounting is an equitable remedy, not an independent cause of action.").

In *Siegel*, the Court engaged in a thorough analysis to determine that an accounting claim arising in a similar context did not entitle the plaintiffs to a jury trial.  There, the adjudicated co-owners of the copyright in various "Superman" works filed a claim against the other co-owner for an accounting of profits derived

3    Case No. 2:23-cv-06191-MWF-E

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

from the copyrights and asserted the right to a jury trial. *Siegel*, 581 F.Supp.2d at 1068. The court followed the two-step analysis set forth above to find that no right to a jury trial attached to the plaintiffs' accounting claim. First, the Court explained that, "[h]istorically, an accounting claim predicated upon a duty arising from neither a tort nor an action in contract but, instead, from the parties' *relationship* with one another (be it as partners, co-owners of property, or beneficiaries and trustees) was considered equitable in nature." *Id*. at 1070 (italics in original). Second, the Court looked to multiple precedents to determine that the remedy sought by the accounting of profits between co-owners of a copyright is equitable in nature. *Id*. at 1073-74 (citing *Gaiman v. McFarlane*, 360 F.3d 644, 648 (7th Cir. 2004); *Edward B. Marks Music Corp. v. Wonnell*, 4 F.R.D. 146, 146 (S.D.N.Y. 1944); *Goodman v. Lee*, 1994 WL 7101738, at *1 (E.D. La. Dec. 20, 1994); *Merchant v. Lymon*, 1995 WL 217508, at *1 (S.D.N.Y. Apr. 11, 1995)). As a result, the Court held that the plaintiffs were not entitled to a jury trial on their accounting claim and calendared a bench trial. *Id*. at 1074, 1076.

Here, just like the plaintiffs in *Siegel*, Spatola seeks an accounting of profits derived from a copyrighted work. (*See* ECF 28 at 13:22-25.) Just as in *Siegel*, Spatola's Accounting claim is an equitable remedy to which a right to a jury trial does not attach, and the Court should strike Spatola's jury demand as it relates to his claim for Accounting.

### 2.     Constructive Trust Is An Equitable Remedy That Does Not Entitle A Plaintiff To A Jury Trial

Like a claim for accounting, a claim for constructive trust is also an equitable remedy for which there is no right to a jury trial. *See Beverly Hills Nat. Bank & Trust Co. v. Compania de Navegacione Almirante S.A., Panama*, 437 F.2d 301, 306-307 (9th Cir. 1971) (noting that plaintiff had "no right to a jury trial since the constructive trust claim was equitable."). In *American Universal Ins. Co. v. Pugh*, 821 F.2d 1352 (9th Cir. 1987), the Ninth Circuit adopted the "law/equity

Venable LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANTS' MOTION *IN LIMINE* #4

test" described in Section II., A., *supra*, held that "[t]he imposition of a constructive trust is purely an equitable remedy" that is "not triable of right by a jury," and affirmed the lower court's denial of the plaintiff's request for a jury trial. *Id*. at 1356.  In so holding, the court distinguished a claim for constructive trust from a typical claim for damages, explaining that:

> In the case at bar, American is not asking for $400,000 in damages.  Rather, it is asking for the return of money wrongfully received and held and it asks the court to accomplish this through an equitable constructive trust.  American's action is one in equity in which it is not entitled to a jury trial.

*Id*.

Like American Universal Insurance Company, Spatola does not seek monetary damages, but rather "a turnover of all shares of profits owned by Spatola and held in constructive trust by Defendants."  (*See* ECF 28 at 14:27-28.)  Spatola's claim for Constructive Trust thus seeks an equitable remedy, not a legal one.  As a result, and like in *American Universal*, Spatola's demand for jury trial should be stricken as it relates to his claim for Constructive Trust.

**C.    This Trial Should Be Bifurcated**

Because Spatola is not entitled to a jury trial on his Accounting or his Constructive Trust claims, this proceeding should be bifurcated.  A jury should decide Spatola's Declaratory Judgment claim.  Only if the jury decides in Spatola's favor on Count I should Spatola's Accounting and Constructive Trust claims be tried before the Court in a separate proceeding.  Indeed, in light of the equitable nature of accounting and constructive trust claims, courts routinely bifurcate trials where accounting and constructive trust claims are at issue.  *See Siegel*, 581 F.Supp.2d at 1073-74, 1076 (bifurcating trial and setting bench trial for accounting claim) (collecting cases where accountings of profits between co-owners of

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

copyrights were tried before the court and not a jury); *In re Real Estate Associates Ltd. P'ship Litigation*, 2002 WL 31995687, at *1 (C.D. Cal. Dec. 6, 2022) (noting "equitable claims remaining for the Court to determine," including accounting and constructive trust, following five-week jury trial); *see also Armes v. Post*, 2022 WL 1136163, at *14 n.6 (C.D. Cal. Apr. 18, 2022) (noting that certain issues would become relevant only "when it comes time to account for profits made from the derivative work . . . as part of Armes's accounting and constructive trust claims).

