**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge (*pro hac vice*)
*tom@werge.law*
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042

**FROST, LLP**
Christopher Frost (State Bar No. 200336)
*chris@frostllp.com*
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a
MATTY SPATS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>        Plaintiff,<br><br>        v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>        Defendants. | CASE NO. 2:23-cv-06191-MWF-E<br><br>Judge:  Hon. Michael W. Fitzgerald<br><br>**PLAINTIFF MATTHEW SPATOLA'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE "WORK FOR HIRE" EVIDENCE AND TESTIMONY AT TRIAL**<br><br>*(Concurrently filed with Declaration of Joseph MacHatton; [Proposed] Order)*<br><br>  Date:      January 6, 2025<br>  Time:      11:00 a.m.<br>  Courtroom: 5A<br><br><br>Trial Date: January 21, 2025 |

## NOTICE OF MOTION AND MOTION

TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2025, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5A of Honorable Michael W. Fitzgerald, United States District Court, Central District of California, Western Division located at 350 West First Street, Los Angeles, California, Plaintiff Matthew Spatola p/k/a Matty Spats, will and hereby does move this Court, to preclude Defendants Jason Desrouleaux p/k/a Jason Derulo and Sony Music Entertainment d/b/a Columbia Records from asserting or presenting any evidence or argument that Plaintiff Spatola's contributions to "*Savage Love*" constituted a "work-made-for-hire" under the Copyright Act (17 U.S.C. § 201(b)), the Sound Recording Labor Agreement, or any other applicable legal doctrine.

This Motion is made on the grounds that any evidence and/or argument on the above topics does not satisfy the evidentiary requirements under Rules 401 and 403 of the Federal Rules of Evidence because (i) it is irrelevant to the issues to be determined by the jury and has no probative value, and (ii) any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

This Motion is based on the Notice of Motion, the following Memorandum of Points and Authorities, any accompanying declarations and exhibits filed concurrently herewith, any further briefing in connection with this Motion, all pleadings and other records on file in this action, and upon such further evidence and arguments as may be presented to the Court at the time of the hearing, and any and all other materials the Court deems proper.

This Motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on December 9, 2024 and December 11,

2024.  For the Court's convenience, Plaintiff is simultaneously filing a (proposed) order.

Date: December 16, 2024          Respectfully submitted,

/s/  Thomas E.M. Werge
          Thomas E.M. Werge

**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge *(Pro hac vice)*

**FROST, LLP**
Christopher Frost

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY SPATS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Matthew Spatola p/k/a Matty Spats ("Plaintiff" or "Spatola") respectfully moves this Court for an order *in limine* preventing Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony, collectively with Derulo, "Defendants") from asserting or otherwise presenting any evidence or argument that Spatola's contributions to *Savage Love – Laxed Siren Beat* ("*Savage Love*") constituted a "work made for hire" under the Copyright Act, the Sound Recording Labor Agreement, or any other applicable legal doctrine.

The Copyright Act of 1976 ("Copyright Act") defines a "work made for hire," as: (1) "a work prepared by an employee within the scope of his or her employment; or" (2) a work specially ordered or commissioned for one of various enumerated purposes, including "for use as a contribution to a collective work," so long as the "parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. . . ." 17 U.S.C. § 101.  The classification of Spatola's contributions to *Savage Love* as "works made for hire" is a complex legal determination, requiring the legal analysis and interpretation of statutory and contractual provisions, which is not proper for jury consideration.  *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F. 3d 881 (9th Cir. 2005); *Mendler v. Winterland Production, Ltd.*, 207 F.3d 1119, 1121 (9th Cir. 2000).

The parties do not dispute that there was not a written "work made for hire" agreement between Derulo and Spatola for the musical composition of *Savage Love* ("*Savage Love* Musical Composition").  (*See* Declaration of Joseph MacHatton ("MacHatton Decl."), ¶ 6.)  As there is no written agreement between Spatola and Derulo, Spatola's work on the *Savage Love* Musical Composition is not, as a matter of law, a "work made for hire."  Accordingly, all evidence claiming that Spatola's contributions were a "work made for hire" should be withheld from the jury because

the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, undue delay, and misleading the jury.

