| | |
|---|---|
| **WERGE & CORBIN LAW GROUP**<br>Thomas E.M. Werge (State Bar # 362485)<br>*tom@werge.law*<br>Veronica A. Phifer *(pro hac vice)*<br>*veronica@werge.law*<br>1736 Race Street<br>Denver, CO 80206<br>Telephone: (303) 586-4900<br>Facsimile: (720) 554-8042<br>**FROST, LLP**<br>Christopher Frost (State Bar No. 200336)<br>*chris@frostllp.com*<br>10960 Wilshire Blvd., Suite 2100<br>Los Angeles, CA 90024<br>Telephone: (424) 254-0441<br>Facsimile: (424) 600-8504<br><br>*Attorneys for Plaintiff*<br>MATTHEW SPATOLA p/k/a MATTY SPATS | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>A Limited Liability Partnership<br>Including Professional Corporations<br>JOSHUA ROSENBERG, Cal Bar No. 274473<br>jrosenberg@sheppardmullin.com<br>KAZIM A. NAQVI Cal Bar No. 300438<br>knaqvi@sheppardmullin.com<br>ALLISON C. WONG Cal Bar No. 341178<br>acwong@sheppardmullin.com<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, California 90067-6055<br>Telephone: 310.228.3700<br>Facsimile: 310.228.3701<br><br>*Attorneys for Defendants*<br>JASON DESROULEAUX p/k/a JASON DERULO and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>Plaintiff,<br><br>v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>Defendants. | CASE NO. 2:23-cv-06191-MWF-E<br><br>**JOINT STIPULATION AND REQUEST PURSUANT TO FED. R. CIV. P. 43(a) TO PERMIT REMOTE TESTIMONY OF (1) GHENA NASSER A/K/A GHENA SPATOLA AND (2) DR. LAWRENCE FERRARA VIA VIDEOCONFERENCING**<br><br>Action Filed: July 31, 2023<br>FAC Filed: December 21, 2023<br>Final Pretrial Conf.: March 30, 2026<br>Trial Date: April 21, 2026 |

JOINT STIPULATION AND REQUEST TO PERMIT REMOTE TESTIMONY

-1-

# JOINT STIPULATION AND REQUEST

Pursuant to Federal Rule of Civil Procedure 43(a), Plaintiff Matthew Spatola p/k/a Matty Spats ("Plaintiff") and Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively, with Derulo, "Defendants") (collectively, with Plaintiff, the "Parties") jointly stipulate and respectfully request this Court to permit remote live testimony via videoconference at the April 21, 2026 jury trial in this case for the following witnesses: (1) fact witness Ghena Nasser a/k/a Ghena Spatola ("Ms. Nasser"); and (2) Defendants' intended expert witness Dr. Lawrence Ferrara ("Dr. Ferrara") (the "Joint Stipulation").

Ms. Nasser is a Swedish national and is a Green Card holder. Her Green Card will likely not be renewed before the April 21, 2026 trial date. If required to attend, she would additionally have to assume the burdens of time and expense to travel to the United States, each of which create an undue burden on her ability to present her testimony at the scheduled trial in this case. Dr. Lawrence Ferrara is a professor at New York University and has a scheduling conflict that prevents him from travelling to Los Angeles and attending the April 21, 2026 trial in person. Dr. Ferrara is also 76 years-old and has developed a chronic health condition that is exacerbated by travel from New York to Los Angeles in such a way that it will adversely impact his ability to testify.

The foregoing circumstances for Ms. Nasser and Dr. Ferrara establish good cause for the Court to allow remote testimony via videoconference with any necessary safeguards the Court deems appropriate.

**A. Legal Standard.**

Federal Rule of Civil Procedure 43(a) states that a court may permit testimony "by contemporaneous transmission from a different location" for "good cause in compelling circumstances and with appropriate safeguards." For witnesses Ms. Nasser and Dr. Ferrara, good cause exists to permit remote testimony.

