1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   JOSHUA M. ROSENBERG, Cal Bar No. 274473
3  jrosenberg@sheppardmullin.com
   KAZIM A. NAQVI Cal Bar No. 300438
4  knaqvi@sheppardmullin.com
   ALLISON C. WONG Cal Bar No. 341178
5  acwong@ sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
6  Los Angeles, California 90067-6055
   Telephone:  310.228.3700
7  Facsimile:   310.228.3701

8  Attorneys for Defendants
   JASON DESROULEAUX p/k/a JASON
9  DERULO; and SONY MUSIC
   ENTERTAINMENT d/b/a COLUMBIA
10 RECORDS

11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14 | MATTHEW SPATOLA p/k/a MATTY | Case No. 2:23-cv-06191 MWF-E
15   SPATS,                          | Assigned to the Honorable Michael W.
                                     | Fitzgerald
16          Plaintiff,
                                     | **DEFENDANTS JASON**
17      v.                           | **DESROULEAUX P/K/A JASON**
                                     | **DERULO AND SONY MUSIC**
18 JASON DESROULEAUX p/k/a          | **ENTERTAINMENT D/B/A**
   JASON DERULO; and SONY MUSIC     | **COLUMBIA RECORDS' NOTICE**
19 ENTERTAINMENT d/b/a              | **OF MOTION AND MOTION TO**
                                     | **DISMISS PURSUANT TO RULE**
20 COLUMBIA RECORDS,                | **12(b)(7); MEMORANDUM OF**
                                     | **POINTS AND AUTHORITIES**
21          Defendants.
                                     | [*Filed concurrently with Declaration of*
22                                   | *Joshua M. Rosenberg; and [Proposed]*
                                     | *Order*]
23
                                     | Date:          March 2, 2026
24                                   | Time:          10:00 A.M.
                                     | Dept.:         Courtroom 5A
25
26                                   | Action Filed:       July 31, 2023
                                     | FAC Filed:          December 21, 2023
27                                   | Final Pretrial Conf.: March 30, 2026
                                     | Trial Date:          April 21, 2026
28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 2, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5A of the U.S. District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony"; collectively with Derulo, "Defendants"), by and through their counsel of record, will and hereby do move this Court for an order dismissing Plaintiff Matthew Spatola p/k/a Matty Spats's ("Plaintiff" or "Spatola") First Amended Complaint ("FAC") for failure to name necessary and indispensable parties Joshua Nanai p/k/a Jawsh 685 ("Jawsh"), Jacob Kasher Hindlin p/k/a JKash ("JKash"), and Philippe Greiss p/k/a Phil Greiss ("Greiss") (collectively, the "Non-Party Joint Authors") pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure ("FRCP") (the "Motion").

The Court should grant Defendants' Motion because the Non-Party Joint Authors are (1) necessary under FRCP 19(a); and (2) indispensable to this case under FRCP 19(b).

First, the Non-Party Joint Authors are necessary parties because it is undisputed that they are each joint authors of the musical composition of *Savage Love (Laxed – Siren Beat)* ("Savage Love"). The law is clear that joint authors are necessary parties in copyright actions implicating ownership or authorship of a work. Here, Derulo and the Non-Party Joint Authors own "publishing splits" as established by contract, *i.e.*, a percentage ownership in the copyright of the musical composition of Savage Love (the "Savage Love Composition"). Jawsh owns 50% of the Savage Love Composition; Derulo owns 25%; JKash owns 20%; and Greiss owns 5%. These percentages were negotiated and agreed upon by Derulo and the Non-Party Joint Authors. As joint authors in the Savage Love Composition, Derulo and the Non-Party Joint Authors owe each other a duty to account. *Community for*

1  *Creative Non–Violence v. Reid*, 846 F.2d 1485, 1498 (D.C. Cir. 1988) ("Joint

2  authors co-owning copyright in a work 'are deemed to be tenants in common,' with

3  'each having an independent right to use or license the copyright, subject only to a

4  duty to account to the other co-owner for any profits earned thereby,'" citing W.

5  Patry, Latman's The Copyright Law 116 (6th ed. 1986)); *Scorpio Music S.A. v.

6  Willis*, No. 11-CV-1557 BTM RBB, 2012 WL 1598043, at *6 (S.D. Cal. May 7,

7  2012) ("It is necessary for Plaintiffs to know what percentage of the copyright

8  interest Willis is entitled to receive back, because, among other things, it will affect

9  Plaintiffs' duty to account to Willis and the other joint author(s)").  For example, if

10  Jawsh were to grant a non-exclusive license of Savage Love to a third party, then

11  Jawsh owes Derulo, JKash, and Greiss their proportionate share of the revenue

12  Jawsh receives from that license.  *Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d

13  1120, 1126 (C.D. Cal. 2001) (joint author has "the power to grant a non-exclusive

14  license for the use of this work"); *Yellowcake, Inc. v. Hyphy Music, Inc.*, No. 1:20-

15  CV-0988 AWI BAM, 2021 WL 3052535, at *6 (E.D. Cal. July 20, 2021) ("a single

16  co-author (acting on its own behalf) can grant only a non-exclusive license in the

17  copyright work because one co-author cannot limit the other co-authors'

18  independent right to exploit the copyright.").

19      Accordingly, the Non-Party Joint Authors are necessary under FRCP 19(a)

20  because Spatola seeks an accounting of "**all** revenues derived from the exploitation

21  of *Savage Love*" and a constructive trust over "**all** profits derived from the

22  exploitation of *Savage Love*."  ((FAC ¶¶ 87, 91) (emphasis added.))

23      Put simply, the money generated by Savage Love **does not exclusively**

24  **belong** to Defendants Derulo and Sony.  The Non-Party Joint Authors have received

25  and will continue to receive profits from Savage Love.  Thus, Spatola's requested

26  remedies of accounting and constructive trust necessarily implicate the rights of the

27  Non-Party Joint Authors and impose a duty to account on them.  Spatola improperly

28  tries to avoid this obvious consequence by claiming he only seeks a portion of

Derulo's ownership interest in the Savage Love Composition, not the interests of the
Non-Party Joint Authors. (*See* Spatola's "Notice of Disclaimer", ECF 158.) But
that is not how copyright law operates. Co-authors of a joint work own the work's
copyright jointly and equally, unless the joint authors reach an agreement otherwise.
As a result, if Spatola prevails on his declaratory judgment claim at trial, Jawsh
would no longer own 50% of the Savage Love Composition; he would own it jointly
and equally with Derulo, JKash, Greiss, **and Spatola**. And even under Spatola's
warped theory that his piece of the pie can only come from Derulo's slice, the Non-
Party Joint Authors would still owe Spatola the same duty to account that they
currently owe to Derulo because of the established law on joint authorship.
Moreover, contrary to Spatola's proposed special verdict form that forces the jury to
arbitrarily assign a publishing split to Spatola if they find he is a joint author,
ownership interest in a copyright is a legal issue for the Court to determine, not the
jury. As such, this Motion has become necessary because of the nature of the
impermissible relief and proposed special verdict form Spatola requests at trial.

