1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   JOSHUA M. ROSENBERG, Cal Bar No. 274473
3  jrosenberg@sheppardmullin.com
   KAZIM A. NAQVI Cal Bar No. 300438
4  knaqvi@sheppardmullin.com
   ALLISON C. WONG Cal Bar No. 341178
5  acwong@ sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
6  Los Angeles, California 90067-6055
   Telephone:  310.228.3700
7  Facsimile:   310.228.3701

8  Attorneys for Defendants
   JASON DESROULEAUX p/k/a JASON
9  DERULO; and SONY MUSIC
   ENTERTAINMENT d/b/a COLUMBIA
10 RECORDS

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| 15  MATTHEW SPATOLA p/k/a MATTY SPATS, | Case No. 2:23-cv-06191 MWF-E |
| 16        Plaintiff, | Assigned to the Honorable Michael W. Fitzgerald |
| 17     v. | **DEFENDANTS JASON DESROULEAUX P/K/A JASON DERULO AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' NOTICE OF MOTION AND MOTION FOR AN ADVISORY JURY ON DEFENDANTS' EQUITABLE DEFENSES** |
| 18  JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS, | |
| 19 | |
| 20 | |
| 21        Defendants. | |
| 22 | *[Filed concurrently with Declaration of Joshua M. Rosenberg; and [Proposed] Order]* |
| 23 | |
| 24 | Date:          March 2, 2026 |
| 25 | Time:          10:00 a.m. Dept.:          Courtroom 5A |
| 26 | Action Filed:          July 31, 2023 |
| 27 | FAC Filed:          December 21, 2023 Final Pretrial Conf.:  March 30, 2026 |
| 28 | Trial Date:          April 21, 2026 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 2, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5A of the U.S. District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively, "Defendants"), by and through their counsel of record, will and hereby do move this Court for an order allowing Defendants to submit their equitable defenses to an advisory jury (the "Motion").

While Defendants intend to raise six affirmative defenses at trial (*see* ECF 96 [identifying the defenses of (1) laches, (2) waiver, (3) estoppel, (4) unclean hands, (5) invalid copyright registration, and (6) license]), three of these defenses—laches, estoppel, unclean hands—are equitable in nature.  These equitable defenses are based on the same facts and are inextricably intertwined with the legal claims brought by Plaintiff Matthew Spatola p/k/a Matty Spats ("Plaintiff" or "Spatola"), Defendants' rebuttal thereto, and their other affirmative defenses.  Defendants thus move pursuant to Federal Rule of Civil Procedure ("FRCP") 39(c)(1) to have all defenses tried by the jury because: (1) it promotes judicial economy; (2) the jury is uniquely competent to assess the credibility of witnesses and evidence on critical issues related to Defendants' affirmative defenses; and (3) there is no risk of prejudice to Spatola given that the Court will be free to accept or reject the jury's advisory verdict as to the equitable defenses when making its own findings.  Defendants respectfully request that the Court exercise its discretion and allow for Defendants' equitable defenses to be tried by an advisory jury.

This Motion is based upon this notice, the accompanying memorandum of points and authorities, the supporting declaration of Joshua M. Rosenberg and exhibits thereto, upon all documents on file herein, and on such oral and

documentary evidence which may be received and considered by this Court when ruling on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 on April 1, 2025 and confirmed on January 23, 2026.  (Declaration of Joshua M. Rosenberg dated February 2, 2026 ["Rosenberg Decl."] ¶¶ 9-10, Exs. A, B.)  Defendants presented each of the grounds for the Motion that are set forth in the accompanying Memorandum of Points and Authorities, but Spatola's counsel indicated that Spatola would oppose the Motion.  (*See id*.)

