SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOSHUA M. ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>Plaintiff,<br><br>v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>Defendants. | Case No. 2:23-cv-06191 MWF-E<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS JASON DESROULEAUX P/K/A JASON DERULO AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE RON PERRY AS A TRIAL WITNESS**<br><br>*[Filed concurrently with Declaration of Joshua M. Rosenberg; and [Proposed] Order]*<br><br>Date:  March 2, 2026<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 5A<br><br>Action Filed:  July 31, 2023<br>FAC Filed:  December 21, 2023<br>Final Pretrial Conf.:  March 30, 2026<br>Trial Date:  April 21, 2026 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 2, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5A of the U.S. District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively, "Defendants"), by and through their counsel of record, will and hereby do move this Court for an order, granting Defendants' Motion *in Limine* No. 5 to Exclude Ron Perry ("Perry") As A Trial Witness (the "Motion") because (1) the apex doctrine precludes Plaintiff Matthew Spatola p/k/a Matty Spats ("Plaintiff" or "Spatola") from calling Perry as a trial witness because Perry is the CEO and Chairman of Columbia Records,[1] he has no unique, personal knowledge related to the facts at issue in this case, and Spatola has failed to exhaust less intrusive methods to elicit testimony from Perry; and (2) Federal Rules of Evidence 402 and 403 preclude Perry's testimony given that he lacks personal knowledge of the salient facts at issue here, and his testimony would be cumulative of both Wade Leak and Kim Rappaport – Sony executives Spatola has also listed as trial witnesses.[2]

This Motion is based upon this notice, the accompanying memorandum of points and authorities, the Declaration of Joshua M. Rosenberg and exhibits thereto, all documents on file herein, and on such oral and documentary evidence which may be received and considered by this Court when ruling on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 on January 23, 2026.  (Declaration of Joshua M. Rosenberg dated February

---

[1] Columbia Records is a division of Defendant Sony.

[2] Defendants do not object to Spatola calling Wade Leak and Kim Rappaport as trial witnesses.

2, 2026 ("Rosenberg Decl.") ¶¶ 4-5.)  Defendants presented Spatola with the legal and factual grounds for this Motion that are set forth in the accompanying Memorandum of Points and Authorities.  (*Id.* ¶ 4.)  The parties attempted to resolve the need for this Motion through a joint stipulation of fact; however, the parties could not reach an agreement.  (*Id.* ¶ 5.)  As such, Defendants are forced to bring this Motion, and Spatola's counsel indicated that Spatola would oppose. (*See id.* ¶¶ 3-5, Exs. A, B, C.)

Dated:  February 2, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  /s/ *Joshua M. Rosenberg*
 Joshua M. Rosenberg
 Kazim A. Naqvi
 Allison C. Wong

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. THE APEX DOCTRINE PRECLUDES SPATOLA FROM CALLING PERRY AS A TRIAL WITNESS ................................................................... 2

    A. Perry Has No Unique First-Hand, Non-Repetitive Knowledge Of The Facts At Issue In This Case ........................................................... 3

        1. Perry Has No Personal, Unique Knowledge Related To The Facts At Issue ............................................................................. 4

        2. Perry Has No Unique, Non-Repetitive Knowledge Regarding Sony Policies and Procedures ...................................... 5

    B. Spatola Has Not Exhausted Any Less Intrusive Methods To Obtain This Information ....................................................................... 6

III. THE COURT MUST EXCLUDE PERRY'S TESTIMONY UNDER FEDERAL RULES OF EVIDENCE 402 AND 403. ....................................... 8

IV. CONCLUSION ............................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aalmuhammed v. Lee*
 202 F.3d 1227 (9th Cir. 2000) ................................................................. 1, 4, 8

*Apple Inc. v. Samsung Elecs. Co.*
 282 F.R.D. 259 (N.D. Cal. 2012) ................................................................. 2, 3

*Ashton-Tate Corp. v. Ross*
 916 F.2d 516 (9th Cir. 1990) ......................................................................... 5, 8

*Bryant v. OptumRX Pharmacy, Inc.*
 No. SA CV 16-00478-DFM, 2017 WL 5714721 (C.D. Cal. May 10, 2017) ...... 3

*Jefferson v. Raisen*
 No. CV 19-9107-DMG, 2021 U.S. Dist. LEXIS 199127 (C.D. Cal. Apr. 27, 2021) (Gee, J.) ......................................................................................... 5, 8

*Luce v. United States*
 469 U.S. 38 (1984) ......................................................................................... 3, 8

*Pinn, Inc. v. Apple Inc.*
 No. SA 19-CV-01805-DOC-JDE, 2021 U.S. Dist. LEXIS 172435 (C.D. Cal. Sep. 10, 2021) ......................................................................................... 3, 7

*Reddy v. Nuance Communs., Inc.*
 No. 5:11-cv-05632-PSG, 2015 U.S. Dist. LEXIS 102739 (N.D. Cal. Aug. 5, 2015) ............................................................................................................ 3, 7

*Rodriguez v. Google LLC*
 No. 20-cv-04688-RS (AGT), 2025 U.S. Dist. LEXIS 130058 (N.D. Cal. May 6, 2025) .................................................................................................... 7

*Yphantides v. Cty. of San Diego*
 No. 21-cv-1575-GPC(BLM), 2023 U.S. Dist. LEXIS 203928 (S.D. Cal. Nov. 14, 2023) ................................................................................................. 3, 7

Court Rules

Fed. R. Civ. P. 30(b)(6) .......................................................................................... 2, 5, 9

Fed. R. Evid. 401(a)-(b) ........................................................................................... 8

Fed. R. Evid. 402 ...................................................................................................2, 8

Fed. R. Evid. 403 ...................................................................................................2, 8

Fed. R. Evid. 403 ......................................................................................................8

-iii-    Case No. 2:23-cv-06191 MWF-E

SMRH:4921-7888-9354    DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE RON PERRY AS A TRIAL WITNESS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Spatola intends to call Ron Perry, CEO and Chairman of Columbia Records, as a witness at trial. Spatola claims that Perry's testimony is necessary because he was purportedly involved in negotiating a deal between Sony and the music group BTS for a remix of *Savage Love (Laxed – Siren Beat)* ("Savage Love"),[3] and because Perry generally understands Sony's policy and procedures for determining song credits. But, the claims and defenses of this jury trial are limited to whether or not Spatola can prove that he is a joint author and co-owner of the copyrights in Savage Love's musical composition (the "Savage Love Composition") and sound recording (the "Savage Love Recording"), and whether Spatola should be credited as a "writer" and "producer" on the song. The factors the jury will consider for this critical inquiry under *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000), are whether: (1) Spatola exercised "control" over the entire work; (2) Spatola and the credited authors of Savage Love mutually made "objective manifestations of shared intent to be co-authors" with each other; and (3) the "audience appeal" of Savage Love derives from Spatola's alleged contributions. *Id.* at 1234 (the "*Aalmuhammed*" factors). The testimony Spatola seeks to elicit from Perry does not bear on his joint authorship claim or the three *Aalmuhammed* factors that the jury will consider in rendering a verdict thereon.

This Court should exclude Perry from testifying at trial for multiple reasons. First, the apex doctrine precludes Spatola from calling Perry as a trial witness because Perry has no personal, unique knowledge regarding the narrow set of facts at issue as to whether or not Spatola is a joint author of the Savage Love

---

[3] The "BTS remix" refers to a different version of Savage Love created in collaboration with Korean pop music group *Bangtan Sonyeondan*, known more commonly as "BTS."

Composition or Savage Love Recording. And, Spatola's failure to seek to depose Perry (which he had ample opportunity to do) is dispositive on the apex doctrine analysis, as it shows Spatola did not exhaust less intrusive means of seeking Perry's testimony. Indeed, during fact discovery, Spatola only deposed one executive from Sony (Wade Leak) who testified as Sony's designated FRCP 30(b)(6) witness on the very subjects that Spatola seeks to elicit testimony from Perry. Spatola never moved to compel further testimony from Sony, claimed Leak's testimony was deficient, nor sought any further discovery from Sony, despite the fact that discovery was re-opened twice in 2025. (ECF 133, 136.) Spatola also intends to call Sony executive Kim Rappaport as a witness at trial. Unlike Perry, Rappaport has first-hand knowledge of the facts at issue, and Defendants do not oppose Rappaport testifying at trial (Defendants themselves intend to call Rappaport and Leak as trial witnesses). Spatola never claimed that Leak's testimony was deficient or incomplete after his FRCP 30(b)(6) deposition.

Second, Spatola's requested testimony from Perry is inadmissible under Federal Rules of Evidence 402 and 403 because it is irrelevant, and any minimal probative value the testimony may have is substantially outweighed by the fact the testimony is cumulative and a waste of trial time. Spatola cannot establish that trial testimony from Leak and Rappaport is insufficient. This is a classic case of a plaintiff improperly attempting to exert some form of "pressure" by harassing an apex executive who has little to no personal knowledge of the triable issues of fact in this case. The Court should not condone Spatola's clichéd tactic, and Defendants respectfully request that the Court grant this Motion in its entirety.

## II. THE APEX DOCTRINE PRECLUDES SPATOLA FROM CALLING PERRY AS A TRIAL WITNESS

Courts have recognized that when a party seeks testimony of an "apex" high-level executive, there is "a tremendous potential for abuse or harassment." *See Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). As such,

courts limit or preclude inquiries into "apex" witnesses, where the information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive" in both discovery and at trial. *See id.*; *Pinn, Inc. v. Apple Inc.*, No. SA 19-CV-01805-DOC-JDE, 2021 U.S. Dist. LEXIS 172435, at *8-9 (C.D. Cal. Sep. 10, 2021); *Yphantides v. Cty. of San Diego,* No. 21-cv-1575-GPC(BLM), 2023 U.S. Dist. LEXIS 203928, at *11 (S.D. Cal. Nov. 14, 2023); *Reddy v. Nuance Communs., Inc.*, No. 5:11-cv-05632-PSG, 2015 U.S. Dist. LEXIS 102739, at *10 (N.D. Cal. Aug. 5, 2015). Because of the potential for abuse and harassment posed by allowing testimony from high level executives, "the apex doctrine presumes that compelling the witness to testify would be burdensome." *Pinn*, 2021 U.S. Dist. LEXIS 172435, at *12. A party may use a motion *in limine* to exclude inadmissible or excludable evidence, such as improper apex witness testimony, before it is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Bryant v. OptumRX Pharmacy, Inc.*, No. SA CV 16-00478-DFM, 2017 WL 5714721, at *7 (C.D. Cal. May 10, 2017) (granting unopposed motion *in limine* to exclude "five 'apex' witnesses who have no personal knowledge of the facts at issue in this case" from testifying at trial).

In considering whether to allow testimony from apex witnesses, courts consider "(1) whether the [witness] has unique first-hand, non-repetitive knowledge of the facts at issue in the case **and** (2) whether the party seeking the [testimony] has exhausted other less intrusive methods." *Pinn*, 2021 U.S. Dist. LEXIS 172435, at *8-9 (emphasis added).

### A. Perry Has No Unique First-Hand, Non-Repetitive Knowledge Of The Facts At Issue In This Case

Spatola contends that Perry is a relevant witness because:

> "Mr. Perry has knowledge of the classification of writers and producers on Savage Love, as he gave explicit confirmation regarding which individuals would or would not receive producing credit for the BTS remix of Savage Love. Mr. Perry's statement regarding the lack of additional

producers is evidence of his knowledge of Sony's internal policies and procedures to determine the proper producing and writing credits for the songs that Sony intends to create or distribute. Mr. Perry has knowledge as to why Spatola was not given the proper credit for Savage Love when Sony was negotiating the BTS remix." (Rosenberg Decl. ¶ 6, Ex. D [Plaintiff's Fourth Amended Initial Disclosures, Dated November 27, 2024].)

However, there is no cognizable reason why Perry's testimony is germane to the facts at issue in the case or unique to Perry. Spatola asserts a primary claim for declaratory judgment, and two tagalong equitable claims for accounting and constructive trust. For his declaratory judgment claim, Spatola seeks to prove that he is a joint author of the Savage Love Composition and Savage Love Recording, and that he deserves "writer" and "producer" credits on the song. (*See generally* ECF 28, First Amended Complaint.) Thus, the key issue is whether Spatola can establish joint authorship of Savage Love by showing that (1) Spatola superintended the work by exercising control over the entire work; (2) there were objective manifestations of a shared intent to be co-authors; and (3) the audience appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000) (the "*Aalmuhammed* factors").

### 1. Perry Has No Personal, Unique Knowledge Related To The Facts At Issue

None of Spatola's contentions suggest Perry has any first-hand knowledge of information relevant to the application of any of the *Aalmuhammed* factors to Savage Love.[4] Rather, Spatola contends that Perry has knowledge about the BTS remix – a derivative work of Savage Love. Critically, "joint authorship in a prior

---

[4] It is undisputed that Perry was not present or involved in the recording of Savage Love or otherwise involved in any communications with Spatola or Derulo about credits or payment for Savage Love. Indeed, the operative First Amended Complaint makes no reference to Perry whatsoever. (*See* ECF 28.)

work is insufficient to make one a joint author of a derivative work." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 522 (9th Cir. 1990); *see also Jefferson v. Raisen,* No. CV 19-9107-DMG (MAAx), 2021 U.S. Dist. LEXIS 199127, at *7 (C.D. Cal. Apr. 27, 2021) (Gee, J.) (same). As such, even if Perry has unique personal knowledge related to the BTS remix (which he does not), such knowledge has no probative value toward Spatola's claim for joint authorship in Savage Love as a matter of law.

### 2. Perry Has No Unique, Non-Repetitive Knowledge Regarding Sony Policies and Procedures

Spatola also contends that Perry's "statement regarding the lack of additional producers is evidence of his knowledge of Sony's internal policies and procedures to determine the proper producing and writing credits for the songs that Sony intends to create or distribute." (Rosenberg Decl. ¶ 6, Ex. D at 3-4.) Even if this were relevant to Spatola's declaratory judgment claim (it is not), Perry's testimony regarding "Sony's internal policies and procedures to determine the proper producing and writing credits" would be duplicative of Leak's testimony – another Sony executive, who was deposed in this case and who Spatola has identified as a trial witness. (*Id.* ¶ 7, Ex. E [ECF 129, Plaintiff's Amended Witness List].)

In response to Plaintiff's Notice of Deposition pursuant to FRCP 30(b)(6), Sony designated Leak as the person most knowledgeable for several topics:

- "SONY's policies or procedures for determining the rights of artists who performed on SAVAGE LOVE;"
- "SONY's policies and procedures for determining whether particular sound recordings or musical compositions, such as SAVAGE LOVE, infringe on any rights of any person or entity;"
- "SONY's policies, procedures, or methods used to determine if it will classify certain individuals as either a "session musician," "featured artist," or "producer," on the sound recordings under SONY's control, such as SAVAGE LOVE."

(Rosenberg Decl. ¶ 8, Ex. F [Plaintiff's Third Amended Notice of 30(b)(6) Deposition for Defendant Sony]; ¶ 9, Ex. G [Leak Depo. Trans.] at 9:17-23.)

Leak was deposed on the foregoing topics on October 17, 2024. (*Id*. ¶ 9, Ex. G.) Given that Leak was deposed on the very topics about which Spatola seeks Perry's testimony at trial, and Leak will testify at trial, any testimony from Perry regarding "Sony's internal policies and procedures to determine the proper producing and writing credits" would certainly be repetitive and unnecessarily cumulative of Leak's testimony. (*Id*. ¶ 8, Ex. F; ¶ 9, Ex. G. [Leak Depo. Trans.] at 31:22-33:14, 34:20-40:24, 41:19-43:8, 51:2-25.)

### B. Spatola Has Not Exhausted Any Less Intrusive Methods To Obtain This Information

To date, Spatola has made no effort to take any discovery specifically directed toward Perry. Plaintiff never noticed a deposition for Perry nor sought written discovery specifically related to Perry. (*Id*. ¶ 10.) Plaintiff did not object when Sony designated Leak as its most knowledgeable person on the topics Plaintiff identified in the Notice of Deposition for Defendant Sony Pursuant to FRCP 30(b)(6), which covered issues related to Sony's policies and procedures for determining rights and credits.[5] (*Id*. ¶ 8, Ex, F [Plaintiff's Third Amended Notice of 30(b)(6) Deposition for Defendant Sony]; ¶ 9, Ex. G [Leak Depo. Trans.] at 31:22-33:14, 34:20-40:24, 41:19-43:8, 51:2-25; ¶ 10.) During Leak's deposition on October 17, 2024, Plaintiff's counsel inquired about Perry's purported involvement in negotiating the BTS remix, but at no point following Leak's deposition did Plaintiff seek an additional deposition from Sony. (*See id*. ¶ 9, Ex. G, at 36:5-40:4; ¶ 10.) Spatola never claimed that Leak's testimony was deficient or incomplete,

---

[5] Plaintiff amended the Notice of Deposition for Defendant Sony Pursuant to FRCP 30(b)(6) three times. (Rosenberg Decl., ¶ 8.) Plaintiff first noticed the deposition on August 14, 2024. (*Id*.) Plaintiff served the fourth and final notice of deposition on September 16, 2024. (*Id*.)

| | |
|---|---|
| 1 | never moved to compel further deposition testimony from Sony, and never sought to |
| 2 | depose Perry to fill in any purported gaps or obtain any additional information.  (*Id*. |
| 3 | ¶ 10)  Furthermore, since Leak's deposition, the parties have stipulated to re- |
| 4 | opening discovery twice and Spatola still declined to seek Perry's deposition.  (*See* |
| 5 | ECF 133, 136.)  Thus, Plaintiff seeks Perry's testimony for the first time at trial |
| 6 | despite having ample opportunity to seek his testimony during the fact discovery |
| 7 | period (and its reopenings). |
| 8 |       Spatola's failure to depose Perry during fact discovery is fatal to this last- |
| 9 | ditch effort to harass Defendants.  Courts are clear that the apex doctrine protects |
| 10 | apex-level witnesses where a party seeks their testimony for the first time at trial. |
| 11 | *See Reddy*, 2015 U.S. Dist. LEXIS 102739, at *11 (granting motion *in limine* to |
| 12 | preclude calling Defendant's chief executive officer as a witness because |
| 13 | "[a]llowing Reddy to call Ricci—when she did not even see to depose him—would |
| 14 | be harassment."); *Yphantides*, 2023 U.S. Dist. LEXIS 203928, at *12-13 (preventing |
| 15 | Plaintiff from calling former mayor where "[b]ecause Plaintiff did not depose Mr. |
| 16 | Fletcher, he has not shown nor has he articulated whether he has exhausted other |
| 17 | less intrusive discovery methods."); *Pinn*, 2021 U.S. Dist. LEXIS 172435, at *10-13 |
| 18 | ("Pinn's insistence that Mr. Perica has unique knowledge is belied by Pinn's lack of |
| 19 | any further effort during discovery to depose Mr. Perica… the Court GRANTS |
| 20 | Apple's motion because Mr. Perica is a senior executive, Pinn has not shown that |
| 21 | Mr. Perica has unique first-hand knowledge, and Pinn did not seek to depose Mr. |
| 22 | Perica."); *Rodriguez v. Google LLC*, No. 20-cv-04688-RS (AGT), 2025 U.S. Dist. |
| 23 | LEXIS 130058, at *7 (N.D. Cal. May 6, 2025) (granting defendant's motion *in* |
| 24 | *limine* to exclude trial testimony of executive because, *inter alia*, "Plaintiffs' |
| 25 | decision to pass on discovery could be viewed as a concession that Pichai lacked |
| 26 | relevant testimony."). |
| 27 |       Given Spatola's failure to show that Perry has unique first-hand, non- |
| 28 | repetitive knowledge of the facts at issue in this case or that Spatola has sought |

Perry's testimony through less intrusive means, the apex doctrine precludes Spatola from calling Perry as a witness at trial.

### III. THE COURT MUST EXCLUDE PERRY'S TESTIMONY UNDER FEDERAL RULES OF EVIDENCE 402 AND 403.

A party may use a motion *in limine* to exclude inadmissible or excludable evidence before it is introduced at trial. *Luce,* 469 U.S. at 40 n.2. Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401(a)-(b). Relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, wasting time or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

As discussed above, Spatola asserts Perry's testimony may be relevant because Perry purportedly has knowledge of facts related to the BTS remix. But, as analyzed above, Perry's alleged knowledge of negotiations related to the BTS remix is irrelevant regarding the issue of whether Spatola is a joint author of the Savage Love Composition or Savage Love Recording because the BTS remix is a derivative work that has no bearing on joint authorship in Savage Love. *See Ashton-Tate Corp.*, 916 F.2d at 522 ("joint authorship in a prior work is insufficient to make one a joint author of a derivative work"); *see also Jefferson*, 2021 U.S. Dist. LEXIS 199127, at *7 (Gee, J.) (same)**.**

Similarly, Perry's supposed knowledge of Sony's policies and procedures for determining song credits does not impact the critical joint authorship inquiry in this case, which applies and focuses on the *Aalmuhammed* factors.

Further, any relevance Perry's testimony may have is outweighed by the risk of wasting this Court's, and the jury's, valuable and limited time at trial. Spatola's witness list identifies Wade Leak and Kim Rappaport, both executives for Sony, who can testify to the same issues as sought from Perry. Unlike Perry, Leak and

Rappaport have first-hand knowledge of the relevant issues in this case.  For example, Rappaport negotiated the agreement and publishing splits for Derulo and the other credited co-authors of the Savage Love Composition.  (Rosenberg Decl., ¶ 11, Ex. H; ¶ 12, Ex. I at 34:3-40:10.)  Given that Spatola did not seek Perry's testimony or additional FRCP 30(b)(6) testimony from Sony during discovery, there is no basis for the Court to order that additional witnesses from Sony, much less the CEO and Chairman of Columbia Records, are necessary for trial.

## IV.  CONCLUSION

Defendants respectfully request this Court grant this Motion and preclude Spatola from calling Ron Perry as a witness at trial.

Dated:  February 2, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  /s/ *Joshua M. Rosenberg*
Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

# CERTIFICATE OF COMPLIANCE L.R. 11-6.2

The undersigned, counsel of record for Defendants Jason Desrouleaux p/k/a Jason Derulo; and Sony Music Entertainment d/b/a Columbia Records, certifies that this brief contains 2,739 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 2, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Joshua M. Rosenberg*
Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS