SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
JOSHUA M. ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON
DERULO; and SONY MUSIC
ENTERTAINMENT d/b/a COLUMBIA
RECORDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS, <br><br> Plaintiff, <br><br> v. <br><br> JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS, <br><br> Defendants. | Case No. 2:23-cv-06191 MWF-E <br><br> Assigned to the Honorable Michael W. Fitzgerald <br><br> **DEFENDANTS JASON DESROULEAUX P/K/A JASON DERULO AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' OPPOSITION TO PLAINTIFF MATTHEW SPATOLA'S MOTION TO AMEND SCHEDULING ORDER AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> *[Filed concurrently with Declaration of Joshua M. Rosenberg]* <br><br> Date:          March 2, 2026 <br> Time:         10:00 a.m. <br> Dept.:         Courtroom 5A <br><br> Action Filed:          July 31, 2023 <br> FAC Filed:            December 21, 2023 <br> Final Pretrial Conf.:   March 30, 2026 <br> Trial Date:            April 21, 2026 |

-i-

Case No. 2:23-cv-06191 MWF-E

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND .................................. 3

    A.    The Original Complaint And Scheduling Order .................................. 3

    B.    The Operative First Amended Complaint ........................................... 3

    C.    The Parties' Stipulation To Modify The Initial Scheduling Order ........ 4

    D.    Defendants Asserted Their Objections In 2024, Not "Recently" ........... 5

        1.    Spatola's Initial and Amended Disclosures ................................. 5

        2.    Defendants' Objections To Spatola's Proposed Special
            Verdict Form And Jury Instructions ............................................. 5

        3.    Defendants' Motions *In Limine* ................................................ 6

    E.    Trial Is Continued Twice With New FRCP 16 Deadlines..................... 7

    F.    The Parties Meet And Confer Again Regarding Spatola's
        Proposed Verdict Forms And Jury Instructions................................... 7

    G.    Spatola's Proposed Second Amended Complaint ................................. 8

III.    SPATOLA'S MOTION SHOULD BE DENIED UNDER FRCP 16 ............. 8

    A.    Legal Standard ................................................................................ 8

    B.    Spatola Does Not And Cannot Establish Diligence............................. 9

        1.    Spatola Could Have, And Should Have, Asserted The
            New Claims At The Inception Of This Action........................... 9

        2.    Spatola Significantly Delayed Seeking Leave to Amend ......... 11

    C.    Modification Of The Scheduling Order Will Prejudice
        Defendants....................................................................................... 12

IV.    SPATOLA'S MOTION SHOULD BE DENIED UNDER FRCP 15 ........... 15

    A.    The Proposed Amendments Are Futile............................................. 15

        1.    The Proposed Negligence Cause Of Action Is Futile................ 16

        2.    Spatola's Proposed Unjust Enrichment Claim Is Futile............ 20

V.    CONCLUSION ................................................................................. 22

1

## <u>__TABLE OF AUTHORITIES__</u>

2

Page(s)

<u>Cases</u>

3

*AF Holdings, LLC v. Doe*
    2012 WL 3835102 (N.D. Cal. Sept.4, 2012)....................................................17, 19

4

5

*American Universal Ins. Co. v. Pugh*
    821 F.2d 1352 (9th Cir. 1987)..........................................................................10

6

7

*AmerisourceBergen Corp. v. Dialysist W., Inc.*
    465 F.3d 946 (9th Cir. 2006)..........................................................................9, 15

8

9

*Ascon Props., Inc. v. Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989)........................................................................14

10

11

*Beggins v. Carpenter*
    No. 2:18-CV-01550-KJM-AC, 2020 WL 4676514 (E.D. Cal. Aug. 12,
    2020).................................................................................................................9

12

13

*Beverly Hills Nat. Bank & Trust Co. v. Compania de Navegacione Almirante
    S.A., Panama*
    437 F.2d 301 (9th Cir. 1971)..........................................................................10

14

15

16

*Bonin v. Calderon*
    59 F.3d 815 (9th Cir. 1995)............................................................................15

17

18

*Brown v. USA Taekwondo*
    11 Cal.5th 204 (2021)....................................................................................16

19

20

*Cervantes v. Zimmerman*
    2019 WL 3413508 (S.D. Cal. July 29, 2019)................................................15

21

22

*Coleman v. Quaker Oats Co.*
    232 F.3d 1271 (9th Cir. 2000)........................................................................14

23

24

*Community for Creative Non–Violence v. Reid*
    846 F.2d 1485 (D.C. Cir. 1988)......................................................................17

25

26

*Consumerdirect, Inc. v. Pentius, LLC*
    2022 WL 18228279 (C.D. Cal. Nov. 2, 2022)................................................13

27

28

*Cooper v. Cnty. of Los Angeles*
    No. 219CV09813ABMAAX, 2021 WL 11132202 (C.D. Cal. Dec. 2,
    2021) ................................................................................................................ 9

*Coronis Health RCM LLC v. NextGen Lab'ys, Inc.*
    No. 823CV00111FWSDFM, 2023 WL 8522983 (C.D. Cal. Oct. 23, 2023) ..... 20

*Crane v. Shewry*
    No. 207CV01639GEBJFM, 2007 WL 2409665 (E.D. Cal. Aug. 21, 2007) ..... 10

*Del Madera Properties v. Rhodes and Gardner, Inc.*
    820 F.2d 973 (9th Cir. 1987) ......................................................................... 22

*Dhillon v. Princess Cruise Lines, Ltd.*
    2022 WL 195335 (C.D. Cal. Jan. 21, 2022) ................................................... 14

*Dos Santos v. Telemundo Commc'ns Grp., LLC*
    No. SACV12-1373 JVS, 2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) ........... 21

*E-Z Living LLC v. A10 Cap., LLC*
    2022 WL 2079446 (S.D. Cal. June 9, 2022) ................................................... 10

*Edwards v. Conn Appliances*, Inc.
    2020 WL 6126276 (D. Nev. Sep. 30, 2020) ................................................... 12

*Eminence Capital, LLC v. Aspeon, Inc.*
    316 F.3d 1048 (9th Cir. 2003) ....................................................................... 15

*Espinoza v. Princess Cruise Lines, Ltd.*
    2021 WL 8531657 (C.D. Cal. Sep. 13, 2021) ................................................... 9

*Firoozye v. Earthlink Network*
    153 F.Supp.2d 1115 (N.D. Cal. 2001) ............................................................ 21

*Foman v. Davis*
    371 U.S. 178 (1962) ...................................................................................... 15

*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*
    980 F.Supp.2d 1160 (E.D. Cal. 2013) ............................................................ 15

*Grosso v. Miramax Film Corp.*
    383 F.3d 965 (9th Cir. 2004) ............................................................. 19, 20, 21

*Hooked Media Grp., Inc. v. Apple Inc.*
    55 Cal.App.5th 323 (2020) ............................................................................ 20

-iv-

*J'Aire Corp. v. Gregory*
  24 Cal.3d 799 (1979) ............................................................................... 17

*Johnson v. Mammoth Recreations, Inc.*
  975 F.2d. 604 (9th Cir. 1992) ................................................................. 8, 9

*Laws v. Sony Music Entm't, Inc.*
  448 F.3d 1134 (9th Cir. 2006) ................................................................. 18

*McCormick v. Sony Pictures Ent.*
  No. CV0705697MMMPLAX, 2008 WL 11336160 (C.D. Cal. Nov. 17,
  2008) ........................................................................................................ 19

*Modisette v. Apple Inc.*
  30 Cal.App.5th 136 (2018) ....................................................................... 17

*Montz v. Pilgrim Films & Television, Inc.*
  649 F.3d 975 (9th Cir. 2011) ................................................................... 21

*Myles v. Cty. of San Diego*
  2016 WL 6070328 (S.D. Cal. Oct. 17, 2016) ........................................... 15

*NTD Architects v. Baker*
  2012 WL 2498868 (S.D. Cal. June 27, 2012) .......................................... 18

*Nymark v. Heart Fed. Sav. & Loan Ass'n.*
  231 Cal.App.3d 1089 (1991) .................................................................... 16

*O'Connell v Hyatt Hotels of Puerto Rico*
  357 F.3d 152 (1st Cir. 2004) ................................................................. 8, 11

*Our House Films, LLC v. Tunnel, Inc.*
  No. 2:18-cv-07298-SVW-SS, 2018 WL 7348847 (C.D. Cal. Dec. 11,
  2018) ........................................................................................................ 16

*Plumleigh v. City of Santa Ana*
  754 F.Supp.2d 1201 (C.D. Cal. 2010) ..................................................... 20

*Reilly v. Wozniak*
  No. 21-16140, 2023 WL 142545 (9th Cir. Jan. 10, 2023) ....................... 22

*Ricketts v. CBS Corps.*
  439 F.Supp.3d 1199 (C.D. Cal. 2020) ..................................................... 21

*Schwerdt v. Int'l Fidelity Ins. Co.*
    28 Fed.Appx. 715 (9th Cir. 2002) ..................................................................... 12

*Scorpio Music S.A. v. Willis*
    No. 11-CV-1557 BTM RBB, 2012 WL 1598043 (S.D. Cal. May 7, 2012) ...... 17

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*
    49 Cal.App.4th 472 (1996) ............................................................................... 17

*Solomon v. North Am. Life & Cas. Ins. Co.*
    151 F.3d 1132 (9th Cir. 1998) .......................................................................... 13

*Sunfarms, LLC v. Eurus Energy Am. Corp.*
    No. 3:18-CV-58-L-AGS, 2022 WL 974337 (S.D. Cal. Mar. 31, 2022) ............ 10

*Tremblay v. OpenAI, Inc.*
    716 F.Supp.3d 772 (N.D. Cal. 2024) ................................................................ 17

*Troxtel v. Brown*
    No. CV07-8303DSF(CWx), 2008 WL 11338825 (C.D. Cal. Dec. 17,
    2008) ................................................................................................................. 21

*Valente–Kritzer Video v. Pinckney*
    881 F.2d 772 (9th Cir. 1989) ............................................................................ 18

*In re W. States Wholesale Natural Gas Antitrust Litig.*
    715 F.3d 716 (9th Cir. 2013) ............................................................................ 10

*Watermark Publishers v. High Tech. Sys. Inc.*
    No. 95-3839-IEG (CGA), 1997 WL 717677 (S.D. Cal. Aug. 12, 1997) ........... 19

*Whitsitt v. County of San Mateo*
    2012 WL 174859 (N.D. Cal. Jan. 20, 2012) ..................................................... 13

Statutes

17 U.S.C. § 102 ...................................................................................................... 18

17 U.S.C. § 103 ...................................................................................................... 18

17 U.S.C. § 106 ......................................................................................... 18, 21, 22

Copyright Act § 301 .............................................................................................. 19

SMRH:4928-7777-0124

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING
ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Court Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................ 15

Fed. R. Civ. P. 15 ................................................................................ 2, 15

Fed. R. Civ. P. 15(a) ....................................................................... 2, 8, 9, 15

Fed. R. Civ. P. 16 ......................................................................... 2, 7, 8, 12

Fed. R. Civ. P. 16(b) .......................................................... 1, 8, 9, 10, 13, 15

Fed. R. Civ. P. 16(b)(4) .............................................................................. 8

Fed. R. Civ. P. 26 ....................................................................................... 5

SMRH:4928-7777-0124

Case No. 2:23-cv-06191 MWF-E

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In November and December 2024, Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively, "Defendants") served Plaintiff Matthew Spatola p/k/a Matty Spats ("Spatola") with written objections and filed motions *in limine* highlighting that he cannot recover legal damages on his claims. Spatola ignored Defendants' objections *for more than 13 months*. With trial scheduled to begin *in just 10 weeks*, Spatola has finally realized Defendants are correct—he has no monetary damages claim. This is, and has always been, a joint authorship case. If Spatola prevails, he can only obtain the equitable remedies of accounting and constructive trust. Those remedies will not yield an eight-figure judgment. So, he now moves the Court to transform this copyright case into a negligence case. Spatola's request should be rejected.

First, under FRCP 16(b), Spatola has not established diligence. On December 7, 2023, the Court issued its initial scheduling order (ECF 25), with a June 3, 2024 deadline to amend pleadings. Despite several continuances of the trial date and discovery cut-offs, the deadline to amend pleadings has never been modified. Thus, Spatola has filed this motion *20 months past the deadline*. Also, he concedes that his proposed amendments are not based on any newly discovered facts or information obtained during discovery. Instead, Spatola falsely alleges that Defendants only "recently" asserted objections to his pursuit of legal damages and his attempt to adversely impact the non-party joint authors of *Savage Love (Laxed – Siren Beat)* ("Savage Love"). Not so. Defendants expressly notified Spatola about these deficiencies in their objections to his proposed special verdict form and jury instructions, which Defendants served on November 21, 2024. Defendants made these same objections publicly in their Motions *in Limine* Nos. 2 and 4 filed on December 16, 2024. (ECF 102, 104.) As such, the premise for Spatola's motion is provably false, and his 13-month delay in bringing it is patently inexcusable.

-1-

1    Second**,** Defendants will be substantially prejudiced by the proposed

2    amendments. Under Spatola's operative First Amended Complaint ("FAC"), there is

3    no claim that gives rise to legal damages, and no request for legal damages in the

4    prayer for relief. In fact, ***the word "damage" (or any iteration thereof) does not***

5    ***exist in the FAC (or Spatola's Original Complaint)***. If the Court grants this motion,

6    then it must allow Defendants to take extensive discovery about Spatola's "lost

7    opportunities" and "reputational harm." Trial will be continued a fourth time with

8    new deadlines for non-expert and expert discovery, discovery motions, and

9    dispositive motions. Defendants will incur substantial costs to litigate a brand new

10    case about state law negligence instead of federal copyright. Courts frequently find

11    undue prejudice under these circumstances.

12    Finally**,** under FRCP 15(a), Spatola's proposed new claims for negligence and

13    unjust enrichment are futile. His proposed negligence claim is futile because:

14    (1) Spatola does not and cannot allege that Derulo owed Spatola any duty of care as

15    a matter of law; and (2) federal copyright law preempts his proposed negligence

16    claim. Spatola's proposed unjust enrichment claim—which is not a valid cause of

17    action under California law—is similarly subject to copyright preemption, so this

18    claim is futile, as well.

19    Despite the extraordinary relief he seeks, Spatola's motion is bereft of any

20    applicable case law. Indeed, he does not cite a single case where a court found that

21    negligence or unjust enrichment claims are valid in copyright disputes. Spatola does

22    not because he cannot. He asks this Court to establish new precedent and open the

23    floodgates to copyright plaintiffs who will bring tagalong negligence claims "in the

24    alternative." Spatola offers no authority for this outrageous proposition. Nor does

25    Spatola present any supporting evidence whatsoever to substantiate his eleventh

26    hour attempt to amend his claims, including a declaration setting forth facts under

27    penalty of perjury that satisfy the requirements of FRCP 15 and 16.

28    For the foregoing reasons, the Court should deny Spatola's motion.

Case No. 2:23-cv-06191 MWF-E

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Original Complaint And Scheduling Order

Spatola filed his Original Complaint on July 31, 2023, asserting only claims for Declaratory Judgment and Accounting. (ECF 1.) Spatola did not allege any cause of action seeking legal damages (including for any alleged "lost opportunities" or "reputational harm"), nor did he include any request for legal damages in his Prayer for Relief. (ECF 1.) The word "damage" or any iteration thereof does not exist in the Original Complaint. (*Id*.)

The Court issued its "Order Re Jury Trial" and a comprehensive case schedule on December 7, 2023 (the "Original Scheduling Order"). (ECF 25.) In relevant part, the Court ordered that the deadline to amend pleadings was June 3, 2024. (*Id*.) While there have been continuances of discovery cutoffs, pretrial filings, and the trial date, the deadline to amend pleadings has never been continued or otherwise modified. The Court scheduled trial for January 21, 2025. (*Id*.)

### B.    The Operative First Amended Complaint

Defendants filed their Answer to the Original Complaint on November 1, 2023 (ECF 19), extinguishing Spatola's right to amend his Original Complaint once as a matter of course. Spatola's counsel reached out to Defendants' counsel and stated: "we have decided to amend the complaint to add a more specific demand for the award of damages, including as part of the accounting claim, and via the addition of a constructive trust claim." (Declaration of Joshua Rosenberg ("Rosenberg Decl.") Ex. A [12/4/23 E-mail].) Defendants stipulated to the filing of the FAC, which Spatola did on December 21, 2023. (ECF 26-28.)

The FAC asserts claims for Declaratory Relief, Accounting, and Constructive Trust. (FAC, ¶¶ 68-92.) While the FAC advances vague allegations that Spatola lost opportunities based on Defendants' alleged conduct (*id*., ¶¶ 62, 64), nowhere does Spatola actually seek legal damages based on any such purported lost opportunities.

In connection with his first claim for Declaratory Relief, Spatola alleges his "work on *Savage Love* qualifies him as an author, under a joint work framework" and "Spatola and Derulo each manifested the shared intent to co-write a song, and then worked together to jointly create *Savage Love*." (*Id*. ¶¶ 75, 77.) However, Spatola does ***not*** mention the other joint authors to Savage Love—Jawsh 685 ("Jawsh"), Jacob Kasher Hindlin ("JKash"), and Philippe Henri Greiss ("Greiss") (collectively, the "Non-Party Joint Authors")—even though they are all listed as authors in Spatola's 2023 Copyright Registration attached as Exhibit 8 to the FAC. Spatola requests a declaration that: "(a) Spatola is a co-writer and co-producer of the sound recording for *Savage Love*, including all instrumental versions; (b) Spatola is a co-writer and co-producer of the musical composition for *Savage Love*; (c) Spatola is entitled to co-writer and co-producer credits on *Savage Love* and all variations released publicly, including remixes, instrumentals and licensed covers; and (d) Spatola is entitled to prospective and retroactive royalties and other money owed with respect to his interest in *Savage Love*." (*Id*. ¶ 81.)

In connection with his second claim for Accounting, Spatola contends he is "entitled to an order of this Court directing Defendants to render a complete and honest accounting of all revenues derived from the exploitation of *Savage Love* and all sums due to Spatola." (*Id*. ¶ 87.)

In connection with his third claim for Constructive Trust, Spatola asserts "Defendants hold all profits derived from the exploitation of *Savage Love*" and Spatola "is entitled to immediate possession of his *pro rata* share of profits held by Defendants as constructive trustees." (*Id*. ¶¶ 91, 92.)

The FAC's Prayer for Relief does not contain any request for legal damages. The word "damage" or any iteration thereof does not appear anywhere in the FAC.

## C.    The Parties' Stipulation To Modify The Initial Scheduling Order

On August 27, 2024, the Parties filed a joint stipulation to continue certain, but not all, case deadlines by 28 days each. (ECF 53.) The Parties did not request

-4-

any continuance of the deadline to amend pleadings, to which the Parties noted: **"No action needed; deadline passed."** (ECF 53 at 4) (emphasis added.) On August 28, 2024, the Court granted the stipulation and entered the Parties' proposed schedule (which did not amend the last day to amend pleadings). (ECF 54.)

### D. Defendants Asserted Their Objections In 2024, Not "Recently"

#### 1. Spatola's Initial and Amended Disclosures

Spatola's initial, amended, and second amended FRCP 26 disclosures do not reference any "lost opportunities" damages. (Rosenberg Decl., Ex. B [Spatola 12/4/23 Initial Disclosures], Ex. C [Spatola's 3/7/24 Amended Initial Disclosures], Ex. D [Spatola's 9/16/24 Second Amended Initial Disclosures].) In his second amended disclosures, dated September 16, 2024, Spatola's requested relief is solely "an accounting of the monies generated, and payment of his share" without any mention of "lost opportunities" or "reputational harm." (*Id.*, Ex. D [Spatola's 9/16/24 Second Amended Initial Disclosures] at 5-6.)

Spatola served his third amended disclosures on October 18, 2024 (the same day as the non-expert discovery cut-off, *see* ECF 54), where he claimed for the first time that "as detailed in the expert report of Jeff Rougvie, and the exhibits cited therein, Mr. Spatola lost substantial career and economic opportunity resulting from Derulo's failure to properly credit Mr. Spatola, and seeks a judgment in the amount of $1,645,491.80 against Defendant Derulo for his career and economic interference." (*Id.*, Ex. E [Spatola's 10/18/24 Third Amended Disclosures].)

#### 2. Defendants' Objections To Spatola's Proposed Special Verdict Form And Jury Instructions

The Parties met and conferred regarding filings for the then-scheduled January 21, 2025 trial. (Rosenberg Decl. ¶ 8.) On November 21, 2024, Defendants served written objections to Spatola's proposed special verdict form and jury instructions, arguing (with supporting legal authority) that Spatola's claims for Accounting and Constructive Trust "are equitable in nature and should be decided

by the Court only if (and after) the jury rules in Spatola's favor on his declaratory judgment claim." (*Id*., Ex. F [11/21/24 Objections To Spatola's Proposed Special Verdict Form] at 3; Ex. G [11/21/24 Objections To Spatola's Proposed Jury Instructions] at 3.)

Defendants also objected to Spatola's request that the jury decide how much of Derulo's earnings Spatola should receive:

> [T]hese questions improperly assume that any sums owed to Spatola are uniquely owned by Derulo, as if Derulo is the sole author of Savage Love. This is not the case. Derulo is co-author of the musical composition of Savage Love alongside [the Non-Party Joint Authors]. [The Non-Party Joint Authors] reached an agreement that publishing ownership for the Savage Love musical composition is split among them at differing percentages, and both Derulo and Jawsh assigned their respective rights in the Savage Love sound recording to Sony.

(*Id*., Ex. F [11/21/24 Objections To Spatola's Proposed Special Verdict Form] at 4:23-5:2.)

Thus, contrary to his motion's representation that Defendants only "recently" asserted these objections (Mot. at 14:23-15:3), Defendants made them and Spatola knew about them on November 21, 2024.

### 3.   Defendants' Motions *In Limine*

Defendants also raised similar objections in multiple motions *in limine* filed on December 16, 2024. In Defendants' Motion *in Limine* No. 2 to exclude Spatola's retained expert Jeff Rougvie, Defendants argued:

> [Jeff Rougvie] speculates that Spatola was "prevented [] from generating more work opportunities that were likely to have significantly contributed to his income, reputation and career trajectory[,]" but ***that is wholly unrelated to any claim or defense in this case . . . .***

(ECF 102 at 13 [p. 7:12-15]) (emphasis added.)

In Defendants' Motion *in Limine* No. 4 to Strike Spatola's Jury Demand for Count II [Accounting] and Count III [Constructive Trust] and Bifurcate Trial,

-6-

Defendants argued "accounting and constructive trust are not actually claims sounding in law—rather, they are equitable remedies, and they are not triable to a jury" and a claim for accounting of profits "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners." (ECF 104 at 7, 9 [pp. 1:13-15, 3:16-24].)

Consequently, as of December 16, 2024, Spatola *again* knew about Defendants' objections he now falsely claims were made "recently." (Mot. at 5, 14.)

### E.    Trial Is Continued Twice With New FRCP 16 Deadlines

On December 19, 2024, the Parties filed a joint stipulation to continue trial and trial-related dates. (ECF 112.) On December 23, 2024, the Court granted the joint stipulation and continued the trial date to May 6, 2025. (ECF 113.) The Court never addressed or continued the deadline to amend pleadings. (*Id*.)

On April 1, 2025, the Court issued a scheduling notice and order vacating the May 6, 2025 trial date. (ECF 130.) At the Court's direction, the Parties filed a joint status report on April 18, 2025, with proposed new trial dates. (ECF 132.) Spatola did not request to reschedule the deadline to amend pleadings, even though he knew for *six months* about Defendants' objections and motions *in limine* detailed above. (*Id*.) On July 1, 2025, the Court issued an order scheduling trial for April 21, 2026, and related pre-trial dates. (ECF 139.) The Court did not reschedule the deadline to amend pleadings. (*See id*.)

### F.    The Parties Meet And Confer Again Regarding Spatola's Proposed Verdict Forms And Jury Instructions

On January 12, 2026, the Parties met and conferred again regarding various pre-trial issues, including Defendants' November 21, 2024 objections to Spatola's proposed jury instructions and special verdict forms. Defendants *again* explained their objections to Spatola's requested relief: "under the Copyright Act and corresponding law, joint authors own equal and undivided interests in the work. So, Spatola's joint authorship claim makes the other joint authors in the musical

composition of 'Savage Love (Laxed – Siren Beat)' indispensable parties in addition to Jason Derulo, i.e., [the Non-Party Joint Authors]." (Rosenberg Decl., Ex. H [Rosenberg 1/12/26 E-mail].) Furthermore:

> Defendants' counsel explained that Spatola does not assert a money damages claim, and asked which remedy sought by Spatola supports his demand for money damages. Spatola's counsel stated that the "Constructive Trust" cause of action warrants an award of money damages due to the credits, but did not offer any authority to support this position.

(*Id*.) Defendants raised these same objections in November and December 2024.

### G. Spatola's Proposed Second Amended Complaint

Spatola filed this motion on February 2, 2026, with his proposed Second Amended Complaint (the "PSAC") in the same document. (ECF 163.) The PSAC adds new claims for Negligence and Unjust Enrichment. The PSAC is the first pleading wherein Spatola has sought legal damages or even used the word "damage" (or any iteration thereof).

## III. SPATOLA'S MOTION SHOULD BE DENIED UNDER FRCP 16

### A. Legal Standard

Where, as here, the deadline to amend pleadings has passed, a plaintiff must satisfy not only FRCP 15(a), but also FRCP 16(b)'s "good cause" requirement to obtain leave to amend their complaint. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). Plaintiff bears the burden of showing good cause exists to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered which can be cavalierly disregarded without peril." *O'Connell v Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004).

If a party moves to amend their complaint and modify a scheduling order, the court must consider the following factors:

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Beggins v. Carpenter,* No. 2:18-CV-01550-KJM-AC, 2020 WL 4676514, at *3 (E.D. Cal. Aug. 12, 2020) (citation omitted).

"Unlike Rule 15(a)'s liberal amendment policy," Rule 16(b)'s more stringent "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609; *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. "[P]rejudice to the party opposing the modification" may supply additional reasons to deny modification. *Id.* "To show good cause, a party must provide specific, detailed, and non-conclusory reasons for granting the modification." *Cooper v. Cnty. of Los Angeles*, No. 219CV09813ABMAAX, 2021 WL 11132202, at *3 (C.D. Cal. Dec. 2, 2021).

### B.    Spatola Does Not And Cannot Establish Diligence

"A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of diligence." *Espinoza v. Princess Cruise Lines, Ltd.*, 2021 WL 8531657, at *2 (C.D. Cal. Sep. 13, 2021). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 ("Failing to heed clear and repeated signals that" the pleadings may need to be amended "does not constitute diligence.").

#### 1.    Spatola Could Have, And Should Have, Asserted The New Claims At The Inception Of This Action

Spatola concedes that "[t]he proposed amendment is not based on newly discovered facts." (Mot. at 9:28.) Indeed, Spatola's motion does ***not*** claim that the proposed amendments are due to evidence or facts unavailable to Spatola at the

outset of this litigation, or in response to facts or evidence uniquely provided by Defendants in discovery. For this reason alone, there is no good cause why the proposed amendments could not have been made earlier. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("Good cause" is not shown when the "party seeking to modify the scheduling order has been aware of facts and theories supporting amendment since the inception of the action"); *E-Z Living LLC v. A10 Cap., LLC*, 2022 WL 2079446, at *3 (S.D. Cal. June 9, 2022) (no FRCP 16(b) diligence where "[p]laintiff's proposed amended complaint was simply brought to assert new theories based on previously-known facts—a strategy not viewed favorably by the courts").

Spatola acknowledges he could have included the proposed amendments in his initial pleading. Rather, he argues that he "seeks leave to amend to clarify the scope of relief sought and to plead alternative theories of recovery" and that the FAC's "allegations regarding lost professional opportunities and reputational harm were not pleaded as free-floating damages untethered to any claim" but were "expressly incorporated into Plaintiff's constructive trust claim and form part of the wrongful conduct giving rise to equitable relief." (Mot. at 10:16-11:25.)

Spatola misapprehends the difference between legal and equitable remedies. A constructive trust is purely an equitable remedy. *See Beverly Hills Nat. Bank & Trust Co. v. Compania de Navegacione Almirante S.A., Panama*, 437 F.2d 301, 306-307 (9th Cir. 1971) (plaintiff had "no right to a jury trial since the constructive trust claim was equitable."); *American Universal Ins. Co. v. Pugh*, 821 F.2d 1352, 1356 (9th Cir. 1987) ("[t]he imposition of a constructive trust is purely an equitable remedy"). As such, Spatola cannot recover monetary damages (a legal remedy) under a purely equitable remedy (like a constructive trust). *Crane v. Shewry*, No. 207CV01639GEBJFM, 2007 WL 2409665, at *3, fn. 4 (E.D. Cal. Aug. 21, 2007) ("Monetary damages are a legal remedy."); *Sunfarms, LLC v. Eurus Energy Am. Corp.*, No. 3:18-CV-58-L-AGS, 2022 WL 974337, at *3 (S.D. Cal. Mar. 31, 2022)

SMRH:4928-7777-0124

1   ("Plaintiffs cannot transform their request for equitable remedies into a cause of
2   action for civil damages."). In fact, Spatola cites to no legal authority that he can
3   recover any monetary damages for a constructive trust claim.

4       The record confirms that Spatola could have and should have included claims
5   seeking monetary damages and a prayer for recovery of legal damages when he filed
6   his Original Complaint. Yet, the word "damage" or any iteration thereof does not
7   even exist in the Original Complaint or the FAC. Spatola's counsel stated a desire to
8   "add a more specific demand for the award of damages" in connection with the
9   FAC. (Rosenberg Decl., Ex. A [12/4/23 E-mail].) Yet Spatola did not include any
10  claim or request for legal damages in either the Original Complaint or FAC, and is
11  just now trying to fix that error on the eve of trial. However, "[i]ndifference by the
12  moving party seals off the avenue of relief irrespective of prejudice because such
13  conduct is incompatible with the showing of diligence necessary to establish good
14  cause." *O'Connell v Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004).
15  Accordingly, the Court should deny Spatola's motion.

16              **2.    <u>Spatola Significantly Delayed Seeking Leave to Amend</u>**

17      Spatola repeatedly misrepresents that he is seeking the proposed amendments
18  now on the eve of trial because Defendants only recently "asserted for the first time
19  that Plaintiff's claimed damages for lost opportunities, lost reputational damages,
20  and lost profits are not recoverable under the causes of action presently pleaded"
21  and "additional holders of interests in the musical composition are indispensable
22  parties whose absence purportedly precludes full adjudication of this matter." (Mot.
23  at 10:4-11.) Spatola's representations to the Court are ***provably false***.

24      As detailed above in Sections II.D.2 and II.D.3, Defendants expressly and
25  formally asserted to Spatola their position that he cannot recover any monetary
26  damages (including for "lost opportunities") in Defendants' objections to Spatola's
27  proposed special verdict form and jury instructions served on November 21, 2024
28  (Rosenberg Decl., Ex. F [11/21/24 Objections To Spatola's Proposed Special

1   Verdict Form], Ex. G [11/21/24 Objections To Spatola's Proposed Jury

2   Instructions]), and in Defendants' Motions *In Limine* Nos. 2 and 4 filed on

3   December 16, 2024 (ECF 102, 104). For example, in Defendants' Motion in *Limine*

4   to exclude Jeff Rougvie (ECF 102), Defendants argued that Mr. Rougvie's opinions

5   related to Spatola's alleged damages for "lost opportunities" are "wholly unrelated

6   to any claim or defense in this case." (ECF 102 at 13 [p. 7:12-17].) Similarly, on

7   November 21, 2024, Defendants served objections to Spatola's proposed special

8   verdict form, including an objection to him improperly asking the jury to assign

9   Spatola an ownership percentage in the rights and revenues from the Savage Love

10  musical composition that are ***co-owned*** by the Non-Party Joint Authors and ***not***

11  exclusively by Derulo. (Rosenberg Decl., Ex. F [11/21/24 Objections To Spatola's

12  Proposed Special Verdict Form] at 4:14-5:6.)

13      Even if the Court excuses Spatola for not including the proposed amendments

14  in his Original Complaint or FAC (and it should not), Spatola cannot be excused for

15  his delay after receiving Defendants' objections and motions *in limine* in November

16  and December 2024. Spatola should have promptly sought leave to amend the FAC.

17  Instead, he waited more than 13 months to fundamentally expand the scope of the

18  case on the eve of trial. Courts have found that delays of less than two months in

19  seeking amendment demonstrates a lack of diligence. *See*, *e.g.*, *Schwerdt v. Int'l*

20  *Fidelity Ins. Co.*, 28 Fed.Appx. 715, 719 (9th Cir. 2002) (delay of one month after

21  learning of facts did not constitute diligence under FRCP 16 in seeking leave to

22  amend); *Edwards v. Conn Appliances*, *Inc.*, 2020 WL 6126276, at *2 (D. Nev. Sep.

23  30, 2020) (seven-week delay after learning facts "shows a lack of diligence and

24  good cause"). Spatola's 13-month delay eviscerates any claim of diligence.

25      **C.    Modification Of The Scheduling Order Will Prejudice Defendants**

26      Spatola argues the proposed amendments do not prejudice Defendants

27  because they do "not alter the factual nucleus of the case," "arise from the same

28

facts, witnesses, and discovery already at issue," and do "require Defendants to defend against previously unknown conduct." (Mot. at 15-16.) Spatola is wrong.

"Prejudice to the nonmoving party, while not required under Rule 16(b)'s good cause assessment, can serve as an additional reason to deny a motion for leave to amend." *Consumerdirect, Inc. v. Pentius, LLC*, 2022 WL 18228279, at *2 (C.D. Cal. Nov. 2, 2022) (internal citation omitted).

Here, the timing of Spatola's proposed amendment—10 weeks before trial—creates a presumption of prejudice. *See, e.g., Whitsitt v. County of San Mateo*, 2012 WL 174859, at *2 (N.D. Cal. Jan. 20, 2012) ("some courts presume prejudice where a motion to amend is brought late in the litigation"); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (late amendment is prejudicial because it necessarily will delay trial and cause further expense to opposing party).

Moreover, Spatola's proposed amendment significantly expands the scope of the case. Since he initiated this lawsuit on July 31, 2023, Spatola repeatedly and specifically pled that his requested relief was limited to a share in the profits from Savage Love, as opposed to any out-of-pocket damages. The first time Spatola asserted his "lost opportunities" theory was when he disclosed Jeff Rougvie as an expert in October 2024 when fact discovery closed, and Defendants timely filed their Motion *In Limine* No. 2 to exclude Mr. Rougvie on December 16, 2024. (ECF 102.) On that same day, Defendants filed their Motion *In Limine* No. 4 to Bifurcate that, by its very nature, seeks to preclude Spatola from pursuing legal damages before the jury because his accounting and constructive trust claims are purely equitable. (ECF 104.) Spatola then waited more than a year—after discovery was re-opened twice (ECF 133-136)—to file this motion. If the Court were to allow Spatola to pursue a brand new state law negligence claim and legal damages (and it should not), Defendants would be entitled to re-open discovery regarding:

- All alleged "opportunities" Spatola could have received from June 2020 (when Savage Love was first released) to the present, including Spatola's efforts to secure such opportunities and non-speculative monies he "lost";

- Third parties who have declined to work with Spatola from June 2020 to the present for reasons other than that he received an instrumentalist credit on Savage Love instead of "writer" and "producer" credits;

- Other possible causes for Spatola's perceived lack of success and "lost opportunities" in the music industry; and

- Evidence, investigations, and expert opinions regarding "credit negligence" in the music industry and explaining how and why some people succeed in their creative endeavors while others do not.

The re-opening of discovery would necessarily require a fourth continuance of the trial and pretrial dates. This alone creates prejudice requiring denial of the Motion. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint") (internal quotations omitted); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (undue prejudice where late amendment would put opposing party "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery").

After conducting additional discovery, Defendants would have the right to move for summary judgment on Spatola's proposed negligence and unjust enrichment claims (which are futile, as described below). This also supports a finding of prejudice. *Dhillon v. Princess Cruise Lines, Ltd.*, 2022 WL 195335, at *3 (C.D. Cal. Jan. 21, 2022) (denying motion to amend because proposed amendments would require the court to "re-open discovery and allow motions to dismiss and motions for summary judgment with respect to the new claims and defendants").

-14-

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Finally, if the Court grants Spatola's motion, then Defendants will incur a substantial increase in legal costs, which also supports a finding of prejudice. *AmerisourceBergen Corp.*, 465 F.3d at 953 (finding prejudice because amendment "would have unfairly imposed potentially high, additional litigation costs ... that could have easily been avoided"); *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F.Supp.2d 1160, 1177 (E.D. Cal. 2013) ("[p]rejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading.").

## IV.    SPATOLA'S MOTION SHOULD BE DENIED UNDER FRCP 15

"If Rule 16(b) is satisfied, then the court considers the propriety of amendment pursuant to Rule 15(a)." *Cervantes v. Zimmerman*, 2019 WL 3413508, at *11 (S.D. Cal. July 29, 2019). Leave to amend is inappropriate where there is alone, or in combination, "undue delay . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Prejudice is the touchstone of the inquiry under [R]ule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quotations omitted).

In this case, prejudice is established under Rule 15(a) for all the same reasons described above in Section III.C in connection with the Rule 16(b) legal analysis. Also, as set forth above in Section III.B, Spatola has unduly delayed seeking leave to amend. As detailed below, Spatola's proposed new claims are fatally futile.

### A.    The Proposed Amendments Are Futile

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "The proper test in determining the futility of a proposed amendment is identical to the standard for considering the sufficiency of a pleading challenged under Federal Rule of Civil Procedure 12(b)(6)." *Myles v. Cty. of San Diego*, 2016 WL 6070328, at *3 (S.D. Cal. Oct. 17, 2016) (citation omitted).

1.    **The Proposed Negligence Cause Of Action Is Futile**

Spatola argues his proposed Negligence claim: (1) is properly pled in the alternative to his constructive trust claim[1]; and (2) is not preempted by federal copyright law because it is "is pleaded as a fallback theory addressing a different wrong." (Mot. at 19:26-21:20.)

"To assert a negligence claim, Plaintiffs must plead facts showing that: (1) Defendant owed Plaintiffs a duty; (2) Defendant's acts or omissions breached that duty; and (3) the breach caused Plaintiffs to suffer harm or loss." *Our House Films, LLC v. Tunnel, Inc.*, No. 2:18-cv-07298-SVW-SS, 2018 WL 7348847, at *2 (C.D. Cal. Dec. 11, 2018).

a.    **Defendants Do Not Owe Spatola A Duty**

Spatola argues, without citing any case law, that "Derulo owed Plaintiff a duty of reasonable care arising from his affirmative conduct in the creation, marketing, commercialization, and public representation of the musical composition and sound recording *Savage Love*." (Mot. at 20:28-21:3.)

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal.App.3d 1089, 1095 (1991). "Duty is not universal; not every defendant owes every plaintiff a duty of care." *Brown v. USA Taekwondo*, 11 Cal.5th 204, 213 (2021). "[A]bsent a duty, the defendant's care, or lack of care, is

---

[1] Spatola contradicts his prior positions. In his November 4, 2024 opposition to Defendants' Motion for Summary Judgment, Spatola argued "under California law, a constructive trust claim may be asserted as a standalone cause of action." (ECF 86 at 23:24-25.) Now, in this motion, Spatola claims a "constructive trust is not a standalone cause of action, but a remedy." (Mot. at 11:7-8.)

Spatola also previously declared that his constructive claim is an "actionable and independently viable" claim compared to his Declaratory Judgment claim. (ECF 86 at 23:28-24:3.) Now, he argues the opposite: "Plaintiff's constructive trust claim is predicated on a finding that Plaintiff is joint author." (Mot. at 20:19-21.)

1  irrelevant." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49

2  Cal.App.4th 472, 481 (1996). "[T]he existence of duty is a pure question of law."

3  *Modisette v. Apple Inc.*, 30 Cal.App.5th 136, 143 (2018) (citation omitted)

4  (modification in original). A duty of care "may arise through statute, contract, the

5  general character of the activity, or the relationship between the parties." *J'Aire*

6  *Corp. v. Gregory*, 24 Cal.3d 799, 803 (1979).

7      Spatola's proposed negligence claim fails as a matter of law because he does

8  not and cannot allege in his PSAC any cognizable duty of care that Derulo owed to

9  Spatola. There was no contract between Derulo and Spatola. Spatola was not

10  Derulo's employee. There is no duty of care arising from a statute. There was no

11  fiduciary or special relationship between Derulo or Spatola that courts have

12  identified as establishing a duty of care. Spatola cites no legal authority—because

13  there is none—that the general negligence duty of care arises when individuals play

14  together on a song. Nor does Spatola provide any case law that alleged joint authors

15  to a copyrighted work can sue each other for negligence.

16      Indeed, federal courts in California have dismissed negligence claims in

17  copyright disputes because no fiduciary, custodial, or special relationship existed or

18  was alleged or established. *See Tremblay v. OpenAI, Inc.*, 716 F.Supp.3d 772, 782

19  (N.D. Cal. 2024) (in copyright dispute, holding: "Nowhere in the Complaints do

20  Plaintiffs allege that there is any fiduciary or custodial relationship between the

21  parties."); *AF Holdings, LLC v. Doe*, 2012 WL 3835102, at *3 (N.D. Cal. Sept.4,

22  2012) (dismissing negligence claim due to lack of any special relationship giving

23  rise to a duty to protect AF Holdings' copyrights).

24      The only "duty" at issue in this case is the "duty to account" that Defendants

25  would owe to Spatola if the jury finds he is a joint author. *See Community for*

26  *Creative Non–Violence v. Reid*, 846 F.2d 1485, 1498 (D.C. Cir. 1988); *Scorpio*

27  *Music S.A. v. Willis*, No. 11-CV-1557 BTM RBB, 2012 WL 1598043, at *6 (S.D.

28

1  Cal. May 7, 2012). Spatola's equitable claim for accounting subsumes that duty.

2  (FAC ¶¶ 83-87.) His newly-minted negligence theory should be rejected.

3            **b.    <u>Spatola's Proposed Negligence Claim Is Preempted</u>**

4            Spatola argues that the Copyright Act does not preempt his proposed

5  Negligence claim because it "does not seek a declaration of authorship, does not

6  depend on the exclusive rights enumerated in 17 U.S.C. § 106, and does not seek to

7  impose a constructive trust over copyright proceeds." (Mot. at 21:10-12.)

8            The Copyright Act explicitly makes the preemption analysis a two-step

9  inquiry. *See Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989).

10  The first question is whether the work at issue comes within the subject matter of

11  copyright, as described in 17 U.S.C. §§ 102 and 103. *See Laws v. Sony Music*

12  *Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006). Here, it is undisputed that

13  Spatola's FAC and its Declaratory Judgment Claim "comes within the subject

14  matter of copyright." (FAC, ¶¶ 1, 69-82.) Given that conclusion, the Court must

15  undertake a second step, asking whether the rights granted under state law are

16  equivalent to the exclusive rights of copyright holders as set forth in 17 U.S.C.

17  § 106. *Laws*, 448 F.3d at 1137-38. That is, the rights asserted in the state law claims

18  must also be rights that could have been asserted under the Copyright Act. *NTD*

19  *Architects v. Baker*, 2012 WL 2498868 at *6 (S.D. Cal. June 27, 2012).

20            The alleged misconduct for Spatola's proposed Negligence claim is "Derulo's

21  failure to exercise reasonable care in handling disclosures, credits, and industry

22  communications relating to Plaintiff's collaboration, resulting in damages

23  independent of copyright ownership." (Mot. at 21:14-16.) This is duplicative of

24  Spatola's Declaratory Judgment claim, where he seeks a declaration that he is a joint

25  author, co-writer, and co-producer of the musical composition and sound recording

26  of Savage Love, and that he is entitled to resulting credits and royalties as an alleged

27  joint author, co-writer, and co-producer. (FAC, ¶ 81.) The only framework by which

28  Derulo could be liable for his alleged improper handling of "disclosures, credits, and

industry communications" is through the Copyright Act and determination of joint authorship. The proposed Negligence claim adds no "extra element" and is superfluous of Spatola's relief sought under copyright law.

"Simply recharacterizing the claim as one of 'negligence' does not add a legally cognizable additional element." *AF Holdings, LLC*, 2012 WL 3835102, at *4 ("because AF Holdings alleges that Hatfield's action or inaction constituted interference with its 'exclusive rights in the copyrighted work,' the negligence claim is preempted by § 301 of the Copyright Act."). California federal courts routinely dismiss negligence claims asserted in copyright actions. *See McCormick v. Sony Pictures Ent.*, No. CV0705697MMMPLAX, 2008 WL 11336160, at *10 (C.D. Cal. Nov. 17, 2008) (holding "because Plaintiffs' reference to negligence depends on acts of unauthorized performance, distribution or display—which the Copyright Act already proscribes—Plaintiffs' negligence claim is preempted") (quotation marks and citations omitted); *Watermark Publishers v. High Tech. Sys. Inc.*, No. 95-3839-IEG (CGA), 1997 WL 717677, at *5 (S.D. Cal. Aug. 12, 1997) ("These allegations in support of the negligence claim are insufficient to demonstrate that the rights alleged to be protected by the law of negligence are qualitatively different from those protected by the law of copyright.").

Spatola does not provide any applicable legal authority in support of his untenable position. The one case he cites, *Grosso v. Miramax Film Corp.*, 383 F.3d 965 (9th Cir. 2004), is readily distinguishable. (Mot. at 21:18, 23:22-23.) In *Grosso*, the plaintiff asserted claims under federal copyright law and a state law claim for breach of implied contract. 383 F.3d. at 967. The court held that the Copyright Act did not preempt the breach of implied contract claim because it "seeks compensation not for the actual written script, but for the idea allegedly embodied in the script and shared with Miramax" and "where an idea is furnished by one party to another, a contract sometimes may be implied even in the absence of an express promise to pay." *Id*. The court determined that the breach of implied contract claim "alleges an

-19-

1  extra element that transforms the action from one arising under the ambit of the

2  federal statute to one sounding in contract." *Id.* at 968.

3    *Grosso* has no application here because ***it did not involve any negligence***

4  ***claim***. Further, unlike in *Grosso*, Spatola does not and cannot assert any basis to

5  seek rights in Savage Love other than through federal copyright law. There is no

6  contract or other mechanism by which he can do so. Accordingly, Spatola's motion

7  should be denied because his proposed Negligence claim is futile.

8    **2.    <u>Spatola's Proposed Unjust Enrichment Claim Is Futile</u>**

9    Spatola argues his proposed Unjust Enrichment claim is proper because:

10  (1) he "pleads unjust enrichment in the alternative in the event the Court determines

11  that Plaintiff does not qualify as a joint author"; and (2) it is not preempted by the

12  Copyright Act. (Mot. at 22:7-25:8.)

13    **a.    <u>Unjust Enrichment Is Not A Viable Cause Of Action</u>**

14    Spatola's proposed Unjust Enrichment claim is futile because "[u]nder

15  California law, unjust enrichment is not a separate cause of action." *Coronis Health*

16  *RCM LLC v. NextGen Lab'ys, Inc.*, No. 823CV00111FWSDFM, 2023 WL

17  8522983, at *8 (C.D. Cal. Oct. 23, 2023). "Unjust enrichment is not an independent

18  cause of action, but rather a 'general principle, underlying various legal doctrines

19  and remedies.'" *Plumleigh v. City of Santa Ana*, 754 F.Supp.2d 1201, 1205 (C.D.

20  Cal. 2010) (citing *McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004)); *Hooked*

21  *Media Grp., Inc. v. Apple Inc.*, 55 Cal.App.5th 323, 336 (2020) ("California does

22  not recognize a cause of action for unjust enrichment.").

23    **b.    <u>Spatola's Proposed Unjust Enrichment Claim Is</u>**

24    **<u>Preempted</u>**

25    Spatola contends his proposed Unjust Enrichment claim addresses "Derulo's

26  knowing acceptance and retention of that benefit; and inequity arising from

27  Defendant Derulo's conduct in retaining the benefit without compensation or

28  recognition." (Mot. at 23:13-17.)

1    "Where an unjust enrichment claim rests on the same facts and asserts the

2    same rights as a copyright claim, it is preempted." *Dos Santos v. Telemundo*

3    *Commc'ns Grp., LLC*, No. SACV12-1373 JVS, 2012 WL 9503003, at *8 (C.D. Cal.

4    Dec. 19, 2012). Generally, "a state law cause of action for unjust enrichment ...

5    should be regarded as an 'equivalent right' and hence, pre-empted insofar as it

6    applies to copyright subject matter." 1-1 Nimmer on Copyright § 1.01; *see also*

7    *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 980 (9th Cir. 2011).

8    Like his proposed Negligence claim, Spatola's proposed Unjust Enrichment

9    claim merely recasts his Declaratory Judgment claim. The Copyright Act and

10    determination of joint authorship provide the sole framework by which Derulo can

11    be liable for unjustly retaining benefits received from Savage Love. In other words,

12    Spatola can only recover any purported ill-gotten gains that Derulo received from

13    Savage Love if Spatola is deemed a joint author of the work under federal copyright

14    law. Thus, his proposed Unjust Enrichment claim adds no "extra element" and is

15    superfluous of Spatola's relief sought under copyright law.

16    As with negligence claims, California federal courts consistently dismiss

17    unjust enrichment claims in copyright actions under preemption. *See Troxtel v.*

18    *Brown*, No. CV07-8303DSF(CWx), 2008 WL 11338825, at *3 (C.D. Cal. Dec. 17,

19    2008) ("Plaintiff's unjust enrichment claim concerns unauthorized use of Plaintiff's

20    works. This is equivalent to a copyright claim, and, as such, the unjust enrichment

21    claim is preempted."); *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1128

22    (N.D. Cal. 2001) (dismissing unjust enrichment claim that "at its core alleges that

23    defendants unfairly benefitted from their unauthorized use of WebStash," which is

24    "equivalent to the rights protected in section 106 of the Copyright Act"); *Ricketts v.*

25    *CBS Corps.*, 439 F.Supp.3d 1199, 1209 (C.D. Cal. 2020) (dismissing unjust

26    enrichment claim due to preemption).

27    Again, Spatola cites no supporting legal authority. *Grosso* is inapposite

28    because, as explained above, there was no unjust enrichment claim at issue in that

-21-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING
ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

case. Spatola's citation to *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973 (9th Cir. 1987) is even more perplexing. (Mot. at 23:26-27.) *Del Madera* was overruled by *Reilly v. Wozniak*, No. 21-16140, 2023 WL 142545 (9th Cir. Jan. 10, 2023). Even if it remained good law, *Del Madera* supports Defendants' position because the appellate court affirmed the dismissal of an unjust enrichment claim on federal copyright preemption grounds, holding: "an implied promise not to use or copy materials within the subject matter of copyright is equivalent to the protection provided by section 106 of the Copyright Act." 820 F.2d at 977.

## V.    <u>CONCLUSION</u>

Defendants respectfully request this Court deny Spatola's motion in its entirety.[2]

Dated:  February 9, 2026              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:    /s/ *Joshua M. Rosenberg*
           Joshua M. Rosenberg
           Kazim A. Naqvi
           Allison C. Wong

           Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

---

[2] Spatola's motion papers are also procedurally defective because they violate Local Rules 15-1 and 11-6.1.

SMRH:4928-7777-0124    DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## <u>CERTIFICATE OF COMPLIANCE L.R. 11-6.2</u>

The undersigned, counsel of record for Defendants Jason Desrouleaux p/k/a Jason Derulo; and Sony Music Entertainment d/b/a Columbia Records, certifies that this brief contains 6,978 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 9, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   /s/ *Joshua M. Rosenberg*
             Joshua M. Rosenberg
             Kazim A. Naqvi
             Allison C. Wong

             Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

SMRH:4928-7777-0124
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT