1  **WERGE & CORBIN LAW GROUP**
2  Thomas E.M. Werge (State Bar # 362485)
   *tom@werge.law*
3  Joseph A. MacHatton (*pro hac vice*)
   *joseph@werge.law*
4  Veronica A. Phifer *(pro hac vice)*
   *veronica@werge.law*
5  1736 Race Street
6  Denver, CO 80206
7  Telephone: (303) 586-4900
8  Facsimile: (720) 554-8042
   **FROST, LLP**
9  Christopher Frost (State Bar # 200336)
   *chris@frostllp.com*
10 10960 Wilshire Blvd., Suite 2100
11 Los Angeles, CA 90024
   Telephone: (424) 254-0441
12 Facsimile: (424) 600-8504

13

14 *Attorneys for Plaintiff*
   MATTHEW SPATOLA p/k/a
15 MATTY SPATS

16
                  UNITED STATES DISTRICT COURT
17              **CENTRAL DISTRICT OF CALIFORNIA**

18 MATTHEW SPATOLA p/k/a MATTY          CASE NO. 2:23-CV-06191-MWF-E
   SPATS,
19                                       **PLAINTIFF'S MEMORANDUM OF**
20      Plaintiff,                       **POINTS AND AUTHORITIES IN**
                                         **OPPOSITION TO DEFENDANTS'**
21      v.                               **MOTION TO DISMISS PURSUANT**
                                         **TO RULE 12(b)(7)**
22 JASON DESROULEAUX p/k/a JASON
   DERULO; and SONY MUSIC               *(Concurrently Filed with Declaration of*
23 ENTERTAINMENT d/b/a COLUMBIA         *Thomas E.M. Werge)*
   RECORDS,
24                                       Date:            March 2, 2026
        Defendants.                      Time:            10:00 A.M.
25                                       Dept.:           Courtroom 5A
26
                                         Action Filed:    July 31, 2023
27                                       FAC Filed:       December 21, 2023
                                         Final Pretrial Conf.: March 30, 2026
28                                       Trial Date:      April 21, 2026

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

Plaintiff, Matthew Spatola p/k/a Matty Spats, hereby submits the following memorandum of points and authorities in opposition to Defendants Jason Desrouleaux p/k/a Jason Derulo and Sony Music Entertainment d/b/a Columbia Records' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7). Defendants seek to dismiss Plaintiff's action by suddenly claiming nonparties Joshua Nanai p/k/a Jawsh 685 ("Jawsh"), Jacob Kasher Hindlin a/k/a JKash, and Philippe Greiss p/k/a Phil Greiss (collectively, the "Non-Parties") are indispensable parties that must be joined under Fed. R. Civ. P. 19.

Plaintiff explained to Defendants' counsel during their conferral efforts that their Motion is substantively incorrect, but Defendants informed Plaintiff that they intended to file the Motion. In an additional attempt to alleviate any confusion, Plaintiff filed a Notice of Disclaimer with the Court, making it explicitly clear on the record that Plaintiff solely seeks his interests from Defendants, not the Non-Parties. Defendants nevertheless proceeded to file the Motion.

Defendants belatedly bring this claim, despite having the opportunity to do so at any point over the past several years of this litigation including, at the very least, when they submitted their Motion for Summary Judgment. (Doc. 60.) Defendants use this as an opportunity to inundate the Court with 738-pages of motion and exhibits as a last-ditch effort to get out of standing trial. With this Response, Plaintiff explains that (1) the Non-Parties are not necessary parties, (2) it is feasible to add the Non-Parties as additional parties, if necessary, and (3) even if the Non-Parties are necessary and it is not feasible to add them as additional parties, they are not indispensable and, therefore, need not be joined to this action under Federal Rule of Civil Procedure 19.

To ensure that the Parties can continue preparing for trial, Plaintiff requests that the Motion be denied in its entirety. In the alternative, Plaintiff asks that the Court grant Plaintiff leave to amend the complaint to join the Non-Parties as Defendants in this case. This Response is based on Plaintiff's Memorandum of

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

Points and Authorities, the Declaration of Thomas E.M. Werge, and exhibits; the pleadings, records, and files herein; and any argument or other evidence that may be presented at the Hearing on March 2, 2026 at 10:00 A.M. PT.

Dated: February 9, 2026               Respectfully submitted,

                                      */s/ Thomas E.M. Werge*
                                        Thomas E.M. Werge

                                      **WERGE & CORBIN LAW GROUP**
                                      Thomas E.M. Werge

                                      **FROST, LLP**
                                      Christopher Frost

                                      *Attorneys for Plaintiff*
                                      MATTHEW SPATOLA p/k/a MATTY SPATS

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

1

## **TABLE OF CONTENTS**

2    I.    INTRODUCTION ...................................................................................... 6

3    II.   PLAINTIFF HAS COMPLIED WITH FEDERAL RULE OF CIVIL
4         PROCEDURE 12(b)(7) ............................................................................. 7

5              A.    Legal Standard Under Federal Rule of Civil Procedure
6                    12(b)(7). ..................................................................................... 7

7              B.    The Non-Parties are Not Necessary Under Fed. R. Civ. P.
                     19(a). .......................................................................................... 8
8
9                    1.    The Court can grant complete relief in the Non-
                           Parties' absence. ............................................................. 8

10                   2.    If the Court resolves this action, it will not impair
11                         the Non-Parties' ability to protect their interests in
                           this matter. ..................................................................... 10
12
                     3.    If the Court resolves this case, it will not subject an
13                         existing party to a substantial risk of incurring
                           double, multiple, or otherwise inconsistent
14                         obligations because of their interest. ............................ 11

15             C.    It Is Not Plaintiff's Burden to Show It Is Feasible to Join
                     the Non-Parties. ........................................................................ 12
16
17             D.    Even if the Court Finds the Non-Parties are Necessary and
                     Joinder is Not Feasible, the Non-Parties are Not
18                   Indispensable Parties Under Fed. R. Civ. P. 19(b). .................... 14

19                   4.    Plaintiff Matthew Spatola will not have an adequate
                           remedy if the action is dismissed for nonjoinder. ............ 18
20
      III.  CONCLUSION ........................................................................................ 19
21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

3
<u>Cases</u>

4
*Armes v. Post*, No. 2:20-cv-03212-ODW (PJWx), 2020 U.S. Dist. LEXIS 193986, at *8-9 (C.D. Cal. Oct. 19, 2020) ................................................................. 9

5

6
*Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 331 F.R.D. 427, 432 (W.D. Wash. 2019) .......................................................................................................... 10

7
*Briskin v. Shopify, Inc.*, 135 F.4th 739, 753 (9th Cir. 2025) .................................... 13

8
*Dine Citizens Against Ruining Our Env't v. BIA*, 932 F.3d 843 (9th Cir. 2019) ...... 10

9
*EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005) ..... 7, 8, 14, 18

10
*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2004) ................................................................ 13

11

12
*IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000) ........................................................... 8

13
*Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) ..................... 17

14
*Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) .............. 7, 8, 10, 12

15
*Natural Resources Defense Council, Inc. v. TVA*, 340 F. Supp. 400, 408 (S.D.N.Y. 1971) *rev'd on other grounds*, 459 F.2d 255 (no other forum in which all proposed parties were amenable to suit) ........................................................ 18

16

17
*Owatonna Mfg. Co. v. Melroe Co.*, 301 F. Supp. 1296, 1306 (D. Minn. 1969) ....... 18

18
*Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978) ................................................ 15

19
*Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) ...................................................................................... 8

20
*Sams v. Beech Aircraft Corp.*, 625 F.2d 273, no. 7 (9th Cir. 1980) ........................ 14

21
*Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*, 953 F.3d 638, 645 (9th Cir. 2020) ................................................................................. 15

22

23
*U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) .................................................. 11

<u>Rules</u>

24
Fed. R. Civ. P. 12 ............................................................................................... 2, 6

25

26
Fed. R. Civ. P. 19 .................................................................................................. 6

27

28

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

1      I.      **INTRODUCTION**

2          Defendants' filing of this unnecessarily voluminous 738-pages of motion and

3   exhibits represents nothing more than a delay tactic designed to prevent Plaintiff

4   Matthew Spatola from adequately preparing from trial—which is a mere two and a

5   half months away. This burdensome filing forces the Court to wade through

6   meritless arguments when judicial resources should instead be focused on the

7   substantive issues in this case.

8          Despite Plaintiff Matthew Spatola's good faith conferral efforts, including

9   filing of an explicit Notice of Disclaimer (Doc. 158), that highlights he seeks relief

10  only from Defendants and not any nonparties, Joshua Nanai p/k/a Jawsh 685

11  ("Jawsh"), Jacob Kasher Hindlin a/k/a JKash, and Philippe Greiss p/k/a Phil Greiss

12  (collectively, the "Non-Parties"), Defendants proceeded with this Motion. Such a

13  tactic reinforces the fact that Defendants are choosing to engage in unnecessary

14  motions practice prior to the parties' quickly approaching trial rather than genuine

15  dispute resolution. As explained further below, the Non-Parties are not necessary to

16  this action, may be feasibly added if the Court determines joinder is necessary, and

17  are not indispensable parties whose absence mandates dismissal. *See* Fed. R. Civ. P.

18  12; Fed. R. Civ. P. 19.

19         The Ninth Circuit employs a clear analytical framework for determining

20  whether non-parties must be joined to an action. First, courts consider whether the

21  nonparties are considered necessary. If a party is deemed necessary, courts will

22  consider whether it is feasible to join the necessary nonparties. Finally, if it is not

23  feasible to join the necessary nonparties, courts will consider whether the nonparties

24  are considered indispensable. As demonstrated below, Defendants' Motion fails at

25  every stage of this analysis and should be denied in its entirety.

26

27

28

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

1
2

## II.   PLAINTIFF HAS COMPLIED WITH FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7)

3

### A. Legal Standard Under Federal Rule of Civil Procedure 12(b)(7).

4    Defendants bring their motion to dismiss under Federal Rule of Civil

5    Procedure 12(b)(7), "failure to join a party under Rule 19." (Doc. 159.) Courts

6    conduct three inquiries when determining whether a party must be joined under Rule

7    19. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005). First, a

8    court must determine whether the absent party is necessary. *Id.* Courts define

9    absentees as necessary under Rule 19 as "persons having an interest in the

10   controversy, and who ought to be made parties, in order that the court may act." *Id.*

11   at 779.

12   Second, in the event the court finds a nonparty is necessary, it must then

13   determine whether it is feasible to join the nonparty. Joinder is not feasible when (i)

14   venue is improper, (ii) the nonparty is not subject to personal jurisdiction, or (iii)

15   joinder would destroy subject matter jurisdiction. This burden lies with the moving

16   party. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) ("The

17   moving party has the burden of persuasion in arguing for dismissal.").

18   Third, if the court finds joinder is not feasible, the court must then determine

19   "whether the case can proceed without the absentee, or whether the absentee is an

20   'indispensable party' such that the action must be dismissed." *Peabody W. Coal Co.*,

21   400 F.3d at 779-80. "Indispensable parties under Rule 19(b) are 'persons who not

22   only have an interest in the controversy, but an interest of such a nature that a final

23   decree cannot be made without either affecting that interest, or leaving the

24   controversy in such a condition that its final termination may be wholly inconsistent

25   with equity and good conscience." *Id.* (citation omitted).

26   When determining whether a joint author is indispensable, a court considers

27   the following factors: "(1) to what extent a judgment rendered in the person's

28   absence might be prejudicial to the person or those already parties; (2) the extent to

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id.* (citing Fed. R. Civ. P. 19).

The standard of indispensable parties is met when "failure to join will lead to separate and redundant actions." *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). Courts have held that the standard is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Finally, "[t]he moving party has the burden of persuasion in arguing for dismissal." *Makah Indian Tribe*, 910 F.2d at 558.

## B. The Non-Parties Are Not Necessary Under Fed. R. Civ. P. 19(a).

The Court should find that the Non-Partis are not necessary absentees for purposes of this trial: (1) in the Non-Parties' absence, the court can grant complete relief; (2) resolving the action in the Non-Parties' absence would not "impair [the nonparty's] ability to protect [their] interest in the subject matter of the action;" or (3) resolving the action in the Non-Parties' absence will not "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (citing Fed. R. Civ. P. 19(a)(1)).

### 1. The Court can grant complete relief in the Non-Parties' absence.

Under the first step, the Court should find that it can grant complete relief in the Non-Parties' absence. Defendants argue that "in copyright actions where a declaration affects the rights or attribution of other listed owners, courts have found non-party co-owners or joint authors to be necessary under Fed. R. Civ. P. 19(a)." (Doc. 159 at 11.) Any concern about this issue is unwarranted. Adding Plaintiff to

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

the title of co-writer and co-producer would *solely* impact Defendants' shares, not those of the Non-Parties.

In their Motion, Defendants cherry pick sentences from copyright infringement cases to support their claims. If applicable, their arguments might be convincing, yet as repeatedly stated, this is **not** a copyright infringement case; this is a matter where Plaintiff is seeking his shares independently and solely from Defendants. Plaintiff explained this in several conferral calls, and he even filed a Notice of Disclaimer with the Court to avoid any confusion on this issue: the remedies sought do not affect the Non-Parties. *Armes v. Post*, No. 2:20-cv-03212-ODW (PJWx), 2020 U.S. Dist. LEXIS 193986, at \*8-9 (C.D. Cal. Oct. 19, 2020) ("[Plaintiff] now expressly disclaims any challenge to the Non-Party Writers' status as co-writers or their shares of the profits. Given [Plaintiff's] admissions, there is no risk that failure to join the Non-Party Writers 'will lead to separate and redundant actions.'") (citing *IBC Aviation*, 125 F. Supp. 2d at 1012).[1] As Plaintiff's recovery would solely impact Defendants' shares in the song, the Court may grant complete relief here in the Non-Parties' absence.

---

[1] Defendants claim *Armes v. Post*, is inapplicable to this case because (1) the non-party writers at issue were not named as joint authors in a copyright registration obtained by the plaintiff; (2) defendant filed a parallel action in the Southern District of New York and did not name the non-party writers as parties; and (3) one of the non-party writers at issue indicated his willingness to submit to jurisdiction in the Southern District of New York. (Doc. 159 at 19 n. 2.) However, Judge Wright's decision denying the defendants' motion to dismiss does not rely on the reasons Defendants state. Rather, the court held that the non-party writers were not necessary because the plaintiff expressly disclaimed any attempt to reach the non-party writers' shares of the profits and any prejudice to the non-party writers' interests can be "easily avoided by shaping relief as [plaintiff] suggests—by denying [plaintiff] any claim to the Non-Party Writers' shares of the profits." *Id.* at \*9.

2. *If the Court resolves this action, it will not impair the Non-Parties' ability to protect their interests in this matter.*

If the Court issues a judgment in this action, it will not impair the Non-Parties' ability to protect their interests in the subject matter of this action under Federal Rule of Civil Procedure 19(a)(1)(B)(i). Under this criterion, courts will first consider whether the party's interest is "legally cognizable" or "legally protected." *Dine Citizens Against Ruining Our Env't v. BIA*, 932 F.3d 843 (9th Cir. 2019). If the court concludes the party has a legally protected interest, "then the court must determine if that interest will be impaired or impeded by the suit." *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 331 F.R.D. 427, 432 (W.D. Wash. 2019) (citing *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 880, 883 (9th Cir. 2004); *Makah Indian Tribe*, 910 F.2d at 558).

The Non-Parties do not have a legally cognizable or legally protected interest here. Defendants claim the Non-Parties will be subject to a duty to account, but this duty already exists in accordance with the Tripartite Agreement. (Doc. 159, at 13) ("As joint authors in the Savage Love Composition, Derulo and the Non-Parties owe each other a duty to account."). A duty to account does not create a legally cognizable interest because it operates as nothing more than a financial stake. *Makah Indian Tribe*, 910 F.2d at 558; *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 851-52 (holding a legally protected interest must be more than a financial stake and more than speculation about a future event). Finally, and as a practical matter, Defendants, again, cite copyright infringement cases in support of their claims that all joint authors must always be included as necessary and indispensable parties. This is not a copyright infringement case, so such cases are inapposite.

Even if the Court does find the Non-Parties are not represented, it should still find that their interest will not be impaired or impeded by the suit. More specifically, "[i]mpairment may be minimized if the absent party is adequately represented in the suit." *Makah Indian Tribe*, 910 F.2d at 558. Any interest Jawsh or the other Non-

Parties may have in the suit will be adequately represented by both Defendants, as they share aligned interests with the Non-Parties in defending against the claims at issue. It would, therefore, be needless to join the Non-Parties as necessary parties.

Moreover, the Non-Parties' lack of affirmative action further supports the conclusion that they are not necessary parties. Each Non-Party Joint Author has either been listed as a witness or deposed prior to Defendants' Motion, yet not one nonparty has ever affirmatively chosen to claim an interest in this case, which weighs against finding that he is a necessary party. *U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) ("Here, [non-party] was aware of this action and chose not to claim an interest. That being so, the district court did not err by holding that joinder was 'unnecessary.'"); (citing *U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994) ("because the absent party 'did not feel that it was necessarily in his interest to remain a party in this action,' 'it is inappropriate for one defendant to attempt to champion [the] absent party's interests.")).

>    3.  *If the Court resolves this case, it will not subject an existing party to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of their interest.*

Third, the Non-Parties are not necessary because this case does not expose "an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendants' sole support for this third criterion is the claim that Non-Party Joint Author Jawsh is the only person who received a producer credit, so "having a trial about the joint authorship of Savage Love without its primary author—Jawsh—as a party is a wholly incomplete proceeding and adjudication." (Doc. 159 at 14.) Plaintiff is not seeking to take away the Non-Parties' rights; he merely seeks to be made an *additional* co-writer and co-producer. Defendants also omit any analysis as to how declaring Plaintiff Matthew Spatola as co-writer and co-

1    producer would somehow impose a substantial risk in "double, multiple, or

2    otherwise inconsistent obligations." (*See* Doc. 159 at 14.)

3        Defendants have not sufficiently demonstrated that the Non-Parties will

4    somehow suffer an injury purely by giving Plaintiff the titles of "co-writer" and "co-

5    producer," which is their burden. *Makah Indian Tribe*, 910 F.2d at 558 ("The

6    moving party has the burden of persuasion in arguing for dismissal."). Plaintiff

7    additionally filed his Notice of Disclaimer in an effort to alleviate any ambiguity: he

8    does not seek, nor has he ever sought, any relief against the Non-Parties. (Doc. 158,

9    Notice of Disclaimer, ¶ 1-2.) Plaintiff is solely interested in his rightfully owed

10   shares in Defendant Jason Derulo's interests in the work, including those as held by

11   Sony. (*Id.*)

12        **C. It Is Not Plaintiff's Burden to Show It Is Feasible to Join the Non-**

13        **Parties.**

14        Plaintiff contends that the Non-Parties are not necessary parties, but in the

15   event the Court deems them necessary, it is feasible to add the Non-Parties. As a

16   preliminary matter, Defendants wrongfully attempt to impose the burden on Plaintiff

17   to establish it is feasible to join the Non-Parties to this action. (Doc. 159 at 2)

18   ("Spatola's operative FAC is devoid of any allegations establishing a *prima facie*

19   showing of this Court's personal jurisdiction over Jawsh."); *but see Makah Indian*

20   *Tribe*, 910 F.2d at 558 (9th Cir. 1990) ("The moving party has the burden of

21   persuasion in arguing for dismissal.").

22        Even if it were Plaintiff's burden, he would be able to establish personal

23   jurisdiction over the Non-Parties. In their Motion to Dismiss, Defendants primarily

24   focus on the fact that they do not believe it is feasible to join Non-Party Joint Author

25   Jawsh because they believe the Court lacks personal jurisdiction. (Doc. 159, at 15-

26

27

28

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

16.)[2] This case is about a #1 hit song created in Los Angeles, California, through the
work of multiple people. Although there is no reason to suggest that Jawsh is not
resident of New Zealand, the suggesting that the Court lacks personal jurisdiction
over him is hollow. As Defendants' note, California courts use a three-prong test to
analyze whether there is specific personal jurisdiction over a defendant: (1) the
defendant purposefully availed himself of the privilege of conducting activities in
California, or purposefully directed its activities toward California; (2) the claim
must arise out of or relate to the defendant's forum-related activities; and (3) the
exercise of jurisdiction must be reasonable. *Glob. Commodities Trading Grp., Inc. v.
Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2004).

Savage Love was created in Los Angeles, California. Although Jawsh's
contribution was his sample of the Siren Beat, he agreed to have it incorporated into
this work with Jason Derulo (and Matty Spats), all of which was recorded in Los
Angeles. Moreover, the Savage Love music video features Jawsh 685 and also
features scenes in Los Angeles, California. (Werge Decl. ¶ 10.) The music video and
the song itself was used by both Defendant Jason Derulo and Jawsh's commercial
gain. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 753 (9th Cir. 2025) ("most salient the
fact that [defendant] used [plaintiff's] copyrighted photos as part of its exploitation
of the California market for its own commercial gain."). Jawsh also has entered into
at least two agreements with Defendant Jason Derulo—a California resident—first
for Savage Love, and second for a later collaboration, "Make Me Happy," released
in October 2024. Finally, Jawsh previously targeted Defendant Jason Derulo—

---

[2] The remaining Non-Parties, Philippe Greiss a/k/a Phil Greiss and Jacob Kasher
Hindlin p/k/a JKash, both have residential addresses in the State of California, and
are, therefore, likely subject to this Court's personal jurisdiction. (Werge Decl. ¶
11); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)
("For an individual, the paradigm forum for the exercise of general jurisdiction is
the individual's domicile[.]").

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

again, a California resident—for his failure to properly credit him for creating the underlying beat. *Briskin*, 135 F.4th at 754 (holding that when "defendant 'individually targeted' a plaintiff known to be a forum resident," such action supports a finding of personal jurisdiction).

Plaintiff disagrees that the Non-Parties are necessary parties, but if the Court holds the Non-Parties are necessary parties to this action, Plaintiff seeks leave to amend to add the nonparties.

### D. Even if the Court Finds the Non-Parties are Necessary and Joinder is Not Feasible, the Non-Parties are Not Indispensable Parties Under Fed. R. Civ. P. 19(b).

Should the Court find the Non-Parties are necessary and joinder is not feasible, the Court should find that the Non-Parties are not indispensable parties for purposes of Federal Rule of Civil Procedure 19(b). *Peabody*, 400 F.3d at 779 ("Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed."). Indispensable parties are "persons who not only have an interest in the controversy, but an interest of such nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* at 780 (citing *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

When determining whether a nonparty is indispensable, a court will consider the following factors: "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; and fourth, whether the plaintiff

will have an adequate remedy if the action is dismissed for nonjoinder." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, n. 7 (9th Cir. 1980) (citing Fed. R. Civ. P. 19).

Here, as already explained, Plaintiff only seeks a determination that he is a joint owner of the copyright to *Savage Love (Laxed – Siren Beat)* ("Savage Love"). Plaintiff is not challenging the Non-Parties' separate ownership of the copyright to Savage Love or in any way seeking to adversely affect the Non-Parties' rights. As a default rule, "If a work is a product of joint authorship, each co-author automatically becomes a holder of an undivided interest in the whole." *Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978) (citing 1 Nimmer on Copyright § 69 (1976)). However, as Defendants even admit in their Motion, joint authors may agree to divide up ownership in a work, as is the case here. (Doc. 159 at 14) ("co-authors of a joint work own the work's copyright jointly and equally, unless the joint authors reach an agreement otherwise"); *Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*, 953 F.3d 638, 645 (9th Cir. 2020) ("copyrights are divisible, and can be freely transferred") (citation omitted); (Exh. A, Tripartite Agreement.) Consequently, not every joint author has an equal share that would be diluted by declaring Plaintiff as a co-owner. Here, Plaintiff would simply gain an undivided share of Derulo's copyright interests, including as held by Defendant Sony.

As Defendants concede, the percentage of the profits that the Non-Parties are entitled to receive from the exploitation of Savage Love has been contractually agreed to between the Non-Parties and Defendants. (Doc. 159); (Exh. A, Tripartite Agreement.) Plaintiff has made abundantly clear through conferral efforts and his Notice of Disclaimer that <u>he does not seek to interfere with any agreement</u> between Defendants and the Non-Parties or <u>otherwise take away from their share of the profits</u> derived from the exploitation of Savage Love. (Doc. 158, Notice of Disclaimer.) He is solely seeking interests that can be derived from the agreed upon percentages designated to Derulo by the Tripartite Agreement. Since a significant portion of Savage Love was created during the sessions between only Derulo and

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

Spatola, Spatola's share of the profits from the exploitation of Savage Love should come from that of Derulo and Sony Music Entertainment, to whom Derulo "assigned all right, title, and interest . . . he had in the Savage Love Recording." (Doc. 159 at 6.)

### 1. The Court should find that a judgment rendered in the Non-Parties' absence is not prejudicial to the existing parties.

Under the first factor to determine whether a party is indispensable, the Court should find that a judgment rendered in the Non-Parties' absence cannot be prejudicial to the existing parties. *See* Fed. R. Civ. P. 19(b). Defendants improperly state that by being declared a joint author, Plaintiff would "necessarily implicate the rights and obligations of the Non-Parties" because each author owes other authors duties. (Doc. 159 at 12-13.) However, as discussed, a declaration that the Plaintiff is a co-author will *not* change the duties of the Non-Parties.  Each Non-Party joint author will *still* have to account for the *same* percentage they currently owe Derulo, and Plaintiff's portion will come from within this exact same percentage. No declaration sought here will, as Defendant seems to suggest, change the entire structure of the existing royalty and profit splits that already exist.

Defendants also state that there is no legal authority to support the claim that Plaintiff's interests only come from Derulo's ownership interests in Savage Love. Notably, in their next sentence, Defendants themselves boldly claim that "[a]ny accounting of profits or return of any portion thereof, must include all the joint authors," without citing any authority. (Doc. 159 at 17.)  To the extent they do reference case law on this issue, Defendants reference cases that are inapplicable copyright *infringement* suits, one of which permitted a joint owner to unilaterally transfer his interest in the work to a third party without joining the other copyright owners. (Doc. 159 at 17-18 (citing *Zurich Am. Ins. Co. v. Elecs. for Imaging, Inc.*, No. C-09-02408 WHA, 2012 U.S. Dist. LEXIS 63858, at *4 (N.D. Cal. July 28, 2009).)

1    Defendants thirdly state that Derulo would be substantially prejudiced if only

2    his proceeds from Savage Love were split: that is the whole object of the case.

3    Defendants cannot claim the legal relief sought against them are prejudicial in a

4    Rule 12(b)(7) motion. Suffering the consequences of a remedy is an obvious result

5    of litigation and is insufficient to establish prejudice.

6             2.  *Any theoretical prejudice may be lessened or avoided by the*

7                 *shaping of relief.*

8    As to Defendants' arguments under the second factor, there is, as described in

9    the preceding paragraphs, no cognizable prejudice that cannot be lessened or

10   avoided by the Court's shaping of relief. Defendants repeatedly state that there is

11   prejudice due to the risk of future litigation and inconsistent judgments. (Doc. 159 at

12   18.) As already noted, Plaintiff's sought relief does not change any duties that

13   already exist between the existing joint authors of Savage Love, so any theoretical

14   risk if the Non-Parties are not joined to the litigation is not a cognizable issue.

15   Consequently, Defendants cannot now claim that proceeding without the Non-

16   Parties would create new prejudices.

17            3.  *The judgment rendered in the Non-Parties' absence will be*

18                *adequate.*

19   The same arguments exist as related to the third factor, where, again,

20   Defendants warn of a future lawsuit whose basis for which already exists in the

21   present state, even without any relief granted to Plaintiff. The rights and

22   responsibilities of the potentially implicated parties are clear under the Tripartite

23   Agreement, and "the mere inconvenience of defending another lawsuit does not

24   constitute plain legal prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268,

25   1280 (9th Cir. 2023).

26

27

28

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

4. *Plaintiff Matthew Spatola will not have an adequate remedy if the action is dismissed for nonjoinder.*

Finally, the Parties found differing fourth factors in the nonjoinder of analysis. Defendants concluded the fourth factor requires the analysis of "whether there exists an alternative forum." (Doc. 159 at 16-17) (citing *Camacho v. Major League Baseball*, 297 F.R.D. 457, 463 (S.D. Cal. 2013)). Relatedly, Plaintiff cites the fourth factor as "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Peabody*, 400 F.3d at 779. Plaintiff analyzes both factors and reaches the same conclusion: Plaintiff will not have an adequate alternative forum to bring this claim against Defendants if the Court dismisses this action.

Defendant argues that Plaintiff should engage in a sort of piecemeal litigation, where Plaintiff seeks actions in U.S. federal courts against some of the Non-Parties while also initiating actions in foreign courts for other authors. Faced with similar arguments, courts have declined to dismiss. *See Natural Resources Defense Council, Inc. v. TVA*, 340 F. Supp. 400, 408 (S.D.N.Y. 1971) *rev'd on other grounds*, 459 F.2d 255 (no other forum in which all proposed parties were amenable to suit); *Owatonna Mfg. Co. v. Melroe Co.*, 301 F. Supp. 1296, 1306 (D. Minn. 1969) (no single jurisdiction existed where all proposed parties were amenable to suit -- practical considerations thus dictated that none of them were indispensable).

Furthermore, the argument that Plaintiff should pursue any claims against Jawsh in a foreign country with differing laws, legal systems, and procedures, when this case is a mere three months from trial can hardly be described as a reasonable alternative, let alone adequate forum or remedy should this action be dismissed. Finally, and without meaning to sound like a broken record, Plaintiff does not seek any claims against Jawsh or the other Non-Parties.

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss

### III.   <u>CONCLUSION</u>

The appropriate outcome here is precisely in line with the decision in *Armes v. Post*, "the Court concludes that the Non-Party Writers are neither necessary nor indispensable to this action." 2020 U.S. Dist. LEXIS 193986, at *11. In light of Plaintiff's express disclaimer of any interest from the Non-Parties here, there is simply no reasonable basis to continue to argue that they remain indispensable.

Based on the foregoing, Plaintiff Matthew Spatola respectfully requests that the Court deny Defendants' Motion to Dismiss in full and deny Defendants' request for leave to amend to join any nonparties.

Dated: February 9, 2026                    Respectfully submitted,

*/s/  Thomas E.M. Werge*

**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge

**FROST, LLP**
Christopher Frost

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY SPATS

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Response in Opposition to
Defendants' Motion to Dismiss