| | |
|---|---|
| 1 | **WERGE & CORBIN LAW GROUP** |
| 2 | Thomas E.M. Werge (State Bar # 362485) |
|   | *tom@werge.law* |
| 3 | Joseph A. MacHatton (*pro hac vice*) |
| 4 | *joseph@werge.law* |
|   | Veronica A. Phifer *(pro hac vice)* |
| 5 | *veronica@werge.law* |
| 6 | 1736 Race Street |
|   | Denver, CO 80206 |
| 7 | Telephone: (303) 586-4900 |
| 8 | Facsimile: (720) 554-8042 |
|   | **FROST, LLP** |
| 9 | Christopher Frost (State Bar # 200336) |
| 10 | *chris@frostllp.com* |
|   | 10960 Wilshire Blvd., Suite 2100 |
| 11 | Los Angeles, CA 90024 |
| 12 | Telephone: (424) 254-0441 |
|   | Facsimile: (424) 600-8504 |

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a
MATTY SPATS

UNITED STATES DISTRICT COURT
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS, | CASE NO. 2:23-cv-06191-MWF-E |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR ADVISORY JURY** |
| v. | |
| JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS, | Date: March 2, 2026<br>Time: 10:00 A.M.<br>Dept.: Courtroom 5A |
| Defendants. | Action Filed: July 31, 2023<br>FAC Filed: December 21, 2023<br>Final Pretrial Conf.: March 30, 2026<br>Trial Date: April 21, 2026 |

## I. INTRODUCTION

Plaintiff, Matthew Spatola p/k/a Matty Spats, hereby submits the following memorandum of points and authorities in opposition to Defendants' Motion for an Advisory Jury ("Motion"). Defendants seek an advisory jury on alleged equitable defenses – including defenses that <u>are explicitly barred from being asserted in this action</u>. Most egregiously, despite that the Supreme Court has explicitly barred the defense of laches from being asserted for claims under the Copyright Act, Defendants here have baselessly asserted they should have an advisory jury on laches. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014) (holding "in face of a statute of limitations enacted by Congress, <u>laches cannot be invoked to bar legal relief</u>") (emphasis supplied). For this Motion alone, Defendants have needlessly thrown over 400 pages at the Court to argue a proposition that is fundamentally frivolous. To streamline the upcoming trial, Plaintiff requests that the Motion be denied and the alleged equitable defenses be dismissed outright.

Setting aside the legal bar, Defendants' Motion is a re-hashing the arguments they made in their unsuccessful motion for summary judgment, attempting to thinly veil the same under the label of equitable relief. As more fully described in the argument section below, (A) laches is completely barred by the Supreme Court; (B) none of the purported affirmative defenses were pled with facts and should be dismissed; (C) equitable estoppel is not available because no contrary position was ever taken and there was never any reliance by Defendants; (D) there is no basis for arguing unclean hands as to Plaintiff; and (E) the prejudice to Plaintiff in empaneling an advisory jury on these subjects would be enormous.

## II. LEGAL STANDARD

Rule 39 states, "In an action not triable of right by a jury, the court, on motion or on its own: may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). This Court has the authority and discretion to decide whether obtaining an advisory non-binding jury verdict is beneficial to the Court in its deliberations. *See Garter–*

*Bare Co. v. Munsingwear Inc.*, 723 F.2d 707, 710–711 (9th Cir. 1984). However, an advisory jury is not appropriate when it adds "unnecessary expense, time, and complexity to a case that has no special factors or extraordinary circumstances present." *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338, 339 (S.D. Cal. 2010).

### III.   ARGUMENT

#### A. Defendants Ask this Court to Defy Supreme Court Precedent

Defendants' first equitable defense of laches is precluded by clear, black letter law from the United States Supreme Court: "Laches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window" under the Copyright Act. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014). Congress was clear in "prescrib[ing] a three-year look-back limitations period for **all** civil claims arising under the Copyright Act." *Id.* at 670 (emphasis added); *see also WB Music Corp. v. Stolz*, 814 Fed. Appx 286, 287 (9th Cir. 2020) ("Laches is not available to bar plaintiffs' damages claims filed within the statute of limitations.").

By asking this Court to empanel an advisory jury to rule on their affirmative defense of laches, Defendants effectively ask this Court to ignore and defy clear precedent, as there is no dispute that Plaintiff filed its claim within the three-year statute of limitations. Defendants even entered into a tolling agreement regarding the same prior to the filing of this action. (*See* FAC, Doc. 28, ¶ 13; AFAC, Doc. 30, ¶ 13.) In light of the Supreme Court's precedent, there is no good faith basis to argue latches here applies. Moreover, such request is antithetical "to promot[ing] judicial economy" or a "just" determination of the parties' rights and obligations. *See Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2023 WL 9187385, at *2 (N.D. Cal. Dec. 14, 2023); Fed. R. Civ. P. 1.

#### B. Defendants Failed to Adequately Plead Their Affirmative Defenses.

Defendants' Motion is completely devoid of any factual bases to support their affirmative defenses. At a minimum, a defendant asserting affirmative defenses, such as unclean hands, waiver, and estoppel must include "some factual allegations" in order to sufficiently provide the plaintiff with fair notice." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 804-05 (C.D. Cal. 2016). Throughout their Motion, Defendants merely claim that they "intend to raise six affirmative defenses at trial." (Doc. 161 at 1.) Yet, throughout the Motion, Defendants fail to assert not only what factual allegations support such equitable defenses, nor do they even provide elements of each defense. *Sun Microsystems, Inc. v. Datram Corp.*, No. CIV. 96-20708 SW, 1997 WL 50272, at *4 (N.D. Cal. Feb. 4, 1997) (finding that defendant has provided plaintiff with "fair notice" by sufficiently setting forth the elements of the estoppel defense).

Defendants failed to adequately provide fair notice to Plaintiff. *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d at 804-05 (holding defenses that are "mere recitations of legal doctrines, devoid of any factual allegations . . . fail to provide fair notice to Plaintiff"); *see also Khosroabadi v. Mazgani Soc. Servs., Inc.*, No. SACV1700644CJCKESX, 2017 LX 70136, 2017 WL 8236730, at *3 (C.D. Cal. Oct. 4, 2017). As such, Defendants' affirmatives defenses must be stricken as insufficient "as a matter of pleading or as a matter of law." *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-cv-09687-ODW (JCx), 2013 WL 1344831, at *1 (C.D. Cal. Apr. 2, 2013).

Defendants baldly alleged the existence of six affirmative defenses they intend to make a part of the upcoming trial in their Answer to First Amended Complaint ("AFAC"). (Doc. 30 at 14.) For each defense, Defendants include only a since conclusory sentence (or less), devoid of any factual content, as follows:

1. *Laches* – "The FAC and each claim for relief alleged therein are barred, in whole or in part, by the doctrine of laches."

2. *Waiver & Estoppel*[1] – "The FAC and each claim for relief alleged therein are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, and/or consent."

3. *Unclean Hands* – "The FAC and each claim for relief alleged therein are barred, in whole or in part, by the doctrine of unclean hands."

4. *Invalid Copyright Registration*[2] – "The FAC and each claim for relief alleged therein are barred, in whole or in part, because they are predicated on a fraudulently-obtained and invalid copyright registration."

5. *License*[3] – "The FAC and each claim for relief alleged therein are barred, in whole or in part, by license or the doctrine of implied license because Plaintiff impliedly or explicitly, directly or indirectly, licensed, authorized, consented to, or acquiesced to the acts complained of in the FAC."

(*Id.* at 14 (all contained on a single page of the AFAC)). These allegations include no facts whatsoever. They are simply conclusory statements devoid of any substance

---

[1] The inadequacy of the estoppel defense is addressed below in Section C. And although Defendants do not seek an advisory jury on the waiver defense, they have failed to allege or even articulate the elements of such a defense in their answer. But even the elements had been listed, there is no evidence that Mr. Spatola ever intended "to surrender rights in his work." *Rimini St. v. Oracle Int'l Corp.*, 473 F. Supp. 3d 1158, 1200 (D. Nev. 2020).

[2] Defenses related to registration are not available in joint work cases such as this. *Compare* 17 U.S.C. § 411 (a) (requiring registration only for an "action for infringement of the copyright") *with* 17 U.S.C. § 201(a) ("The authors of a joint work are co-owners of copyright in the work.").

[3] Even if this had been pled with facts, the argument that Plaintiff somehow gave Defendants a license to use his contributions to *Savage Love* falls flat. First, it is undisputed Sony had no knowledge of the existence of Mr. Spatola or the role that he played in creating *Savage Love* – because Derulo never told them – so Sony could not have obtained a license. And any argument that Derulo may try to make as to a license for the commercial release of *Savage Love* falls apart when you consider the later BTS Remix of *Savage Love* and the lack of any suggestion that Mr. Spatola could have ever consented to the release of the same.

that should be disregarded and not allowed to be re-raised at this late stage in the proceedings.

Without even a modicum of factual support of any of these alleged defenses, Plaintiff has not had fair notice regarding any basis for these defenses. *See MPI LLC v. Sorting Robotics, Inc.*, No. LACV2207464JAKPDX, 2023 LX 60436, 2023 WL 5505028, at *2 (C.D. Cal. June 21, 2023) (dismissing certain affirmative defenses that lacked a sufficient factual bases, noting the plaintiff was not on fair notice). And Defendants' attempt to provide some semblance of factual support through this Motion, is completely immaterial. *See Khosroabadi*, 2017 WL 8236730, at *4 (holding failure to include such required levels of facts and elements in the answer to a complaint is not remedied by including facts in later, separate filing).

Rather than empaneling an advisory jury to further complicate these alleged defenses, the Court should narrow the issues for the upcoming trial by dismissing each of these defenses outright for failure to state a claim.

### C. Defendants Have No Valid Defense of Equitable Estoppel.

Defendants are unable to show a valid defense of equitable estoppel. "Equitable estoppel requires that '(1) the party to be estopped must be apprised of the true facts; (2) [it] must intend that [its] conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) [the party asserting estoppel] must have relied to its detriment on the conduct of the party to be estopped." *Rimini St. v. Oracle Int'l Corp.*, 473 F. Supp. 3d 1158, 1199-1200 (D. Nev. 2020). It is Defendants' burden to set forth specific factual bases for each of their affirmative defenses. *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d at 804-05. Even if Defendants had sufficiently set forth facts to support this defense (they did not), Defendants' purported affirmative defense still fails under each of the four requirements.

5     Case No. 2:23-cv-06191-MWF-E
Plaintiff's Motion in Limine to Exclude
Dr. William Rayner

The only fact Defendants rely on to support its defense of equitable estoppel is as follows: Defendants "rely on inferences drawn from Spatola's action **and** inaction—namely, his specific written requests for 'Additional Guitar & Bass' credit (which he received), and nothing else until three years after the recording of Savage Love." (ECF No. 161, at 4.)

First, this claim is illusory – there is nothing mutually exclusive between being credited for performing guitars and bass and being credited as a co-writer and co-producer. Defendants cannot establish the Plaintiff Matthew Spatola was apprised of the fact that if he sought credit as "Additional Guitar & Bass," he was waiving any rights to have his rightfully owed credit as co-writer or co-producer. He was not. Second, Defendants have not and cannot show that the Defendants themselves believed that allowing Plaintiff Spatola to have credit as "Additional Guitar & Bass" led them Defendants to believe that he somehow would be waiving his right to seeking additional credits. The proposition makes on sense. Third, Defendants have not and cannot show that they were ignorant that Plaintiff Matthew Spatola was going to assert claims for additional credit. Nor could Derulo argue this – he was in the studio with Spatola when they wrote and Spatola performed the full instrumental of Savage Love. Finally, Defendants have not and cannot establish that they relied, to their detriment, on Plaintiff's conduct. Merely claiming that Plaintiff made specific written requests for "Additional Guitar & Bass" credit and "nothing else until three years after the recording of Savage Love" simply does not show that any injury was suffered by Defendants through the mere passage of time.

### D. Defendants Have No Valid Defense of Unclean Hands.

As previously discussed, Defendants failed to sufficiently plead their claims in both their Answer and in their Motion by failing to set forth any factual bases for their affirmative defense of unclean hands. *Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026, (S.D. Cal. 2018) ("The application of the unclean hands doctrine is generally a fact intensive inquiry.") (citation omitted). However, even if they had

offered any factual bases to support their affirmative defenses or sufficiently described the elements of "unclean hands," their affirmative defense of unclean hands still fails.

"Under the doctrine of unclean hands, a plaintiff 'seeking equitable relief must have acted fairly and without fraud or deceit as to the controversy in issue.'" *Rimini St.*, 473 F. Supp. 3d at 1201. Notably, Defendants failed to put forth the three elements they are required to satisfy to sufficiently claim the affirmative defense of unclean hands. For the sake of completeness, Plaintiff sets such elements forth as follows: for a defendant to sufficiently establish the affirmative defense of unclean hands, he must show "(1) inequitable conduct by the plaintiff; (2) that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and (3) plaintiff's conduct injured the defendant." *MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007).

First, Defendants are unable to establish that Plaintiff Matthew Spatola engaged in inequitable conduct. The sole support Defendants offer for the affirmative defense of unclean hands is that "Spatola is wrongly seeking credit to which he knows he is not entitled given the evidence of his prior ability to secure such credits for other work, and his failure to ask for such credit here until three years after the release of Savage Love." (Doc. 161 at 5.) As discussed above, the fact that Spatola performed the guitars and bass on Savage Love is not the subject of any dispute. Of course, he is entitled to the additional guitars and bass credit – he played them. What is more concerning is that Derulo never gave him that credit, nor any other credit, as he attempted to pretend that Spatola was not in the studio with him when they jointly created the completed instrumental work. It was over six months after the commercial release of Savage Love that Spatola's name was finally added as the person that played the guitars. But again, this has nothing to do with writing credit. This was for the performance. There is no dispute that Spatola played the guitars and bass that the world hears every time that #1 hit song is played. There

1  simply is no there-there to Defendant's argument. They fail to set forth any evidence
3  that timing of suit is evidence of inequitable conduct, thereby failing to meet their
4  burden. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST,
5  2017 U.S. Dist. LEXIS 81508, at *4 (N.D. Cal. May 26, 2017) ("A defendant
6  asserting that a plaintiff is barred by unclean hands must show that the plaintiff
7  acted unfairly or fraudulently respecting the matter in controversy."); *Rimini St.*, 473
8  F. Supp. 3d at 1201-02 (filing lawsuit against defendants cannot "form the basis of
9  an unclean hands defense.").

10      To the extent Defendants are claiming that Plaintiff Matthew Spatola engaged
11  in wrongful activity by "knowingly including inaccurate information in a copyright
12  application bars claims of copyright infringement," (Doc. 5) (citing *Furie v.
13  Infowars, LLC*, 401 F. Supp. 3d 952, 963 (C.D. Cal. 2019), Defendants conflate two
14  of their factually-unpled affirmative defenses: unclean hands and invalid copyright
15  registration. Of note, the defense of an invalid copyright registration is not even a
16  recognized affirmative defense for a joint work matter. *See Matrix Int'l Textile, Inc.
17  v. Monopoly Textile, Inc.*, No. CV160084FMOAJWX, 2017 WL 2929376, at *2
18  (C.D. Cal. May 12, 2017) ("[D]efendant provides no authority for its contention that
19  "invalid registration" is a recognized affirmative defense.").

20      Second, Plaintiff's conduct is not directly related to the claim it has asserted
21  against Defendants. Throughout the entire length of this litigation, Plaintiff has
22  always maintained that he was and still is entitled to a co-writer or co-producer
23  credit. While he made specific written requests for "Additional Guitar & Bass"
24  credit, he never believed that in seeking such credit, he was somehow waiving his
25  right to be named a co-writer and co-producer, and Defendants fail to offer any
26  evidence that this supports the idea that "[P]laintiff's conduct directly relates to the
27  claim which it has asserted against the defendant." *See MGM Studios, Inc.*, 518 F.
28  Supp. 2d at 1223.

Even if Defendants were somehow able to satisfy the first two prongs of the unclean hands analysis, they would be unable to show in any way how Plaintiff Matthew Spatola's conduct injured Defendants. Defendants have not set forth any facts whatsoever to demonstrate how Plaintiff's actions have adversely affected them, likely because they do not exist. In failing to do so, they are unable to satisfy this third prong, and their affirmative defense fails. As a logical next step, the affirmative defense should, therefore, not be decided upon by an advisory jury.

### E. Plaintiff Will Suffer Prejudice if the Court Finds an Advisory Jury May Hear Defendants' Affirmative Defenses.

Lastly, even if this Court finds the aforementioned defenses to be adequate to go to an advisory jury on factual or equitable bases, this Court should find doing so would severely prejudice the Plaintiff.

While Defendants are correct in asserting that there "is no evidence to suggest that a jury would be more favorable to Defendants' equitable defenses than the Court," favorability is not the only basis for possible prejudice. (Doc. 161 at 8). It is Plaintiff's position that, because these defenses are clearly unsupported by facts or law, Defendant seeks a bad faith effort to focus the jury's attention on the idea that Plaintiff somehow "sat on [his] rights for too long," gave up his rights entirely, or engaged in his own wrongdoing, in hopes the "the jury will ignore [Defendants'] blatant wrongdoing." *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149 (N.D. Iowa 2003).

A similar argument was rejected by the court in *Pioneer*, where the court denied a motion for an advisory jury. *See id* at 150. There, the court held that the admission of evidence supporting, or even any reference to, the defendant's affirmative defenses "poses a very real risk of unfair prejudice outweighing any probative value such evidence might have to matters properly before the jury, or a risk of misleading and confusing the jury." *Id.* at 149 (citing Fed. R. Evid. 403). Furthermore, if the jury was to decide both the equitable and legal issues, this might

"invite the jury to make a determination on the basis of 'equitable' considerations that do not properly enter into any determination that the jury must make." *Id.*; *see also Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868264 (S.D. Cal. Nov. 20, 2012) (adopting reasoning from *Pioneer Hi-Bred Int'l, Inc.* in precluding defendants from "presenting evidence or argument to the jury on their equitable defenses").

In this case, especially given the lack of factual support for any 'affirmative' defense, this Court should prevent both the high risk of unfair prejudice to Plaintiff as well as the high risk of confusing or misleading the jury from arising by not sending to the jury Defendants' defenses in an advisory capacity.

## IV.   CONCLUSION

Defendants make extensive arguments and put forth deep concern about it attempting to efficiently use this Court's time and resources. However, Defendants' do so in a 441-page motion based in frivolous defenses that are clearly barred by black-letter law, supported by no factual bases, not equitable at all, and clearly prejudicial to Plaintiff. Defendants' have already, with this motion, wasted the Court's and parties' time and now further request to waste the time of twelve members of the public.

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' request.

| | | |
|---|---|---|
| 1 | Dated: February 9, 2026 | Respectfully submitted, |
| 3 | | /s/ Thomas E.M. Werge |
| 5 | | **WERGE & CORBIN LAW GROUP**<br>Thomas E.M. Werge |
| 7 | | **FROST, LLP**<br>Christopher Frost |
| 9 | | *Attorneys for Plaintiff*<br>MATTHEW SPATOLA p/k/a MATTY SPATS |