SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOSHUA M. ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>    Defendants. | Case No. 2:23-cv-06191 MWF-E<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS JASON DESROULEAUX P/K/A JASON DERULO AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' OPPOSITION TO PLAINTIFF MATTHEW SPATOLA'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT DR. WILLIAM RAYNER**<br><br>*[Filed concurrently with Declaration of Joshua M. Rosenberg]*<br><br>Date: March 2, 2026<br>Time: 10:00 a.m.<br>Dept.: Courtroom 5A<br><br>Action Filed: July 31, 2023<br>FAC Filed: December 21, 2023<br>Final Pretrial Conf.: March 30, 2026<br>Trial Date: April 21, 2026 |

SMRH:4908-6599-8478

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* NO. 3 TO EXCLUDE DR. WILLIAM RAYNER

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. THE COURT SHOULD DENY SPATOLA'S MOTION .............................. 1

    A. Defendants Timely Disclosed Dr. Rayner ............................................ 1

    B. Defendants' Disclosure Of Dr. Rayner Was Justified And Harmless ................................................................................................ 3

        1. There Is No Prejudice Or Surprise To Spatola ............................ 3

        2. Spatola Still Had Months To Cure Any Prejudice ...................... 4

        3. Defendants Timely Disclosed Dr. Rayner On June 20, 2025 ................................................................................................ 5

    C. Dr. Rayner's Opinions Are Not Duplicative ........................................ 6

    D. The Rayner Rebuttal Is Tailored To The Lustig Supplement ............. 8

        1. Dr. Rayner Responds To Dr. Lustig's Prior Reports To The Extent They Are Referenced By The Lustig Supplement ................................................................................... 8

        2. Dr. Rayner's Purportedly 'New' Arguments Are Directly Responsive To Issues Raised By The Lustig Supplement .......... 8

III. CONCLUSION ................................................................................................. 10

SMRH:4908-6599-8478

-i-

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DR. WILLIAM RAYNER

# TABLE OF AUTHORITIES

Page(s)
Cases

*Holak v. Kmart Corp.*
  2014 WL 2565902 (E.D. Cal. June 6, 2014)......................................................................4

*Lanard Toys Ltd. v. Novelty, Inc.*
  375 Fed. App'x 705 (9th Cir. 2010) ................................................................................3

*Pinterest, Inc. v. Pintrips, Inc.*
  2015 WL 2268498 (N.D. Cal. May 14, 2015) ..................................................................9

*Rayzberg v. Cnty. Los Angeles*
  2024 WL 3469038 (C.D. Cal. June 28, 2024) (Gee, J.).....................................................4

*Ridgeway v. Wal-Mart Stores, Inc.*
  (N.D. Cal. Sept. 12, 2016)................................................................................................5

*Roddy v. State Farm Gen. Ins. Co.*
  2024 WL 4744018 (C.D. Cal. Oct. 25, 2024) ...................................................................7

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*
  2020 WL 8621524 (S.D. Cal. June 12, 2020) ..................................................................5

*Semtech Corporation v. Royal Insurance Corporation of America*
  2005 WL 6192906 (C.D. Cal. Sept. 8, 2005)....................................................................5

*Spatola v. Desrouleaux*
  2025 WL 2238723 (C.D. Cal. June 26, 2025) (Fitzgerald, J.) ......................................4, 5

*United Food Grp., LLC v. Cargill, Inc.*
  2014 WL 12925563 (C.D. Cal. Nov. 14, 2014) ................................................................4

*Wechsler v. Macke Int'l Trade, Inc.*
  221 F.R.D. 619 (C.D. Cal. 2004)......................................................................................4

*Wendt v. Host Int'l, Inc.*
  125 F.3d 806 (9th Cir. 1997) ............................................................................................3

*William Hablinski Architecture v. Amir Construction Incorporated*
  2005 WL 4658149 (C.D. Cal. Feb. 27, 2005)...................................................................8

-ii-

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* NO. 3 TO EXCLUDE DR. WILLIAM RAYNER

SMRH:4908-6599-8478

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
   259 F.3d 1101 (9th Cir. 2001) ................................................................................ 3

<u>Court Rules</u>

Fed. R. Civ. P. 26(a)(2)(D) ................................................................................. 2, 3

Fed. R. Civ. P. 37(c)(1) ........................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 20, 2025, Defendants served the Supplemental Rebuttal Expert Report of Dr. William Rayner (the "Rayner Rebuttal") to Spatola. Defendants served the Rayner Rebuttal when expert discovery had been reopened pursuant to stipulation and Court order and in response to the Supplemental Expert Report of Dr. Ethan Lustig (the "Lustig Supplement") that Spatola served on February 7, 2025, when all discovery was closed. Now, more than seven months after Dr. Rayner's disclosure, Spatola moves to exclude him on the grounds that his disclosure was untimely and prejudicial, and that the Rayner Rebuttal is impermissibly broad. The Court should deny Spatola's motion.

Spatola—not Defendants—requested that the re-opening of discovery in May and June 2025 include expert discovery. During this re-opening, Defendants served the Rayner Rebuttal to Spatola on June 20, 2025. The same day, Spatola served the Supplemental Expert Report of Jeff Rougvie (the "Rougvie Supplement") and new supplemental expert materials from Dr. Lustig (the "Second Lustig Supplement").

Defendants disclosed Dr. Rayner eight months before the current trial date. Spatola chose to lie in wait when he could have sought Dr. Rayner's deposition, a suggestion the Court made to Defendants to alleviate any prejudice caused by the untimely Lustig Supplement. (*See* Declaration of Joshua Rosenberg ["Rosenberg Decl."] ¶ 3, Ex. A at 6.) Based on this guidance, Defendants made the reasonable offer that Spatola could depose Dr. Rayner (with trial still several months away) ***and*** provide a report from Dr. Lustig (or any other expert) in response to the Rayner Rebuttal. Spatola inexplicably rejected Defendants' offer and brought this motion.

## II. THE COURT SHOULD DENY SPATOLA'S MOTION

### A. Defendants Timely Disclosed Dr. Rayner

Two months after Defendants filed a motion to exclude Dr. Lustig, Spatola served the Lustig Supplement on February 7, 2025, when discovery was closed and

without a stipulation from Defendants. (*See* Rosenberg, Exs. B-C; Ex. D, at 2.) Defendants moved to strike the Lustig Supplement. (*Id*., Ex. E.)

In late April 2025, Spatola raised jointly stipulating to reopening discovery. (*Id*., Ex. F at 3.) Defendants drafted the joint stipulation. (*Id*. at 1.) Defendants' first draft limited the amended deadline to "Non-Expert Discovery"; however, Spatola revised the joint stipulation to apply to "Third-Party Discovery." (*See id*., Ex. F at 21; Ex. G, at 20-21.) Spatola's counsel asserted that "based on the discussion that third-party discovery is non-prejudicial without a set trial date, ***the availability of third-party discovery should not be limited to nonexpert discovery***." (*Id*., Ex. G at 1 [emphasis added].) Defendants agreed, and Spatola revised the joint stipulation so that the extended deadlines applied to "Third-Party (including Expert) Discovery Cut-off." (*Id*., Ex. H at 1, 26.) The Court granted the joint stipulation on May 7, 2025, setting the "Third Party (including Expert) Discovery Cut-off" for June 13, 2025, and the last day to hear motions for July 14, 2025. (*Id*., Ex. I.)

On June 13, 2025, the parties agreed to extend the cut-off and motion hearing deadlines (*id*., Ex. J at 2-3), and filed another joint stipulation on June 19, 2025 (*id*., Ex. K). The Court granted it and extended the "Third Party (including Expert) Discovery Cut-off" to June 20, 2025, and the motion hearing deadline to July 21, 2025. (*Id*., Ex. L.) On June 20, 2025, Spatola served his "Eighth Supplemental 26(a)(1) Initial Disclosure Statement," which included the Rougvie Supplement and the Second Lustig Supplement. (*Id*., Ex. M; Ex. N; Ex. O at 2.) That same day, Defendants disclosed the Rayner Rebuttal. (*Id*., Ex. P.)

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure ("FRCP") requires that "[a] party must make [expert] disclosures at the times in the sequence that the court orders. ***Absent a stipulation or a court order***, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject

matter identified by another party . . . within 30 days after the other party's disclosure." Fed R. Civ. P. 26(a)(2)(D) (emphasis added).

Here, the stated exception to FRCP 26(a)(2)(D) applies because Defendants timely disclosed Dr. Rayner pursuant to a joint stipulation and the Court's order that reopened discovery including expert discovery. (Rosenberg Decl., Exs. K-L.) The parties' written communications and their actions on June 20, 2025, demonstrate they had the same understanding. (*Id.*, Ex. H at 1-3, 26; Exs. K-L.) The Court should therefore disregard Spatola's argument that he understood the parties' joint stipulations to only allow "Defendants to pursue discovery from T-Mobile." (Mot. at 4:7-8.) No such limitation exists. (*See* Rosenberg Decl., Exs. F-L.)

Spatola failed to serve any objection to Defendants' disclosure of Dr. Rayner, whereas Defendants served objections on July 3, 2025 to the Rougvie Supplement. (Rosenberg Decl., Ex. Q.) Spatola also failed to file any motion by the deadline of July 21, 2025, as set forth in the joint stipulation and order thereon. (*Id.*, Exs. K-L.)

### B. Defendants' Disclosure Of Dr. Rayner Was Justified And Harmless

Even if Rayner Rebuttal was untimely (it was not), Dr. Rayner should not be excluded because his disclosure was substantially justified and harmless. *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Exclusion of expert testimony is an "extreme sanction." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Courts consider: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010).

#### 1. There Is No Prejudice Or Surprise To Spatola

Spatola cannot claim in February 2026 that he is prejudiced or surprised by Defendants' disclosure of the Rayner Rebuttal in June 2025. Spatola did not object to the Rayner Rebuttal nor did he seek to depose Dr. Rayner. Spatola did not file a

motion by the parties' stipulated deadline of July 21, 2025. (*Id.*, Ex. L.) He also did not seek to extend the discovery period, even though parties had done so twice previously. (*Id.*, Exs. I, L.) Spatola just waited for six months and did not raise objections until December 2025. (*Id.*, Ex. R at 3.) He cannot now claim prejudice in light of his own inaction. *See Holak v. Kmart Corp.*, 2014 WL 2565902, at *8 (E.D. Cal. June 6, 2014) (where "Plaintiff took no action for **over four months** after receiving the disclosures," the last-minute disclosures of witnesses were deemed harmless) (emphasis in original); *Rayzberg v. Cnty. Los Angeles*, 2024 WL 3469038, at *3 (C.D. Cal. June 28, 2024) (Gee, J.) ("Plaintiff cannot sit on her hands and then ask the Court to save her from her own dilatory conduct.").

### 2. Spatola Still Had Months To Cure Any Prejudice

When Spatola objected for the first time to Dr. Rayner's disclosure, Defendants proposed that Spatola could (1) depose Dr. Rayner; and (2) submit an expert report from Dr. Lustig (or any other expert) in response to the Rayner Rebuttal. (Rosenberg Decl., Ex. S at 1.) Spatola's counsel immediately rejected Defendants' offer, even though he had more than three months until the April 21, 2026 trial to remedy the purported prejudice about which he now complains. (*Id.*)

Courts have consistently ruled that a party's opportunity to conduct a deposition of an expert weighs heavily against any claimed prejudice. *See Spatola v. Desrouleaux,* 2025 WL 2238723, at *3 (C.D. Cal. June 26, 2025) (Fitzgerald, J.) ("there is time to cure any prejudice by deposing Dr. Lustig"); *United Food Grp., LLC v. Cargill, Inc.*, 2014 WL 12925563, at *7 (C.D. Cal. Nov. 14, 2014) ("Numerous courts in the Ninth Circuit have found that where the moving party has had the opportunity to conduct discovery on an expert's purportedly late-disclosed information, the minimal prejudice does not warrant exclusion of the expert's opinion from trial"); *Wechsler v. Macke Int'l Trade, Inc.*, 221 F.R.D. 619, 623 (C.D. Cal. 2004) ("[B]ecause plaintiff is willing to allow defendants to take Goedde's deposition

regarding the damage calculations contained in the Second Supplemental Expert Report, any prejudice to defendants will be minimized.").

In fact, this Court permitted the Lustig Supplement, in relevant part, because "Dr. Lustig's testimony will almost certainly be helpful to the jury." *Spatola,* 2025 WL 2238723, at *3. Fairness dictates that Defendants have the opportunity to present their own expert to rebut the Lustig Supplement, which, unlike his October 2024 reports, heavily emphasizes Dr. Lustig's "hands-on" experience in the music industry and "'recording studio' perspective" to "provide further information related to [his] music methodology." (Rosenberg Decl., Ex. D at 5, 7.) As explained *infra*, Dr. Rayner is necessary to rebut these new points in the Lustig Supplement because Dr. Lawrence Ferrara does not have the same "hands-on" experience or perspective.

### 3. Defendants Timely Disclosed Dr. Rayner On June 20, 2025

Spatola wrongly claims that the extended discovery period in May and June 2025 was "solely tailored to permit Defendants to engage in third party discovery." (Mot. at 9:12-13.) His conduct and communications prove otherwise. Spatola requested that the extended discovery period include expert discovery. (Rosenberg Decl., Ex. H at 3.) And **both** Spatola and Defendants utilized the reopening of discovery to disclose additional expert information, and did so on the same day—June 20, 2025. (*Id.*, Exs. M, N, O, P.) All discovery was closed when Spatola disclosed the Lustig Supplement on February 7, 2025. (*Id.*, Ex. C.) Defendants were first able to rebut the Lustig Supplement with the Rayner Rebuttal when the Court ordered the reopening of fact and expert discovery a few months later. (*Id.*, Exs. I, K, L.) Thus, the Rayner Rebuttal was not only appropriate, but also necessary. *See Ridgeway v. Wal-Mart Stores, Inc.*, at *1 (N.D. Cal. Sept. 12, 2016) (finding no harm by supplementation, where the opposing party "had the opportunity to file a supplemental expert rebuttal report and to depose [the expert] after receiving his supplemental report."); *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 2020 WL 8621524, at *9 (S.D. Cal. June 12, 2020) (same); *Semtech*

1 *Corporation v. Royal Insurance Corporation of America*, 2005 WL 6192906, at **2-3 (C.D. Cal. Sept. 8, 2005) (same).

### C. Dr. Rayner's Opinions Are Not Duplicative

While Spatola labels the Rayner Rebuttal as "duplicative" of Dr. Ferrara's opinions (Not. at 2:13-18; Mot. at 1:12), Spatola does not actually identify the alleged duplication. Nor can he. The Rayner Rebuttal is the first and only instance where Defendants have an expert who responds to the Lustig Supplement and its contents, including but not limited to: (1) Dr. Lustig's clarification of his "music methodology" (Rosenberg Decl., Ex. D at 5, ¶ 1); (2) details of the prior art analysis Dr. Lustig claims he performed (*id.* at 6, ¶ 5; 8-10 ¶¶ 11-16); and (3) Dr. Lustig's new, heavy emphasis on his "significant experience in recording studios" and "his 'recording studio' perspective" (*id.* at 6-7, ¶ 8). For the first time, the Lustig Supplement expressly incorporates his professional background into his opinions:

> ***Far from the typical academic, I have a hands-on relationship with the music industry***. I have co-produced and co-written music that received radio play, and have had my music licensed by companies including Adobe. I have worked in artist management to promote songs for radio, playlists, and blog and magazine coverage. I have songs licensed with multiple "music libraries" for film and TV (see my CV). ***Having written, arranged, mixed, produced, and mastered dozens of records***, in addition to years of experience specifically teaching music production and sound design at the university level, I believe that ***I am qualified to opine on what can make a commercially successful arrangement***.

(*Id*. at 7, ¶ 9) (emphases added.) Dr. Lustig acknowledges that, unlike in his earlier reports, the Lustig Supplement details his professional expertise to "supplement" the opinions in his principal report (and well beyond his CV attached thereto):

> All this is within my expertise as a musicologist ***with extensive professional experience*** in music production and recording studio sessions, as well as extensive pedagogical experience in musicianship/ear training (***as detailed above in the present document and in my CV***) . . . .

(*Id*. at 8, ¶ 10) (emphasis added.)

The Rayner Rebuttal is the only expert response to the Lustig Supplement that Defendants have disclosed, and did so ten months before the April 21, 2026 trial. For this reason alone, Dr. Rayner is not duplicative of Dr. Ferrara.

Dr. Rayner's opinions are not cumulative of those offered by Dr. Ferrara for several other reasons. First, Dr. Rayner, like Dr. Lustig, has "hands-on" professional experience with guitar and other instruments, music and audio production, sound and recordings, and studio sessions, whereas Dr. Ferrara does not have this expertise. (Rosenberg Decl., Ex. P at 16, 26-27; Ex. T at 8 ¶ 1.) Second, the Rayner Rebuttal covers different issues uniquely raised by the Lustig Supplement and thus not addressed by Dr. Ferrara. (*See generally id*., Ex. P, Ex. U at 5 ¶ 1.) Third, Dr. Rayner provides a qualitative value assessment of the expression in "Savage Love (Laxed – Siren Beat)" from the perspective of the "listener's attention," whereas, Dr. Ferrara's reports do not provide this assessment. (*Id*., Ex. P at 8-9 § II.3; *see generally* Exs. T-U.) Fourth, the Rayner Rebuttal notes that it is "routine for singers to sing chord tones, and this does not establish creative authorship by the guitarist," whereas Dr. Ferrara's reports do not. (*Id*., Ex. P, at 9 § II.5; *see generally* Exs. T-U.)  Finally, Dr. Rayner and Dr. Ferrara's respective reports utilize different methods and tools, and analyze distinct musical factors. (*Id*., Ex. P at 8-9 § II.3-5, III.B; Ex. T at 18-26; Ex. U at 27-29 ¶¶ 56-61.)

To the extent there is any overlap of opinions, it does not warrant exclusion of Dr. Rayner. *See Roddy v. State Farm Gen. Ins. Co.*, 2024 WL 4744018, at *2-3 (C.D. Cal. Oct. 25, 2024) ("the mere presence of overlap, reference to another expert's report or a similar conclusion, does not render an expert report unnecessarily 'cumulative'"). In *Roddy*, two experts with overlapping testimony were not excluded because although their reports reached similar conclusions, the experts had different credentials and their reports did not rely on the same information given that the experts performed their own analyses. *Id*. Similarly, here, while Defendants' experts

reach consistent conclusions, Dr. Rayner has extensive "hands-on" experience and provides opinions from a "recording studio perspective," whereas Dr. Ferrara does not. Their reports also conduct different analyses and rely on different methods. (*See* Rosenberg Decl., Ex. P at 16; Ex. T at 8 ¶ 1.)

### D. The Rayner Rebuttal Is Tailored To The Lustig Supplement

Spatola incorrectly asserts that the Rayner Rebuttal is impermissibly overbroad, and mischaracterizes it as a "surrebuttal." Spatola mistakenly relies on *William Hablinski Architecture v. Amir Construction, Inc.* to support his proposition that Defendants should not be permitted to disclose a "wholly new rebuttal expert." 2005 WL 4658149, at *2 (C.D. Cal. Feb. 27, 2005). In that case, the defendants disclosed a new rebuttal expert ***after*** an expert "cutoff." *Id.* Conversely, here, Defendants disclosed Dr. Rayner when expert discovery was explicitly reopened by the parties' joint stipulation and the Court's order thereon.

#### 1. Dr. Rayner Responds To Dr. Lustig's Prior Reports To The Extent They Are Referenced By The Lustig Supplement

Dr. Rayner's opinions focus on the analysis and information in the Lustig Supplement. (*See generally* Rosenberg Decl., Ex. P.) However, Dr. Rayner necessarily reviewed Dr. Lustig's prior reports because the Lustig Supplement was purportedly intended to clarify and contextualize his prior reports. Indeed, the Lustig Supplement repeatedly references Dr. Lustig's "principal report" and "rebuttal report." (*Id.*, Ex. D at 5-10.) The Lustig Supplement is part and parcel of Dr. Lustig's earlier reports. It does not exist in a vacuum. Dr. Rayner could not rebut the Lustig Supplement without reviewing Dr. Lustig's prior reports cited therein, and it is not disqualifying that Dr. Rayner referenced them in the Rayner Rebuttal.

#### 2. Dr. Rayner's Purportedly 'New' Arguments Are Directly Responsive To Issues Raised By The Lustig Supplement

Spatola wrongly asserts there are four issues that Dr. Rayner addresses which are purportedly not covered by the Lustig Supplement. The Rayner Rebuttal is

narrowly tailored to address the issues raised and relied upon in the Lustig Supplement. Challenging an expert report's assumptions and information is the proper subject of a rebuttal report. *See Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 2268498, at *1 (N.D. Cal. May 14, 2015) ("Of course, challenging the assumptions of an expert witness' report is a permissible topic of rebuttal testimony.").

Dr. Rayner's analysis of Dr. Lustig's inaccurate ear transcriptions are directly responsive to the Lustig Supplement because Dr. Lustig's ear transcriptions are the basis of his opinions. Specifically, in the Lustig Supplement, the accuracy of Dr. Lustig's ear transcriptions is relevant to the following assertions:

- "Spatola's performance is present in 100% of the sound recording, of which 21% of the sound recording is purely Spatola; compositionally, contributes uniquely to approximately 12% of the work." (*See* Rosenberg Decl., Ex. D at 5-6, ¶ 4.)

- "As a music educator who has taught hundreds of students, specifically in the areas of **"musicianship"/ "ear training", I am professionally qualified to assess someone's musical aptitudes**…I opined on the musical aptitudes of Spatola and Derulo…**Spatola and Derulo's agency and aptitudes *are* highly pertinent to the musicological side of this case**, because the fundamental musicological questions I have been asked to answer are the extent and role of Spatola's contributions to the composition and sound recording. (*Id*. at 6-7, ¶ 8 (citations omitted and emphases added).)

Dr. Rayner similarly responds to the Lustig Supplement's opinion that Spatola introduced a novel chord:

- "I believe my principal report does address the question of originality, including by demonstrating the unique musicological characteristics [to] Spatola's voicings, harmonies, and rhythms." (*Id*. at 6, ¶ 6 (citations omitted).)

- "Spatola consistently employs an Eb major (add6) harmony in "Savage Love", which was not present in "Laxed (Siren Beat)". (*Id*. at 9, ¶ 13.)

Dr. Rayner's analysis of Dr. Lustig's oversimplification of his "four-part arrangement" relates to Dr. Lustig's "improper weighting of Spatola's performance." (Mot. at 7:7-13; *see* Rosenberg Decl., Ex. P at 8 § II.2.) Dr. Rayner rebuts the Lustig Supplement's assertion that Dr. Lustig is qualified to opine that "Spatola's

SMRH:4908-6599-8478

-9-

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DR. WILLIAM RAYNER

performance broadens the appeal of 'Savage Love'" and that there are "unique musicological characteristics [to] Spatola's voicings, harmonies, and rhythms." (*See* Rosenberg Decl., Ex. D at 6-7, ¶¶ 6-9.)

Finally, Dr. Rayner's scrutiny of Dr. Lustig's "speculative analysis that 'Spatola's chord voicings 'magnetically guided' Derulo's vocal choices'" relates to Dr. Lustig's inaccurate assertion that Spatola influenced Derulo throughout the creative process. (Mot. at 7:11-13.) Dr. Lustig affirmatively raises this issue in his Supplemental Report, where he discusses Defendants' claim that he "manufacture[d] a contrary narrative" and he opines that he "strongly question[s]—by identifying serious gaps in his comprehension and reproduction of harmonic concepts in deposition—Derulo's claim that he is able to direct, via singing, the specific notes, chords, and voicings that he wants to hear instrumentally." (*See* Rosenberg Decl., Ex. D at 8, ¶ 10.)

## III.   CONCLUSION

Defendants respectfully request that the Court deny Spatola's motion.

Dated:  February 9, 2026                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   /s/ *Joshua M. Rosenberg*
         Joshua M. Rosenberg
         Kazim A. Naqvi
         Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

# CERTIFICATE OF COMPLIANCE L.R. 11-6.2

The undersigned, counsel of record for Defendants Jason Desrouleaux p/k/a Jason Derulo; and Sony Music Entertainment d/b/a Columbia Records, certifies that this brief contains 3,245 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 9, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Joshua M. Rosenberg*
Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

SMRH:4908-6599-8478

-11-

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DR. WILLIAM RAYNER