SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOSHUA M. ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>Plaintiff,<br><br>v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>Defendants. | Case No. 2:23-cv-06191 MWF-E<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS JASON DESROULEAUX P/K/A JASON DERULO AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' REPLY IN SUPPORT OF MOTION FOR AN ADVISORY JURY ON DEFENDANTS' EQUITABLE DEFENSES**<br><br>*[Filed concurrently with Supplemental Declaration of Joshua M. Rosenberg]*<br><br>Date:  March 2, 2026<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 5A<br><br>Action Filed:  July 31, 2023<br>FAC Filed:  December 21, 2023<br>Final Pretrial Conf.:  March 30, 2026<br>Trial Date:  April 21, 2026 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. Argument .............................................................................................................2

    A. Spatola Fails To Address The Merits Of Defendants' Motion...............2

    B. Spatola Does Not And Cannot Dispute That The Evidence For Defendants' Equitable Defenses Will Be Tried To The Jury .................3

        1. Defendants' Facts And Evidence To Rebut Spatola's Joint Authorship Claim................................................................................4

        2. Defendants' Facts And Evidence To Support Their Equitable Affirmative Defenses ......................................................................6

    C. Spatola's Opposition Improperly Seeks Affirmative Relief...................7

        1. Spatola's Attempt To Dismiss Defendants' Equitable Defenses Is Untimely And Improper................................................................8

        2. Spatola's Attempt To Summarily Adjudicate Defendants' Estoppel And Unclean Hands Defenses Fails ...........................10

        3. Laches Can Properly Apply Here................................................12

III. CONCLUSION.................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aalmuhammed v. Lee*
  202 F.3d 1227 (9th Cir. 2000) .................................................................. 4, 5, 6, 7

*Brit. Airways Bd. v. Boeing Co.*
  585 F.2d 946 (9th Cir. 1978) .............................................................................. 11

*Classic Concepts, Inc. v. Linen Source, Inc.*
  No. CV 04-8088 GPS (MANx), 2006 WL 4756377 (C.D. Cal. Apr. 27, 2006) ................................................................................................................. 10

*Crowell v. Beeler*
  No. 1:14-CV-01724 AWI BAM, 2017 WL 1198579 (E.D. Cal. Mar. 31, 2017) ................................................................................................................. 11

*Danjaq LLC v. Sony Corp.*
  263 F.3d 942 (9th Cir. 2001) ................................................................................ 6

*Davis v. Schneider*
  No. 2:18-CV-01910 VBF (MAA), 2020 WL 9074713 (C.D. Cal. Dec. 18, 2020) ................................................................................................................... 8

*Foster v. City of Fresno*
  392 F. Supp. 2d 1140 (E.D. Cal. 2005) ............................................................... 3

*Grouse River Outfitters Ltd. v. Oracle Corp.*
  No. 16-CV-02954-LB, 2019 WL 8918902 (N.D. Cal. June 21, 2019) ................ 9

*Interscope Recs. v. Time Warner, Inc.*
  No. CV 10-1662 SVW (PJWx), 2010 WL 11505708 (C.D. Cal. June 28, 2010) ..................................................................................................................... 7

*Khosroabadi v. Mazgani Soc. Servs., Inc.*
  No. SACV-17-00644 CJC, 2017 WL 8236730 (C.D. Cal. Oct. 4, 2017) (motion to strike under Fed. R. Civ. Proc. 12(f)) ...................................... 8, 9, 10

*Kobayashi v. McMullin*
  No. 2:19-CV-06591 DOC (MAA), 2022 WL 3137958 (C.D. Cal. May 31, 2022) ............................................................................................................ 8, 11

*Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*
  No. CV 16-0084 FMO (AJWx), 2017 WL 2929376 (C.D. Cal. May 12, 2017) ........................................................................................................... 10

*MPI LLC v. Sorting Robotics, Inc.*
  No. LA CV22-07464 ............................................................................................. 8

*Petrella v. MGM*
  572 U.S. 663 (2014) ........................................................................................... 12

*Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*
  219 F.R.D. 135 (N.D. Iowa 2003) ....................................................................... 4

*Pohl v. MH Sub I, LLC*
  478 F.Supp. 3d 1232 (N.D. Fla. 2020) .............................................................. 10

*Rearden LLC v. Walt Disney Co.*
  No. 17-CV-04006-JST, 2023 WL 9187385 (N.D. Cal. Dec. 14, 2023) .............. 3

*In re REMEC Inc. Sec. Litig.*
  702 F. Supp. 2d 1202 (S.D. Cal. 2010) ............................................................. 11

*Ross v. Morgan Stanley Smith Barney, LLC*
  No. 2:12-CV-09687-ODW(JCx), 2013 WL 1344831 (C.D. Cal. Apr. 2, 2013) ................................................................................................................. 9

*Sec. & Exch. Comm'n v. Payward, Inc.*
  763 F.Supp. 3d 901 (N.D. Cal. 2025) ................................................................. 9

*Silva v. U.S. Bancorp*
  No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ................................................................................................................. 2

*Skidmore v. Led Zeppelin*
  No. CV 15-3462 RGK (AGRx), 2016 WL 1442461 (C.D. Cal. Apr. 8, 2016) ............................................................................................................... 12

*Softketeers, Inc. v. Regal West Corp.*
  No. 8:19-CV-00519-JWH (JDEx), 2022 WL 17968835 (C.D. Cal. Dec. 22, 2022) ................................................................................................................ 6

*Sun Microsystems, Inc. v. Dataram Corp.*
  No. CIV. 96-20708 SW, 1997 WL 50272 (N.D. Cal. Feb. 4, 1997) .................. 8

*Synopsys, Inc. v. Real Intent, Inc.*
 No. 5:20-CV-02819-EJD, 2024 WL 4557334 (N.D. Cal. Oct. 22, 2024) ......... 10

Statutes

17 U.S.C. § 411(b) ............................................................................................... 10

Other Authorities

Fed. R. Civ. Proc. 12(f) ................................................................................ 1, 8, 9

Fed. R. Civ. Proc. 12(f)(2) ..................................................................................... 9

-iv-   Case No. 2:23-cv-06191 MWF-E
SMRH:4910-6871-5150   REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR AN ADVISORY JURY ON EQUITABLE DEFENSES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants'[1] Motion demonstrates that submission of their affirmative defenses for estoppel, laches, and unclean hands to an advisory jury will (1) promote judicial economy (Mot. at 3:2-6:6), (2) provide helpful advice on credibility issues (*id.* at 6:7-8:15), and (3) pose no prejudice to Spatola (*id.* at 8:16-26) because the facts and evidence underlying these three equitable defenses will already be presented to the jury through Defendants' rebuttal to Spatola's sole legal claim for declaratory relief. In his Opposition, Spatola offers a series of red herrings that fail to oppose the actual grounds upon which this Motion rests. Ninth Circuit courts are unambiguous that a failure to respond to arguments and legal authority in an opposition brief is a concession of those points.

Instead, Spatola tries to rewind the clock and attack the sufficiency of Defendants' pleading of their affirmative defenses in their Answer filed more than two years ago on January 11, 2024 (ECF 30). (Opp. at 2:28-5:15.) In doing so, Spatola impermissibly seeks to convert his Opposition into an unnoticed FRCP 12(f) motion to strike Defendants' affirmative defenses. Spatola's demands for affirmative relief in his Opposition are procedurally improper and legally baseless. Defendants' Motion is a pretrial motion that seeks to determine whether Defendants' estoppel, laches, and unclean hands defenses will go to an advisory jury – not whether the defenses will reach trial whatsoever. Spatola's attempts to use his Opposition as a pleadings challenge should not be considered at this late stage.

To the extent Spatola's Opposition actually responds to the grounds for this Motion (and he barely does so), he fails to show why submitting these equitable defenses to an already-empaneled jury is improper or otherwise prejudicial. The Court should therefore grant Defendants' Motion.

---

[1] Defendants incorporate herein the same defined terms as set forth in the Motion.

## II. ARGUMENT

### A. Spatola Fails To Address The Merits Of Defendants' Motion

Defendants establish that submitting their equitable defenses to an advisory jury promotes judicial economy, assists this Court in making critical credibility determinations, and poses no prejudice because the facts and evidence underlying these three equitable defenses will already be presented to the jury when Defendants seek to disprove Spatola's sole legal claim for declaratory relief. (*See generally*, Mot. at 2:13-8:26.) Spatola's Opposition utterly fails to address these points. Instead, he devotes eight of the ten pages in his Opposition moving (without a noticed motion) to strike Defendants' affirmative defenses of laches, estoppel, and unclean hands (Opp. at 1:5-9:8), arguing "Defendants Failed to Adequately **Plead** Their Affirmative Defenses" (*id*. at 2:28 [emphasis added]). In the lone section where Spatola actually responds to Defendants' Motion, he merely addresses the purported risk of prejudice but ***does not*** dispute that the facts and evidence supporting Defendants' equitable defenses will be presented to the jury when Defendants refute Spatola's joint authorship claim at trial. (*Id*. at 9:9-10:11.)

Spatola's Opposition completely ignores Defendants' arguments that because the facts and evidence supporting Defendants' equitable affirmative defenses and their rebuttal to Spatola's legal claim are inextricably intertwined, the presentation of the equitable defenses to the jury will promote judicial economy. (Mot. at 3:2-6:6; *see generally* Opp.) Spatola similarly ignores Defendants' argument that submitting the equitable defenses to the jury will assist the Court in making credibility determinations critical to ruling on each affirmative defense given juries' unique skill in addressing such questions. (Mot. at 6:7-8:15; *see generally* Opp.)

Courts in this circuit are clear that where, as here, a party fails to address an argument in an opposition, the argument is conceded. *See Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (plaintiff conceded argument "by failing to address Defendants' arguments in his

Opposition."); *Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1146 n. 7 (E.D. Cal. 2005) ("failure of a party to address a claim in an opposition to a motion . . . may constitute a waiver of that claim."). Accordingly, Spatola concedes that:

- The Non-Party Joint Authors are joint authors of the Savage Love Composition (Mot. at 4:1-3);
- The facts and evidence supporting Defendants' equitable affirmative defenses are inextricably intertwined with those supporting Defendants' rebuttal to Spatola's legal claim for declaratory relief (*id*. at 3:4-6:6);
- Submitting Defendants' equitable affirmative defenses to the jury will assist the Court in making credibility determinations critical to ruling on each affirmative defense (*id*. at 6:7-8:15); and
- Juries are uniquely qualified to answer questions of credibility (*id*. at 8:4-15).

Given Spatola's concessions, and that courts will typically empanel advisory juries to promote judicial economy where at least one of the claims to be tried has facts common to another claim that will be tried to a jury by right, and where there are special factors which suggest that a jury will help guide a court in making its findings, this Motion should be granted. *See Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2023 WL 9187385, at *2 (N.D. Cal. Dec. 14, 2023).

### B. Spatola Does Not And Cannot Dispute That The Evidence For Defendants' Equitable Defenses Will Be Tried To The Jury

In his Opposition, Spatola argues: "Defendant seeks a bad faith effort to focus the jury's attention on the idea that Plaintiff somehow **'sat on [his] rights for long,'** gave up his rights entirely, or engaged in his own wrongdoing, in hopes the '**jury will ignore Defendants' blatant wrongdoing**.'" (Opp. at 9:16-22 [quoting *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 149 (N.D. Iowa 2003)] [emphasis added].)

Spatola once again misrepresents a case to the Court. His quote from *Pioneer* refers to the **court's summary of the parties' positions** in that case—**not** the court's holding. See *Pioneer*, 219 F.R.D. at 149 ("**Pioneer argues** that Ottawa is hoping that, by focusing the jury's attention on its contention that Pioneer somehow **sat on its rights for too long, the jury will ignore Ottawa's own blatant wrongdoing**.") (emphases added). The *Pioneer* court does not adopt these arguments from the parties in its decision. See *id*. ("it is impracticable and potentially prejudicial to Pioneer to try Ottawa's equitable defenses to the jury…").

*Pioneer* also does not stand for the proposition that Defendants' equitable defenses cannot go to an advisory jury because they will improperly focus the jury's attention. In *Pioneer*, the court denied the motion for an advisory jury because, earlier in its opinion, it had expressly excluded evidence directed at the defendant's equitable defenses from being presented to the jury via granting a motion *in limine* due to the risk of prejudice. 219 F.R.D. at 145, 149. Conversely, here, Spatola has never sought to exclude the evidence Defendants intend to rely on for their equitable affirmative defenses. Nor could he exclude this evidence because it is inextricably intertwined with the facts and evidence supporting Defendants' opposition to Spatola's declaratory relief claim. Defendants have identified several instances of such overlapping facts and evidence. (Mot. at 3:24-6:6.)

### 1. Defendants' Facts And Evidence To Rebut Spatola's Joint Authorship Claim

Spatola must prove, among other things, that there were objective manifestations of shared intent to be co-authors between Spatola, on the one hand, and Derulo, Joshua Nanai p/k/a Jawsh 685 ("Jawsh"), Jacob Kasher Hindlin p/k/a JKash ("JKash"), and Philippe Henri Greiss p/k/a Phil Greiss ("Greiss"), on the other hand. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-35 (9th Cir. 2000). Thus, Defendants intend to show that no such objective manifestations of shared intent ever occurred. (*See* Supplemental Declaration of Joshua M. Rosenberg ("Rosenberg

Supp. Decl.") ¶ 3, Exhibit 1 (Defendants' 12/16/24 Memorandum of Contentions of Law and Fact [ECF 96]) at 3:10-20, 6:12-8:3.)

To undermine Spatola's joint authorship claim, Defendants will rely on evidence that Spatola and his manager / wife / authorized representative Ghena Spatola a/k/a Ghena Nasser ("Ghena") never asked for "writer" or "producer" credit on Savage Love. Rather, Spatola and Ghena repeatedly requested in writing that Spatola receive the instrumentalist credit of "Additional Guitar & Bass" on Savage Love, and Spatola asked Derulo to pay him $2,000 for his two sessions playing guitar and bass on Savage Love—and Spatola received the exact credit and the exact payment that he requested. (Mot. at 4:1-5:9, 7:17-19, 7:26-8:3; *see* Rosenberg Decl. ¶ 11, Ex. C [Derulo Dep.] at 161:15-161:24; ¶ 12, Ex. D [Spatola Dep.] at 228:1-229:2, 297:20-299:4, 325:14-337:5, 354:8-355:25; ¶ 13, Ex. E [Ghena Dep.] at 65:18-66:11, 75:25-76:24, 77:13-78:18, 81:10-81:22, 83:11-85:11; ¶ 14, Ex. F [Leak Decl.] ¶¶ 13-27.)

Likewise, Defendants intend to present evidence that Spatola publicly promoted himself as a "writer" and "producer" on Instagram for numerous songs **other than Savage Love**. (Mot. at 4:11-16, 7:8-16; *see* Rosenberg Decl. ¶ 11, Ex. C [Derulo Dep. Trans.] at 161:15-161:24; ¶ 12, Ex. D [Spatola Dep. Trans.] at 228:1-229:2, 297:20-299:4, 325:14-337:5, 354:8-355:25; ¶ 13, Ex. E [Ghena Dep. Trans.] at 65:18-66:11, 75:25-76:24, 77:13-78:18, 81:10-81:22, 83:11-85:11; *compare* ¶¶ 16-27, Exs. H-S *with* ¶¶ 28-30, Exs. T-V; *see also* Rosenberg Supp. Decl. ¶ 3, Ex. 1 [ECF 96] at 14:10-13.) This is additional evidence Defendants will rely on to disprove that Spatola objectively manifested his intent to be a co-author of Savage Love. *Aalmuhammed*, 202 F.3d at 1231-1235. (*See* Rosenberg Supp. Decl. ¶ 3, Ex. 1 [ECF 96] at 6:12-8:3.)

///
///
///

### 2. Defendants' Facts And Evidence To Support Their Equitable Affirmative Defenses

The foregoing evidence supports Defendants' challenge to Spatola's declaratory relief claim *and* Defendants' equitable defenses for estoppel, unclean hands, and laches.

Indeed, Defendants' estoppel defense entirely hinges on the same facts and evidence, including but not limited to that Defendants reasonably relied for *several years* to their detriment on Spatola's request and receipt for instrumentalist credit instead of "writer" and "producer" credit.  *See Softketeers, Inc. v. Regal West Corp.*, No. 8:19-CV-00519-JWH (JDEx), 2022 WL 17968835, at *17 (C.D. Cal. Dec. 22, 2022) (identifying estoppel elements).  (*Compare* Rosenberg Supp. Decl. ¶ 3, Ex. 1 [ECF 96] at 10:7-17, 13:19-14:26 [setting forth legal authority and citing specific evidence in support of estoppel defense] *with id.* at 3:10-20, 6:12-8:3 [citing same evidence for *Aalmuhammed* test]; s*ee also* 3/20/25 Order on Defendants' Motion for Summary Judgment ("MSJ Order") [ECF 125] at 11 ["Plaintiff requested only guitar and bass credit for *several years*."] [emphasis added].)

Defendants' laches defense similarly requires that they show Spatola unreasonably delayed in requesting the "writer" and "producer" credits, and Defendants were prejudiced as a result.  *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950-51 (9th Cir. 2001) (identifying laches elements).  (*Compare* Rosenberg Supp. Decl. ¶ 3, Ex. 1 [ECF 96] at 9:16-25, 11:26-12:28 [setting forth legal authority and citing specific evidence in support of laches defense] *with id.* at 3:10-20, 6:12-8:3 [citing same evidence for *Aalmuhammed* test]; *see also* MSJ Order") [ECF 125] at 11 ["Plaintiff requested only guitar and bass credit for *several years*."] [emphasis added].)  Defendants will utilize this same evidence and legal argument for both their laches defense and their rebuttal of the "objective manifestations of intent" factor that Spatola seeks to prove to the jury.

1    Moreover, for their unclean hands defense, Defendants will present the same
2    evidence to prove that Spatola purposely sought "Additional Guitar & Bass" credit
3    instead of "writer" and "producer" credits even though he **did** know the difference
4    between these credits around the same time period (2020-2021), contrary to his
5    deposition testimony that lacks any credibility.  *See Interscope Recs. v. Time*
6    *Warner, Inc.*, No. CV 10-1662 SVW (PJWx), 2010 WL 11505708, at *14 (C.D. Cal.
7    June 28, 2010) (identifying unclean hands elements).[2]  Defendants' unclean hands
8    defense **and** their defense to Spatola's joint authorship claim rely on the same facts
9    and evidence – that Spatola improperly seeks "writer" and "producer" credits
10   through this litigation even though he knew how to ask for "writer" and "producer"
11   credits on a song as opposed to instrumentalist credit, and he intentionally declined
12   to do so for Savage Love for "several years."  (*Compare* Rosenberg Supp. Decl. ¶ 3,
13   Ex. 1 [ECF 96] at 10:18-11:3, 14:27-15:13 [setting forth legal authority and citing
14   specific evidence in support of laches defense] *with id.* at 3:10-20, 6:12-8:3 [citing
15   same evidence for *Aalmuhammed* test]; MSJ Order [ECF 125] at 10-11.)

16   Spatola does not and cannot dispute that the evidence for Defendants'
17   equitable defenses is the same evidence they will rely on to disprove Spatola's joint
18   authorship claim.  For this reason, the Court should grant Defendants' Motion.

19   **C.    Spatola's Opposition Improperly Seeks Affirmative Relief**

20   Instead of addressing the grounds of Defendants' Motion, or the standard that
21   courts apply for determining whether or not to submit equitable defenses to a jury,
22   Spatola spends the majority of his Opposition demanding affirmative relief from this

---

[2] As Spatola notes in his improper argument to attempt to dismiss Defendants' unclean hands defense, "the application of the unclean hands doctrine is generally a fact intensive inquiry."  (Opp. at 6:25-29) (citing *Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026 (S.D. Cal. 2018).)  Given that unclean hands is a fact intensive inquiry, an advisory jury would be particularly helpful in assisting the Court in weighing the evidence and determining credibility.

Court.  The law clearly prohibits Spatola's request.  "[A] party cannot seek affirmative relief in an opposition brief."  *Kobayashi v. McMullin*, No. 2:19-CV-06591 DOC (MAA), 2022 WL 3137958, at *9 (C.D. Cal. May 31, 2022); *Davis v. Schneider*, No. 2:18-CV-01910 VBF (MAA), 2020 WL 9074713, at *5, n. 4 (C.D. Cal. Dec. 18, 2020) ("Courts in this and other districts have concluded that a request for affirmative relief is not proper when raised for the first time in an opposition.").

### 1. Spatola's Attempt To Dismiss Defendants' Equitable Defenses Is Untimely And Improper[3]

Defendants painstakingly detail their affirmative defenses and evidence in support thereof in their Memorandum of Contentions of Facts and Law filed on December 16, 2024.  (Rosenberg Supp. Decl. ¶ 3, Ex. 1 [ECF 96] at 9:14-16:21.)  Now, on February 9, 2026, Spatola belatedly and improperly asks the Court to strike all of Defendants' affirmative defenses because he believes they were insufficiently pled in Defendants' Answer filed more than two years ago on January 11, 2024 (ECF 30).  (*See* Opp. at 2:28-5:15.)

In support of this argument, Spatola cites ***exclusively*** to cases addressing motions to strike under Federal Rule of Civil Procedure 12(f).  (*Id.*) (citing *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 795 (C.D. Cal. 2016) (motion to strike under Fed. R. Civ. Proc. 12(f)); *Sun Microsystems, Inc. v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 WL 50272, at *3 (N.D. Cal. Feb. 4, 1997) (motion to strike under Fed. R. Civ. Proc. 12(f)); *Khosroabadi v. Mazgani Soc. Servs., Inc.*, No. SACV-17-00644 CJC (KESx), 2017 WL 8236730, at *1 (C.D. Cal. Oct. 4, 2017) (motion to strike under Fed. R. Civ. Proc. 12(f)); *MPI LLC v. Sorting Robotics, Inc.*, No. LA CV22-07464 JAK (PDx), 2023 WL 5505028, at *1 (C.D. Cal. June 21,

---

[3] Spatola references Defendants' invalid copyright registration and license affirmative defenses.  (Opp. at 4:7-13.)  However, Defendants' Motion does not relate to either of these defenses.

2023) (motion to strike under Fed. R. Civ. Proc. 12(f); *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-CV-09687-ODW(JCx), 2013 WL 1344831, at *1 (C.D. Cal. Apr. 2, 2013) (motion to strike under Fed. R. Civ. Proc. 12(f)).

As a preliminary matter, Spatola has **waived** any FRCP 12(f) challenge. The time to move to strike a pleading is "within 21 days after being served with the pleading." *See* Fed. R. Civ. Proc. 12(f)(2); *Sec. & Exch. Comm'n v. Payward, Inc.*, 763 F. Supp. 3d 901, 907 (N.D. Cal. 2025). Because Defendants filed their Answer to Spatola's First Amended Complaint more than two years ago (ECF 30), Spatola's arguments regarding Defendants' affirmative defenses are untimely and improper. *See Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-CV-02954-LB, 2019 WL 8918902, at *3 (N.D. Cal. June 21, 2019) (denying motion in limine to strike insufficiently pled affirmative defenses, when plaintiff had never moved to strike, and defendant filed its answer and affirmative defenses two and a half years prior: "The time for correcting the injury occasioned by allegedly improperly pled defenses is past."). For this reason alone, the Court should reject Spatola's request to strike Defendants' affirmative defenses.

Additionally, none of the cases cited by Spatola suggests that he may seek to strike affirmative defenses in an opposition to a motion for an advisory jury. *See id*. Spatola's reliance on motion to strike case law further evidences his continued misunderstanding of the relief Defendants seek. Their Motion asks the Court to determine what can be heard by the Court and what can be heard by the jury, *not* what claims and defenses may reach trial. (Mot. at 1:9-2:11.) Spatola again relies on a motion to strike case, *Khosroabadi*, for the notion that Defendants may not provide factual support through their Motion to remedy the purported pleading issues; however, this argument fundamentally misconstrues the procedural posture of this case and Defendants' Motion. *See Khosroabadi*, 2017 WL 8236730, at *3-4. Defendants' pleading of their affirmative defenses is not at issue here, and while it may be the case that "a filing separate" from an answer may not remedy a pleadings

issue, *see Khosroabadi*, 2017 WL 8236730, at *4, a motion for an advisory jury is not limited to its four corners because courts must analyze whether there is overlapping evidence and facts between jury and non-jury issues. *See, e.g.*, *Synopsys, Inc. v. Real Intent, Inc.,* No. 5:20-CV-02819-EJD, 2024 WL 4557334, at *3 (N.D. Cal. Oct. 22, 2024) (looking to "overlapping witnesses and evidence").

### 2. Spatola's Attempt To Summarily Adjudicate Defendants' Estoppel And Unclean Hands Defenses Fails[4]

Spatola also appears to seek summary adjudication on Defendants' estoppel and unclean hands defenses. He contends Defendants have not set forth sufficient facts to support these affirmative defenses. Spatola is wrong. In their Memorandum of Contentions of Fact and Law filed on December 16, 2024, Defendants devoted several pages identifying detailed evidence, citing directly relevant legal authority, and asserting compelling arguments in support of their equitable defenses. (Rosenberg Supp. Decl. ¶ 3, Ex. 1 [ECF 96] at 9:14-16:21.) Similarly, in the instant Motion, Defendants analyze the overlapping facts and evidence that apply to both their equitable defenses and rebuttal to Spatola's legal claim for purposes of

---

[4] Spatola asserts that Defendants' affirmative defense of invalid copyright registration is not "a recognized affirmative defense for a joint work matter." (Opp. at 8:10-19.) However, this Motion does not address the affirmative defense of invalid copyright registration. Regardless, Defendants' affirmative defense of invalid copyright registration is correct. *See Pohl v. MH Sub I, LLC*, 478 F. Supp. 3d 1232, 1237 (N.D. Fla. 2020) ("Invalidating a copyright registration under 17 U.S.C. § 411(b) is referred to as an invalidation due to fraud on the Copyright Office and is a defense to an otherwise valid registration"); *Classic Concepts, Inc. v. Linen Source, Inc.*, No. CV 04-8088 GPS (MANx), 2006 WL 4756377, at *8 (C.D. Cal. Apr. 27, 2006) (denying summary judgment on invalidity of copyright registration affirmative defense.). As Spatola's case *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, recognized, "invalid registration" as an affirmative defense is often referred to as "fraud on the Copyright Office, which is a recognized affirmative defense." No. CV 16-0084 FMO (AJWx), 2017 WL 2929376, at *2, n.1 (C.D. Cal. May 12, 2017).

submitting equitable defenses to the jury.  Defendants' Motion is not a trial brief nor an exhaustive evidentiary presentation, despite Spatola's efforts to treat it as such.

   Nonetheless, Spatola, ***without citing to any evidence***, summarily argues that Defendants cannot establish their defenses of estoppel or unclean hands.  (Opp. at 5:17-6:23; 6:25-9:8.)  Spatola's Opposition makes sweeping claims, such as "Defendants have not and cannot show that they were ignorant that Plaintiff Matthew Spatola was going to assert claims for additional credit."  (Opp. at 6:9-11.)  Spatola further claims, again without any evidence, that "[w]hile he made specific written requests for 'Additional Guitar & Bass' credit, he never believed that in seeking such credit, he somehow was waiving his right to be named a co-writer and co-producer."  (Opp. at 8:23-25.)  This is unsubstantiated attorney argument that cannot be considered in seeking adjudication of Defendants' estoppel and unclean hands defenses (even though, as discussed above, Spatola cannot obtain summary adjudication in his Opposition to this Motion).  (*Id*.)  Case law is clear that "attorney argument is not admissible evidence." *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1250 (S.D. Cal. 2010).  "[A]rguments of counsel alone are insufficient to raise a dispute of fact." *Crowell v. Beeler*, No. 1:14-CV-01724 AWI BAM, 2017 WL 1198579, at *2, n. 1 (E.D. Cal. Mar. 31, 2017); s*ee also Brit. Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) ("Legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute  . . .").  As a result, the Court should disregard Spatola's unsupported musings regarding the validity of Defendants' estoppel and unclean hands defenses.

   Spatola cites no case law explaining how this analysis is relevant to Defendants' Motion.  Spatola did not move for summary judgment or summary adjudication on Defendants' affirmative defenses by the dispositive motion deadline in this case.  (Dkt. No. 54.)  He cannot demand that relief through his Opposition now.  *See Kobayashi*, 2022 WL 3137958, at *9.  As with the other motions set to be

heard on March 2, 2026, Spatola's Opposition improperly and belatedly attempts to fix a substantive error on the eve of trial to the detriment of Defendants.

### 3.     Laches Can Properly Apply Here

Finally, Spatola argues that the "equitable defense of laches is precluded by clear, black letter law." (Opp. at 2:9-13.) Relying on *Petrella v. MGM*, 572 U.S. 663, 667 (2014), Spatola asserts that "[l]aches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window." (*Id*.) Spatola misapprehends *Petrella*. In that case, the U.S. Supreme Court limited its prohibition of laches to "a claim for damages." *Petrella*, 572 U.S. at 667. As Defendants have asserted throughout this case for the past two years (and again in the motions set to be heard on March 2, 2026), ***Spatola does not have a claim for damages in this case***. (*See generally* Dkt. Nos. 1, 28.) Spatola only seeks equitable relief through his claims for accounting and constructive trust. (*Id*.) *Petrella* specifically carves out an exception for equitable relief and provides that "laches may bar at the very threshold the particular relief requested by the plaintiff." *Petrella*, 572 U.S. at 667-68; *see also Skidmore v. Led Zeppelin*, No. CV 15-3462 RGK (AGRx), 2016 WL 1442461, at *7 (C.D. Cal. Apr. 8, 2016) ("While the [Supreme Court in *Petrella*] held that laches was unavailable as a defense to a copyright action seeking damages, it preserved the role of laches in copyright actions seeking equitable relief."). Accordingly, *Petrella* does not prevent Defendants from asserting their laches defense nor does it preclude them from submitting it to an advisory jury.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant their Motion in its entirety.

Dated: February 17, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Joshua M. Rosenberg*
    Joshua M. Rosenberg
    Kazim A. Naqvi
    Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

**CERTIFICATE OF COMPLIANCE L.R. 11-6.2**

The undersigned, counsel of record for Defendants Jason Desrouleaux p/k/a Jason Derulo; and Sony Music Entertainment d/b/a Columbia Records, certifies that this brief contains 3,848 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 17, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Joshua M. Rosenberg*
Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS