**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge (State Bar # 362485)
*tom@werge.law*
Joseph MacHatton (*pro hac vice*)
*joseph@werge.law*
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042

**FROST, LLP**
Christopher Frost (State Bar No. 200336)
*chris@frostllp.com*
Paul Ghazaryan (State Bar No. 317876)
*paul@frostllp.com*
Nico Brancolini (State Bar No. 318237)
*nico@frosllp.com*
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a
MATTY SPATS

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS, <br><br> Plaintiff, <br><br> v. <br><br> JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS, <br><br> Defendants. | CASE NO. 2:23-CV-06191-MWF-E <br><br> **PLAINTIFF MATTHEW SPATOLA'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Action Filed: July 31, 2023 <br> Final Pretrial Conf.: March 30, 2026 <br> Trial Date: April 21, 2026 |

1

2

# TABLE OF CONTENTS

3

4

I.      Defendant's Previous Objections Cannot Be Reasonably Interpreted as Casting Doubt on the Recoverability of Plaintiff's Injuries ............................5

II.     Defendants First Clearly Articulated their Position in January 2026 ..............7

III.    Defendants' Response Confirms that Plaintiff's Injuries and Damages Theory were Long at Issue ................................................................................7

IV.     Plaintiff Acted Diligently ................................................................................8

V.      Defendants' Cannot Show Prejudice ..............................................................8

VI.     This Amendment Would Not Delay Trial .....................................................10

VII.    A Negligence Claim Is Appropriate .............................................................10

          A.     Defendant Derulo Owes Spatola a Duty.....................................10

          B.     Negligence Claim Is Not Preempted ...........................................12

VIII.   Unjust Enrichment Is Not Futile...................................................................14

          A.     Unjust Enrichment is Not Preempted ..........................................14

          B.     Defendant Was Unjustly Conferred a Benefit.............................16

          C.     Absence of Adequate Remedy at Law ........................................17

IX.     CONCLUSION ..............................................................................................18

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

<u>Cases</u>

*Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079, 1089 (9th Cir. 2005) .................13

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) .................15

*Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 597 (1993) .............................6

*ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) ................14

*NexRep, LLC v. ALIPHCOM*, No. 16-CV-06647-JSC, 2017 WL 1356345, at *4 (N.D. Cal. Mar. 8, 2017) ...........................................................................................17

*Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) .....................................................12

*Schwerdt v. Int'l Fidelity Ins. Co.*, 28 Fed.Appx. 715, 719 (9th Cir. 2002)...............8

*U.S. v. Redwood City*, 640 F.2d 963 (9th Cir. 1981)................................................14

Plaintiff's motion seeks a narrow and necessary amendment to ensure that this case is resolved on its merits rather than constrained by technical pleading formalities. The proposed amendment does not add new facts, new parties, or a new course of conduct. It clarifies the legal theories under which Plaintiff may recover for injuries that have been part of this case from the outset — namely, the professional and economic harm resulting from Defendants' failure to properly credit Plaintiff's contributions to *Savage Love*.

Defendants' opposition attempts to recast this amendment as an eleventh-hour transformation of the case. That characterization is unsustainable. Defendants have long been aware that Plaintiff alleges he lost career opportunities and suffered reputational harm as a result of Defendants' conduct, as described in his First Amended Complaint ("FAC"). (*See* ECF No. 28, ¶¶ 62-64.) Plaintiff disclosed expert analysis quantifying those losses during discovery.  (*See* Expert Report of Jeff Rougvie; *see* Supplemental Expert Report of Jeff Rougvie; *see* Exhibit C, Expert Report of Robert Briggs.) Defendants challenged that evidence in motion practice. The injuries at issue are not new; only the legal clarity necessary to recover for them is.

Plaintiff has consistently maintained — and continues to maintain — that damages for lost career opportunities and reputational harm are recoverable under the claims as pleaded in the First Amended Complaint. This motion is brought out of an abundance of caution to address any perceived pleading deficiency only in the event the Court accepts Defendants' contrary position. The amendment became necessary only after Defendants advanced the position that the existing claims permit equitable accounting relief but foreclose recovery for the very injuries Defendants have known were at issue. Faced with that litigation position, Plaintiff moved promptly to clarify alternative legal theories arising from the same conduct. The Federal Rules expressly permit such alternative pleading and favor decisions on the merits rather than procedural technicalities.

Defendants cannot demonstrate lack of diligence, nor can they show prejudice. The amendment relies on the same facts, witnesses, and evidence already central to this case. Allowing amendment will not expand the factual landscape; it will ensure that the pleadings align with the injuries disclosed and litigated throughout discovery.

At bottom, Defendants' objection reflects a strategic effort to narrow the scope of potential recovery, not a legitimate concern about fairness or surprise. The Federal Rules do not protect a party's preferred damages theory. They exist to ensure that disputes are resolved fully and fairly. Because Plaintiff has demonstrated good cause, acted diligently, and seeks only to clarify legal theories arising from the same facts, the Court should grant the motion.

## I.    Defendant's Previous Objections Cannot Be Reasonably Interpreted as Casting Doubt on the Recoverability of Plaintiff's Injuries

Defendants argue that their prior objections put Plaintiff on notice that damages for lost opportunities were unrecoverable. The record shows otherwise.

Defendants rely first on written objections to Plaintiff's proposed special verdict form and jury instructions. Those objections did not argue that Plaintiff's injuries were legally unrecoverable. Instead, Defendants asserted that the FAC sought equitable remedies and that certain issues should be decided by the Court rather than a jury. Recharacterizing remedies as equitable is not the same as asserting that Plaintiff's alleged harms are legally non-compensable.

Defendants also objected to aspects of the proposed verdict form concerning allocation of rights among joint authors. That objection addressed the role of additional rights holders — an issue Defendants are separately litigating — and did not contend that Plaintiff's injuries are unrecoverable. It therefore cannot reasonably be construed as notice that Plaintiff's lost opportunity damages or reputational harm damages were barred.

Defendants' Motion in Limine No. 2 likewise did not assert that Plaintiff's injuries were unrecoverable as a matter of law. That motion challenged the

admissibility of Jeff Rougvie's expert testimony due to his concurrent service as an expert for and against Defendant Sony, and due to the alleged failure to comply with *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 597 (1993). Challenging the admission of expert testimony is not equivalent to asserting that the injuries themselves cannot be recovered under applicable law. Further, Defendants' contention that a single sentence buried within a ten-page Motion in Limine provided adequate notice of a challenge to the recoverability of Plaintiff's damages is unfounded. (ECF No. 102, at 6, lines 12–15.) The Court should agree that a passing reference in an evidentiary motion—untethered to any developed argument, legal authority, or clear request for dispositive relief—does not fairly apprise Plaintiff that Defendants intended to contest the legal availability of entire categories of damages. Notice requires clarity and substance, not an isolated line that fails to articulate the scope, basis, or consequences of the purported challenge.

Motion in Limine No. 4 further undercuts Defendants' present position. In that motion, Defendants explained that an accounting remedy derives from equitable doctrines relating to unjust enrichment. By invoking unjust enrichment principles as the doctrinal basis for accounting relief, Defendants acknowledged that equity permits recovery of benefits wrongfully retained. A reasonable litigant could interpret Defendants' position to support Plaintiff's belief that injuries arising from the failure to attribute credit and the unjust retention of resulting benefits remained recoverable under the claims as pleaded, rather than categorically barred. That understanding necessarily includes the foreseeable consequences of being denied proper credit— namely, lost professional opportunities and reputational harm—because recognition in the music industry functions as currency for future work, collaborations, and credibility. By framing the dispute around the failure to provide attribution and the retention of benefits flowing from Plaintiff's contributions, Plaintiff's pleadings made clear that the injury at issue extends beyond unpaid compensation to include the broader professional harm caused by the absence of credit. Plaintiff therefore believes

that damages for lost career opportunities and reputational injury fall within the scope of recovery supported by the existing claims.

Taken together, Defendants' objections addressed procedure, jury allocation, evidentiary issues, and joint authorship mechanics. They did not clearly claim that Plaintiff's lost opportunity and reputational injuries were legally unrecoverable.

## II.    Defendants First Clearly Articulated their Position in January 2026

The first time Defendants clearly asserted that Plaintiff's alleged injuries were not recoverable under the existing pleadings occurred in the January 12, 2026 email following the parties' meet-and-confer call, where Defendants stated that Plaintiff did not assert a damages claim and questioned what remedy would support monetary recovery. That communication marked the first unambiguous statement that Defendants intended to argue Plaintiff could not recover his alleged injuries under the current claims. Plaintiff filed the motion to amend less than one month later.

## III.    Defendants' Response Confirms that Plaintiff's Injuries and Damages Theory were Long at Issue

Defendants' opposition acknowledges that the FAC alleged that Plaintiff Spatola lost opportunities based on Defendant's conduct. (ECF No. 169, at 3, lines 25-26) ("While the FAC advances vague allegations that Spatola lost opportunities based on Defendants' alleged conduct . . . .") While Defendants emphasize that the FAC sought equitable relief, their own description of the pleading confirms that Plaintiff's alleged injuries — including lost opportunities and harm to his professional trajectory — have been part of the factual landscape of this case from the outset. (*Id.*)

Defendants also highlight Plaintiff's expert disclosure addressing lost career opportunities and economic harm. Their reliance on that report confirms that the damages theory was fully disclosed during discovery and supported by expert analysis. The expert report did not create a new theory; it quantified and substantiated harms already embedded in the FAC's allegations and incorporated into Plaintiff's

claims for relief. As explained in Plaintiff's motion for leave to amend, the FAC alleged that Plaintiff's lack of proper credit deprived him of professional advancement and industry opportunities. The proposed amendment does not introduce new facts; it clarifies the legal basis for recovery of those already-pleaded injuries.

## IV. Plaintiff Acted Diligently

Measured from the date Defendants first clearly articulated their position, Plaintiff acted promptly. A delay of less than one month falls well within the bounds of diligence under Rule 16. Contrary to the Plaintiff in *Schwerdt v. Int'l Fidelity Ins. Co.*, 28 Fed. Appx. 715, 719 (9th Cir. 2002), Plaintiff Spatola moved for an amendment of the scheduling order in order to file an amended complaint three weeks after Defendants' counsel claimed that Spatola does not assert a money damages claim, and asked which remedy sought by Spatola supports his demand for money damages. Once Defendants made their position explicit, Plaintiff moved swiftly to ensure that the pleadings accurately reflected the legal theories necessary to recover for injuries that have been part of the case from the beginning. Defendants' effort to push the timeline back to 2024 relies on objections that never squarely presented the issue now raised.

## V. Defendants' Cannot Show Prejudice

Defendants' own Opposition confirms that Plaintiff placed Defendants on clear notice of his damages theories well before the present motion. On October 11, 2024, Plaintiff served his expert disclosures, including a report for Jeff Rougvie, listing out Plaintiff's claims for lost opportunities and reputational harm due to failing to receive credit at the time of release.

On October 18, 2024, Plaintiff served his Third Amended Rule 26 disclosures stating that, as detailed in the expert report of Jeff Rougvie, Plaintiff "lost substantial career and economic opportunity resulting from Derulo's failure to properly credit" him and sought a judgment of $1,645,491.80 for career and economic interference.

(*See* Exhibit D – Plaintiff's Third Amended Rule 26 Disclosures.) This disclosure did not introduce a new factual theory. It quantified and substantiated harms that had already been alleged in the FAC — namely, lost professional opportunities and reputational injury resulting from misattribution of Plaintiff's contributions. The October 18 disclosure confirmed that Plaintiff intended to pursue recovery for those harms and provided the evidentiary foundation supporting that claim. Accordingly, Defendants cannot credibly argue surprise or prejudice. Defendants were on explicit notice that Plaintiff sought recovery for lost career opportunities and reputational harm, had retained an expert to quantify those damages, and intended to present those losses at trial.

On October 21, 2024, Defendants filed a motion for summary judgment. If Defendants truly believed that Plaintiff could not recover lost opportunity and reputational damages under the FAC, that issue was squarely presented and ripe for adjudication at that time. The disclosures placed Defendants on explicit notice of Plaintiff's damages theory and the expert support underlying it. Yet, Defendants did not seek summary judgment on the ground that Plaintiff's alleged career and reputational losses were legally unrecoverable, nor did they argue that such damages fell outside the scope of the pleaded claims. A party cannot ignore a disclosed theory when dispositive motion practice is pending, then later characterize that same theory as an eleventh-hour surprise. Having chosen not to challenge Plaintiff's damages theory when summary judgment briefing was before the Court, Defendants cannot now manufacture prejudice by claiming the issue surfaced too late.

Defendants' failure to raise this argument in their October 21, 2024 motion confirms two points critical to the present motion: first, Plaintiff's damages theory was already known and understood; and second, Defendants made a tactical decision not to test that theory at the dispositive motion stage. The proposed amendment does not inject a new controversy; it ensures that the pleadings conform to the damages theory that Defendants have been aware of since the filing of the FAC.

## VI.    This Amendment Would Not Delay Trial

Defendants contend that granting Plaintiff leave to amend would require them to undertake new and substantial discovery. That assertion rings hollow. Defendants themselves acknowledge that these allegations were set forth in the First Amended Complaint and further developed in Plaintiff's expert disclosures. In other words, the factual and damages theories at issue have been present throughout the litigation. Despite several continuances of the trial date and corresponding extensions of discovery deadlines, Defendants never attempted to pursue discovery concerning Plaintiff's claims for lost opportunity and reputational damages.

Plaintiff has conducted sufficient discovery to be fully prepared to proceed to trial on these claims, and Defendants have had the same opportunity. Defendants also suggest that amendment would entitle them to pursue dismissal or summary judgment on the purportedly "new" claims.  To the extent Defendants believed these damages were legally unavailable, they could have tested that theory through a timely motion for summary judgment; their decision not to do so was strategic, not the product of surprise or lack of notice. The requested amendment does not inject a new theory into the case; it clarifies and conforms the pleadings to issues that have been litigated all along.

## VII.   A Negligence Claim Is Appropriate

### A.    Defendant Derulo Owes Spatola a Duty

Plaintiff's negligence claim protects interests and enforces duties that fall outside the scope of copyright ownership rights. Copyright law governs who owns a work and who may exploit it; it does not regulate whether a collaborator exercised reasonable care in crediting contributions, disclosing authorship, or fairly representing the creation of the work. Plaintiff's negligence claim targets professional conduct and the foreseeable harm caused by the failure to exercise reasonable care in those responsibilities. That injury exists independent of copyright ownership.

The proposed claim is grounded in several duties arising from Defendant Derulo's conduct and the parties' collaborative relationship. First, once Defendant Derulo asked Plaintiff to create *Savage Love* with him, he assumed a duty to treat Plaintiff fairly in the presentation and exploitation of the work they created together. This duty arises not from copyright ownership but from the foreseeable consequences of excluding a collaborator from authorship recognition in a commercial release. In the music industry, credit is the gateway to future work, reputation, and credibility. It is entirely foreseeable that excluding a collaborator from proper attribution in a commercially dominant recording would cause professional harm.

Second, in negotiating the commercial release of the song, Defendant Derulo was contractually required to represent and warrant that the recording did not infringe the rights of any collaborators or contributors. (*See* Tripartite Agreement.) By making those representations and warranties, he assumed a duty to ensure that all contributors' rights were properly recognized and not impaired. That obligation required the exercise of reasonable care in identifying contributors and ensuring accurate attribution at the time *Savage Love* was released. Instead, Defendant Derulo omitted Plaintiff's involvement. This failure to exercise reasonable care not only risked infringement of Plaintiff's authorship rights but also foreseeably caused reputational and professional harm to Plaintiff by depriving him of the credit and recognition tied to his contributions.

Third, Defendant Derulo had a duty to disclose the participation of all contributors whose involvement bore directly on authorship and credit. This duty arises from the obligation to ensure transparency and accuracy in representing how a work was created, particularly where public credit determines professional reputation and future opportunities. By failing to disclose the full scope of contributors and publicly presenting authorship in a manner that omitted Plaintiff, Defendant Derulo created a misleading account of *Savage Love's* creation that foreseeably distorted Plaintiff's professional record and impaired his standing in the industry.

Fourth, if Plaintiff is found to be a joint author, federal copyright law imposes a duty to account to co-authors for profits derived from the work. *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("A co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright."). The existence of that statutory duty underscores the importance of accurately identifying contributors and accounting for their interests. A failure to properly attribute and disclose contributors frustrates the statutory accounting obligation and foreseeably deprives a collaborator of recognition, compensation, and professional opportunity. The negligence claim addresses the harm that flows from that failure of care — harm that copyright remedies do not redress if joint authorship is not established.

These duties introduce elements that are qualitatively different from copyright rights. To prevail on a negligence claim, Plaintiff must prove duty, breach, foreseeability, and professional harm caused by negligent conduct. Copyright law does not require proof of negligent misrepresentation, failure to disclose contributors, or breach of a duty of reasonable care in attribution practices, nor does it address reputational injury resulting from inaccurate or incomplete credit. Because the negligence claim requires proof of these additional elements, it is not equivalent to a copyright claim and therefore is not preempted.

## B. Negligence Claim Is Not Preempted

Defendants next argue that the negligence claim is preempted by federal copyright law. That argument fails because the negligence claim protects a different interest and requires proof of elements qualitatively different from a copyright claim. Copyright law protects exclusive rights such as reproduction, distribution, and ownership interests in a work. Plaintiff's negligence claim, by contrast, addresses the failure to exercise reasonable care in attribution and the resulting professional and reputational harm. The injury alleged is not the unauthorized exploitation of a copyrighted work; it is the foreseeable damage to Plaintiff's career caused by the

failure to attribute his contributions. That harm exists independently of copyright ownership.

Under Ninth Circuit precedent, state law claims are not preempted where they contain an extra element that renders them qualitatively different from a copyright claim. "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law is not preempted by the Copyright Act." *Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079, 1089 (9th Cir. 2005) (quoting *Summit Mach. Tool Mfg. v. Victor CNC Sys.,* 7 F.3d 1434, 1439-40 (9th Cir. 1993)). Plaintiff's negligence claim provides the extra element: it alleges professional injury resulting from negligent conduct, not infringement of exclusive rights. Because it protects against reputational and career harm arising from negligent attribution practices, the negligence claim is not equivalent to a copyright claim and therefore is not preempted.

Nor is the negligence claim an attempt to recast copyright infringement in state law terms. It is pled to address a distinct wrong: the professional harm caused by the failure to attribute, regardless of the ultimate determination of joint authorship. Even if Plaintiff were not deemed a joint author, negligent failure to credit a collaborator in a commercially released recording can still cause foreseeable professional harm. That independent injury supports a separate negligence claim. The authorities Defendants cite involve negligence claims that merely repackaged copyright infringement allegations or failed to allege any independent duty or harm. Here, Plaintiff alleges affirmative conduct, industry reliance on attribution, foreseeable reputational injury, and career harm distinct from copyright ownership. Those allegations materially distinguish this case from the authorities Defendants rely upon.

Futility requires a showing that the claim could not survive under any set of facts. Duty, foreseeability, industry practice, and causation are fact-intensive issues. Courts routinely permit negligence claims to proceed where professional norms and the defendant's conduct determine the scope of duty and foreseeability of harm. *U.S.*

*v. Redwood City*, 640 F.2d 963 (9th Cir. 1981). At minimum, these issues cannot be resolved at the amendment stage.

The negligence claim may also proceed in the alternative because there may otherwise be no adequate remedy at law. If Plaintiff establishes joint authorship, copyright law provides an accounting and ownership-based recovery. But if joint authorship is not established, copyright law offers no remedy for the foreseeable reputational and career harm caused by the failure to credit and disclose contributions. Without a negligence remedy, Defendants could retain the professional and commercial benefits of Plaintiff's contributions while avoiding responsibility for the foreseeable harm caused by inaccurate attribution practices.

In sum, the negligence claim does not seek to enforce copyright ownership rights; it seeks to remedy professional harm caused by the failure to exercise reasonable care in attribution, disclosure, and fair treatment of a collaborator. Because it rests on duties arising from Defendant Derulo's conduct and the foreseeable consequences of failing to provide accurate credit, includes elements distinct from copyright law, and provides relief where copyright remedies may be unavailable, it is not preempted and is not futile.

## VIII.  Unjust Enrichment Is Not Futile

### A.    Unjust Enrichment is Not Preempted

Copyright preemption applies only when a state law claim is equivalent to rights within the general scope of copyright and does not include an extra element. The unjust enrichment claim includes such extra elements. To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). As the Ninth Circuit has explained, "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753,

762 (9th Cir. 2015) (citations omitted). "However, unjust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit `through mistake, fraud, coercion, or request.'" *Id.* (citing 55 Cal. Jur. 3d Restitution § 2)

These elements—particularly unjust retention and inequitable benefit—are qualitatively different from the exclusive rights protected by copyright law. Defendants' preemption argument ignores the critical point that Plaintiff's unjust enrichment theory protects a different interest and supplies relief where copyright law provides none. The Copyright Act governs ownership rights and exclusive uses of a work — who owns it, who may exploit it, and who receives royalties flowing from that ownership. If Plaintiff prevails on joint authorship, those statutory remedies provide an accounting and recovery of ownership-based revenues. But if joint authorship is not established, copyright law offers no remedy for the inequitable retention of benefits derived from Plaintiff's contributions.

That gap is precisely where unjust enrichment applies. The claim does not depend on copyright ownership or infringement. It requires proof that Defendants received a benefit from Plaintiff's contributions, that the benefit came at Plaintiff's expense, and that retaining that benefit without compensation would be unjust. The inequitable retention of value — not violation of exclusive rights — is the operative wrong. That additional requirement constitutes the extra element that renders the claim qualitatively different from a copyright claim and removes it from preemption.

Moreover, the unjust enrichment claim is pled in the alternative and addresses a distinct theory of recovery. If the trier of fact determines that Plaintiff is not entitled to relief under a joint authorship framework, Defendants may nonetheless have retained value derived from Plaintiff's contributions under circumstances that make retention inequitable. California law expressly permits pleading in the alternative where liability may arise under differing legal theories. Allowing the claim to proceed

ensures that equity may address unjust retention of benefits even if legal ownership rights are resolved against Plaintiff.

Defendants' reliance on cases rejecting unjust enrichment claims that merely duplicate contract or copyright claims is misplaced. The proposed claim does not depend on enforcing copyright ownership or contractual rights. Instead, it rests on the equitable principle that one who knowingly accepts and exploits the benefit of another's contributions may not retain that benefit unjustly. The allegations that Defendants commercially exploited Plaintiff's contributions while withholding attribution and the professional value that accompanies it distinguish this claim from cases where unjust enrichment was dismissed as duplicative.

Finally, whether Defendants' retention of benefits is unjust is inherently a fact-driven inquiry. The value of Plaintiff's contributions, the benefits Defendants received, industry practices regarding attribution, and the equities surrounding retention of those benefits are matters unsuitable for resolution at the amendment stage. Because the proposed allegations plausibly support a restitutionary theory, amendment cannot be denied on futility grounds.

## B.    Defendant Was Unjustly Conferred a Benefit

Plaintiff's unjust enrichment claim alleges that Defendants obtained and retained the commercial benefits of Plaintiff's contributions—including the market value associated with the work, its exploitation, and the professional value derived from the work's success—without providing attribution or compensation commensurate with those contributions. Those allegations state a classic restitution theory: Defendants received a measurable benefit, that benefit came at Plaintiff's expense, and equity requires disgorgement.

Defendants' contention that restitution is unavailable because the dispute sounds exclusively in copyright law mischaracterizes the nature of the claim. The unjust enrichment theory does not seek to vindicate exclusive rights under the

Copyright Act. Instead, it seeks restitution of benefits wrongfully retained through inequitable conduct—namely, the retention of value derived from Plaintiff's contributions while failing to provide proper attribution and recognition. The claim therefore targets the unjust retention of benefits, not the unauthorized reproduction, distribution, or ownership of copyrighted material. That distinction is critical.

For these reasons, the unjust enrichment claim is not futile. It states a recognized restitution theory under California law, contains elements qualitatively different from copyright claims, is not preempted, and properly proceeds in the alternative to ensure that Defendants do not retain benefits inequitably derived from Plaintiff's contributions.

## C.    Absence of Adequate Remedy at Law

Equally important, the unjust enrichment claim proceeds in the alternative because there would otherwise be an absence of an adequate remedy at law. Unjust enrichment is an equitable remedy that lies only where the plaintiff lacks an adequate remedy at law. *NexRep, LLC v. ALIPHCOM*, No. 16-CV-06647-JSC, 2017 WL 1356345, at *4 (N.D. Cal. Mar. 8, 2017), *report and recommendation adopted*, No. 16-CV-06647-PJH, 2017 WL 1315461 (N.D. Cal. Apr. 7, 2017) (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)).

If the trier of fact determines that Plaintiff is not a joint author, he cannot obtain an accounting, ownership royalties, or other statutory copyright remedies. Yet Defendants may still have commercially exploited and benefited from Plaintiff's contributions. Without restitution, Defendants would retain the value derived from those contributions with no mechanism for equity to intervene. California law permits restitution precisely to prevent such unjust retention of benefits where legal remedies are unavailable.

In short, the unjust enrichment claim does not seek to enforce copyright ownership rights; it seeks to prevent Defendants from unfairly retaining benefits

derived from Plaintiff's contributions in circumstances where copyright law provides no recovery. Because it contains the extra element of unjust retention and serves as an equitable remedy where legal relief may be unavailable, the claim is not preempted and is not futile.

Defendants argue that the proposed unjust enrichment claim is futile because unjust enrichment is not an independent cause of action under California law and, in any event, is preempted by the Copyright Act. Neither contention warrants denial of leave to amend.

## IX.    CONCLUSION

For these reasons, Plaintiff has demonstrated good cause and the interests of justice strongly favor permitting amendment. The proposed amendments do not introduce a new factual theory but instead clarify and plead alternative legal bases for relief arising from the same conduct that has been at issue throughout this litigation. Defendants have long been aware of Plaintiff's allegations regarding the failure to credit his contributions and the resulting professional harm, and they cannot credibly claim surprise or prejudice. Moreover, the proposed negligence and unjust enrichment claims are not futile: they rest on duties and equitable principles distinct from copyright ownership rights and provide a necessary avenue of relief should the joint authorship claim fail. Denying amendment would risk leaving foreseeable and inequitable harm without a remedy, while granting leave ensures that the case may be resolved on its merits rather than on technical pleading distinctions.

Accordingly, Plaintiff respectfully requests that the Court grant leave to amend.

Date: February 17, 2026                Respectfully submitted,

**WERGE & CORBIN LAW GROUP**
Joseph MacHatton (*pro hac vice*)

**FROST, LLP**
Christopher Frost
 (SBN 200336)


*/s/ Joseph MacHatton*
Joseph MacHatton


*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY
SPATS

1

## <u>CERTIFICATE OF COMPLIANCE L.R. 11-6.2</u>

3

4

The undersigned, counsel of record for Plaintiff Matthew Spatola, certifies that this brief contains 4,545 words, which complies with the word limit of L.R. 11-6.1.

5

6

Dated: February 17, 2026                    **WERGE & CORBIN LAW GROUP**

7

8

By:   */s/ Joseph MacHatton*

9

10

11

Joseph MacHatton (*pro hac vice*)
WERGE & CORBIN LAW GROUP
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042
joseph@werge.law

12

13

14

15

Christopher Frost (SBN 200336)
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504
chris@frostllp.com

16

17

18

19

20

Attorneys for Plaintiff Matthew Spatola

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, a true and correct copy of the

foregoing document was filed electronically with the Clerk of the Court using the

Court's CM/ECF electronic filing system, which automatically generates a Notice of

Electronic Filing ("NEF") at the time said document is filed to all CM/ECF Users

and counsel of record who have appeared in this case. Service with this NEF

constitutes service pursuant to Federal Rule of Civil Procedure 5(b)(E).

*/s/ Veronica Phifer*
Veronica Phifer, Esq.