SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOSHUA ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>Plaintiff,<br><br>v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>Defendants. | Case No. 2:23-cv-06191 MWF-E<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**DEFENDANTS JASON DESROULEAUX p/k/a JASON DERULO AND SONY MUSIC ENTERTAINMENT D/B/A COLUMBIA RECORDS' OBJECTION TO PLAINTIFF MATTHEW SPATOLA P/K/A MATTY SPATS' WITHDRAWAL FROM JOINTLY STIPULATED FACTS FILED ON DECEMBER 16, 2024 [ECF 106]**<br><br>*[Filed Concurrently with Declaration of Joshua M. Rosenberg]*<br><br>Action Filed:          July 31, 2023<br>FAC Filed:            December 21, 2023<br>Final Pretrial Conf.: March 30, 2026<br>Trial Date:           April 21, 2026 |

SMRH:4905-8393-6404

Case No. 2:23-cv-06191 MWF-E
DEFENDANTS' OBJECTION TO PLAINTIFF'S WITHDRAWAL FROM JOINTLY STIPULATED FACTS FILED ON DECEMBER 16, 2024 [ECF 106]

Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively "Defendants") hereby object to and oppose Plaintiff Matthew Spatola p/k/a Matty Spats' ("Plaintiff" or "Spatola") Notice of Withdrawal From Jointly Stipulated Facts Filed On December 16, 2024 (ECF No. 106) (the "Notice").

Spatola, without seeking leave of this Court or genuinely attempting to confer with Defendants, wrongly attempts to unilaterally withdraw from the Jointly Stipulated Facts agreed upon and filed by the Parties more than a year ago. Defendants object to Spatola's attempt to withdraw from the Parties' joint stipulation, and request that the Court strike and/or deny Spatola's improper request to withdraw from the previously filed Jointly Stipulated Facts (ECF 106).

## I.  Spatola Cannot Unilaterally Withdraw The Parties' Jointly Stipulated Facts

As the Supreme Court has recognized, "factual stipulations are binding and conclusive, and the facts stated are not subject to subsequent variation." *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 677 (2010) (citation modified).  Such stipulations are considered "formal concessions…that have the effect of withdrawing a fact from the issue and dispensing wholly with the need for proof of the fact." *Id*. at 678.

Spatola cannot decide on his own to withdraw an agreement entered into by all Parties and submitted to the Court. *See Holland Livestock Ranch v. United States*, 714 F.2d 90, 93 (9th Cir. 1983) ("a party is bound by the stipulation of facts"); *Block v. City of Los Angeles*, 253 F.3d 410, 419, n.2 (9th Cir. 2001) (same). Spatola cites no case law to suggest otherwise.  In fact, case law in the Ninth Circuit is clear that a stipulation ***must*** be enforced unless "withdrawal of the stipulation [is] necessary to prevent manifest injustice." *Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985).

Here, Spatola utterly fails to show withdrawal of the stipulation is necessary to prevent manifest injustice.  Instead, Spatola, through his counsel, argues in his

-2-   Case No. 2:23-cv-06191 MWF-E

SMRH:4905-8393-6404   DEFENDANTS' OBJECTION TO PLAINTIFF'S WITHDRAWAL FROM JOINTLY STIPULATED FACTS FILED ON DECEMBER 16, 2024 [ECF 106]

Notice that withdrawal is necessary because this Court's Order on Defendants' Summary Judgment Motion "clarified the governing legal standards, narrowed certain issues, and framed the matters remaining for trial." (Not. ¶ 2.) But, Spatola's incredibly vague and unspecified allusions to the Summary Judgment Order fails to provide any concrete reason as to why or how this anticipated court order affected the Jointly Stipulated Facts. Spatola goes on to argue that "as a result of subsequent discovery and the progression of the case, the factual record and issues for trial have evolved beyond the context in which the stipulation was originally negotiated." (Not. ¶ 3.) Again, Spatola's arguments go nowhere, are conclusory, and offer no specificity whatsoever. He fails to identify any new information or circumstances uncovered during the "subsequent discovery" that undermines the validity of the Parties' Jointly Stipulated Facts filed on December 16, 2024.

Spatola does not and cannot show that withdrawal of the Jointly Stipulated Facts is necessary to prevent manifest injustice. As such, this Court should not allow Spatola to unilaterally withdraw the Jointly Stipulated Facts (ECF 106).

## II.  Defendants Attempted To Discuss Additional Potential Jointly Stipulated Facts To No Avail

Contrary to Spatola's representations to the Court, Defendants sought to further streamline the trial process by seeking *additional* fact stipulations. On December 10, 2025, at Defendants' suggestion, the "Parties agreed to **attempt** to update the jointly stipulated facts (filed on 12/16/24) in order to streamline the case, **if possible**" and "**[i]f** the parties reach an agreement on updated jointly stipulated facts, they agree to file it on March 9, 2026." (Declaration of Joshua M. Rosenberg ["Rosenberg Decl.], Ex. 1, at 10-11 [emphases added].) Accordingly, on February 10, 2026, Defendants – not Plaintiff – sent the first draft of the proposed updated jointly stipulated facts, which merely proposed additional facts for stipulation, and did not seek to remove any previously stipulated facts. (*Id*. at 1, 22-26.) On

February 19, 2026, Spatola provided his own revisions, which sought to remove sixteen (16) of the original 28 previously stipulated facts (ECF 106), removed almost all of Defendants newly proposed facts, and added eleven (11) of his own proposed facts. (Rosenberg Decl., Ex. 2, at 32-38.) Spatola's revisions were a wholesale revision of the Jointly Stipulated Facts, adding dozens of new purported "facts" that are inaccurate, misleading, argumentative, and/or otherwise objectionable, and, as such, Defendants could not agree to them. Defendants therefore informed Spatola that they could not agree to the unacceptable revisions Spatola proposed that sought to nullify more than half of the previously-filed Jointly Stipulated Facts. (Rosenberg Decl. Ex. 3, at 5.)

### III. Conclusion

Defendants maintain the facts agreed upon and memorialized in the Jointly Stipulated Facts filed on December 16, 2025 (ECF 106) and should remain in place based on the prior agreement between the Parties and to promote efficiency. Defendants respectfully request that the Court strike and/or deny Spatola's Notice and deny his request to withdraw from the previously-filed Jointly Stipulated Facts.

Dated: March 5, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Joshua M. Rosenberg
Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS