UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-06191-MWF (Ex) | Date:  March 5, 2026 |
| Title:  Matthew Spatola v. Jason Desrouleaux, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION FOR AN ADVISORY JURY ON DEFENDANTS' EQUITABLE DEFENSES [161]

Before the Court is the Motion for an Advisory Jury on Defendants' Equitable Defenses (the "Motion") filed by Defendants Jason Desrouleaux, et al. on February 2, 2026.  (Docket No. 161).  Plaintiff filed an Opposition on February 9, 2026.  (Docket No. 171).  Defendants filed a Reply on February 17, 2026.  (Docket No. 175).

The Court has read and considered the papers on the Motion and held a hearing on **March 2, 2026.**

The Motion is **GRANTED** because the Court will be assisted by the jury's credibility determinations and there is no prejudice to Plaintiff.  As discussed at the hearing, the precise form of this "advisory" jury remains to be determined.  By granting the Motion, the Court really is just acknowledging the primacy of the Seventh Amendment.

I.   **BACKGROUND**

The parties are by now quite familiar with the specific factual background of this action, which is largely set forth in the Court's Order Denying Defendants' Motion for Summary Judgment.  (Docket No. 125 (the "Prior Order)).  Therefore, the Court will not repeat all those facts here but incorporates by reference the factual background from the Prior Order.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF (Ex)                              Date:  March 5, 2026
Title:     Matthew Spatola v. Jason Desrouleaux, et al.

## II.  LEGAL STANDARD

Rule 39(c)(1) allows a court to impanel an advisory jury in an action not triable to a jury as of right.  "Courts typically impanel advisory juries for two reasons. *See generally In re Currency Conversion Fee Antitrust Litig.*, 2012 WL 4361443, at * 1 (S.D.N.Y. Sept. 11, 2012).  First, to promote judicial economy, courts will impanel advisory juries if at least one of the claims to be tried has facts common to another claim that will be tried to a jury as a matter of right.  *Id.*  Second, courts will impanel an advisory jury when 'special factors' suggest that members of the local community would help guide the Court in making its findings and conclusions.  *Id.* (citation omitted)."  *Rearden LLC v. Walt Disney Co.,* CV 17-04006-JST, 2023 WL 9187385 (N.D. Cal. Dec. 14, 2023), *aff'd sub nom. Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058 (9th Cir. 2025) (quoting *Smith v. Reinke*, CV 12-00030-BLW, 2014 WL 2203896, at *1 (D. Idaho May 27, 2014)).

## III.  DISCUSSION

Before reaching the merits of the Motion, the Court first must address the substance of the Opposition.  As the parties are aware, the Opposition largely fails to address the standard for whether the Court should impanel an advisory jury.  Rather, with the Opposition, Plaintiff seeks affirmative relief of his own by attacking the sufficiency of Defendants' pleading of the six affirmative defenses and/or urging the Court to dismiss them as a matter of law.  (*See* Opp. at 2-9).  All of these arguments are unpersuasive.

As to the attack on the pleading of affirmative defenses in section III.B. of the Opposition, the Court declines to grant relief.  As Defendants argue, these arguments constitute an impermissible attempt at a motion to strike under Rule 12(f).  The deadline to file such a motion has long since passed.  *See* Fed. R. Civ. P. 12(f)(2). While at the hearing, Plaintiff asserted that under Rule 12(b) these challenges are cognizable at trial, each of the cases cited by Plaintiff in this section of the Opposition were addressing motions to strike under Rule 12(f).  Indeed, even if the Court were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF (Ex)                          Date:  March 5, 2026
Title:     Matthew Spatola v. Jason Desrouleaux, et al.

considering the arguments in section III.B. on the merits, they only address whether Plaintiff had "fair notice" of the defenses.  (*See* Opp. at 3).  But because the action is at this late stage, Defendants have filed their Memorandum of Contentions of Fact and Law, which lay out the elements of each defense and the evidence supporting each defense in detail.  (*See* Docket No. 96).  Plaintiff's arguments that Defendants have "fail[ed] to state a claim" such that they warrant dismissal for lack of notice to Plaintiff are thus wholly unavailing.

As to section III.C. and III.D., the Court notes that these arguments are properly construed as belatedly raised motions for summary adjudication on the affirmative defenses of equitable estoppel and unclean hands.  (*See* Opp. at 5-9).  These are quite inappropriately raised, both as a matter of disregarding the Court's scheduling order in this action and because they raise intensely fact-bound questions for the first time in an Opposition.  Of course, the latter concern is what prevents the Court from even considering these arguments.  But even if the Court wished to consider the merits of these arguments, Plaintiff attaches no evidence to support any of his factual allegations in the Opposition.  Accordingly, to the extent that Plaintiff argues, for the first time in this action, that Defendants cannot support their defenses, that is an argument for the trier of fact.

The only two arguments that are possibly appropriately raised are Plaintiff's arguments that laches and invalid copyright registration are not available as affirmative defenses as a strict matter of law.  The Court therefore briefly discusses these challenges.

As to laches, Plaintiff argues that the Supreme Court case *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014), proscribed laches as an affirmative defense in a claim for damages under the Copyright Act, when that claim is brought within the applicable three-year statute of limitations.  The Court, however, agrees with Defendants that Plaintiff has not alleged a claim entitling him to legal damages, as is explained more in-depth in the Court's Order Denying Plaintiff's Motion to Amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-06191-MWF (Ex) | Date:  March 5, 2026 |
| Title:    Matthew Spatola v. Jason Desrouleaux, et al. | |

(*See* Reply at 12).  Rather, Plaintiff has only alleged relief in the form of declaratory judgment, an accounting, and a constructive trust, which are all equitable remedies.

At the hearing, Plaintiff argued that the holding of *Petrella* only allowed for laches to bar preliminary injunctive relief in "extraordinary cases."  *See Petrella,* 572 U.S. at 667-68.  But this argument ignores the next sentence where the Court goes on to state that "a plaintiff's delay can always be brought to bear at the remedial stage, … in assessing the 'profits of the infringer … attributable to the infringement."  *Id.* at 668.  The Court then notes that when considering "recovery of profits" as a remedy to infringement, the Court "regard[ed] as appropriate its treatment as 'equitable' in this case."  *Id.* at n.1.  Equitable recovery of profits is precisely the relief Plaintiff seeks here.

As to whether Defendants may assert invalidity of Plaintiff's copyright registration as an affirmative defense, Defendants have put forward several cases where such a defense has been recognized by courts, although these courts refer to such a defense as "fraud on the Copyright Office."  (Reply at 10, n.4).  Because such a defense is permissible as a matter of law, the Court declines to dismiss the defense in this inappropriate context.

The Court thus finally considers the sparse arguments by Plaintiff on the merits of whether an advisory jury is warranted in this circumstance.  Plaintiff argues that he will suffer prejudice if the Court impanels an advisory jury.  (*See* Opp. at 9-10).  Plaintiff argues that the mere question of these defenses will inappropriately bias the jury against him because they imply that he sat on his rights for too long or engaged in wrongdoing.  (*Id.* at 9)

Plaintiff cites to two cases where courts excluded evidence of equitable defenses on motions in limine pertaining to the jury trial because it would be unduly prejudicial towards the plaintiff.  *See Multimedia Pat. Tr. v. Apple Inc.,* CV 10-2618-H (KSC), 2012 WL 12868264, at *5 (S.D. Cal. Nov. 20, 2012); *Pioneer Hi-Bred Intern., Inc. v. Ottawa Plant Food, Inc.,* 219 F.R.D. 135, 149 (N.D. Iowa 2003).  Yet as Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-06191-MWF (Ex)            **Date:** March 5, 2026
**Title:** Matthew Spatola v. Jason Desrouleaux, et al.

argue in their Motion and Reply, and Plaintiff does not rebut, the evidence of the equitable defenses in this action is intertwined with the merits of Plaintiff's claims. (*See* Motion at 3-6). Nor did Plaintiff seek to exclude any evidence relevant to the equitable defenses, as was the case in *Apple* or *Pioneer*. Plaintiff cannot now take issue with this purportedly prejudicial evidence, particularly when he fails to actually articulate what specific evidence could be unduly prejudicial in his Opposition.

Plaintiff advances no other arguments in response to the legal standard set forth in the Motion. Accordingly, the Court is persuaded by Defendants' arguments. Specifically, the Court believes that the same factors articulated by this Court in *Living on the Edge, LLC v. Lee*, CV 14-59820MWF (JEMx), 2015 WL 13917633, at *3-4 (C.D. Cal. Mar. 31, 2015) counsel in favor of impaneling an advisory jury here. First, the Court agrees that the equitable defenses inherently involve credibility determinations, and that Defendants have put forth a persuasive case for the specific evidence that will be relevant to these defenses. (*See* Motion at 4-5). Next, because a jury is already going to be impaneled for Plaintiff's declaratory judgment claim and the evidence is overlapping for this claim and these defenses, the time to hear the case will not be substantially increased. *See Living on the Edge,* 2015 WL 13917633, at *4 (quoting *Ortega v. Home Depot U.S.A., Inc.,* CV 11-1921 WBS GGH, 2012 WL 77020, at *4 (E.D. Cal. Jan. 10, 2012)). And third, the advisory jury will not prejudice Plaintiff because the "Court will remain responsible for making its own independent determination that is subject to appellate review." *See id.*

## IV.  CONCLUSION

As the Court noted at the hearing, without precise information about how the defenses will be presented for the jury's consideration, the Court is in a sense merely reaffirming the principle that "the trial judge must 'follow the jury's implicit or explicit factual determinations' 'in deciding the equitable claims.'" *See Teutscher v. Woodson,* 835 F.3d 936, 944 (9th Cir. 2016) (quoting *L.A. Police Protective League v. Gates,* 995 F.2d 1469, 1473 (9th Cir. 1992)). As such, the Court's ruling today does not preemptively approve of a particular form of the jury instructions or particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF (Ex)                    Date:  March 5, 2026
Title:     Matthew Spatola v. Jason Desrouleaux, et al.

questions on the verdict form.  Such issues are more appropriately resolved closer to trial.

With these considerations in mind, the Motion is **GRANTED**.

IT IS SO ORDERED.