UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 23-06191-MWF(Ex) | Date:  March 5, 2026 |
| Title: | Matthew Spatola v. Jason Desrouleaux, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Spatola:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**   ORDER DENYING DEFENDANTS' MOTION TO DISMISS [159]

Before the Court is Defendants Jason Desrouleaux p/k/a Jason Derulo and Sony Music Entertainment's Motion to Dismiss Pursuant to Rule 12(b)(7) (the "Motion"), filed on February 2, 2026. (Docket No. 159). Plaintiff Matthew Spatola filed an Opposition on February 9, 2026. (Docket No. 170). Defendants filed a Reply on February 17, 2026. (Docket No. 174).

The Court has read and considered the papers on the Motion and held a hearing on **March 2, 2026.**

The Motion is **DENIED.** Defendants have not demonstrated that the non-parties are necessary parties under the criteria of Rule 19(a).

I.   **BACKGROUND**

The parties are by now quite familiar with the specific factual background of this action, which is largely set forth in the Court's Order Denying Defendants' Motion for Summary Judgment. (Docket No. 125 (the "Prior Order)). Therefore, the Court will not repeat all those facts here but incorporates by reference the factual background from the Prior Order.

This Motion seeks dismissal on the basis that co-authors of the copyrighted work, *Savage Love* (the "Song"), are necessary and indispensable parties to this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)                              Date:  March 5, 2026
Title:     Matthew Spatola v. Jason Desrouleaux, et al.

Accordingly, some further background is required on the agreements that the parties and non-parties have reached allocating rights and interest in the Song.  The following facts are not specifically disputed by Spatola in his Opposition, so the Court accepts them as true for purposes of this Motion.

  The Song is a remix of a track by the artist Jawsh called *Laxed (Siren — Beat)*. (Motion at 3).  After *Laxed* went viral on TikTok, Derulo contacted Jawsh about making a remixed lyrical version of the track that would eventually become the Song.  (*Id.* at 4).  Soon after Derulo contacted Jawsh, Sony signed Jawsh as an artist, which meant that certain copyright interests in *Laxed* transferred to Sony.  (*Id.* at 5).  To avoid any legal action between Sony and Derulo for the contemplated remix, Sony and Derulo reached an agreement that the parties refer to as the "Tripartite Agreement." (*Id.*).  The Tripartite Agreement explains that Sony owns and controls the rights in the recording of *Laxed,* while Jawsh retains rights in the musical composition of *Laxed.* (*Id.*).  As to the Song, *Savage Love,* Derulo would assign all right, title and interest in the recording to Sony.  (*Id.* at 6).

  However, the Tripartite Agreement maintained that certain other parties beyond Derulo and Sony would retain "publishing ownership interest percentages with respect to the Savage Composition."  (*Id.*).  The parties who retained these "publishing ownership interest percentages" are Jawsh (50%), Derulo (25%), JKash (20%), and Greiss (5%) (hereinafter the "Non-Party Authors").  (*Id.*).

  Defendants now argue that given the rights implicated in the Tripartite Agreement with the Non-Party Authors, they are necessary and indispensable parties under Rule 19.  (*See generally* Motion).  This particular dispute arose after Defendants expressed to Spatola that an ownership percentage cannot be assigned by the jury because co-authors of a joint work own the work's copyright jointly and equally, unless the joint authors reach an agreement otherwise.  (*Id.* at 9).  Defendants argue that because Spatola is not a party to the written agreement, the jury cannot assign an ownership interest in the jointly owned work.  (*Id.*).  As a result of this position, Spatola then filed a "Notice of Disclaimer" on January 30, 2026, with the Court stating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)           Date:  March 5, 2026
Title:     Matthew Spatola v. Jason Desrouleaux, et al.

that he "expressly disclaims any suggestion that he is seeking any portion of the Composition and/or Sound Recording of 'Savage Love' not held by Jason Derulo or Sony, and expressly disclaims any challenge to the respective ownership interests of all non-parties and shares of profits derived from exploitation thereof."  (Docket No. 158 at 2).

Against this backdrop, the Court considers the Motion under Rule 19.

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(7), a party may move to dismiss a case for "failure to join a party under Rule 19."  Rule 19 imposes a three-step inquiry: (1) whether the absent party is necessary (*i.e.*, required to be joined if feasible) under Rule 19(a); (2) if so, whether it is feasible to order that absent party to be joined; and (3) if joinder is not feasible, whether the case can proceed without the absent party, or whether the absent party is indispensable such that the action must be dismissed.  *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).  The burden is on the moving party to produce evidence in support of the motion.  *Id.*; *see also Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

## III.     DISCUSSION

The first question is whether the Non-Party Authors are necessary parties under Rule 19(a)(1).  Because the Court holds that the Non-Party Authors are not necessary under Rule 19(a)(1), the inquiry ends there.

Rule 19(a)(1) provides that a court should join a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)                                    Date:  March 5, 2026
Title:     Matthew Spatola v. Jason Desrouleaux, et al.

    (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i)    as a practical matter impair or impede the person's ability to protect the interest; or

        (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Necessary parties have otherwise been defined as "persons having an interest in the controversy, and who ought to be made parties, in order that the court may act." *See E.E.O.C. v. Peabody Western Coal Co.,* 400 F.3d 774, 779 (9th Cir. 2005). Ultimately, there is "no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." *See* Wright & Miller's Federal Practice and Procedure, § 1604 (3d ed. 2025). Defendants contend that the Non-Party Authors, especially Jawsh, are necessary parties under the criteria of Rule 19(a)(1) for several reasons.

### A.     Whether Case Law Mandates Joinder of Non-Party Authors

Defendants first argue that courts regularly hold in copyright infringement or authorship cases that joint authors are necessary parties, and thus the Non-Party Authors should be joined by virtue of this "unambiguous" case law. (Motion at 11-13). But the Court is not convinced that there is such a *per se* rule that joint authors must always be considered necessary parties. Rather, it appears that the rule is most often enforced in infringement actions because validity may be at issue, and so joint authors or owners, rather than licensees, must be joined to prosecute the action. Specifically, in the Ninth Circuit case Defendants cite for this proposition, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-06191-MWF(Ex)**                                **Date:  March 5, 2026**
**Title:     Matthew Spatola v. Jason Desrouleaux, et al.**

held a copyright owner was an indispensable party where the exclusive licensee of the copyright initiated a lawsuit against an infringer.  *See Cable Vision, Inc. v. KUTV, Inc.,* 335 F.2d 348, 353-54 (9th Cir. 1964) (citing to *Waterman v. Mackenzie,* 138 U.S. 252 (1891)).  This action does not present the same concerns of validity, nor of inconsistent judgments, and so the Court does not consider joint authors to be necessary as a *per se* rule.  *Accord. King v. Najm,* CV 08-4164-DSF (VBKx), 2010 WL 11519552, at *1 (C.D. Cal. April 19, 2010).

To be sure, Defendants present additional cases where courts have held joint authors to be necessary parties in similar actions.  But in those cases, there was a risk that the non-parties' profit shares would decrease, which is not the case given Spatola's disclaimer here.

For example, in *Berrios-Nieves v. Fines-Nevarez,* CV 18-1164 (JAG), 2019 WL 12043410, at *9 (D.P.R. Feb. 7, 2019), the court held that where "split sheets" constituted an agreement between the defendant and their co-authors, and the plaintiff's complaint requested that the "split sheets be declared null and void, nonjoinder would inevitably impair the absent parties' ability to protect their interests in the validity of the agreement and their share of royalties."  But the same cannot be said here, where Spatola has disclaimed profits stemming from the other non-party split shares, and rather requests only a subpercentage of Derulo's split share.  Accordingly, Spatola does not seek to undo the co-authors' agreement as was the case in *Berrios.*

In *Tavory v. Barber,* CV 09-80934, 2009 WL 10667796, at *3-4 (S.D. Fla. Dec. 17, 2009), the plaintiff who initiated the infringement action failed to join the co-owner of the copyright in issue.  The court noted, without much elaboration, the principle that joint owners of a copyright are indispensable parties in an infringement action on that copyright, and thus deemed the co-author such a party.  *Id.*  But this Court can discern that a plaintiff suing to enforce a copyright should join the co-owner because otherwise defendants in such a suit are subject to the possibility of multiple lawsuits for the same infringement.  This danger of multiple lawsuits is precisely what Rule 19(a)(1)(B)(ii) is

---

**CIVIL MINUTES—GENERAL**                                                                       5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-06191-MWF(Ex)**                          **Date:  March 5, 2026**
**Title:**     Matthew Spatola v. Jason Desrouleaux, et al.

meant to guard against.  The same danger of multiple liability is not present here — again, because Spatola disclaimed any right to shares other than Derulo's, there is no danger that the Non-Party Authors will subsequently face lawsuits from Spatola.

And in *Taylor v. Universal Music Corp., Inc.,* CV 13-06412-RGK (AJWx), 2014 WL 12607685, at *4-5 (C.D. Cal. March 10, 2014)*,* a court in this District noted without much explanation that resolution of that action "could adversely affect [the absent party's] ownership rights or expose [the] [d]efendants to multiple or inconsistent liability." *Id.* at *4.  But here, as explained above, there is no danger of multiple or inconsistent liability.  Nor have Defendants pointed to any particular "adverse effect" on the Non-Party Authors' ownership splits.

Again, given Spatola's disclaimer, if Spatola succeeds in his lawsuit he would only be entitled to a percentage of Derulo's share of profits and ownership.  Indeed, Defendants concede that the Tripartite Agreement "expressly identifies the ownership interests in the publishing splits for Derulo and each of the Non-Party Joint Authors." (Reply at 7).  Therefore, because the interests are distinguishable between the parties and non-parties, the Court could accord complete relief in this action without disturbing the ownership or publishing splits of the non-parties.

In that way, the Court more readily discerns the similarity between this action and *Armes v. Post,* CV 20-03212-ODW (PJWx), 2020 WL 6135068, at *3-4 (C.D. Cal. Oct. 19, 2020), where the court held that a disclaimer of the plaintiff to reach the profits of the non-parties sufficiently permitted the court to "accord complete relief among existing parties."  As the *Armes* court noted, the Supreme Court has explained that even where a party may be necessary under Rule 19(a), Rule 19(b) "directs a district court to consider the possibility of shaping relief [in that party's absence] … and the Rule now makes it explicit that a court should consider modification of a judgment as an alternative to dismissal."  *See Armes,* 2020 WL 6135068, at *4 (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111 (1968).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)           Date:  March 5, 2026
Title:  Matthew Spatola v. Jason Desrouleaux, et al.

     Therefore, in any event, this principle may be applied in this action to avoid dismissal under Rule 19.  Although Spatola's FAC originally sought an accounting of "all revenues derived from the exploitation of" the Song and a constructive trust over "all profits derived from the exploitation of" the Song, the disclaimer submitted by Spatola allows the Court to shape relief so that Spatola is denied any claim to the non-parties' share of the ownership interests in the publishing splits.  *See Armes,* 2020 WL 6135068, at *4.

     In their Reply, Defendants assert that where there is no written agreement, "each co-author obtains an undivided ownership in the whole of the joint work, including any portion thereof."  (*See* Reply at 7 (quoting *Pye v. Mitchell,* 574 F.2d 476, 480 (9th Cir. 1978))).  Therefore, Defendants argue that "[i]f the jury finds Spatola is a joint author, then … that will undo the publishing splits agreed to by Derulo and the Non-Party Joint Authors diminishing Jawsh's 50% ownership of the Savage Love Composition." (Reply at 7).  But Defendants cite no authority that such a consequence necessarily follows, particularly considering that the Court may shape appropriate relief relying on Spatola's disclaimer.  In other words, it does not obviously follow that if Spatola's lawsuit is successful, it will necessarily "undo" the terms of the Tripartite Agreement.

     At the hearing, as in their Reply, Defendants reiterated that the Non-Party Authors are joint authors with Defendants and thus are tenants in common.  (*See* Reply at 6).  But again, while that may be the case, the case law cited by Defendants is not clear that such a relationship makes the Non-Party Authors a necessary or indispensable party under Rule 19, save for the factual scenario discussed in *Cable Vision* that is not at issue here.  *See* 335 F.2d at 353-54.  While Defendants reiterated at the hearing that Spatola does not present legal authority that a joint author can latch onto just one of the joint authors' ownership interests without implicating the other joint authors, the burden is on Defendants here to prove that the relationship necessitates these parties.  And again, Defendants have not presented cases demonstrating that the Court is precluded from fashioning relief only in regard to Derulo's publishing splits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)                              Date:  March 5, 2026
Title:      Matthew Spatola v. Jason Desrouleaux, et al.

Accordingly, the fact that Spatola seeks ownership and a share of the profits only from Defendants means that the Court may accord complete relief despite the absent parties.

### B.   Whether Co-Authors Have Legally Protected Interest at Stake

The closer question is not whether the Non-Party Authors' profits or ownership interest will necessarily decrease as a result of the litigation, but rather whether they possess legal rights that will be impaired such that they become necessary parties.  But in assessing these rights, the Court is mindful of the admonition that an absent party's "legally protected interest" in the action "must be more than a financial stake … and more than speculation about a future event" to make them necessary under Rule 19.  *See Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990).  Defendants point to two potential protected interests of the Non-Party Authors that may be impacted by this action, which will be addressed in turn.

#### 1.  Licensing and Duty to Account

First, Defendants point to the right of each co-author to license the work subject to a duty to account to each joint author.  (Motion at 13-14).  According to Defendants, if a co-author such as Jawsh grants a license and fails to account to Spatola, assuming he is successful in this action, then Spatola would have a right to sue Jawsh as a co-author.  (*See id.*).

Spatola responds that the co-authors are already subject to such a duty to Derulo, so it does not affect their legal obligations if Spatola becomes a co-author.  (*See* Opp. at 10).  Spatola seems to have the better of the argument in view of the factors under Rule 19(a)(1) — both that such a duty to account does not give rise to a legally protected interest and, alternatively, that even if there were such an interest, Non-Party Authors would not be required to be joined because their interests are already adequately represented.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-06191-MWF(Ex) | Date:  March 5, 2026 |
| Title:  Matthew Spatola v. Jason Desrouleaux, et al. | |

First, the question of whether the Non-Party Authors' duty to account is a legally protected interest that makes them necessary parties is far from certain. In particular, the Court finds that the scenario envisioned by Defendants — of a future lawsuit resulting from non-compliance with the duty to account — is no "more than speculation about a future event." *See Makah,* 910 F.2d at 558. While theoretically such a scenario could arise, Spatola is correct that such a possibility is already encompassed in the Tripartite Agreement because they already have such a duty to their co-authors. If Jawsh failed to account to his co-authors, he would be subject to the exact same level of liability even if the pool of people who could recover damages were expanded.

Nor would such a scenario potentially subject the non-parties to multiple or inconsistent obligations, triggering concerns under Rule 19(a)(1)(B)(ii). Rather, that provision of the Rule is geared towards whether future court proceedings will arise from the same conduct or incident, such that "a party is unable to comply with one court's order without breaching another court's order." *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California,* 547 F.3d 962, 976 (9th Cir. 2008). Resolving this action in favor of Spatola would not pose such inconsistent obligations that the non-parties could not simultaneously comply with.

At the hearing, Defendants argued that adding Spatola would disrupt the carefully negotiated contract between Defendants and the Non-Party Authors, constituting a fundamental shift in the Tripartite Agreement. A form of this argument appeared in the Reply when Defendants argued that, if a jury finds Spatola to be a joint author, it will "undo" the publishing splits because there will be an absence of a written agreement between all co-authors, so the rights of the authors will revert to undivided ownership. (Reply at 7). But as discussed above, it is not clear from these arguments or the case law presented that the contract will necessarily become a nullity if the jury finds Spatola to be a co-author. While Defendants certainly have argued in their Motion that rights will be affected by Spatola becoming a co-author with the right to grant non-exclusive licenses of the work, it does not necessarily follow that Spatola's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)                              Date:  March 5, 2026
Title:      Matthew Spatola v. Jason Desrouleaux, et al.

success here would automatically mean an undoing of the Tripartite Agreement as a legal matter.

But even if the Court found Defendants' arguments more persuasive, Defendants would still have difficulty overcoming the point in Plaintiff's Opposition that Defendants will adequately represent the Non-Party Authors' interests.  (*See* Opp. at 10-11).  Even if Non-Party Authors have a legally protected interest at stake in this action, such an absent party "is not required to be joined if those interests '[are] adequately represented by existing parties to the suit.'"  *See Montana Wildlife Federation v. Haaland,* 127 F.4th 1, 49 (9th Cir. 2025) (quoting *Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affs.,* 932 F.3d 843, 852 (9th Cir. 2019)).  The Court discerns no reason why Derulo and Sony do not adequately represent the absent parties' interests.  Although Defendants do not engage with the test outlined in *Montana Wildlife* in the Motion, it seems clear that (1) Defendants will make the same arguments as the non-parties; (2) Defendants will be capable and willing to make these arguments that protect the non-parties' interests; and (3) the absent parties would not "offer any necessary element to the proceedings that the present parties would neglect." *See id.*  At the hearing, Defendants did not disagree that their interests were aligned with the Non-Party Joint Authors, but reserved the right to make arguments on behalf of the non-parties.

### 2. Producer Credit

Next, Defendants point to the fact that Spatola seeks a co-producer credit, and Jawsh is the only producer credited on the Song, so Spatola's success will necessarily impact Jawsh's interests.  (Motion at 14).  Spatola responds that being added as a co-producer does not result in any harm to Jawsh's producer interest.  (Opp. at 11-12).  Spatola again has the better of the argument on this Motion.  Jawsh's producer credit would not be cancelled nor taken away from him in any sense if Spatola succeeds on his claims, but rather Spatola would also become a co-producer.  Defendants argue that adding Spatola as a co-producer would impact "any publicity or notoriety that flows" from Jawsh's status as the sole producer, but they make no particular argument nor cite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06191-MWF(Ex)                    Date:  March 5, 2026
Title:      Matthew Spatola v. Jason Desrouleaux, et al.

to any case law that such an interest should make him a necessary party within the meaning of Rule 19(a).  (*See* Reply at 16-17).  At the hearing, Defendants repeated that it was obvious that there is a material difference in the industry of having a sole producer credit versus a co-producer credit, but there is no law or evidence supporting this assertion in the Motion or Reply.

Defendants have therefore failed to carry their burden of persuasion that the Non-Party Authors are "necessary" within the meaning of Rule 19(a).  Rather, (1) the Court may accord complete relief among the existing parties; (2) the absent parties' interests will not be impaired or impeded by disposing of the action in their absence; and (3) the absent parties will not be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations as a result of the action.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.