**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge (State Bar No. 362485)
*tom@werge.law*
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042

**FROST, LLP**
Christopher Frost (State Bar No. 200336)
*chris@frostllp.com*
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a
MATTY SPATS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>Defendants. | CASE NO. 2:23-CV-06191-MWF-E<br><br>**PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS**<br><br><u>Pretrial Conference:</u><br>Date:   March 30, 2026<br>Time:  11:00 a.m.<br><br>Action Filed: July 31, 2023<br>FAC Filed: December 21, 2023<br>Trial Date: April 21, 2026 |

Plaintiff Matthew Spatola p/k/a Matty Spats submits the following proposed verdict form with Defendants' Objections.

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

We the jury in the above-entitled action answer the questions submitted to us as follows:

**Section A: Joint Authorship in the *Savage Love* Musical Composition**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

1. Did Matthew Spatola make a substantial and valuable contribution to the *Savage Love* musical composition?

[ ] = YES                    [ ] = NO

2. Did Matthew Spatola and Jason Derulo intend, at the time of *Savage Love*'s musical composition creation, that their contributions be merged into inseparable or interdependent parts of a unitary whole?

[ ] = YES                    [ ] = NO

3. Were Matthew Spatola's contributions to the *Savage Love* musical composition sufficiently original to be entitled to copyright protection?

[ ] = YES                    [ ] = NO

If you answered YES to questions 1-3, you have found Matthew Spatola is a joint author of the *Savage Love* musical composition holding an undivided interest together with Jason Derulo. Please proceed to Section B and then to Section F.

**Section B: Joint Authorship in the *Savage Love* Sound Recording**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

4. Did Matthew Spatola make a substantial and valuable contribution to the *Savage Love* sound recording?

[ ] = YES                    [ ] = NO

5. Did Matthew Spatola and Jason Derulo intend, at the time of *Savage Love*'s sound recording's creation, that their contributions be merged into inseparable or interdependent parts of a unitary whole?

[ ] = YES                    [ ] = NO

6. Were Matthew Spatola's contributions to the *Savage Love* sound recording sufficiently original to be entitled to copyright protection?

[ ] = YES                    [ ] = NO

If you answered YES to questions 4-6, you have found Matthew Spatola is a joint author of the *Savage Love* sound recording, holding an undivided interest together with Jason Derulo and Sony. Please proceed to Section F.

If you answered NO to any of questions 1-6, please proceed to Section C.

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

**Section C: Joint Authorship in the April 23 Session Musical Composition**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

7. Did Matthew Spatola make a substantial and valuable contribution to the musical composition created during the overnight session from April 22 to 23, 2020 ("April 23 Session")?

    [ ] = YES              [ ] = NO

8. Did Matthew Spatola and Jason Derulo intend, at the time of creation, that their contributions be merged into inseparable or interdependent parts of a unitary whole of the April 23 Session's musical composition?

    [ ] = YES              [ ] = NO

9. Were Matthew Spatola's contributions to the April 23 Session's musical composition sufficiently original to be entitled to copyright protection?

    [ ] = YES              [ ] = NO

If you answered YES to questions 7-9, you have found Matthew Spatola is a joint author of the April 23 Session's musical composition holding an undivided interest together with Jason Derulo. Please proceed to Section D and then to Section E.

Please proceed to Section D.

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

**Section D: Joint Authorship in the April 23 Session Sound Recording**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

10. Did Matthew Spatola make a substantial and valuable contribution to the sound recording created during the overnight session from April 22 to 23, 2020 ("April 23 Session File")?

[ ] = YES                [ ] = NO

11. Did Matthew Spatola and Jason Derulo intend, at the time of creation, that their contributions be merged into inseparable or interdependent parts of a unitary whole of the April 23 Session File?

[ ] = YES                [ ] = NO

12. Were Matthew Spatola's contributions to the April 23 Session File sufficiently original to be entitled to copyright protection?

[ ] = YES                [ ] = NO

If you answered YES to questions 10-12, you have found Matthew Spatola is a joint author of the April 23 Session File sound recording holding an undivided interest together with Jason Derulo. Please proceed to Section E.

If you answered NO to questions 1-12, Please proceed to the signature page at the end of this verdict form.

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

**Section E: *Savage Love* as Derivative Work**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

13. Is *Savage Love*'s musical composition a derivative work based on the April 23 Session musical composition?

[ ] = YES                [ ] = NO

14. Is *Savage Love's* sound recording a derivative work based on the April 23 Session File?

[ ] = YES                [ ] = NO

If you answered YES to question 13, you have found that Matthew Spatola is a joint author of *Savage Love* musical composition, holding an undivided interest together with Jason Derulo.

If you answered YES to question 14, you have found that Matthew Spatola is a joint author of *Savage Love* sound recording, holding an undivided interest together with Jason Derulo and Sony.

If you answered YES to question 13 and/or question 14, please proceed to Section F.

If you answered NO to both question 13 and 14, please proceed to Section G.

**Section F: *Savage Love Remix* as Derivative Work**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

15. Is *Savage Love (Laxed – Siren Beat) [BTS Remix]* music composition a derivative work of the *Savage Love* music composition?

[ ] = YES                    [ ] = NO

16. Is *Savage Love (Laxed – Siren Beat) [BTS Remix]* sound recording derivative work of the *Savage Love* sound recording?

[ ] = YES                    [ ] = NO

If you answered YES to question 15, you have found that Matthew Spatola is a joint author of the *Savage Love (Laxed – Siren Beat) [BTS Remix]* music composition holding an undivided interest together with Jason Derulo.

If you answered YES to question 16, you have found that Matthew Spatola is a joint author of the *Savage Love (Laxed – Siren Beat) [BTS Remix]* recording holding an undivided interest together with Jason Derulo and Sony.

Please proceed to Section G.

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

**Section G: Accounting and Constructive Trust**

PRELIMINARY INSTRUCTION: All questions below must be answered based on the "preponderance of the evidence" standard. This means you should find in favor of a fact if the evidence shows it is more likely than not to be true.

17. How much money did Derulo earn from the exploitation of *Savage Love*?

(*Savage Love* sound recording) $_____

(*Savage Love* musical composition) $_____

18. How much of the money that Jason Derulo earned from the exploitation of *Savage Love* should be awarded to Matthew Spatola?

(*Savage Love* sound recording) $_____

(*Savage Love* musical composition) $_____

18. How much of the money that Jason Derulo has earned from the exploitation of *Savage Love (Laxed – Siren Beat) [BTS Remix]* should be awarded to Matthew Spatola?

(*Savage Love* sound recording) $_____

(*Savage Love* musical composition) $_____

19. How much of the money that Sony has earned from the exploitation of *Savage Love* should be awarded to Matthew Spatola?

(*Savage Love* sound recording) $_____

(*Savage Love* musical composition) $_____

20. How much of the money that Sony has earned from the exploitation of *Savage Love (Laxed – Siren Beat) [BTS Remix]* should be awarded to Matthew Spatola?

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

(*Savage Love* sound recording) $_____

(*Savage Love* musical composition) $_____

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATE: _____          _____

Jury Foreperson

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

## DEFENDANTS' OBJECTIONS

I.    **Spatola's "PRELIMINARY INSTRUCTION" in Sections A Through G Risks Confusing The Jury Because It Describes The Preponderance Of The Evidence Standard Differently Than The Jury Was Separately Instructed**

The parties agree that the jury be instructed with a modified version of the Ninth Circuit Model Instruction No. 1.6. The parties also agree that this instruction should state, in pertinent part, "… it means you must be persuaded by the evidence that the claim is more probably true than not true." However, in the "PRELIMINARY INSTRUCTION" in Sections A through G in Spatola's [Proposed] Special Verdict Form, Spatola states the applicable burden of proof "shows it is more likely than not to be true." This deviation unnecessarily risks confusing the jury. To the extent it were to be included, it should mirror the language used to otherwise instruct the jury in this regard.

II.    **Spatola's [Proposed] Special Verdict Form Does Not Follow The Legal Test for Joint Authorship as Set Forth in Ninth Circuit Model Jury Instruction 17.9.**

Question Nos. 1-12 of Spatola's [Proposed] Special Verdict Form asks the jury to decide whether Spatola has proven, by a preponderance of the evidence, that he has met three elements necessary to determine joint authorship of either Savage Love or, in the alternative, the April 23, 2020 Session File. However, Spatola's [Proposed] Special Verdict Form does not accurately reflect the factors clearly set forth in Ninth Circuit Model Jury Instruction 17.9, which are:

(a)    Whether Spatola made a substantial and valuable contribution to Savage Love;

(b)    Whether each joint author of Savage Love intended that his contribution be merged into inseparable or interdependent parts of a unitary whole; and

-12-
PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

> (c)     Whether Spatola contributed material to Savage Love that could have been independently copyrightable.

Spatola's [Proposed] Special Verdict Form deviates from Ninth Circuit Model Jury Instruction 17.9 in several critical ways. ***First,*** regarding the second factor above, in Question Nos. 2, 5, 8, and 11, Spatola improperly limits the inquiry to only whether Spatola and Derulo intended that "their contributions be merged into inseparable or interdependent parts of a unitary whole." However, Ninth Circuit Model Jury Instruction 17.9 is unambiguous that the second factor requires that "each author" must have intended that his "contributions be merged into inseparable or interdependent parts of a unitary whole." Regarding Section A (Savage Love Musical Composition), it is undisputed that the joint authors in that work include Joshua Christian Nanai p/k/a Jawsh 685 ("Jawsh"), Jacob Kasher Hindlin p/k/a JKash ("JKash"), and Philippe Henri Greiss p/k/a Phil Greiss ("Greiss"). This is reflected in, among other things, Spatola's own 2023 copyright registration. (ECF 159-13.) It is also reflected in the Tripartite Agreement which reflects publishing splits between Derulo, Jawsh, JKash, and Greiss. (ECF 159-6 at 83-107.) Regarding Section B (Savage Love Sound Recording), Jawsh is a joint author and the only credited producer. Regarding Sections C and D (April 23, 2020 Session File Sound Recording and Musical Composition), Jawsh and JKash are joint authors. Yet, Jawsh, JKash, and Greiss are included nowhere in Spatola's [Proposed] Special Verdict Form whatsoever. Each joint author must be implicated in each element for each work, and Spatola failed to include them.

***Second***, for similar reasons, Spatola's proposed language following Question Nos. 3, 6, 9, 12, 13, 14, 15, and 16 is improper and contrary to law. In that language, Spatola advises the jury that if they answered yes to all the preceding questions, they have found that Spatola is a joint author in the work at issue and holds an undivided interest with Derulo and/or Sony. However, as set forth in Ninth Circuit Model Jury Instruction 17.9: "In the absence of an agreement between themselves to the

-13-
PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

contrary, each author of a joint work shares an undivided interest in the entire joint work." Therefore, if the jury determines that Spatola is a joint author of Savage Love Sound Recording or Musical Composition, or either of the Session Files, Spatola would share an undivided interest in the work with each joint author of that work. Again, Jawsh, JKash, and Greiss, and their standing as joint authors, are completely ignored.

*Third*, in Question Nos. 3, 6, 9, and 12, Spatola improperly inserts the phrase "sufficiently original" that exists nowhere in Ninth Circuit Model Jury Instruction 17.9. The third element in Ninth Circuit Model Jury Instruction 17.9 states: "Third, each author must have contributed material to the joint work which could have been independently copyrighted." Spatola's proposed additional language is improper and prejudicial.

*Fourth*, as to the second factor identified above, the [Proposed] Special Verdict Form entirely ignores the factors set forth in *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000), which are:

(a) Whether the purported co-author "superintended" the work by exercising control;

(b) Whether the putative co-authors made "objective manifestations of a shared intent to be co-authors;" and

(c) Whether the audience appeal of the work turns on both contributions and "the share of each in its success cannot be appraised."

202 F.3d at 1235 (citations omitted). These additional factors are expressly included in Ninth Circuit Model Jury Instruction 17.9, yet they are omitted from the [Proposed] Special Verdict Form. The Ninth Circuit has since reiterated that these factors are the "criteria for determining whether a work is jointly authored." *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008). These criteria are not optional: the court must independently analyze each factor. *See id.* at

968. As a result, the *jury* must *also* independently analyze and make a factual finding as to each *Aalmuhammed* factor to decide whether Spatola is a joint author. This is consistent with the Ninth Circuit Model Civil Jury Instruction 17.9 (Joint Authors), which instructs the jury to consider each of the three *Aalmuhammed* factors.

Question Nos. 1 through 12 of Spatola's [Proposed] Special Verdict Form should either be stricken or amended to conform to the elements set forth in Ninth Circuit Model Jury Instruction 17.9 and the *Aalmuhammed* factors.

### III.    Spatola's [Proposed] Special Verdict Form Improperly Seeks Jury Determinations Related To the April 23, 2020 Session File When Those Claims Have Been Waived.

Spatola's claim for Declaratory Judgment seeks a declaration that he is a joint author of the sound recording and musical composition for Savage Love. Spatola only alleges in the alternative that, "[i]f Spatola is not an owner of the commercial release of Savage Love, he is at least a co-owner of the two session files, of which Savage Love is a derivative work." ECF 28 ("FAC") at 12:28-13:2. As argued in their Motion for Summary Judgment (ECF 60), Defendants' position here is that Spatola has waived these alternative claims due to Spatola's failure to address them in any way in opposition to Defendants' Motion. ECF 89 at 7-8 (Reply at 2:24-3:12); *see also* ECF 96 at 8, 30 (Defendants' Memo of Law and Fact at 1:22-28, 23:1-3); *Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1147 n. 7 (E.D. Cal. 2005) ("failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim.")

Further, Spatola's [Proposed] Special Verdict Form contains no questions or sections related to the April 27, 2020 Session File even though that session is expressly referenced and placed at issue as an alternative claim in the FAC. Only the April 23, 2020 Session File is referenced. Based on Spatola's [Proposed] Special Verdict Form and its accompanying [Proposed] Jury Instructions, any alternative

-15-

claims related to the April 27, 2020 Session File have been withdrawn and/or waived by Spatola.

## IV.    Spatola's [Proposed] Special Verdict Form Contains Several Improper Transition Instructions

Spatola's [Proposed] Special Verdict Form does not properly advise the jury when transitioning between the various sections, which further justifies rejecting Spatola's [Proposed] Special Verdict Form and adopting Defendants' [Proposed] Special Verdict Form.

First, notwithstanding Spatola's deficiencies outlined above, at the end of Sections A-D, he uses the language: "If you answered YES to questions [1-3 or 4-6 or 7-9 or 10-12] . . ." That language does not make clear that the jury must answer YES to all three of the questions in that particular section to make a finding of joint authorship. This is another reason why the Court should reject Spatola's proposed special verdict form and adopt Defendants' proposed special verdict form. Alternatively, if the Court adopts Spatola's proposed special verdict form, it should amend this instruction: "If you answered YES to *each of* questions [1-3 or 4-6 or 7-9 or 10-12]."

At the end of Section A (the Savage Love Musical Composition), Spatola only provides a transition instruction on what the jury should do if they answer YES to Question Nos. 1 through 3. However, there is no transition instruction on what the jury should do if they answer NO to any of Question Nos. 1 through 3. This is another reason why the Court should reject Spatola's proposed special verdict form and adopt Defendants' proposed special verdict form. Alternatively, if the Court adopts Spatola's proposed special verdict form, the following language should be added at the end of Section A: "If you answered NO to any of questions 1 through 3, please proceed to Section B."

At the conclusion of Section C (the April 23, 2020 Session File Musical Composition), Spatola merely states: "Please proceed to Section D." This is another

reason why the Court should reject Spatola's proposed special verdict form and adopt Defendants' proposed special verdict form. Alternatively, if the Court adopts Spatola's proposed special verdict form, that sentence should state: "If you answered NO to any of questions 7-9, please proceed to Section D."

At the conclusion of Section D (the April 23, 2020 Session File Sound Recording), Spatola states: "If you answered NO to questions 1-12, please proceed to the signature page at the end of this verdict form." This is wholly improper. At the end of Section B, Spatola already includes the following: "If you answered NO to any of questions 1-6, please proceed to Section C." Question Nos. 1-6 do not need to be included again at the end of Section D. Also, the jury does not need to answer NO to all of questions 1-12 to proceed to the signature page. This is another reason why the Court should reject Spatola's proposed special verdict form and adopt Defendants' proposed special verdict form. Alternatively, if the Court adopts Spatola's proposed special verdict form, the language at the end of Section D should be amended to: "If you answered NO to any of questions 7-9 or 10-12, please proceed to the signature page at the end of this verdict form."

**V.    Spatola's [Proposed] Special Verdict Form Improperly Presupposes That The April 23, 2020 Session File is a Final Work**

Question Nos. 7-14 of Spatola's [Proposed] Special Verdict Form wrongly assume that the April 23, 2020 Session File is separate and apart from Savage Love, as opposed to merely an early draft of the final Savage Love musical composition and sound recording that was commercially released in June 2020. But early drafts of a final work are not entitled to separate copyright protection. *See* 2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4; *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000); *Jefferson v. Raisen*, 2020 WL 6440034, at *3 (C.D. Cal. Aug. 14, 2020); *JCW Investments, Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1032-1034 (N.D. Ill. 2003), *aff'd*, 482 F.3d 910 (7th Cir. 2007). Just because Spatola alleges that he is a co-owner of the April

-17-

23, 2020 Session File does not make the April 23, 2020 Session File a final work for copyright purposes (indeed, Spatola has neither applied for nor received a copyright registration in the April 23, 2020 Session File musical composition or sound recording). As a result, before reaching any questions regarding Spatola's co-ownership of the April 23, 2020 Session File, the jury must first decide whether the April 23, 2020 Session File is a draft of what ultimately became Savage Love. It is only if the jury finds that the April 23, 2020 Session File was *not* a draft that the jury should decide whether Spatola is a co-owner of the April 23, 2020 Session File in any respect.

## VI.    Spatola's [Proposed] Special Verdict Form Improperly Seeks Jury Determinations Regarding the Savage Love BTS Remix

Question Nos. 15-16 of Spatola's [Proposed] Special Verdict Form improperly seek jury determinations whether the *Savage Love (Laxed – Siren Beat) [BTS Remix]* (the "BTS Remix") sound recording and musical composition are derivative works of Savage Love. However, this issue is not relevant, nor is it in dispute. Defendants do not dispute that the BTS Remix is a derivative work of Savage Love. Indeed, it is a remix of Savage Love. Because that issue is not in dispute, there is no reason to ask the jury to decide it. By way of example, it is undisputed that Savage Love is a derivative work of Jawsh's *Laxed (Siren Beat)*, yet, Spatola does not ask the jury to decide this issue. This case is about joint authorship in Savage Love, not its derivative works. The jury should not be asked to decide the issue of whether the BTS Remix is a derivative work of Savage Love because it is not in dispute.

Further, in Section F, following Question Nos. 15-16, Spatola limits the scope of joint authors who hold an undivided interest in the BTS Remix to Derulo and/or Sony. For the same reasons described above in Section II, Spatola ignores the other joint authors to the BTS Remix, ***including but not limited to BTS***. As set forth in the Tripartite Agreement, BTS received 50% of the publishing splits. (ECF 159-6 at

-18-
PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

87.) Copyright law and the Ninth Circuit Model Jury Instruction 17.9 make clear that all joint authors are implicated and hold an undivided interest with the other joint authors. Spatola cannot merely pick and choose which joint authors he wants to put to the jury.

## VII.    Spatola's [Proposed] Special Verdict Form Improperly Seeks Jury Determinations Related to Plaintiff's Claims for Accounting and Constructive Trust.

Question Nos. 17-21 [erroneously numbered 17-20] of Spatola's [Proposed] Special Verdict Form relate to Spatola's claims for Accounting and Constructive Trust. As set forth in more detail in Defendants' Motion *in Limine* #4 (ECF 104), both of these claims are equitable in nature and should be decided by the Court only if the jury first rules in Spatola's favor on his Declaratory Judgment claim. *See Siegel v. Warner Bros. Entertainment Inc.*, 581 F.Supp.2d 1067, 1073-74 (C.D. Cal. 2008) (holding that plaintiff was not entitled to jury trial for accounting claim in action related to co-ownership of copyright) (collecting cases where accountings of profits between co-owners of copyrights were tried before the court and not a jury); *Beverly Hills Nat. Bank & Trust Co. v. Compania De Navegacione Almirante S.A., Panama*, 437 F.2d 301, 306-307 (9th Cir. 1971) ("There was no right to jury trial since the constructive trust claim was equitable."); *In re Real Estate Associates Ltd. P'ship Litigation*, 2002 WL 31995687, at *1 (C.D. Cal. Dec. 6, 2022) (noting "equitable claims remaining for the Court to determine," including accounting and constructive trust, following five-week jury trial). Indeed, Spatola has not proposed ***any*** jury instructions that relate to a determination of his Accounting claim or his Constructive Trust claim, effectively conceding that these claims are inappropriate for jury determination and that the Court should grant Defendants' Motion *in Limine* No. 4 to strike Spatola's jury demand for his Accounting and Constructive Trust claims, to bifurcate the trial, and to exclude from the first phase any evidence related to the financial exploitation of Savage Love (as more fully detailed in that motion,

*see* ECF 104). Even if the Court determines that the jury can decide Spatola's Accounting and Constructive Trust claims (which it should not), they are separate causes of action in the FAC (although they are actually equitable remedies and not genuine standalone causes of action), questions to the jury regarding the Accounting and Constructive Trust claims should be separate, not joined. Accordingly, Question Nos. 17-21 of Spatola's [Proposed] Special Verdict form must be excluded.

**VIII. Spatola's [Proposed] Special Verdict Form Improperly Assumes That Any Sums Owed to Spatola Are Uniquely Owed By Derulo and Sony**

Question No. 17 of Spatola's [Proposed] Special Verdict Form asks the jury to decide how much money Derulo has earned from the "exploitation" of Savage Love. Question No. 18 of Spatola's [Proposed] Special Verdict Form asks the jury to decide how much of the money that Derulo earned from the "exploitation" of Savage Love should be awarded to Spatola. Question No. 19 [erroneously identified as Question No. 18 again] of Spatola's [Proposed] Special Verdict Form asks the jury to decide how much money Derulo earned from the "exploitation" of the BTS Remix should be awarded to Spatola. Question No. 20 [erroneously identified as Question No. 19] of Spatola's [Proposed] Special Verdict Form asks the jury to decide how much of the money that Sony earned from the "exploitation" of Savage Love should be awarded to Spatola. Question No. 21 [erroneously identified as Question No. 20] of Spatola's [Proposed] Special Verdict Form asks the jury to decide how much of the money that Sony earned from the "exploitation" of the BTS Remix should be awarded to Spatola.

There are numerous problems with these questions and they should not be included on the special verdict form as a result. First, even under Spatola's objectionable questions and structure, he fails to include specific questions asking the jury how much Derulo earned from the "exploitation" of the BTS Remix. He also omits questions asking the jury how much Sony earned from the "exploitation" of Savage Love or the BTS Remix.

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

Second, the use of the word "exploitation" throughout Question Nos. 17-21 is improper, inflammatory, and prejudicial. It should be stricken.

Third, Question Nos. 17-21 improperly assume that any sums owed to Spatola are uniquely owned by Derulo and Sony. As described above in Section II, Derulo is a co-author and co-owner of the copyright of the musical composition of Savage Love with non-parties Jawsh, JKash, and Greiss. Derulo, Jawsh, JKash, and Greiss reached an agreement that publishing ownership for the Savage Love musical composition is split among them at differing percentages, and both Derulo and Jawsh assigned their respective rights as co-authors in the Savage Love sound recording to Sony. *See* ECF 89 at 20-21 (Reply at 15:14-16:5). As a result, in the unlikely event that the jury finds Spatola to be a joint author of Savage Love *and* that Spatola is owed any sum of money, the money that Spatola seeks does not exclusively belong to Derulo and Sony. Similarly, in the unlikely event that the jury finds Spatola to be a joint author of the BTS Remix, and that it is a derivative work of Savage Love, *and* that Spatola is owed any sum of money, the money that Spatola seeks does not exclusively belong to Derulo and Sony. Question Nos. 17-21 fail to account for any ownership interest by Jawsh, JKash, or Greiss, or any other joint authors in the BTS Remix (such as BTS).

Additionally, Question Nos. 17-21 confuse and conflate how authorship is treated under copyright law in the context of joint works. That is, co-authors of a joint work own the work's copyright jointly and equally, unless the joint authors reach an agreement otherwise. *Pye v. Mitchell*, 574 F.2d 476, 480 (9th Cir. 1978) ("each co-author obtains an undivided ownership in the whole of the joint work, including any portion thereof"). Here, there is only a written agreement amongst Derulo, Sony, Jawsh, JKash and Greiss allocating ownership interests, but there is **no written agreement** amongst Derulo, Sony, Jawsh, JKash, Greiss, **and Spatola** allocating ownership interests to each of them. Question Nos. 17-21 simply ask the jury to pick an amount that Spatola should be awarded from Derulo and/or Sony.

-21-
PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

However, that question is contrary to law and does not factor in the agreement between Derulo, Sony, Jawsh, JKash and Greiss, or that Jawsh, JKash and Greiss have earned money from Savage Love as joint authors. They also do not factor in money earned by the other joint authors of the BTS Remix (such as BTS).

**IX.    Spatola's [Proposed] Special Verdict Form Waives any Right to Seek Damages, Including in Connection with any "Lost Opportunities."**

Section G in Spatola's [Proposed] Special Verdict Form only asks the jury questions regarding his Accounting and Constructive Trust claims. It generally asks the jury to determine what amounts Derulo has earned from Savage Love, and how much of the money Sony and Derulo have earned from Savage Love and the BTS Remix should be awarded to Spatola. Notably, nowhere in Spatola's [Proposed] Special Verdict Form does he ask the jury any questions about Spatola's alleged out-of-pocket damages, including any monetary damages related to "lost opportunities." Spatola's motion for leave to amend (ECF 163) seeks to add claims for damages. Therein, Spatola further argues "[f]rom the outset, Plaintiff has sought damages and equitable relief solely from Defendants Jason Derulo and Sony" and "Plaintiff has consistently alleged that Defendants' refusal to credit Plaintiff for his substantial creative contributions to Savage Love deprived him of the recognition, compensation, and professional opportunities that flow from authorship and production credits on a globally successful work." (ECF 163 at 5:16-17 and 6:11-14.) While Defendants dispute those arguments and opposed Spatola's motion to amend (the Court took the matter under submission after hearing oral argument on March 2, 2026), Spatola's failure to include any questions to the jury regarding any alleged damages (including in connection with any "lost opportunities") contradicts his arguments that he has sought damages from the outset of the case. By not including any questions related to damages, Spatola has waived any right to recover damages.

Date: March 16, 2026

Respectfully submitted,

**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge *(Pro hac vice)*

**FROST, LLP**
Christopher Frost

/s/ Thomas E.M. Werge
Thomas E.M. Werge

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a MATTY SPATS

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I served a true and correct copy of **PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM** via email to:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JOSHUA ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@ sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

/s/  Mayte Crespo
Mayte Crespo
WERGE & CORBIN LAW GROUP

PLAINTIFF'S [PROPOSED] SPECIAL VERDICT FORM WITH DEFENDANTS' OBJECTIONS