**WERGE & CORBIN LAW GROUP**
Thomas E.M. Werge (State Bar # 362485)
*tom@werge.law*
Joseph A. MacHatton (*pro hac vice*)
*joseph@werge.law*
Veronica A. Phifer (*pro hac vic*)
*veronica@werge.law*
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042
**FROST, LLP**
Christopher Frost (State Bar # 200336)
*chris@frostllp.com*
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

*Attorneys for Plaintiff*
MATTHEW SPATOLA p/k/a
MATTY SPATS

UNITED STATES DISTRICT COURT
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>        Plaintiff,<br><br>        v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>        Defendants. | CASE NO. 2:23-CV-06191-MWF-E<br><br>**PLAINTIFF'S PROPOSED JURY VOIR DIRE**<br><br>Action Filed:        July 31, 2023<br>FAC Filed:        December 21, 2023<br>Final Pretrial Conf.: March 30, 2026<br>Trial Date:        April 21, 2026 |

Plaintiff MATTHEW SPATOLA p/k/a MATTY SPATS hereby sets forth his proposed *voir dire* questions pursuant to the *Court's Standing Order Re Jury Trial*, as follows:

1. Have you heard or read anything about this lawsuit? *If yes, privately:*

    a. What have you heard or read, and where did you hear or read it?

    b. Do you have any views or opinions about this case or cases like it?

    c. Do you have any views or opinions about who should prevail in this case?

2. Are you familiar with Jason Derulo? *If yes:*

    a. Do you have strong positive or negative feelings about Jason Derulo that might make it difficult for you to serve as a juror in this case?

    b. Do you consider yourself a fan of Jason Derulo?

    c. Have you ever been to a Jason Derulo concert?

3. Are you familiar with the song Savage Love by Jason Derulo? *If yes:*

    a. Where did you first hear the song?

    b. How many times have you heard it?

    c. Do you have any reaction to the song, positive or negative, that might affect your ability to evaluate the evidence impartially?

    d. Are you aware of any controversy or dispute surrounding the song?

4. Are you familiar with the K-Pop group BTS? *If yes:*

    a. Do you consider yourself a fan of BTS?

    b. Are you familiar with the Savage Love remix by BTS?

5. Do you have a TikTok account?

    a. If so, are you familiar with viral music trends on the platform?

    b. Do you follow Jason Derulo?

    c. Have you seen any TikTok videos with the song *Savage Love*?

6. Do you or any immediate family members work in the music industry?

    a. If so, doing what?

b.    For what company?

7.    Are you a member of any clubs or organizations related to music creation, production, or performance?

8.    Have you or any immediate family members ever played a musical instrument, written or recorded music, or been involved in the creation of an artistic work?

9.    Have you ever collaborated with another person in the creation of an artistic work? *If yes:*

a.    How did you and the other person decide who would receive credit for the work?

b.    Was there a written agreement?

10.    Have you ever felt that someone did not give you proper credit for the joint creation of an artistic work? *If yes:*

a.    What happened?

b.    How was it resolved?

11.    Have you ever felt that someone claimed more credit for a collaborative project than their contribution warranted? *If yes:*

a.    Please describe the circumstances.

b.    Is there anything about that experience that might affect your ability to be fair and impartial in this case?

12.    Have you ever registered a copyright?

13.    Do you have any professional experience with copyrights, trademarks, patents, or other forms of intellectual property? *If so,* please describe.

14.    Do you have strong feelings, positive or negative, about celebrities, including pop stars, or the music industry? *If yes:*

a.    Are you more or less likely to believe someone solely because they are a celebrity?

b.    Some people believe that lawsuits against celebrities are often

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Proposed *Voir Dire*

motivated by money rather than a legitimate grievance. Do you hold that view?

    c.    Do you believe your feelings on fame and celebrity will make it difficult for you to be fair and impartial in this case?

    d.    Would you be able to set that belief aside and evaluate this case based solely on the evidence?

15.    Have you, or anyone in your immediate family, been a party (either as a plaintiff or as a defendant) to or witness in any civil lawsuit? *If yes:*

    a.    What was the nature of the case?

    b.    Was the case tried by a jury?

    c.    What was the outcome of the case?

    d.    Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, only on the basis of the evidence and law presented during this trial?

16.    Do you have any specific feelings or opinions about lawsuits or lawyers, either positive or negative?

17.    The Court will instruct you on the legal definition of "joint authorship" under the Copyright Act. That definition involves specific factors. Are you willing to apply those factors as the Court instructs, even if your personal sense of who should be called an author might differ?

18.    In this case, you will see text messages, emails, audio recordings, music production files, and hear testimony from musicologists — professionals who analyze the technical elements of music. Is there any category of evidence that you would tend to trust more or less than others?

19.    When two people give conflicting accounts of a private interaction, what kinds of things do you look for to decide who is more credible?

20.    You will hear expert testimony from musicologists who analyzed the creative elements of the song at issue. The experts may reach different conclusions. If

experts disagree on a subject, how would you go about deciding which expert's opinion to credit?

21. In this case, you may hear evidence that the song generated millions of dollars in royalties. Does hearing that figure affect how you would view the merits of either side's claims?

22. If the evidence shows that a co-author was wrongfully excluded from credit, would you be comfortable awarding that person their equitable share of the profits, even if the amount is significant?

    a. Is there any amount of money that you would have difficulty awarding, regardless of what the evidence shows?

23. Are you familiar with the various ways that songwriters and musicians earn money from a song, including streaming royalties, sales, licensing, and radio play? *If not:*

    a. Would you be comfortable learning about royalty structures from the evidence and testimony?

24. If someone believes they have a right but does not immediately file a lawsuit, does that fact alone cause you to question whether the claim is genuine?

    a. What if the person tried to resolve the matter informally or through negotiation before filing? Would that change your view?

25. In some situations, a person in a less powerful position may feel reluctant to challenge someone in a more powerful position right away. Is that something you can understand?

    a. Would you hold it against either party if the evidence shows that informal resolution was attempted before this lawsuit was filed?

26. This is a civil case. The standard of proof is "preponderance of the evidence," meaning "more likely than not." Can you accept that a party may meet its burden by showing that something is more likely true than not, even if you are not absolutely certain that it is true?

27.    If selected for this jury, can you commit to deciding this case based solely on the evidence presented in this courtroom and the law as the Court instructs you and not researching or discussing this case, the parties, the song, or any related topics on the internet or social media during the trial?

28.    During the exercise of challenges, an attorney may excuse a juror who you like or who you think should be let on the jury. In exercising these challenges, the parties have the absolute right to choose among prospective jurors without giving any particular reason for doing so. Will you hold it against the attorney or his client if an attorney excuses a prospective juror you think should be left on the panel?

Dated: March 16, 2026                          Respectfully submitted,

                                               /s/  Thomas E.M. Werge

                                               **WERGE & CORBIN LAW GROUP**
                                               Thomas E.M. Werge

                                               **FROST, LLP**
                                               Christopher Frost

                                               *Attorneys for Plaintiff*
                                               MATTHEW SPATOLA p/k/a MATTY SPATS

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Proposed *Voir Dire*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing document was sent to the Court's Chambers and filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which automatically generates a Notice of Electronic Filing ("NEF") at the time said document is filed to all CM/ECF Users and counsel of record who have appeared in this case. Service with this NEF constitutes service pursuant to Federal Rule of Civil Procedure 5(b)(E).

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JOSHUA ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@ sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

*/s/ Mayte Crespo*
Mayte Crespo
WERGE & CORBIN LAW GROUP

Case No. 2:23-cv-06191-MWF-E
Plaintiff's Proposed *Voir Dire*