Bifurcating the trial will streamline the issues and evidence before the jury. Bifurcating the trial will also conserve significant judicial resources in the likely event that Spatola does not prevail on his Declaratory Judgment claim. Claims for accounting and constructive trust cannot stand alone; rather, they are equitable remedies that depend entirely on a plaintiff's success as to liability. In other words, if the jury finds that Spatola is not a joint author of Savage Love, then there are no profits owed to Spatola that would require an accounting or distribution. In this scenario (which Defendants believe is likely), then the Court, the jury, and the parties will be saved significant time and expense.

### D.    Evidence Of The Financial Exploitation Of Savage Love Should Be Excluded From The Jury

If the Court agrees that the trial should be bifurcated, then any evidence related to the financial exploitation of Savage Love, including any profits derived by Derulo, Sony or others, should be excluded from the jury phase of trial.

Evidence is only relevant if it has any tendency to make a fact more or less probable than it would be without the evidence *and* that fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). Under this clear test, evidence related to the financial exploitation of Savage Love is irrelevant to Spatola's Declaratory Judgment claim and therefore should be precluded from the jury phase of trial. To determine whether Spatola is a joint author of Savage Love, the jury must decide whether (1) Spatola made a substantial and valuable

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

contribution to the work, (2) each co-author intended that his contribution be merged into inseparable or interdependent parts of a unitary whole, and (3) each co-author contributed material to the joint work which could have been independently copyrighted. *See* Model Civ. Jury Inst. 9th Cir. 17.9. As to this second element, the jury will consider whether Spatola meets his burden by weighing the three factors set forth in *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000): *i.e.,* whether (1) Spatola exercised control over the whole work; (2) there were objective manifestations of a shared intent to be co-authors; and (3) the audience appeal of the work depends on the contributions of each party so that the share of the each party's contributions to the work's success cannot be appraised. *See* Model Civ. Jury Inst. 9th Cir. 17.9; *Aalmuhammed*, 202 F.3d at 1231-1235.

Notably absent from this well-settled legal test is any consideration of how much the work in question is worth or any profits that the co-authors have derived from the work. In other words, how much money Savage Love has made for Derulo, Sony, or anyone else has <u>no</u> tendency to make any fact relevant to the existence of joint authorship more or less probable. Evidence related to profits derived from Savage Love has no bearing on the substance and value of Spatola's contribution to Savage Love, whether each co-author intended his part to be merged into a unitary whole, or whether Spatola contributed material that is independently copyrightable. Any such evidence should accordingly be excluded from the jury phase of trial.

Even if such evidence were relevant to deciding Spatola's Declaratory Judgment claim (and it is not), the Court still may "exclude relevant evidence if its probative value is substantially outweighed by a danger of," among other things, unfair prejudice, misleading the jury, or wasting time. Fed. R. Evid. 403. Evidence related to the financial exploitation of Savage Love should nonetheless be excluded on this ground because any hypothetical probative value would be substantially outweighed by the prejudice it would create for Defendants. *See*

*Herwick v. Budget Rent A Car System Inc.*, 2011 WL 13213626, at \*7 (C.D. Cal. Mar. 22, 2011) (excluding evidence of defendant's profits where evidence was irrelevant to legal issues and likely to prejudice defendant) ("If the jury were allowed to hear about Budget's wealth or profits, the jury may assume Budget has deep pockets and improperly determine the outcome of the trial based on those sentiments rather than the fats of the case.").

Evidence related to the financial exploitation of Savage Love should also be excluded because it would mislead the jury and waste its time. As set forth above, profits derived from Savage Love have no bearing on whether Spatola is a joint author of the work. In a trial where jurors are already going to hear technical evidence from at least one musicologist[1] related to Spatola's contribution to the work, inundating the jury with complicated financial evidence and expert testimony related to purported percentage ownership shares of Savage Love serves no purpose and would lead the jury astray from the actual fact-finding task at hand. Given that the Court will hear evidence related to profits derived from Savage Love in the event the case proceeds to the second bench phase, introducing this evidence to the jury would unequivocally waste the jury's time.

## III.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court enter an order: (1) striking Spatola's jury demand as to his Accounting and Constructive Trust claims, (2) bifurcating trial so that Spatola's Accounting and Constructive trust claims are tried before the Court only if Spatola prevails on his Declaratory Judgment claim before a jury, and (3) excluding from the jury phase of trial any evidence related to the financial exploitation of Savage Love.

---

[1] As set forth in Defendants' Motion *in Limine* #3, Defendants respectfully submit that the Court should exclude the proffered expert testimony of Spatola's retained expert musicologist, Dr. Ethan Lustig.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Dated: December 16, 2024                    VENABLE LLP

                                           By:   /s/ Joshua M. Rosenberg
                                                 Joshua M. Rosenberg
                                                 Rodney S. Lasher
                                                 Emily J. Wilson

                                                 *Attorneys for Defendants*
                                                 JASON DESROULEAUX p/k/a
                                                 JASON DERULO; and SONY
                                                 MUSIC ENTERTAINMENT d/b/a
                                                 COLUMBIA RECORDS

DEFENDANTS' MOTION *IN LIMINE* #4