Defendants also contend that Spatola's contributions to the Sound Recording of *Savage Love* ("*Savage Love* Sound Recording") are governed by the Sound Recording Labor Agreement ("SRLA"), and Spatola's contributions purportedly became "works made for hire" on behalf of Sony when Spatola submitted the AFM B-4 Forms. As admitted by Defendants and argued in their Motion for Summary Judgment and Reply in Support thereof, application of the SRLA to Plaintiff's contributions to the Sound Recording is a determination of law for the Court to decide. (*See* Dkt. No. 60 at 2:17–25, 6:23–28; 7:1–11, 14:16–18, 17:11–15; Dkt. No. 89 at 2:1–7, 20:20–28, 21:1–19.) Allowing the jury to hear any evidence or testimony that the contributions Spatola made to the *Savage Love* Sound Recording could be "works made for hire" creates a substantial danger of unfair prejudice against Spatola. The admittance of such evidence would create jury confusion, risk legal error, and pave the way for a decision that is not based on the facts or the law.

Allowing the jury to hear any evidence or testimony that Spatola's contributions to the *Savage Love* Musical Composition and *Savage Love* Sound Recording could be "works made for hire" would create confusion of the issues, risk legal error, mislead the jury, unfairly prejudice Plaintiff, and unnecessarily prolong the trial with irrelevant and meritless assertions.

For the foregoing reasons, and as delineated further below, Plaintiff respectfully requests the Court grant Plaintiff's Motion *in Limine* No. 1.

## II.  THIS COURT MAY EXCLUDE PREJUDICIAL EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

Courts have inherent power "to manage the course of [their] trials," including the granting of appropriate motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). A motion *in limine* may be used to exclude inadmissible or prejudicial evidence before it is introduced at trial. *See id.* at 40 N.2. The Ninth

Circuit has explained that motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v.* Cabra, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted). A motion *in limine* serves as "an important tool available to the trial judge to ensure the expeditious and even handed management of the trial proceedings." *Garcia v. Praxair, Inc.*, 2021 WL 38183, at *1 (E.D. Cal. Jan. 5, 2021) (internal citation and quotation omitted). Federal Rule of Evidence 403 allows the Court to "exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See, e.g.*, *Old Chief v. U.S.*, 519 U.S. 172, 180–92 (1997); *US v. Gonzalez-Flores,* 418 F. 3d 1093 (9th Cir. 2005)).

**III.  ALL EVIDENCE AND TESTIMONY THAT SPATOLA'S CONTRIBUTIONS TO SAVAGE LOVE COULD BE A "WORK-MADE-FOR-HIRE" ARE IRRELEVANT TO THE ISSUES TO BE DETERMINED BY THE JURY AND SHOULD BE EXCLUDED**

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 states that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. The court has no discretion to admit irrelevant evidence. *U.S. v. Dean*, 980 F.2d 1286, 1288–89 (9th Cir. 1992).

Statutory interpretation is a legal issue for the court to decide. *See generally Silvers v. Sony Pictures Entertainment, Inc.*, 402 F. 3d 881 (9th Cir. 2005); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1216 (9th Cir.1997). The proper interpretation of a contract is a matter of law for the court to

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFF'S MOTION *IN LIMINE* NO. 1

-3-

decide. *Mendler v. Winterland Production, Ltd.*, 207 F.3d 1119, 1121 (9th Cir. 2000).

The determination of whether the work made for hire doctrine under 17 U.S.C. § 101 applies to this case is a legal issue, and not a factual dispute. The determination of whether the Sound Recording Labor Agreement applies to the contributions made by Mr. Spatola is a legal issue, not a factual dispute.

Accordingly, it is the province of the Court, not the jury, to determine these two issues. Therefore, any and all evidence that suggests that Mr. Spatola's contributions could be a work made for hire or a work for hire should be excluded as irrelevant.

## A. The Work Made for Hire Doctrine Does Not Apply to the Musical Composition

Under the Copyright Act, a work is classified as "work made for hire" only if: "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title . . . and owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). "Works made for hire," in turn, are works: (1) prepared by an employee within the scope of his or her employment; or (2) specially commissioned for one of various enumerated purposes, including "for use as a contribution to a collective work," so long as the "parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. . . ." 17 U.S.C. § 101.

During the December 9th and December 11th, 2024 meet and confer sessions, counsel for Defendants confirmed that they will stipulate that there was not a written instrument signed by Derulo and Spatola that Spatola's contributions to Savage Love shall be considered a work made for hire. (MacHatton Decl., ¶ 6.). It is undisputed that Mr. Spatola was not an employee of Mr. Derulo. Accordingly, the nature of Mr. Spatola's contributions to the musical composition of Savage Love does not meet the statutory criteria for work-for-hire under 17 U.S.C. § 101 or 17

U.S.C. § 201(b), and statements or evidence that Mr. Spatola's contributions to the musical composition could be a work made for hire should be excluded under F.R.E. 402.

**B. The Determination of Whether the Submission of AFM B-4 Forms Results in Spatola's Contributions Becoming Works Made For Hire on Behalf of Sony Due to the Operation of the SRLA Is a Legal Question for the Court and is Irrelevant to the Issues to be Determined by the Jury and Should be Excluded.**

The proper interpretation of a contract is a matter of law for the court to decide. *Mendler v. Winterland Production, Ltd.*, 207 F.3d 1119, 1121 (9th Cir. 2000).

The SRLA is a collective bargaining agreement governing specific rights and obligations related to sound recordings.  Defendants argue that by submitting the AFM B-4 forms and receiving benefits thereunder, Mr. Spatola's contributions to the Savage Love Sound Recording, including any sound recording resulting from the two sessions he attended, were works for hire on behalf of Sony due to the operation of the SRLA and language in the AFM B-4 form.   (*See* Dkt. No. 60 at pp. 14–17; Dkt. No. 89 at pp. 20–21.)  This determination is a legal question for the Court and, therefore, it is not relevant to the issues to be determined by the jury. Thus, any mention of "works made for hire," "works for hire," submission of an AFM B-4 Form to AFM Local 47 to Sony, or communications surrounding the creation or submission of an AFM B-4 Form to AFM Local 47 or Sony should be excluded under FRE 402.

**IV. <u>SUCH EVIDENCE IS ALSO MORE UNDULY PREJUDICIAL THAN PROBATIVE, AND WILL RESULT IN THE CONFUSION OF THE ISSUES AND MISLEAD THE JURY</u>**

Any mention of a "work made for hire," work for hire," "musician for hire," submission an AFM B-4 Form, or communication surrounding the creation and

submission of an AFM B-4 Form to AFM Local 47 or Sony is unfairly prejudicial and likely to result in confusion of the issues or mislead the jury.  Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.") (Courts have broad discretion in assessing admissibility under FRE 403. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1035 (9th Cir. 2003); *United States v. Thomas*, 321 F. 3d 627, 630 (7th Cir. 2003).  A determination under Rule 403 is absolute; once the evidence is excluded, it is not admissible under another rule. *United States v. Benavidez-Benavidez*, 217 F.3d 720, 725 (9th Cir. 2000).

Any evidence that Mr. Spatola's contributions could be a "work made for hire" is unfairly prejudicial because it is the court's duty, not the jury's duty, to determine whether or not Mr. Spatola's contributions to Savage Love were "works made for hire" under the Copyright Act or the Sound Recording Labor Agreement.

Further, any evidence surrounding the creation and submission of an AFM B-4 Form months after contributing to Savage Love would inject prejudicial arguments into the trial.  Part of the requirements of the jury when determining joint authorship is to determine the intent of the parties *at the time the work was created*. *Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120, 1124 (C.D. Cal. 2001) *Stillwater Ltd. v. Basilotta*, No. 2:16-cv-01895-SK, 2020 WL 4355306, at *7 (C.D. Cal. Feb. 5, 2020) (emphasis added).  Allowing Defendants to introduce evidence of what occurred months later, and after Mr. Spatola had been denied credit for his contributions would be extremely prejudicial to Plaintiff and would mislead the jury.  Accordingly, this evidence should be excluded pursuant to FRE 403.

**V.    IN THE ALTERNATIVE, IF EVIDENCE REGARDING THE SUBMISSION OF THE AFM B-4 FORMS IS ALLOWED, EVIDENCE AND TESTIMONY USING THE PHRASES "WORKS-MADE-FOR-HIRE," "WORK-FOR-HIRE" AND "MUSICIAN FOR HIRE" SHOULD BE EXCLUDED.**

In the event that the court determines that the submission of the AFM Forms should not be excluded, evidence and testimony regarding the use of the term "works made for hire", "work for hire", and "musician for hire" should be excluded.

As argued above, the nature of Spatola's contributions to the musical composition of Savage Love does not meet the statutory criteria for work for hire under 17 U.S.C. § 101 or 17 U.S.C. § 201(b), and statements or evidence that Mr. Spatola's contributions to the musical composition could be a work made for hire should be excluded under F.R.E. 402.  Therefore, the terms "works made for hire", "work for hire", and "musician for hire" should be excluded from any discussion of the *Savage Love* Musical Composition.

Further, the application (or lack thereof) of the SRLA to Mr. Spatola's contributions to the Savage Love Sound Recording, including any sound recording resulting from the two sessions he attended, were works-for-hire on behalf of Sony due to the operation of the SRLA and language in the AFM B-4 form.  This determination is a legal question for the Court, and is not relevant to the issues to be determined by the jury.  Therefore, the terms "works made for hire", "work for hire", and "musician for hire" should be excluded from any discussion of the *Savage Love* Sound Recording.

While this appears to be a simple analysis, the complicating factor, which will undoubtedly create confusion, risk legal error, and unduly prejudice Plaintiff, are statements that Ms. Ghena Nasser included in emails AFM Local 47.  When Ms. Nasser submitted drafts of AFM B-4 Forms to AFM Local 47 representative Erick Cruz on behalf of Mr. Spatola, Ms. Nasser stated in an email that "And just for further clarification, Matty wants to register for the residual checks (the SAG-AFTRA summer check) as well as benefits only.  He has been paid in full for all sessions report, both where he was just a musician for hire as well as a producer that also played an instrument on the track."  (*See* MacHatton Decl., Exhibit 1.)  When Ms. Nasser drafted this email and submitted the AFM B-4 Forms, the AFM B-4

forms included forms for sound recordings for other songs that are not at issue in this lawsuit.  *(Id.)*  These songs were "*Til The Wheels Fall Off*" and "*Thug Love.*" Spatola played instruments on those tracks, and received producer credit, while at the same time executing work for hire agreements for the sound recordings of those songs.  (MacHatton Decl., Exhibit 2.)

Defendants will proffer the argument that Ms. Nasser's statement that Spatola "was just a musician for hire," in MacHatton Decl., Exhibit 1, was directed towards the AFM B-4 Forms for *Savage Love*, and, therefore, is an admission that Spatola's contributions to the *Savage Love* Sound Recording were made as a work for hire musician. These are questions of law for the court to decide, and introduction of Ms. Nasser's statements will create confusion, risk legal error, and unduly prejudice Plaintiff.

Defendants will also argue that this evidence proves Spatola did not intend to be a joint author of the *Savage Love* Musical Composition.  Derulo does not dispute that there was no written agreement between himself and Spatola with respect to Spatola's contributions to *the Savage Love* Musical Composition.  Accordingly, as a matter of law, Spatola's contributions to the *Savage Love* Musical Composition were not done as a work for hire musician.  The introduction of Ms. Nasser's statements will create confusion of the issues, risk legal error, and unfairly prejudice Plaintiff.

Therefore, any mention of "works made for hire," "works for hire," and "musician for hire," from any source, including Ms. Nasser's statements, should be excluded, because any probative value the evidence may have is substantially outweighed by a danger of, confusing the issues, misleading the jury, risks legal error, and will cause unfair prejudice to Plaintiff because it is irrelevant to the issues to be determined by the jury.

## VI.   <u>CONCLUSION</u>

Permitting the jury to resolve the applicability of the work-made-for-hire doctrine under the Copyright Act or the SRLA would usurp the Court's role, confuse the jury, and risk prejudice to Plaintiff. The jury's role should be limited to resolving factual disputes, such as the nature of Mr. Spatola's contributions and his professional relationship with Defendants.

Allowing the jury to review any evidence regarding the submission of an AFM B-4 form on behalf of Mr. Spatola would: (1) cause confusion, as jurors are not equipped to analyze complex contractual provisions or their interplay with the Copyright Act; (2) risk legal error, as misapplication of the SRLA or its provisions by the jury could lead to an improper verdict; and (3) prejudice Plaintiff because Defendants' argument may improperly sway the jury by conflating legal standards with factual disputes.

Therefore, Mr. Spatola's submission of an AFM B-4 form, and all of the communications surrounding the creation and submission of an AFM B-4 form to AFM 47 and Sony should be excluded. Further, the terms "works made for hire," "work for hire," and "musician for hire" should be excluded.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion in Limine and preclude Defendants from asserting, arguing, or presenting evidence that Spatola's contributions to "*Savage Love*" constituted a "work for hire" under any legal theory.

Date: December 16, 2024

**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge *(Pro hac vice)*

**FROST, LLP**
Christopher Frost

*/s/ Thomas E.M. Werge*
_____

Thomas E.M. Werge

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY SPATS