1    First, the Ninth Circuit has recognized that concerns over a witness's immigration status and the burden and expense of international travel, as well as a witness's unavailability to travel due to scheduling conflicts, constitute good cause.

Second, with the advance of modern technology, the transmission of remote testimony has "no discernable difference" from that of live testimony. *Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020). This transmission will permit counsel for both Parties to effectively examine each remote witness and allow counsel and the jury to adequately assess each witness's credibility.

Therefore, the Parties respectfully request that the Court grant this Joint Stipulation and permit Ms. Nasser and Dr. Ferrara to testify remotely during the April 21, 2026 jury trial.

**B. Good Cause Exists to Permit Remote Testimony by Ms. Nasser and Dr. Ferrara.**

Ms. Nasser is a key witness in this matter. She is Plaintiff's former wife and has first-hand knowledge of her communications with Sony and relevant third parties, such as Erick Cruz, who was Plaintiff's and Ms. Nasser's primary contact at the AFM, related to, among other areas, the disputed issue regarding Plaintiff's credit on "Savage Love (Laxed – Siren Beat)." Her testimony is critical to both Plaintiff's claims and Defendants' denial of and defenses to such claims, and the Court should preserve and protect Ms. Nasser's ability to present live testimony at trial.

Ms. Nasser has good cause to testify remotely because she will be unable to renew her Green Card permitting her to legally travel to and enter the United States prior to the trial. *Guangzhou Yuchen Trading Co. v. Dbest Prods. Inc.*, 2023 U.S. Dist. LEXIS 55007, at *2-3 (permitting remote testimony even without witness attempting to obtain visa); *see U.S. v. Approximately $299,873.70 Seized from a Bank of Am. Account*, 15 F.4th 1332, 1339 (11th Cir. 2021) ("Circuit and lower courts alike have found a witness's immigration status to constitute good cause."); *see Rodriguez v. Gusman*, 974 F.3d 108, (2nd Cir. 2020) ("District courts in the Second Circuit

generally find that an individual's immigration status is good cause to waive the typical requirement that trial testimony be provided in person."); *see* Cal Fam Code § 3012(a) ("If a party's deportation or detention . . . will have a material effect on the person's ability, or anticipated ability, to appear . . . , the court shall, upon motion of the party, allow the party to . . . participate . . . by electronic means."). Ms. Nasser's concerns are especially timely now in light of recent negative developments surrounding immigration. *Las Ams. Immigrant Advocacy Ctr. v. Trump*, 475 F. Supp. 3d 1194, 1214-15 (D. Or. 2020) (holding noncitizens and asylum seekers sufficiently established systemic bias and actual bias of Dept. of Justice); *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1096 (9th Cir. 2017) (There is no question . . . that undocumented immigrants face a serious risk of 'harassment, embarrassment, and even physical violence and reprisal by citizens and law enforcement.'").

Moreover, the travel costs and inconvenience further support the finding of good cause that should allow Ms. Nasser to testify remotely. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (holding cost of international travel constitutes good cause for remote testimony). The burden and uncertainty of seeking a visa provides good cause to allow her testimony via videoconference.

Dr. Ferrara is a key witness because he is Defendants' primary expert witness in this case. Dr. Ferrara will opine on the issue of whether Plaintiff made an independently copyrightable contribution to "Savage Love (Laxed – Siren Beat)" and related issues. However, Dr. Ferrara resides in New York and is not available to travel to Los Angeles and testify in person for the currently-scheduled trial of April 21, 2026.

Good cause exists for Dr. Ferrara to testify remotely via live video conference because of his (1) current scheduling conflicts; and (2) issues relating to Dr. Ferrara's health. First, Dr. Ferrara is a Full Professor of Music and Director Emeritus of all studies (B.M. through Ph.D.) at New York University ("NYU"). Dr. Ferrara has taught music theory and analysis at NYU for over 40 years. Dr. Ferrara's current

commitments to the courses he teaches and to the NYU faculty preclude him from flying from New York to Los Angeles, California to testify in person at trial. Courts in the Ninth Circuit have found that a witness's unavailability to travel due to scheduling conflicts constitutes good cause to permit remote testimony at trial because, among other reasons, with the advance of modern technology, the transmission of remote testimony has "no discernable difference" from that of live testimony. *Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020).

Second, Dr. Ferrara is 76 years-old and has developed a chronic health condition regarding his hearing such that long plane flights (i.e., New York to Los Angeles) are detrimental to his condition and adversely impact his ability to testify to the best of his ability (given that Dr. Ferrara's ability to hear is essential to his role as an expert musicologist). Indeed, Dr. Ferrara has not testified in person in Los Angeles since 2019. Therefore, Defendants respectfully request that Dr. Ferrara be permitted to testify remotely via live videoconference because his health condition constitutes good cause to allow him to do so. *See, e.g., Wilson v. United States,* 2023 WL 2795866, at *2 (D. Nev. Apr. 5, 2023) (Granting motion to permit witness to testify remotely pursuant to Rule 43(a) based on health issues); *Contreras v. Heritage Univ.,* 2025 WL 2684304, at *2 (E.D. Wash. May 1, 2025) (same).

Finally, and notably, Plaintiff does not oppose Defendants' request that Dr. Ferrara be permitted to testify remotely via live videoconference, just as Defendants do not oppose Plaintiff's similar request for Ms. Nasser. *See, e.g.*, *Drake v. Gonzales*, 2025 WL 1898114, at *2 (E.D. Cal. July 9, 2025) ("[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission.").

### C. Appropriate Safeguards Should Permit Remote Testimony.

The Ninth Circuit recognizes that "[t]he primary purposes of [Federal Rule of Civil Procedure] 43(a) are to ensure that the accuracy of witness statements may be

tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992).

Appropriate safeguards exist as follows: opposing counsel will have the ability to conduct cross-examination, Ms. Nasser and Dr. Ferrara will testify under oath in open court, and counsel and the jury will be able to sufficiently assess Ms. Nasser's and Dr. Ferrara's credibility. *See Ransom v. Herrera*, 2018 U.S. Dist. LEXIS 13261, at *3 (E.D. Cal. 2018) (identifying importance of video testimony to enable cross-examination and credibility determinations and preserving overall integrity of proceedings); *Liu*, 507 F. Supp. 3d at 1265 ("[M]odern videoconferencing technology allows for near instantaneous transmission of testimony with no discernable difference between it and 'live' testimony, thereby allowing a juror to judge credibility unimpeded.").

The Parties propose to conduct Ms. Nasser's and Dr. Ferrara's testimony via live, two-way video conference, and the Parties' counsel are prepared to work together and with the Court to establish a secure and reliable connection.

### D. CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court to grant this Joint Stipulation.

Date: January 26, 2026            Respectfully submitted,

**WERGE & CORBIN LAW GROUP**

*/s/ Veronica A. Phifer*
Veronica A. Phifer

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY SPATS

| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 2 | |
| 3 | /s/ Joshua M. Rosenberg |
|   | Joshua M. Rosenberg |
| 4 | |
| 5 | *Attorneys for Defendants* |
|   | JASON DESROULEAUX P/K/A JASON DERULO & SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS |
| 6 | |
| 7 | |

**L.R. 5-4.3.4 Attestation**

The undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: January 26, 2026

**WERGE & CORBIN LAW GROUP**

*/s/ Veronica A. Phifer*
Veronica A. Phifer

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY SPATS

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which automatically generates a Notice of Electronic Filing ("NEF") at the time said document is filed to all CM/ECF Users and counsel of record who have appeared in this case. Service with this NEF constitutes service pursuant to Federal Rule of Civil Procedure 5(b)(E).

*/s/ Veronica A. Phifer*
Veronica A. Phifer