Second, as required by FRCP 19(b), the Non-Party Joint Authors, specifically
Jawsh, are also indispensable such that dismissal of this case is required. It is
undisputed that Jawsh resides in New Zealand and that he owns the largest
percentage interest in the copyright of the Savage Love Composition (50%).
Spatola's operative FAC is devoid of any allegations establishing a *prima facie*
showing of this Court's personal jurisdiction over Jawsh. He therefore cannot be
feasibly joined to the case. Dismissal is appropriate because both Defendants and
the Non-Party Joint Authors would be prejudiced by creating the risk of inconsistent
judgments. Because Derulo and the Non-Party Joint Authors all have ownership
rights in the Savage Love Composition and owe each other duties to account, any
judgment rendered against Defendants would necessarily implicate the rights of the
Non-Party Joint Authors. In the example above, if Jawsh were to receive revenues
from a non-exclusive license and fail to account to Derulo, then Spatola (if he

prevails in this case) could sue Jawsh for profits because Spatola would own a percentage of Derulo's rights. Any subsequent and separate legal action by Spatola, Defendants, or third parties against Jawsh or the other Non-Party Joint Authors may result in different and inconsistent judgments. The prejudice cannot be avoided because any judgment in this case would not have preclusive effect upon the Non-Party Joint Authors. The Court should dismiss this case pursuant to FRCP 12(b)(7).

Defendants' Motion is based on this Notice of Motion; Defendants' Memorandum of Points and Authorities; the Declaration of Joshua M. Rosenberg and exhibits thereto; the pleadings, records, and files herein; and on any argument or other evidence as may be presented at the time of hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 23, 2026, at 11:00 AM PT via Zoom videoconference. (Declaration of Joshua M. Rosenberg ["Rosenberg Decl."] ¶ 3, Ex. A.) Because the parties were unable to reach a resolution that eliminates the necessity for a hearing, Defendants bring the instant Motion.


Dated:  February 2, 2026                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP



By:    /s/ *Joshua M. Rosenberg*
_____
           Joshua M. Rosenberg
           Kazim A. Naqvi
           Allison C. Wong

           Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

1

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................3

      A.    The Parties And Non-Parties At Issue ..................................................3

            1.    The Parties .................................................................................3

            2.    The Non-Party Joint Authors ....................................................3

      B.    The Tripartite Agreement .....................................................................5

      C.    The Copyright Registrations .................................................................6

      D.    Spatola Received The Exact Credit He Specifically Requested ...........7

      E.    Spatola's Relevant Allegations, Claims, And Requested Remedies.....7

      F.    Spatola Seeks A Percentage Ownership Of Savage Love.....................9

III.  LEGAL STANDARD .......................................................................................10

IV.   ARGUMENT ....................................................................................................11

      A.    The Non-Party Joint Authors Are Necessary Under FRCP 19(a).......11

      B.    It Is Not Feasible To Join Jawsh.........................................................15

      C.    The Non-Party Joint Authors Are Indispensable Parties Under FRCP 19(b) ...............................................................................................16

V.    CONCLUSION.................................................................................................20

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

3

Page(s)

<u>Cases</u>

4

5
*Armes v. Post*
    No. 2:20-CV-03212-ODW, 2020 WL 6135068 (C.D. Cal. Oct. 19, 2020)....... 19

6

*Baykeeper v. Union Pac. R. Co.*
7    No. C 06–02560 JSW, 2009 WL 1517868 (N.D. Cal. 2009) ........................... 11

8
*Berrios-Nieves v. Fines-Nevarez*
9    No. CV 18-1164 (JAG), 2019 WL 12043410 (D.P.R. Feb. 7, 2019) ............... 11

10
*Cable Vision, Inc. v. KUTV Inc.*
11    335 F.2d 348 (9th Cir. 1964) ....................................................................... 12

12
*Camacho v. Major League Baseball*
13    297 F.R.D. 457 (S.D. Cal. 2013) ................................................................ 16

14
*Cash v. Red Balloon Rest.*
    No. 14-CV-02545-LAW, 2014 WL 5670332 (N.D. Cal. Nov. 3, 2014) .......... 17
15

16
*Community for Creative Non–Violence v. Reid*
    846 F.2d 1485 (D.C. Cir. 1988)........................................................ 12, 13, 17
17

18
*CP National Corp. v. Bonneville Power Admin.*
    928 F.2d 905 (9th Cir. 1991) ....................................................................... 11
19

20
*Dawavendewa v. Salt River Proj. Agr. Imp. & Power Dist.*
    276 F.3d 1150 (9th Cir. 2002) ..................................................................... 15

21
*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*
22    375 F.3d 861 (9th Cir. 2004) ....................................................................... 11

23
*E.E.O.C. v. Peabody Western Coal Co.*
24    610 F.3d 1070 (9th Cir. 2010) ..................................................................... 10

25
*Emps. Ins. of Wausau v. Jostens, Inc.*
    181 F.R.D. 623 (D. Minn. 1998) .................................................................. 18
26

27
*Equal Emp. Opportunity Comm'n v. Peabody W. Coal Co.*
    400 F.3d 774 (9th Cir. 2005) ....................................................................... 15
28

SMRH:4913-2220-7367    DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(7)

*Gracia v. Cnty. of Kern*
  No. 1:23-CV-1104-JLT-BAM, 2025 WL 303859 (E.D. Cal. Jan. 27, 2025) .... 11

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*
  617 F.3d 1146 (9th Cir. 2010) ................................................................. 14

*Marquez v. Ocwen Loan Servicing, LLC*
  No. CV 15-2783 PSG, 2015 WL 12697082 (C.D. Cal. June 15, 2015) ........... 19

*McShan v. Sherrill*
  283 F.2d 462 (9th Cir. 1960) .................................................................. 10

*Morrill v. Smashing Pumpkins*
  157 F. Supp. 2d 1120 (C.D. Cal. 2001) .................................................... 13

*Pye v. Mitchell*
  574 F.2d 476 (9th Cir. 1978) .................................................................. 14

*Richlin v. Metro–Goldwyn–Mayer Pictures, Inc.*
  531 F.3d 962 (9th Cir. 2008) .................................................................. 18

*Schwarzenegger v. Fred Martin Motor Co.*
  374 F.3d 797 (9th Cir. 2004) .................................................................. 16

*Scorpio Music S.A. v. Willis*
  No. 11-CV-1557 BTM RBB, 2012 WL 1598043 (S.D. Cal. May
  7, 2012) ........................................................................... 12, 13, 17

*Sher v. Johnson*
  911 F.2d 1357 (9th Cir. 1990) ................................................................ 15

*Shields v. Barrow*
  58 U.S. 130 (1854) ............................................................................. 16

*Shropshire v. Canning*
  No. 10–CV–01941–LHK., 2011 WL 90136 (N.D. Cal. Jan. 11, 2011) ........... 12

*Tavory v. Barber*
  No. 09-80934, 2009 WL 10667796 (S.D. Fla. Dec. 17, 2009) ........................ 12

*Taylor v. Universal Music Corp., Inc.*
  No. CV 13-06412 RGK (AJWx), 2014 WL 12607685 (C.D. Cal. Mar. 10,
  2014) ............................................................................................... 12

*Terracom v. Valley Nat. Bank*
   49 F.3d 555 (9th Cir. 1995) ...................................................................... 15

*In re Toyota Motor Corp.*
   826 F. Supp. 2d 1180 (C.D. Cal. 2011) .......................................... 10, 16

*Yellowcake, Inc. v. Hyphy Music, Inc.*
   No. 1:20-CV-0988 AWI BAM, 2021 WL 3052535 (E.D. Cal. July 20,
   2021) ............................................................................................................ 13

*Zurich Am. Ins. Co. v. Elecs. for Imaging, Inc.*
   No. C-09-02408 WHA, 2009 WL 2252098 (N.D. Cal. July 28, 2009) ...... 18, 19

Other Authorities

Fed. R. Civ. P. 12(b)(2) ...................................................................... 15

Fed. R. Civ. P. 12(b)(7) ................................................................... 1, 10

Fed. R. Civ. P. 19(a) ....................................... 1, 2, 10, 11, 13, 15

Fed. R. Civ. P. 19(b) ............................................................ 2, 10, 16

# I.      **<u>INTRODUCTION</u>**

Spatola seeks a declaration that he is a joint author of the Savage Love Composition as well as the sound recording of Savage Love (the "Savage Love Recording").  He also demands a "producer" credit on the song (Jawsh is the sole credited producer) and a "writer" credit (Derulo and the Non-Party Joint Authors are the credited writers).  Spatola has no credible evidence to prove his claims at trial. However, Spatola's case should not proceed for a different reason.  Based on the evidence, applicable law, and relief that Spatola specifically asks the jury to render at trial, the Court should dismiss this case pursuant to FRCP 12(b)(7) because the Non-Party Joint Authors are necessary and indispensable parties.

Under FRCP 19(a), the Non-Party Joint Authors are necessary parties for several reasons.  ***First,*** they are each undisputedly joint authors of the Savage Love Composition, as Spatola concedes in his own 2023 copyright registration that he filed with the U.S. Copyright Office as a prerequisite to bring this suit.  Ninth Circuit law is unambiguous that joint authors are necessary parties in copyright actions implicating ownership or authorship of a work.  ***Second,*** the Non-Party Joint Authors each own a percentage interest in the copyright of the Savage Love Composition as established by contract.  Here, Spatola seeks an accounting of "all revenues derived from the exploitation of *Savage Love*" and a constructive trust over "all profits derived from the exploitation of *Savage Love.*"  (FAC [ECF 28] ¶¶ 87, 91.)  The money that Spatola seeks does not exclusively belong to Defendants. Given that the Non-Party Joint Authors have received and will continue to receive revenues from Savage Love, Spatola's requested equitable remedies of accounting and constructive trust materially affect the rights of the Non-Party Joint Authors and impose on them a duty to account to Spatola as joint authors.  ***Third,*** Spatola's proposed special verdict form seeks to have the jury to assign an ownership percentage to Spatola in the Savage Love Composition should the jury determine that he is a joint author.  Spatola insists that he only seeks a portion of Derulo's

ownership interest in the Savage Love Composition and not the interests of the other Non-Party Joint Authors.  (ECF 158.)  That is not how copyright law works.  Co-authors of a joint work own the work's copyright jointly and equally, unless the joint authors reach an agreement otherwise.  Joint authors also owe each other a duty to account.  There is no law to support Spatola's position that, based on the facts in this case, he can seize a share of Derulo's joint authorship rights and ownership percentage in the Savage Love Composition without adversely affecting the rights and obligations of the Non-Party Joint Authors.  Furthermore, ownership interest in a copyright is a legal issue for the Court—not the jury—to determine.  Based on the foregoing, Defendants satisfy the FRCP 19(a) criteria for this Motion.

Under FRCP 19(b), the Non-Party Joint Authors, specifically Jawsh, are also indispensable such that dismissal of this case is required.  It is undisputed that Jawsh resides in New Zealand and owns the largest copyright interest in the Savage Love Composition.  Spatola's FAC is devoid of any allegations establishing a *prima facie* showing of this Court's personal jurisdiction over Jawsh.  He therefore cannot be feasibly joined to the case.  Dismissal is warranted because both Defendants and the Non-Party Joint Authors would be prejudiced by creating the risk of inconsistent judgments.  Because Derulo and the Non-Party Joint Authors all have ownership and joint authorship rights in the Savage Love Composition and owe each other duties to account as joint authors, any judgment rendered against Defendants would necessarily implicate the rights of the Non-Party Joint Authors.  Any subsequent and separate legal action by Spatola, Defendants, or third parties against Jawsh or the other Non-Party Joint Authors may result in different and inconsistent judgments.  The prejudice cannot be avoided because any judgment in this case would not have preclusive effect upon the Non-Party Joint Authors.

Dismissal is the only remedy that can cure this unavoidable prejudice.  If the Court is not inclined to dismiss this case, it should determine that the Non-Party Joint Authors are necessary parties who must be joined to the lawsuit.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(7)

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties And Non-Parties At Issue

#### 1.    The Parties

Plaintiff Spatola is an instrumentalist who first moved to Los Angeles in 2010 to pursue his music career and has since gained more than a decade of experience working in the music industry.  (FAC ¶ 9; *see also* Rosenberg Decl. ¶ 4, Ex. B [Spatola Dep.] at 24:20-25:25, 26:3-22, 27:14-16 and 39:20-22; Summary Judgment Order [ECF 125] at 2.)  Derulo and Spatola had never worked together on a song prior to Spatola's attendance at two of the recording studio sessions for Savage Love.  (Rosenberg Decl. ¶ 4, Ex. B [Spatola Dep.] at 117:9-13, 118:1-18.)

Defendant Derulo has been an established and award-winning recording artist since 2009. (FAC ¶ 10.)  He is a singer, songwriter, producer, and performer who has released 350 songs and sold more than 250 million singles worldwide. (Rosenberg Decl. ¶ 5, Ex. C [Desrouleaux Dep.] at 154:2-8.)  He has fourteen (14) Platinum records in the United States to his credit, amongst numerous other commercial and critical successes, while amassing more than 36 million followers on Instagram and 64.7 million followers on TikTok.  (*Id*. ¶ 6, Ex. D [Desrouleaux Decl.] ¶ 4.)  Defendant Sony is the record label that released Savage Love on June 11, 2020, and solely owns the copyright in the Savage Love Recording.  (Rosenberg Decl. ¶ 7, Ex. E [Leak Decl.] ¶¶ 5-11, 32, Ex. G [Sony 2020 Copyright Registration].)

#### 2.    The Non-Party Joint Authors

Jawsh is the writer, producer, and performer of the song *Laxed (Siren – Beat)* ("Laxed"), which went "viral" on TikTok in early 2020.  (FAC ¶ 11; *see also* Rosenberg Decl. ¶ 4, Ex. B [Spatola Dep.] at 158:15-18; ¶ 5, Ex. C [Desrouleaux Dep.] at 16:15-17:1; ¶ 8, Ex. F [Hogarth Dep.] at 66:13-19, 67:20-24, 69:15-17.)  Savage Love is a lyrical version and derivative work of Laxed and would not exist without it.  (*Id*.)  Savage Love heavily and extensively incorporates Laxed's musical

composition and sound recording, so much so that "Laxed – Siren Beat" is literally part of the title of song at issue in this case (fully-entitled "Savage Love (Laxed – Siren Beat)"). (*Id.*) On April 21, 2020, Derulo reached out to Jawsh and proposed creating a lyrical version of Laxed with Derulo's signature vocals. (Rosenberg Decl. ¶ 6, Ex. D [Desrouleaux Decl.] ¶ 11, Ex. 2.) Jawsh was very excited about Derulo's idea and sent the "stems" of Laxed to Derulo on April 22, 2020. (*Id.* ¶¶ 11-12, Exs. 2-3.) Derulo immediately endeavored to record a derivative work based on Laxed. (*Id.* ¶¶ 12-13.) Jawsh is the pre-dominant co-author (50%) of the Savage Love Composition, and he is the only credited "producer" of Savage Love (a credit that Derulo does not have but Spatola seeks for himself in this case). (*Id.* ¶ 24; Rosenberg Decl. ¶ 7, Ex. E [Leak Decl.] ¶ 10, Ex. C [Tripartite Agreement].) It is undisputed that Jawsh resides in New Zealand. (FAC ¶ 11.)

Greiss is a record producer, songwriter, vocal producer, multi-instrumentalist, and mix engineer with over 27 years of experience in the music industry. (Rosenberg Decl. ¶ 9, Ex. G [Greiss Decl.] ¶¶ 2, 11.) Greiss and Derulo have an established pattern and practice of working together in connection with commercially released records. (*Id.* ¶ 10.) Based on Greiss's and Derulo's pattern and practice of working on released songs, it was clear as between them that Greiss would be a co-author and co-writer of the Savage Love Composition and that in lieu of being paid for his time working on Savage Love, Greiss would receive compensation based on his corresponding share of profits from the exploitation of the Savage Love Composition consistent with his ownership percentage. (*Id.*)

JKash specializes in writing lyrics for songs; in addition to co-writing songs with Derulo, JKash is credited with writing or co-writing hundreds of commercially released songs, including for Lady Gaga, Kesha, Maroon 5, Dua Lipa, Britney Spears, Ariana Grande, Katy Perry, Morgan Wallen, Selena Gomez, and many others. (Rosenberg Decl. ¶ 10, Ex. H [Hindlin Dep.] at 14:2-15:17, 16:1-22, 18:8-14.) Like Derulo and Greiss, Derulo and JKash have worked together for a number

of years and continue to work together co-writing songs in a process that JKash describes as "Jason [Derulo] does the heavy lifting" while JKash "write[s] words." (*Id.* at 20:23-21:25, 22:3-12.)  Derulo and JKash discussed the co-writing credits for the Savage Love Composition, with Derulo telling JKash that he would be credited as such, which credit JKash received.  (*Id.* at 50:10-25.)  Based thereon, JKash always intended that he and Derulo would be co-authors (*id.* at 59:19-21), and this intention was understood as between each of them.  (*Id.* at 129:8-130:18, 138:5-10.)  In addition to Derulo, JKash agreed and intended to share songwriting credit with Jawsh and Greiss (*id.* at 63:5-22), whereas JKash had no such intent or agreement as to Spatola (*id.* at 64:4-6, 64:19-22, 64:24-65:4).

### B.    The Tripartite Agreement

Unbeknownst to Derulo, Sony signed Jawsh as an artist on or about April 27, 2020 and, in doing so, Jawsh assigned certain copyright interests in Laxed to Sony. (Rosenberg Decl. ¶ 7, Ex. E [Leak Decl.] ¶ 8.)  When Sony learned that Derulo was making a Laxed remix, Sony threatened Derulo with legal action for Derulo's alleged unauthorized use of Laxed unless they could reach some resolution.  (*Id.* at Ex. E [Leak Decl.] ¶ 9.)

Such an agreement was ultimately reached effective as of June 4, 2020, and further memorialized in a Featured Artist & Release Agreement (the "Tripartite Agreement").  (*Id.* at Ex. E [Leak Decl.] ¶ 10, Ex. C [Tripartite Agreement].)  The Tripartite Agreement contains the following key terms:

- The Parties to the Tripartite Agreement are Derulo, Jawsh, and Sony. Jawsh is listed as the "Artist".  (*Id.* at Ex. E [Leak Decl.] ¶ 10, Ex C [Tripartite Agreement], at Recitals.)

- "Sony owns and controls all rights in and to the recording entitled 'Laxed – Siren Beat', featuring the performance of Artist.  Additionally, Artist owns and controls the musical composition of Laxed (the 'Laxed Composition')."  (*Id.*)

- Derulo "created and exploited online a sound recording (the 'Savage Recording') embodying the musical composition entitled 'Savage Love' (the 'Savage Composition')." (*Id*.)

- Derulo assigned all right, title and interest, including certain copyright interests, he had in the Savage Love Recording to Sony, making Sony the sole owner of that copyright. (*Id*. § 1.)

- "The publishing ownership interest percentages with respect to the Savage Composition are as follows: [Jawsh] 50%; Derulo 25%; J Kash 20%; Phil [Greiss] 5%." (*Id*. § 5.)

Spatola is not referenced anywhere in the Tripartite Agreement nor the related correspondence where Defendants and the Non-Party Joint Authors negotiated the terms of the Tripartite Agreement. (*See id*.; Rosenberg Decl. ¶ 11, Ex. I [Aaron Rosenberg Dep. Ex. 121]; ¶ 12, Ex. J [Aaron Rosenberg Dep.] at 34:3-39:1.)

### C.    The Copyright Registrations

Within weeks of the song's June 11, 2020 release, and after the effective date of the Tripartite Agreement, Sony registered its copyright ownership in the Savage Love Recording with an effective date of July 1, 2020 (the "2020 Copyright"). (Rosenberg Decl. ¶ 7, Ex. E [Leak Decl.] ¶¶ 8 and 32, Ex. G [Sony 2020 Copyright Registration].)

Jawsh, Derulo, JKash, and Greiss are the credited songwriters of Savage Love. (Rosenberg Decl. ¶ 13, Ex. K [2022 Copyright].) Through their publishing companies, they obtained a copyright registration in the Savage Love Composition with an effective date of February 9, 2022 (the "2022 Copyright"). (*Id*.) The 2022 Copyright lists the authors as Jawsh, Derulo, JKash, and Greiss, and makes no mention of Spatola. (*Id*.)

Spatola, through his counsel and without permission of Derulo or the Non-Party Joint Authors, filed and obtained his own copyright registration in the Savage Love Composition, with an effective date of April 11, 2023 (the "Spatola's 2023

Copyright Registration"). (Rosenberg Decl. ¶ 14, Ex. L [Spatola's 2023 Copyright Registration]; ¶ 15, Ex. M [Spatola's 2023 Copyright Application]; ¶ 4, Ex. B [Spatola Dep.] at 395:7-403:18.) Spatola's 2023 Copyright Registration lists the joint authors of the Savage Love Composition as Spatola, Jawsh, Derulo, JKash, and Greiss. (*Id.*) Thus, Spatola concedes in his own copyright registration that he filed with the U.S. Copyright Office that Jawsh, Derulo, JKash, and Greiss are authors of the Savage Love Composition. Spatola also listed Jawsh as the "session producer" in the AFM B form that he submitted to the AFM. (Rosenberg Decl. ¶ 16, Ex. N [AFM Report Form]; ¶ 17, Ex. O [Cruz Dep.] at 20:5-24, 53:7-55:22, 120:17-123:21.)

### D.   Spatola Received The Exact Credit He Specifically Requested

Spatola, individually and through his manager and authorized representative Ghena Spatola, also known as Ghena Nasser (hereinafter, "Ghena"), made several written requests to multiple people, including Derulo, his management team, Sony, and others, for and about Spatola receiving the specific instrumentalist credit of "Additional Guitar & Bass" on Savage Love. (Rosenberg Decl. ¶ 4, Ex. B [Spatola Dep.] at 327:20-328:4, 329:11-16, 331:3-8.) Spatola received that specific credit, as he requested. (*Id.* at 358:17-25.) There is no evidence that Spatola has ever asked Defendants for "writer" or "producer" credit on Savage Love prior to a demand letter sent by Spatola's counsel of record in April 2023. (Rosenberg Decl. ¶ 18, Ex. P [Werge & Corbin Demand Letter]; ¶ 4, Ex. B [Spatola Dep.] at 386:21-395:5.)

### E.   Spatola's Relevant Allegations, Claims, And Requested Remedies

Spatola acknowledges that "*Savage Love* started by sampling a song that gained widespread fame on TikTok called *Laxed (Siren - Beat)*, which was authored by" Jawsh. (FAC ¶ 11.) He adds that "[o]n April 11, 2023, Spatola received his official copyright registration from the Unites States Copyright Office for authorship and co-ownership of the sound recording and musical composition of *Savage Love*." (*Id.* ¶ 60, Ex. 8.) Spatola's 2023 Copyright Registration is attached to the FAC.

In connection with his first claim for Declaratory Relief, Spatola alleges an "actual and present controversy now exists between Spatola and Defendants regarding Spatola's status as a co-writer and co-producer of the musical composition of *Savage Love*." (*Id.* ¶ 69.)  Spatola contends he is "also a co-writer and co-producer, along with Defendant Derulo, of the sound recording of *Savage Love.*" (*Id.* ¶ 71.)  Spatola also alleges that his "work on *Savage Love* qualifies him as an author, under a joint work framework" and that "Spatola and Derulo each manifested the shared intent to co-write a song, and then worked together to jointly create *Savage Love*." (*Id.* ¶¶ 75, 77.)  However, nowhere in Spatola's Declaratory Relief or the FAC does he make any mention of the Non-Party Joint Authors, including whether they manifested an intent to co-author the Savage Love Composition with Spatola or the implication of their publishing splits (even though they are all listed as authors in Spatola's 2023 Copyright Registration that is attached to the FAC.  In his Declaratory Relief claim, Spatola requests a declaration from the Court that: "(a) Spatola is a co-writer and co-producer of the sound recording for *Savage Love*, including all instrumental versions; (b) Spatola is a co-writer and co-producer of the musical composition for *Savage Love*; (c) Spatola is entitled to co-writer and co-producer credits on *Savage Love* and all variations released publicly, including remixes, instrumentals and licensed covers; and (d) Spatola is entitled to prospective and retroactive royalties and other money owed with respect to his interest in *Savage Love*." (*Id.* ¶ 81.)

In connection with his second claim for Accounting, Spatola alleges he is a "joint author and co-owner of the copyright of the sound recording and composition of *Savage Love* [and] is entitled to his *pro rata* share of the profits earned by Defendants through exploitation of Spatola's copyright." (*Id.* ¶ 84.)  Spatola claims he is "entitled to an order of this Court directing Defendants to render a complete and honest accounting of all revenues derived from the exploitation of *Savage Love* and all sums due to Spatola." (*Id.* ¶ 87.)  Spatola makes no reference to the Non-

Party Joint Authors, including their status as joint authors or their publishing splits.

In connection with his third claim for Constructive Trust, Spatola claims
"Defendants hold all profits derived from the exploitation of *Savage Love*" and that
Spatola "is entitled to immediate possession of his *pro rata* share of profits held by
Defendants as constructive trustees." (*Id.* ¶¶ 91, 92.)  This is factually incorrect as
the Non-Party Joint Authors also hold profits generated from the Savage Love
Composition; indeed, Jawsh is by far the largest shareholder, owning 50% of the
copyright.  (Rosenberg Decl. ¶ 7, Ex. E [Leak Decl.] ¶ 10, Ex. C [Tripartite
Agreement].)

### F.    Spatola Seeks A Percentage Ownership Of Savage Love

The Parties met and conferred on January 12, 2026.  (Rosenberg Decl. ¶ 3,
Ex. A.)  Defendants' counsel raised during the call that Spatola's proposed special
verdict form improperly asks the jury to assign an ownership percentage to Spatola
in the Savage Love Composition should the jury determine that Spatola is a joint
author.  (*Id.*)  Defendants' counsel advised that co-authors of a joint work own the
work's copyright jointly and equally, unless the joint authors reach an agreement
otherwise.  (*Id.*)  Defendants further advised that there is ***no written agreement***
amongst Derulo, Sony, Jawsh, JKash, Greiss, ***and Spatola*** allocating ownership
interests to each of them, and that in the unlikely event that the jury finds Spatola to
be a co-author of Savage Love, it is not within the province of the jury to assign an
ownership interest.  (*Id.*)  During the meet and confer, Spatola's counsel disagreed
with Defendants' positions, and indicated that Spatola intended to still ask the jury
to assign an ownership percentage to him in the Savage Love Composition should
the jury determine that Spatola is a joint author.  (*Id.*)

During a subsequent meet and confer on January 23, 2026, Spatola's counsel
indicated he intended to revise Spatola's proposed special verdict form to only seek
a portion of Derulo's ownership interest in the Savage Love Composition, but not
the interests of the Non-Party Joint Authors.  (*Id.*)  Defendants' counsel has

1  repeatedly asked verbally and in writing for Spatola's counsel to provide **any** legal

2  authority to support Spatola's unsubstantiated proposition, but Spatola and his

3  counsel refuse to do so.[1]  (*Id.*)

4  **III.    LEGAL STANDARD**

5      Under FRCP 12(b)(7), courts may dismiss an action for failure to join a

6  necessary or indispensable party under Rule 19.  "A Rule 19 motion poses 'three

7  successive inquiries'."  *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070,

8  1078 (9th Cir. 2010).  The first inquiry is whether the non-parties are necessary

9  under Rule 19(a).  *Id.*  If they are, the Court then asks whether joinder of the non-

10  parties is feasible.  *Id.*  If joinder is not feasible – generally because joining the party

11  would destroy subject matter jurisdiction – the Court must determine if the non-

12  parties are indispensable under Rule 19(b).  *Id.*  If the non-parties are indispensable,

13  the Court **must** dismiss the action.  *Id.*  In analyzing these "three successive

14  inquiries," the Court may go outside the pleadings and look to extrinsic evidence

15  such as affidavits or documents.  *See McShan v. Sherrill*, 283 F.2d 462, 463-64 (9th

16  Cir. 1960); *In re Toyota Motor Corp.*, 826 F. Supp. 2d 1180, 1196-97 (C.D. Cal.

17  2011).  "Necessary" refers to a party who should be joined if feasible; and

18  "indispensable" refers to "a party whose participation is so important to the

19  resolution of the case that, if the joinder of the party is not feasible, the suit must be

20

21

22

23

24

25

26

27

28

---

[1] On January 30, 2026, Spatola, through his counsel, filed a "Notice of Disclaimer" which seeks to disclaim "any reasonable claim that Mr. Spatola seeks relief from any other non-party that holds an interest in any master or publishing rights of Savage Love and all derivative works, including the BTS remix thereof."  (ECF 158.)  Spatola's "Notice of Disclaimer" is not only procedurally improper and substantively incorrect, it also fails to include any case law to support Spatola's position.  Defendants responded to Spatola that his "Notice of Disclaimer" does not obviate the need for this Motion for the reasons stated in the parties' correspondence and during their meet-and-confer.  (*See* Rosenberg Decl. ¶ 19, Ex. Q.)

Case No. 2:23-cv-06191 MWF-E

SMRH:4913-2220-7367

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(7)

1    dismissed." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861,
2    867 n. 5 (9th Cir. 2004).

3          A party may seek dismissal for failure to join an indispensable party at any
4    time. *See Baykeeper v. Union Pac. R. Co.*, No. C 06–02560 JSW, 2009 WL
5    1517868, *2 (N.D. Cal. 2009) ("Courts have clearly found that [] the absence of an
6    indispensable party may be raised at any time") (citations omitted).  Courts can also
7    raise the issue *sua sponte*.  *See CP National Corp. v. Bonneville Power Admin.,* 928
8    F.2d 905, 911-12 (9th Cir. 1991).

9    **IV.**    **ARGUMENT**

10         **A.**    **The Non-Party Joint Authors Are Necessary Under FRCP 19(a)**

11         Under FRCP 19(a), a party is a necessary party if it satisfies ***any*** one of three
12   criteria.  "First, a person is necessary if, in the person's absence, the court cannot
13   accord complete relief among existing parties." *Gracia v. Cnty. of Kern*, No. 1:23-
14   CV-1104-JLT-BAM, 2025 WL 303859, at *1 (E.D. Cal. Jan. 27, 2025), report and
15   recommendation adopted, No. 1:23-CV-01104 JLT BAM, 2025 WL 510357 (E.D.
16   Cal. Feb. 14, 2025) (citing Fed. R. Civ. P. 19(a)(1)(A)).  "Second, a person is
17   necessary if that person has an interest in the action and resolving the action in the
18   person's absence may as a practical matter impair or impede the person's ability to
19   protect the interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)).  "Third, a person is
20   necessary if that person has an interest in the action and resolving the action in the
21   person's absence may leave an existing party subject to a substantial risk of
22   incurring double, multiple, or otherwise inconsistent obligations because of the
23   interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).  "If any one of these three
24   circumstances apply, the person is a necessary party." *Altmann v. Republic of*
25   *Austria*, 142 F. Supp. 2d 1187, 1211 (C.D. Cal. 2001).

26         In copyright actions where a declaration may affect the rights or attribution of
27   other listed owners, courts have found non-party co-owners or joint authors to be
28   necessary under FRCP 19(a).  For example, in *Berrios-Nieves v. Fines-Nevarez*, the

court held that third parties listed on split sheets are necessary parties because their interests in royalty shares and validity of the agreements would be impaired by a judgment declaring those split sheets null and void.  No. CV 18-1164 (JAG), 2019 WL 12043410, at *8-9 (D.P.R. Feb. 7, 2019).  Similarly, in *Tavory v. Barber*, the court confirmed that "a joint owner of a copyright is an indispensable party in an infringement action," and ordered joinder rather than dismissal, absent any showing that joinder was impossible.  No. 09-80934, 2009 WL 10667796, at *3-4 (S.D. Fla. Dec. 17, 2009); *see also Cable Vision, Inc. v. KUTV Inc.*, 335 F.2d 348, 353-54 (9th Cir. 1964) ("It is settled law that the copyright owner is an indispensable party to enforcement of a copyright claim."); *Taylor v. Universal Music Corp., Inc.*, No. CV 13-06412 RGK (AJWx), 2014 WL 12607685, at *4 (C.D. Cal. Mar. 10, 2014) ("the Court agrees with Defendants that Hamlin is a 'necessary' party. Read fairly, the Complaint alleges that Hamlin is a co-owner of the Song. Resolution of this lawsuit could adversely affect Hamlin's ownership rights or expose Defendants to multiple or inconsistent liability."). Further, a joint author may be necessary and indispensable when a party seeks royalties, monies, and other compensation associated with a copyrighted musical composition.  *See Shropshire v. Canning*, No. 10–CV–01941–LHK., 2011 WL 90136, at *7-8 (N.D. Cal. Jan. 11, 2011); *Community for Creative Non–Violence v. Reid*, 846 F.2d 1485, 1498 (D.C. Cir. 1988) ("Joint authors co-owning copyright in a work 'are deemed to be tenants in common,' with 'each having an independent right to use or license the copyright, subject only to a duty to account to the other co-owner for any profits earned thereby,'" citing W. Patry, Latman's The Copyright Law 116 (6th ed. 1986)); *Scorpio Music S.A. v. Willis*, No. 11-CV-1557 BTM RBB, 2012 WL 1598043, at *6 (S.D. Cal. May 7, 2012) ("It is necessary for Plaintiffs to know what percentage of the copyright interest Willis is entitled to receive back, because, among other things, it will affect Plaintiffs' duty to account to Willis and the other joint author(s)").

Here, the Non-Party Joint Authors are all necessary parties for several reasons. First, they are each undisputedly joint authors of the Savage Love Composition. This is reflected in, among other things, the 2022 Copyright and Spatola's 2023 Copyright Registration. Additionally, Spatola's AFM B Form submissions identify Jawsh as the sole "session producer." Ninth Circuit law is unambiguous that joint authors are necessary parties in copyright actions implicating ownership or authorship of a work.

Second, the Non-Party Joint Authors and Derulo each own a portion of the publishing for the Savage Love Composition as set forth in the Tripartite Agreement. Jawsh owns 50%; Derulo owns 25%; JKash owns 20%; and Greiss owns 5%. These percentages were negotiated and agreed upon by Derulo and the Non-Party Joint Authors. As joint authors in the Savage Love Composition, Derulo and the Non-Party Joint Authors owe each other a duty to account. *See*, *supra*, *Community for Creative Non–Violence*, 846 F.2d at 1498; *Scorpio Music S.A.*, 2012 WL 1598043, at *6. For example, if Jawsh were to grant a non-exclusive license of Savage Love to a third party, then Jawsh owes Derulo, JKash, and Greiss their proportionate share of the revenue Jawsh receives from that license. *Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120, 1126 (C.D. Cal. 2001) (joint author has "the power to grant a non-exclusive license for the use of this work"); *Yellowcake, Inc. v. Hyphy Music, Inc.*, No. 1:20-CV-0988 AWI BAM, 2021 WL 3052535, at *6 (E.D. Cal. July 20, 2021) ("a single co-author (acting on its own behalf) can grant only a non-exclusive license in the copyright work because one co-author cannot limit the other co-authors' independent right to exploit the copyright."). Accordingly, the Non-Party Joint Authors are necessary under FRCP 19(a) because Spatola seeks an accounting of "**all** revenues derived from the exploitation of *Savage Love*" and a constructive trust over "**all** profits derived from the exploitation of *Savage Love*." (FAC ¶¶ 87, 91 (emphasis added).) The money that Spatola seeks does not exclusively belong to Derulo and Sony. Given that the Non-Party Joint

Authors have received and will continue to receive profits from Savage Love, Spatola's requested remedies would necessarily implicate the rights of the Non-Party Joint Authors and impose on them a duty to account to Spatola, and a duty on Spatola to account to them, which the Non-Party Joint Authors would now be required to enforce against Spatola.

Third, Spatola's request for a declaration from the Court that he be deemed a co-writer and co-producer of Savage Love (FAC ¶ 81) adversely impacts and dilutes Jawsh's current standing as the sole credited "producer" of Savage Love. Jawsh, along with Derulo, is a featured artist on Savage Love; Jawsh is the only person who received (and deserved) "producer" credit because the music in Savage Love is almost entirely duplicative of Laxed; Jawsh is a young artist in New Zealand and Savage Love is his only "hit" song to date; and having a trial about the joint authorship of Savage Love without its primary author—Jawsh—as a party is a wholly incomplete proceeding and adjudication.

Finally, Spatola seeks to force the jury to arbitrarily assign an ownership percentage to Spatola in the Savage Love Composition should the jury determine that Spatola is a joint author. (Rosenberg Decl. ¶ 3, Ex. A; ¶ 19, Ex. Q.) This request is contrary to law, because co-authors of a joint work own the work's copyright jointly and equally, unless the joint authors reach an agreement otherwise. *Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978) ("each co-author obtains an undivided ownership in the whole of the joint work, including any portion thereof"). The respective ownership interests in a work are *not* allocated, much less automatically allocated, based on the "amount" or "percentage" each co-author purportedly contributes to the whole. Moreover, ownership interest in a copyright is "essentially a legal issue for the court to determine." *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1153 (9th Cir. 2010). A jury cannot merely assign an ownership percentage to Spatola in the Savage Love Composition without factoring the rights and ownership percentages of the Non-Party Joint Authors.

1      Thus, at minimum, the Non-Party Joint Authors are necessary parties who

2  must be joined to the case. *See Dawavendewa v. Salt River Proj. Agr. Imp. &*

3  *Power Dist.*, 276 F.3d 1150, 1155-57, 1163 (9th Cir. 2002) (finding a party

4  necessary under FRCP 19 because (1) in their absence, complete relief cannot be

5  accorded to plaintiff even if victorious, as considered under 19(a)(1) and (2) the

6  party's legally protected interest would be impaired, as considered under 19(a)(2)).

7      **B.**   **It Is Not Feasible To Join Jawsh**

8      "If an absentee is a necessary party under Rule 19(a), the second stage is for

9  the court to determine whether it is feasible to order that the absentee be joined."

10  *Equal Emp. Opportunity Comm'n v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th

11  Cir. 2005).  FRCP 19(a) sets forth three circumstances in which joinder is not

12  feasible: (1) when venue is improper; (2) when the absentee is not subject to

13  personal jurisdiction; and (3) when joinder would destroy subject matter

14  jurisdiction. *See id.* (citing Fed. R. Civ. P. 19(a); *Tick v. Cohen*, 787 F.2d 1490,

15  1493 (11th Cir. 1986)).

16      Here, it is undisputed that Jawsh resides in New Zealand.  (FAC ¶ 11.)  The

17  Court therefore lacks personal jurisdiction over him.  Spatola cannot make even a

18  *prima facie* showing that Jawsh has sufficient "minimum contacts" with California

19  arising from, or related to, the conduct at issue in this action. *See Sher v. Johnson*,

20  911 F.2d 1357, 1361 (9th Cir. 1990).  California courts have established a three-

21  prong test for analyzing a claim of specific personal jurisdiction: (1) The defendant

22  must have done some act by which he purposefully avails himself of the privilege of

23  conducting activities in the forum, thereby invoking the benefits and protections of

24  its laws; (2) the claim must arise out of the defendant's forum-related activities; and

25  (3) the exercise of jurisdiction must be reasonable. *Terracom v. Valley Nat. Bank*,

26  49 F.3d 555, 560 (9th Cir. 1995).  As with an FRCP 12(b)(2) motion to dismiss for

27  lack of personal jurisdiction, Spatola should bear the burden of satisfying the first

28  two prongs of this test in his response to this Motion.  Only if Spatola succeeds in

satisfying both of the first two prongs does the burden then shift to the Defendants
to demonstrate that the exercise of jurisdiction would not be reasonable.  *See*
*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).
Notably, the FAC contains no allegations whatsoever that would establish personal
jurisdiction over Jawsh.  *See generally* FAC.

Because Plaintiff cannot make a *prima facie* case for personal jurisdiction
over Jawsh, this Court should find that joinder is not feasible.  Ninth Circuit courts
have found joinder not feasible over foreign individuals/entities under similar
circumstances.  *See Camacho v. Major League Baseball*, 297 F.R.D. 457, 463 (S.D.
Cal. 2013) (joinder of necessary non-parties residing in Mexico was not feasible); *In
re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab.
Litig.*, 826 F. Supp. 2d 1180, 1198 (C.D. Cal. 2011) ("The Court lacks personal
jurisdiction over these entities [located in Canada and Mexico], and a finding of
prejudice under Rule 19(b) suggests that proceeding without them would be against
equity and good conscience.").

### C.    The Non-Party Joint Authors Are Indispensable Parties Under FRCP 19(b)

Under FRCP 19(b), indispensable parties are "persons who not only have an
interest in the controversy, but an interest of such a nature that a final decree cannot
be made without either affecting that interest, or leaving the controversy in such a
condition that its final termination may be wholly inconsistent with equity and good
conscience." *Shields v. Barrow*, 58 U.S. 130, 139 (1854).  "Rule 19(b) provides the
factors that courts should consider in determining if an action should be dismissed
because an absent party is indispensable: (1) prejudice to any party or to the absent
party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate
remedy, even if not complete, can be awarded without the absent party; and
(4) whether there exists an alternative forum." *Camacho*, 297 F.R.D. at 463.  "The
failure to join a party under Rule 19 can only lead to dismissal of a suit where the

court cannot obtain jurisdiction over the necessary party and that party is determined to be indispensable to the action." *Cash v. Red Balloon Rest.*, No. 14-CV-02545-LAW, 2014 WL 5670332, at *2 (N.D. Cal. Nov. 3, 2014). In this case, all four factors weigh heavily in favor of a finding that the Non-Party Joint Authors are each indispensable parties, and that dismissal is required because joinder of Jawsh is not feasible.

As to the ***first factor***, Defendants are prejudiced for several reasons. First, because Defendants and the Non-Party Joint Authors all have ownership and joint authorship rights in the Savage Love Composition and owe each other duties to account, any judgment rendered against Defendants would necessarily implicate the rights and obligations of the Non-Party Joint Authors. Any subsequent and separate legal action by Spatola, Defendants, or any third parties against the Non-Party Joint Authors may result in different and inconsistent judgments. Second, there is no legal authority that supports Spatola's request that his joint authorship interests and ownership percentage only come from Derulo's authorship and ownership interest in the Savage Love Composition, as opposed to all joint authors of the entire work. Any accounting of profits, or return of any portion thereof, must include all the joint authors. Indeed, the necessary corollary from a finding that Spatola is a joint author of the Savage Love Composition is that the Non-Party Joint Authors will owe Spatola a duty to account like the duty they owe to Derulo (and vice versa). *See supra* Section IV.A; *Community for Creative Non–Violence*, 846 F.2d 1485 at 1498; *Scorpio Music S.A.*, 2012 WL 1598043, at *6. Derulo would be substantially prejudiced if only his split of the publishing proceeds is at issue in the case. Derulo co-wrote the lyrics of Savage Love with JKash; Greiss separately created new music outside of Derulo's studio that was incorporated into the song; and Jawsh is the primary author of the Savage Love Composition and owns 50% of the publishing. The "inseparable" nature of joint authorship is completely antithetical to Spatola's attempt to arbitrarily separate out Derulo's contributions to the entire work (and

1   Derulo's 25% ownership in the Savage Love Composition).  *See Richlin v. Metro–*

2   *Goldwyn–Mayer Pictures, Inc.*, 531 F.3d 962, 969 (9th Cir. 2008) (joint authors

3   intend their contributions be "merged into inseparable or interdependent parts of a

4   unitary whole.").  Finally, Jawsh would be prejudiced if Spatola were deemed a co-

5   producer of Savage Love because Jawsh is presently credited as the sole producer of

6   the song.  As a result, "[t]he first factor weighs heavily towards dismissal for

7   nonjoinder."  *Zurich Am. Ins. Co. v. Elecs. for Imaging, Inc.*, No. C-09-02408

8   WHA, 2009 WL 2252098, at *4 (N.D. Cal. July 28, 2009).

9       As to the ***second factor***, there is no feasible method by which the prejudice to

10  Defendants could be "lessened or avoided."  Any judgment in this case would not

11  have preclusive effect upon the Non-Party Joint Authors, especially Jawsh, where

12  litigation would likely play out in New Zealand.  Thus, the risk of inconsistent

13  judgments that Defendants would face cannot be "lessened or avoided."  Also,

14  because the Non-Party Joint Authors each own a percentage interest in the copyright

15  of the Savage Love Composition and are joint authors, and Jawsh is credited as the

16  sole producer, there is no way to avoid the prejudice but to have them as parties to

17  the lawsuit.  The second factor thus also weighs heavily in favor of dismissal for

18  nonjoinder.  *See Emps. Ins. of Wausau v. Jostens, Inc.*, 181 F.R.D. 623, 627 (D.

19  Minn. 1998).

20      As to the ***third factor***, a judgment rendered in the absence of the Non-Party

21  Joint Authors would be inadequate.  Adequacy "refer[s] to [the] public stake in

22  settling disputes by wholes."  *Zurich*, 2009 WL 2252098, at *5 (quoting *Provident*

23  *Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)).  Here, as

24  described above, a judgment without the Non-Party Joint Authors cannot determine

25  the rights and responsibilities of all the potentially implicated parties.  A second

26  lawsuit, therefore, would be necessary against the Non-Party Joint Authors, which

27  would not only be duplicative, but create the risk of inconsistent judgments.  The

28

third factor thus also weighs heavily in favor of dismissal for nonjoinder. *Zurich*, 2009 WL 2252098, at *4-5.

Finally, as to the ***fourth factor,*** JKash and Greiss may be added to this lawsuit or sued in other appropriate federal courts. And, Spatola (or nonparties) may pursue any claims against Jawsh in New Zealand if they so choose. Because the Non-Party Joint Authors are necessary and indispensable parties, and it is not feasible to join Jawsh, the Court should dismiss the case with prejudice.[2] Alternatively, if the Court determines that the Non-Party Joint Authors are necessary, but not indispensable, then the Court should grant this Motion with leave to amend so that Spatola can join the necessary parties and attempt to effectuate service upon them (but **not** grant leave to amend for Spatola to add new claims against Derulo or Sony). *See Marquez v. Ocwen Loan Servicing, LLC*, No. CV 15-2783 PSG (VBKx), 2015 WL 12697082, at *4 (C.D. Cal. June 15, 2015) ("Based on the "necessary" party showing alone, it is appropriate to dismiss the case with leave to amend so that Plaintiff can join the necessary party ... on this basis alone, the Court dismisses the complaint with leave to amend.").

///

///

---

[2] Spatola may rely on *Armes v. Post*, No. 2:20-CV-03212-ODW (PJWx), 2020 WL 6135068 (C.D. Cal. Oct. 19, 2020). *Armes* is distinguishable from this case because: (1) the non-party writers at issue were not named as joint authors in a copyright registration obtained by the plaintiff; (2) in a parallel action filed by the defendant in the Southern District of New York, the defendant did not name as parties the non-party writers, undermining his argument that those same non-party writers are necessary and indispensable in the C.D. Cal action; and (3) one of the non-party writers at issue was an actively involved Canadian resident who indicated willingness to submit to jurisdiction in the Southern District of New York. *Id*. at *3-4. Here, by contrast, the Non-Party Joint authors are included in Spatola's 2023 Copyright, there is no parallel action where Defendants have taken a contradictory position, and Jawsh is located in New Zealand and has expressed no willingness to be involved in litigation as the non-party writer did in *Armes*.

1  **V.**    **CONCLUSION**

2         Defendants respectfully request the Court grant the Motion in full and dismiss

3  this action with prejudice.  In the alternative, Defendants respectfully request the

4  Court grant this Motion with leave to amend to join the necessary parties.

5

6   Dated:  February 2, 2026              SHEPPARD, MULLIN, RICHTER &
                                          HAMPTON LLP
7

8

9

10                              By:   /s/ Joshua M. Rosenberg
                                      _____
11                                    Joshua M. Rosenberg
                                      Kazim A. Naqvi
12                                    Allison C. Wong

13                                    Attorneys for Defendants JASON
14                                    DESROULEAUX p/k/a JASON DERULO;
                                      and SONY MUSIC ENTERTAINMENT d/b/a
15                                    COLUMBIA RECORDS

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF COMPLIANCE L.R. 11-6.2</u>

The undersigned, counsel of record for Defendants Jason Desrouleaux p/k/a Jason Derulo; and Sony Music Entertainment d/b/a Columbia Records, certifies that this brief contains 6,570 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 2, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:    /s/ *Joshua M. Rosenberg*
           Joshua M. Rosenberg
           Kazim A. Naqvi
           Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

SMRH:4913-2220-7367    DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(7)