Dated:  February 2, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   /s/ Joshua M. Rosenberg

Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

# **<u>TABLE OF CONTENTS</u>**

I.    INTRODUCTION ....................................................................................1

II.   LEGAL STANDARD..............................................................................2

III.  ARGUMENT ..........................................................................................3

    A.  Judicial Economy Supports Submitting Defendants' Equitable Defenses To An Advisory Jury ..................................................................................3

    B.  The Jury Will Assist The Court In Making Critical Credibility ....................
Determinations Related To Both The Legal And Equitable Issues ..............6

    C.  An Advisory Jury Does Not Prejudice Spatola ...............................................8

IV.   CONCLUSION........................................................................................9

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*ConsumerDirect, Inc. v. Pentius, LLC*
   No. 8:21-cv-01968-JVS, 2024 WL 3914667 (C.D. Cal. Jul. 19, 2024)..............3

*Eastwood v. Nat'l Enquirer, Inc.*
   123 F.3d 1249 (9th Cir. 1997) ...............................................................................8

*Furie v. Infowars, LLC*
   401 F.Supp.3d 952 (C.D. Cal. 2019) ....................................................................5

*Hana Fin., Inc. v. Hana Bank*
   No. CV 07-1534 PA, 2011 WL 2581458 (C.D. Cal. June 29, 2011), *aff'd*,
   735 F.3d 1158 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015) ...............................5

*Hoover v. Switlik Parachute Co.*
   663 F.2d 964 (9th Cir. 1981) .................................................................................8

*Hynix Semiconductor Inc. v. Rambus Inc.*
   No. CV-00-20905-RMW, 2008 WL 350638 (N.D. Cal. Feb. 2, 2008) ..............6

*Kyei v. Or. Dep't of Transp.*
   497 F. App'x 711 (9th Cir. 2012).........................................................................2

*Living on the Edge, LLC v. Lee*
   No. CV-14-5982-MWF, 2015 WL 13917633 (C.D. Cal. Mar. 31, 2015)
   (Fitzgerald, J.).................................................................................................6, 8

*Rearden LLC v. Walt Disney Co.*
   No. 17-cv-04006-JST, 2023 WL 9187385 (N.D. Cal. Dec. 14, 2023) .......2, 3, 6

*Smith v. Reinke*
   No. 1:12-CV-00030-BLW, 2014 WL 2203896 (D. Idaho May 27, 2014) ..........6

*Softketeers, Inc. v. Regal West Corp.*
   8:19-CV-00519-JWH (JDEx), 2022 WL 17968835 (C.D. Cal. Dec. 22,
   2022)………………………………………………………………………………………………………………5

*Synopsys, Inc. v. Real Intent, Inc.*
   No. 5:20-cv-02819-EJD, 2024 WL 4557334 (N.D. Cal. Oct. 22, 2024) ..............3

*Vogue Recovery Cal. LLC v. CMJ Recovery CA LLC*
    No. CV 22-6751-KK-AJRx, 2024 WL 1422649 (C.D. Cal. Mar. 21, 2024).......3

<u>Other Authorities</u>

Fed. R. Civ. P. 1 ........................................................................................................6

Fed. R. Civ. P. 39(c)(1) ........................................................................................ 1, 2

Local Rule 7-3 ...........................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants intend to raise six affirmative defenses at trial: (1) laches, (2) waiver, (3) estoppel, (4) unclean hands, (5) invalid copyright registration, and (6) license. (*See* Defendants' Memorandum of Contentions of Law and Fact, ECF 96.) While Defendants' laches, estoppel, and unclean hands defenses are equitable in nature, an advisory jury may properly consider the defenses alongside Defendants' other affirmative defenses pursuant to FRCP 39(c)(1).

*First*, granting the requested relief promotes judicial economy because a jury is already set to be empaneled for Spatola's legal claim and Defendants' other legal affirmative defenses, and the facts related to Defendants' equitable defenses are inextricably intertwined with those related to Spatola's sole legal claim for declaratory relief. Specifically, Spatola will ask the jury to find that he is a joint author and co-owner of the copyrights in both the musical composition and sound recording of *Savage Love (Laxed – Siren Beat)* (hereinafter, "Savage Love"), and that he deserves "writer" and "producer" credits on Savage Love. As set forth in further detail below, Defendants assert a defense based on Spatola's repeated written requests to Defendants that he receive the specific instrumentalist credit of "Additional Guitar & Bass" on Savage Love. Spatola received that exact credit he asked for, notwithstanding his post-hoc testimony four years later that he subjectively believed the credit of "Additional Guitar & Bass" was the same credit as "writer" and "producer" on a song. In its order on Defendants' Motion for Summary Judgment, the Court noted that "[a] jury may well have problems with Plaintiff's presentation of the evidence—the referenced communications are ambiguous **and Plaintiff requested only guitar and bass credit for years**." ((ECF 125 at 11) (emphasis added).) Indeed, for years, Defendants reasonably relied on the "Additional Guitar & Bass" instrumentalist credit that Spatola specifically sought and received, which is an essential part of Defendants' estoppel defense that

the jury should hear in an advisory capacity.  It would be inefficient and consume additional resources of the Court to have some of Defendants' affirmative defenses decided by the jury but others decided by the Court, such as the estoppel defense.

*Second*, the Court would benefit from the experience of members in the local community in evaluating Defendants' equitable defenses predicated on credibility determinations, which juries are uniquely competent to assess.  *Third*, neither party would be prejudiced by this Order, as the Court will be free to accept or reject the jury's advisory verdict as to the equitable defenses when making its own findings.

For these reasons, as set forth more fully below, the Court should enter an order permitting the jury to consider Defendants' equitable defenses in an advisory capacity.[1]

## II.    LEGAL STANDARD

Rule 39(c)(1) of the Federal Rules of Civil Procedure provides that in an action "not triable of right by a jury, the court, on motion or on its own" may "try any issue with an advisory jury."  The decision to empanel an advisory jury is discretionary.  *See Kyei v. Or. Dep't of Transp.*, 497 F. App'x 711, 713 (9th Cir. 2012) (evaluating decision to empanel an advisory jury under an abuse of discretion standard).  Courts typically empanel advisory juries for two reasons: (1) "to promote judicial economy, courts will empanel advisory juries if at least one of the claims to be tried has facts common to another claim that will be tried to a jury as a matter of right;" and (2) "when 'special factors' suggest that members of the local community would help guide the Court in making its findings and conclusions." *Rearden LLC v. Walt Disney Co.*, No. 17-cv-04006-JST, 2023 WL 9187385, at *2 (N.D. Cal. Dec. 14, 2023).

---

[1] If the Court grants Defendants' pending Motion *in Limine* No. 4 to bifurcate proceedings (ECF 104), then the Court may construe this Motion as seeking an advisory jury in the first phase of trial regarding Spatola's first cause of action for declaratory relief.

III.  **ARGUMENT**

A.  **Judicial Economy Supports Submitting Defendants' Equitable Defenses To An Advisory Jury**

Courts commonly empanel an advisory jury to promote judicial economy when "at least one of the claims to be tried has facts common to another claim that will be tried to a jury as a matter of right." *Rearden*, 2023 WL 9187385, at *2 (citation omitted) (granting motion to empanel an advisory jury where the Court had already empaneled a jury to decide claim for factual damages). Equitable defenses are submitted to advisory juries when legal claims and equitable defenses are "inextricably intertwined" by common factual determinations, and the same body of evidence will bear on the legal and equitable claims. *See Vogue Recovery Cal. LLC v. CMJ Recovery CA LLC,* No. CV 22-6751-KK-AJRx, 2024 WL 1422649, at *1 (C.D. Cal. Mar. 21, 2024) (submitting equitable defenses to advisory jury where "the evidence underlying Defendants' equitable defenses" was "inextricably intertwined" with the evidence supporting rebuttal to Plaintiffs' claims.); *see also*, *e.g.*, *ConsumerDirect, Inc. v. Pentius, LLC*, No. 8:21-cv-01968-JVS, 2024 WL 3914667, at *3-4 (C.D. Cal. Jul. 19, 2024) (holding defendants' equitable defense of unclean hands was intertwined with plaintiff's legal claims of trademark infringement and false designation, and defenses were properly submitted to an advisory jury); *Synopsys, Inc. v. Real Intent, Inc.*, No. 5:20-cv-02819-EJD, 2024 WL 4557334, at *3 (N.D. Cal. Oct. 22, 2024) (where there are "substantially overlapping witnesses and evidence" non-jury and jury issues should be sent to the jury).

Here, Defendants' equitable defenses—laches, estoppel, and unclean hands— heavily rely on the same facts and evidence that support Defendants' rebuttal to Spatola's declaratory judgment claim which seeks to establish Spatola as joint author in the musical composition and sound recording of Savage Love.

For instance, Spatola's declaratory judgment claim can succeed only if he can establish that there were objective manifestations of shared intent amongst him, Derulo, and several non-parties, to be co-authors of Savage Love.  As such, Defendants' rebuttal will require the jury to weigh the credibility of evidence and testimony that shows: (1) Spatola and his representative Ghena Nasser did not ask for co-writing or co-producing credit on Savage Love; rather, they specifically asked for the instrumentalist credit of "Additional Guitar & Bass" on Savage Love (*see* Rosenberg Decl. ¶ 11, Ex. C [Derulo Depo Trans.] at 161:15-161:24; ¶ 12, Ex. D [Spatola Depo Trans.] at 228:1-229:2, 297:20-299:4, 325:14-337:5, 354:8-355:25; ¶ 13, Ex. E [Ghena Spatola Depo Trans.] at 65:18-66:11, 75:25-76:24, 77:13-78:18, 81:10-81:22, 83:11-85:11; ¶ 14, Ex. F [Leak Decl.] ¶¶ 13-27); (2) despite Spatola's contention that he was unaware of how to ask for co-writing or co-producing credit, Spatola often promoted his "writing" and "producing" credits on Instagram for other records but never similarly nor expressly identified such credits for his work on Savage Love (*see id*. ¶ 12, Ex. D [Spatola Depo Trans.] at 29:15-30:11, 330:21-331:2; *compare* ¶¶ 16-27, Exs. H-S *with* ¶¶ 28-30, Exs. T-V); and (3) Spatola invoiced Derulo for $2,000 for his two sessions of work on Savage Love, and Derulo timely paid him the exact amount that Spatola requested (*see id*. ¶ 12, Ex. D [Spatola Depo Trans.] at 231:9-231:25, 235:21-236:10; ¶ 14, Ex. F [Leak Decl.] ¶ 40).

This same evidence and related credibility determinations bear heavily on Defendants' equitable defenses.  Defendants' laches and estoppel affirmative defenses rely on inferences drawn from Spatola's action ***and*** inaction—namely, his specific written requests for "Additional Guitar & Bass" credit (which he received), and nothing else until three years after the recording of Savage Love—despite his knowledge of how to request writer and producer credits given his work with other recording artists.  (Rosenberg Decl. ¶ 11, Ex. C [Derulo Depo Trans.] at 161:15-161:24; ¶ 12, Ex. D [Spatola Depo Trans.] at 228:1-229:2, 297:20-299:4, 325:14-

337:5, 354:8-355:25; ¶ 13, Ex. E [Ghena Spatola Depo Trans.] at 65:18-66:11, 75:25-76:24, 77:13-78:18, 81:10-81:22, 83:11-85:11; ¶¶ 16-27, Exs. H-S *with* ¶¶ 28-30, Exs. T-V.)  *See Hana Fin., Inc. v. Hana Bank*, No. CV 07-1534 PA (JWJx), 2011 WL 2581458, at *4 (C.D. Cal. June 29, 2011) (holding laches bars action due to the unreasonable delay in bringing suit), *aff'd*, 735 F.3d 1158 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015); *Softketeers, Inc. v. Regal West Corp.*, 8:19-CV-00519-JWH (JDEx), 2022 WL 17968835, at *17 (C.D. Cal. Dec. 22, 2022) ("[A] copyright owner's conduct during a period of permissive use may estop the owner from later revoking permission and bringing an infringement claim." (citation omitted)).

Likewise, Defendants' unclean hands defense seeks to bar Spatola's claim under the theory that Spatola is wrongly seeking credit to which he knows he is not entitled given the evidence of his prior ability to secure such credits for other work, and his failure to ask for such credit here until three years after the release of Savage Love.  (Rosenberg Decl. ¶ 11, Ex. C [Derulo Depo Trans.] at 161:15-161:24; ¶ 12, Ex. D [Spatola Depo Trans.] at 228:1-229:2, 297:20-299:4, 325:14-337:5, 354:8-355:25; ¶ 13, Ex. E [Ghena Spatola Depo Trans.] at 65:18-66:11, 75:25-76:24, 77:13-78:18, 81:10-81:22, 83:11-85:11; *compare* ¶¶ 16-27, Exs. H-S *with* ¶¶ 28-30, Exs. T-V.)  *See Hana Fin., Inc*, 2011 WL 2581458, at *5 (citing *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 847 (9th Cir. 1987)) (noting the defense of unclean hands bars an action at law where "the plaintiff has engaged in unfair or inequitable conduct, and such conduct is related to the subject matter of the plaintiffs' claims in the case"); *Furie v. Infowars, LLC*, 401 F.Supp.3d 952, 963 (C.D. Cal. 2019) (citing 17 U.S.C. § 411(b)(1)) (noting that "knowingly" including inaccurate information in a copyright application bars claims of copyright infringement).

By posing Defendants' equitable defenses to the jury already empaneled to hear Spatola's legal claim in this case, the Court will eliminate the need for duplicative trials before the jury and the Court on "intertwined" legal and equitable

determinations.  Thus, submitting the equitable defenses to the jury in an advisory capacity will not waste this Court's resources given the jury will necessarily hear the evidence relevant to these defenses during Defendants' rebuttal to Plaintiff's declaratory judgment claim.  The requested relief will provide a "just, speedy, and inexpensive" determination of the parties' rights and obligations.  *See* Fed. R. Civ. P. 1.

### B.    The Jury Will Assist The Court In Making Critical Credibility Determinations Related To Both The Legal And Equitable Issues

Courts also commonly empanel an advisory jury if "'special factors' suggest that members of the local community would help guide the Court in making its findings and conclusions."  *Rearden LLC*, 2023 WL 9187385, at *2.  These special factors differ on a case-by-case basis, but usually involve an aspect "common in human experience."  *Smith v. Reinke,* No. 1:12-CV-00030-BLW, 2014 WL 2203896, at *2 (D. Idaho May 27, 2014).

Courts find advisory juries are particularly appropriate where the credibility of parties and witnesses are central to issues that may otherwise only be tried to the Court.  *See Living on the Edge, LLC v. Lee*, No. CV-14-5982-MWF (JEMx), 2015 WL 13917633, at **3-4 (C.D. Cal. Mar. 31, 2015) (Fitzgerald, J.) (finding advisory jury would be in the best position to weigh the credibility of the parties and witnesses on the central issue of whether a signature was forged); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905-RMW, 2008 WL 350638, at *3 (N.D. Cal. Feb. 2, 2008) (finding an advisory jury appropriate because "evaluation of a fraud claim involves judgments of credibility for which a jury is particularly suited").

Here, the success of Defendants' equitable defenses largely hinge on the credibility of Spatola's argument, and testimony related thereto, that he expressed an objective manifestation of intent to be a co-author of Savage Love, and the other co-authors made the same objective expression of shared intent to Spatola.  This

determination will involve weighing evidence related to the parties' intentions to be co-authors on Savage Love such as:

- Spatola's Instagram post relating to "working with" Derulo on Savage Love, which post included "#producer" buried in a long sequence of non-sequitur hashtags, and Derulo's "prayer hands emoji" response (*see* Rosenberg Decl. ¶ 30, Ex. V; ¶ 12, Ex. D [Spatola Depo. Trans.] at 120:5-122:1);

- Spatola's failure to expressly assert his purported writer or producer status on Savage Love on any of his Instagram posts related to the song (*id*. ¶ 28, Ex. T; ¶ 29, Ex. U; ¶ 30, Ex. V; ¶ 12, Ex. D [Spatola Depo. Trans.] at 59:20-60:17, 62:7-63:2, 120:5-122:1);

- Spatola's many Instagram posts about other songs he purportedly wrote and/or produced wherein he unambiguously and specifically claimed credit that he wrote and/or produced those other songs (*id*. ¶ 12, Ex. D [Spatola Depo. Trans.] at 330:21-331:2; *compare* ¶¶ 16-27, Exs. H-S *with* ¶¶ 28-30, Exs. T-V);

- Spatola invoicing Derulo for $2,000 for his two sessions of work on Savage Love, and Derulo paying Spatola accordingly (*id*. ¶ 15, Ex. G; ¶ 12, Ex. D [Spatola Depo. Trans.] at 229:7-230:5);

- Spatola's Spotify playlist entitled "Matty Spats Produced" where, beginning on December 19, 2022, Spatola began compiling each of the songs he purportedly produced but to which playlist Spatola failed to add Savage Love until April 10, 2024—almost *four years* after Savage Love was released and *nine months* after he initiated this lawsuit (*id*. ¶ 31, Ex. W; ¶ 12, Ex. D [Spatola Depo. Trans.] at 99:14-102:2); and

- Spatola's failure to request any credit other than his repeated written requests for the specific instrumentalist credit for "Additional Guitar and Bass" on Savage Love over the course of several years, despite his

1    subsequent testimony that he really wanted credit for "writing" and
2    "producing" the song (*id*. ¶ 12, Ex. D [Spatola Depo. Trans.] at 228:1-
3    229:2, 297:20-299:4, 325:14-337:5, 354:8-355:25).

4    Given that juries are "uniquely qualified to answer" questions of credibility,
5    an advisory jury is well suited to advise the court on Defendants' equitable defenses.
6    *See Eastwood v. Nat'l Enquirer, Inc.,* 123 F.3d 1249, 1252 (9th Cir. 1997)*; Hoover*
7    *v. Switlik Parachute Co*., 663 F.2d 964, 968 (9th Cir. 1981) ("questions of
8    credibility, of course, are particularly appropriate for jury determination").  An
9    advisory jury would also be consistent with the Court's order denying Defendants'
10    Motion for Summary Judgment, where the Court noted that "[a] **jury may well**
11    **have problems** with Plaintiff's presentation of the evidence—the referenced
12    communications are ambiguous **and Plaintiff requested only guitar and bass**
13    **credit <u>for years</u>**."  (ECF 125 at 11 [emphases added]; *see also* ECF 125 at 10
14    ["Defendants point to a litany of evidence that may certainly be persuasive to a jury
15    . . .].)

16    **C.    <u>An Advisory Jury Does Not Prejudice Spatola</u>**

17    Finally, the use of an advisory jury does not prejudice Spatola, because,
18    notwithstanding the jury's advisory opinion, "the [C]ourt will remain responsible for
19    making its own independent determination that is subject to appellate review."
20    *Living on the Edge,* 2015 WL 13917633, at *4 (Fitzgerald, J.).  There is no evidence
21    to suggest that a jury would be more favorable to Defendants' equitable defenses
22    than the Court.  (*See* ECF 94 at 10:37:14-10:37:30 [noting that "juries often have
23    reached a decision that is different" than what the Court may have done on a bench
24    trial].)  Spatola can point to no prejudice that would result from submitting
25    Defendants' three equitable defenses to the jury alongside Spatola's legal claim and
26    Defendants' other affirmative defenses.

27    ///

28    ///

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court order that Defendants' affirmative defenses be tried before an advisory jury.

Dated:  February 2, 2026          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   /s/ Joshua M. Rosenberg
          Joshua M. Rosenberg
          Kazim A. Naqvi
          Allison C. Wong

          Attorneys for Defendants JASON
          DESROULEAUX p/k/a JASON DERULO;
          and SONY MUSIC ENTERTAINMENT d/b/a
          COLUMBIA RECORDS

## <u>CERTIFICATE OF COMPLIANCE L.R. 11-6.2</u>

The undersigned, counsel of record for Defendants Jason Desrouleaux p/k/a Jason Derulo; and Sony Music Entertainment d/b/a Columbia Records, certifies that this brief contains 2,555 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 2, 2026        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    /s/ *Joshua M. Rosenberg*
        Joshua M. Rosenberg
        Kazim A. Naqvi
        Allison C. Wong

        Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS