SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JOSHUA ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@ sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

WERGE & CORBIN LAW GROUP
Thomas E.M. Werge (SBN 362485)
*tom@werge.law*
Joseph A. MacHatton (*pro hac vice*)
*joseph@werge.law*
Veronica A. Phifer (*pro hac vice*)
*veronica@werge.law*
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042

FROST, LLP
Christopher Frost (SBN 200336)
*chris@frostllp.com*
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
MATTHEW SPATOLA p/k/a MATTY SPATS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,<br><br>    Defendants. | Case No. 2:23-cv-06191 MWF-E<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**NOTICE OF LODGING JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER**<br><br>**Final Pretrial Conference:**<br>Date:          March 30, 2026<br>Time:          11:00 a.m.<br>Dept.:          Courtroom 5A<br><br>**Trial:**<br>Date:          April 21, 2026<br>Time:          8:30 a.m.<br>Location:          Courtroom 5A<br><br>Action Filed:          July 31, 2023<br>FAC Filed:          December 21, 2023<br>Final Pretrial Conf.:  March 30, 2026<br>Trial Date:          April 21, 2026 |

SMRH:4916-1718-7990

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 16-7, the Order Re Jury Trial (*see* ECF 25), and the Parties' various stipulations and the Court's various orders continuing the case schedule and trial date (ECF Nos. 53, 54, 112, 113, 130, 132, 139), Plaintiff Matthew Spatola p/k/a Matty Spats ("Spatola" or "Plaintiff") and Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony", and collectively with Derulo, "Defendants") hereby lodge the [Proposed] Final Pretrial Conference Order.

Dated:  March 16, 2026          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   /s/ Joshua M. Rosenberg
          Joshua M. Rosenberg
          Kazim A. Naqvi
          Allison C. Wong

      Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

Dated:  March 16, 2026          WERGE LAW GROUP


By:   /s/ Veronica A. Phifer
          Veronica A. Phifer

      *Attorneys for Plaintiff*
      MATTHEW SPATOLA p/k/a MATTY SPATS

-2-                Case No. 2:23-cv-06191 MWF-E

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing with their signature, where applicable.

Dated:  March 16, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    */s/ Joshua M. Rosenberg*

Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JOSHUA ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@ sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

WERGE & CORBIN LAW GROUP
Thomas E.M. Werge (SBN 362485)
*tom@werge.law*
Joseph A. MacHatton (*pro hac vice*)
*joseph@werge.law*
Veronica A. Phifer (*pro hac vice*)
*veronica@werge.law*
1736 Race Street
Denver, CO 80206
Telephone: (303) 586-4900
Facsimile: (720) 554-8042

FROST, LLP
Christopher Frost (SBN 200336)
*chris@frostllp.com*
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
MATTHEW SPATOLA p/k/a MATTY SPATS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MATTHEW SPATOLA p/k/a MATTY SPATS,

　　　　　Plaintiff,

　　v.

JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS,

　　　　　Defendants.

Case No. 2:23-cv-06191 MWF-E

Assigned to the Honorable Michael W. Fitzgerald

**JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER**

**Final Pretrial Conference:**
Date:　　　　March 30, 2026
Time:　　　　11:00 a.m.
Dept.:　　　　Courtroom 5A

**Trial:**
Date:　　　　April 21, 2026
Time:　　　　8:30 a.m.
Location:　　Courtroom 5A

Action Filed:　　July 31, 2023
FAC Filed:　　　December 21, 2023
Final Pretrial Conf.: March 30, 2026
Trial Date:　　　April 21, 2026

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1.      The parties are Plaintiff Matthew Spatola p/k/a Matty Spats ("Spatola" or "Plaintiff") and Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively, with Derulo, "Defendants").  Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The operative pleadings which raise the issues to be tried are: Plaintiff's Complaint (ECF 1), Plaintiff's First Amended Complaint ("FAC") (ECF 28),[1] and Defendants' Answer to the FAC (ECF 30).

2.      Federal jurisdiction and venue are invoked upon the grounds: this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Spatola's first claim for relief (Declaratory Judgment) arises under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*.  The Court has supplemental jurisdiction over Spatola's second and third claims for relief (Accounting and Constructive Trust, respectively) pursuant to 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Spatola and Derulo are residents of Los Angeles County, and/or because a substantial part of the events alleged occurred in this District.  The facts requisite to federal jurisdiction are admitted.

3.      The parties estimate that trial will take 10 days.[2]

---

[1] The parties note that Spatola's FAC (*see* ECF 28) was filed without any of the exhibits attached that are identified in the FAC as Exhibit 1 through Exhibit 8.

[2] The parties initially provided a trial estimate of 4 days; however, after extensive conferrals, the parties now believe that the trial in this action, provided it is not

4.      Spatola requests a jury trial on all claims.  Defendants have moved *in limine* to (Motion *in Limine* No. 4) to strike Spatola's jury demand for his accounting and constructive trust claims, to bifurcate the trial, and to exclude from the first phase any evidence related to the financial exploitation of *Savage Love (Laxed – Siren Beat)* ("Savage Love") so that Spatola's declaratory judgment claim is tried to a jury ("Phase One"), and Spatola's accounting and constructive trust claims are tried to the Court in a bench trial if Spatola prevails on his declaratory judgment claim ("Phase Two").  (*See* ECF 104.) Spatola opposes Defendants' Motion.

If the Court grants Defendants' Motion in Limine No. 4 to bifurcate the trial, Defendants propose that at least seven (7) days prior to the trial date (or the start date of "Phase One," if Defendants' motion is granted), the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.  If the Court grants Defendants' Motion *in Limine* No. 4 (ECF 104), then at least seven (7) days prior to the trial date for Phase Two, the parties shall lodge and serve by e-mail, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.

5.      The parties filed Jointly Stipulated Facts on December 16, 2024, (ECF 106). Plaintiff filed a Notice of Withdrawal to the Jointly Stipulated Facts on March 5, 2026. (ECF 183.) Defendants filed Objections to the Notice of Withdrawal on March 5, 2026. (ECF No. 184.) The parties intend to raise this issue at the Pre-Trial Conference.

6.      The following facts, though stipulated, shall be without prejudice to any evidentiary objection (and is subject to what is set forth in Paragraph 5 above):

---

bifurcated, will take 10 days, taking into account, *inter alia*, the time estimates for each side's respective witnesses.

a. *Savage Love (Laxed – Siren Beat)* ("Savage Love") was commercially released on June 11, 2020.

b. Savage Love is a derivative work based on *Laxed – Siren Beat* ("Laxed").

c. *Savage Love (Laxed – Siren Beat) [BTS Remix]* ("Savage Remix") was commercially released on October 2, 2020.

d. Savage Remix is a derivative work based on Savage Love and Laxed.

e. Jawsh, Jason Desrouleaux p/k/a Jason Derulo ("Derulo"), Jacob Kasher Hindlin p/k/a JKash ("JKash"), and Philippe Henri Greiss p/k/a Phil Greiss ("Greiss") are the credited songwriters of Savage Love.

f. Jawsh is the only credited "producer" of Savage Love.

g. Jawsh resides in New Zealand.

h. Ben Hogarth and Derulo had worked together for several years prior to the recording sessions for Savage Love.

i. On April 22, 2020, Jawsh sent the *Laxed (Siren Beat)* ("Laxed") stems to Derulo.

j. The work in the studio for Savage Love began on April 22, 2020.

k. Derulo's engineer Ben Hogarth ("Hogarth") served as the audio engineer for Savage Love, beginning on April 22, 2020.

l. On April 22, 2020, Derulo sent the Laxed stems to Hogarth.

m. On April 22, 2020, Derulo sent the Laxed stems to JKash.

n. Spatola did not write any of the lyrics for Savage Love.

o. Hogarth kept log sheets for every session that he worked on the Laxed remix (later entitled Savage Love) from April to June 2020.

p. Hogarth worked under the direction and supervision of Derulo.

q. On June 4, 2020, Sony, Jawsh, and Derulo entered into a Featured Artist & Release Agreement (the "Tripartite Agreement").

-4-

r.   The Tripartite Agreement states in Section 5: "The publishing ownership interest percentages with respect to the Savage Composition are as follows: [Jawsh] 50%; Derulo 25%; J Kash 20%; Phil [Greiss] 5%."

s.   After Spatola left the April 27, 2020 recording session, Derulo continued working on Savage Love, including by bringing in Greiss.

t.   Greiss emailed session audio files to Derulo, and Derulo sent Savage Love audio files to Greiss.

u.   Spatola filed and obtained his own copyright registration in the Savage Love Composition, with an effective date of April 11, 2023 (the "Spatola's 2023 Copyright Registration").

v.   Spatola's 2023 Copyright Registration lists the joint authors of the Savage Love Composition as Spatola, Jawsh 685, Derulo, JKash, and Greiss.

7.   The claims and defenses to be presented at trial are as follows:

**Plaintiff**

(a)   Spatola plans to pursue the following claims against Defendants:

   a. Claim 1: Declaratory Judgment

   b. Claim 2: Accounting

   c. Claim 3: Constructive Trust

(b)   The elements required to prove Spatola's claims are:

   a. Claim 1: Declaratory Judgment

      i. Spatola made a substantial and valuable contribution to the musical composition and/or sound recording of *Savage Love*;

      ii. Spatola and Derulo intended for Plaintiff's contributions to be merged into inseparable or interdependent parts of the musical composition and/or sound recording as a unitary

SMRH:4916-1718-7990

whole;[3] and

    iii. Spatola contributed material to the *Savage Love* musical composition and/or sound recording that could be independently copyrightable.

    iv. Source: *See* 9th Cir. 17.1 (modified) and 9th Cir. 17.9 (modified); 17 U.S.C. § 101; *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069-1071 (9th Cir. 2020 (*en banc*); *Gray v. Hudson*, 28 F.4th 87, 97-102 (9th Cir. 2022); *Aalmuhammed*, 202 F.3d at 1231-1235; *Armes v. Post*, 2020 WL 6135068, at \*6-7 (C.D. Cal. Oct. 19, 2020) ("*Armes I*"); *Armes v. Post*, 2022 WL 1136163, at \*7-8 (C.D. Cal. Apr. 18, 2022) ("*Armes II*"); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008); *Ford v. Ray*, 130 F.Supp.3d 1358, 1363 (W.D. Wash. 2015); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884).

b. Claim 2: Accounting

    i. A relationship exists between Spatola and Defendants, or either of them, creating entitlement to an accounting;

    ii. Defendants exploited the joint work for profit; and

    iii. Monies due can only be ascertained by an accounting.

---

[3] In determining this second element, the jury must consider: (1) whether the parties exercised control over the work; (2) whether both parties' actions showed they shared the intent to be co-authors when they created the work; and (3) whether the audience appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised. *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-1235 (9th Cir. 2000).

      iv. <u>Source</u>: *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 179 (2009).

c. Claim 3: Constructive Trust

      i. The existence of a *res* (property or some interest in property);

      ii. The right to that *res*; and

      iii. The *res* is wrongfully withheld or detained by another party who is not entitled to it.

      iv. <u>Source</u>: *Higgins v. Higgins*, 11 Cal.App.5th 648, 658 (2017).

(c) In brief, the key evidence Spatola relies on for each of the claims is:

      i. <u>Declaratory Judgment</u>:

1. Spatola will show that he made substantial and valuable contributions to *Savage Love*. When Matty arrived at Derulo's home to write and perform music on *Savage Love*, the only existing work on the composition or sound recording was the sample, *Laxed (Siren Beat)*. Spatola transformed that sample into the instrumental track that became *Savage Love*. Spatola was specifically tasked with adding his unique sound to the composition by playing what Spatola thought the song needed. Spatola co-wrote and collaborated with Derulo throughout the entire creation of the electric guitar parts to the *Savage Love* composition. Without any input from Derulo, Spatola composed the electric bass part to the *Savage Love* composition, and he then performed and recorded the electric guitar part to the

sound recording of *Savage Love*. Spatola also solely composed the pre-hook acoustic guitar part to the composition and sound recording of *Savage Love*, which changed the overall vibe of *Savage Love* into a pop song. Derulo used Spatola's creations and invited Spatola back into the studio to recreate his work at a later studio session. Spatola will present evidence that in roughly 38% of *Savage Love*, the chords performed on the sound recording are performed exclusively by Spatola, with none of *Savage Love*'s formal sections lacking Spatola's contributions. Spatola's expert will further describe that in roughly 46% of *Savage Love*, the base layer of *Laxed* is completely replaced by Spatola's contributions.

2. Spatola will present evidence showing that he and Derulo intended for Spatola's contributions to be merged into inseparable and interdependent parts of a unitary whole. He will do so by showing that he and Derulo did not enter into any work-for-hire or any other kind of agreement that would show objective manifestations of the parties' intent. Derulo also contacted a third party to seek out Spatola's contact information, and Spatola exhibited control over the creation of the acoustic guitar, bass guitar, and electric guitar portions of the *Savage Love* sound recording and musical composition. Before *Savage Love*, Spatola also made it clear to Derulo that he would only work at Derulo's studio if he received publishing credit and

master points for his contributions. Derulo also admitted that he viewed Spatola as a co-author in every other instance in which he and Spatola worked together in Derulo's home studio, including as it relates to "Spicy Margarita," until Derulo removed Spatola from that work in retaliation for filing this lawsuit.

3. As to the third element, Spatola will present testimonial evidence from both expert and percipient witnesses, and document evidence in the form of audio fields, emails, and text messages, which will show that Plaintiff contributed material to *Savage Love* which could have been independently copyrighted. This includes, but is not limited to, expert testimony reflecting the uniqueness of Spatola's contributions throughout *Savage Love*, Derulo's inability to recreate any of Spatola's work, Derulo's inability to recall any of the specifics of what he claims to have "instructed" Spatola to play, and Derulo's inability to play any instruments.

In the alternative, Spatola will demonstrate that:

    a. He made substantial and valuable contributions to the Session Composition and/or Session Recording through the evidence described in the first element above.

    b. He and Derulo intended for Spatola's contributions to be merged into inseparable or interdependent parts of a unitary whole through

-9-

the evidence described in the second element above.

c.  He contributed material to the Session Composition and/or the Session Recording which could have been independently copyrighted through the evidence described in the third element above.

d.  The *Savage Love* sound recording and/or musical composition is a derivative work of the Session Recording and/or Session Composition through evidence showing that the sound recording and musical composition contain Spatola's original contributions to the Session Composition and Session Recording, *Savage Love* bears substantial similarities to the Session Recording and Session Composition recorded during Spatola's sessions, and Ben Hogarth recorded each of the various sessions and created a "version" of *Savage Love* updated with the most recent work.

e.  The *Savage Remix* sound recording and/or musical composition is a derivative work of the Session Recording and/or Session Composition, respectively, by showing that the *Savage Remix*'s musical composition and sound recording contain all of Spatola's original contributions to the Session Composition and Session Recording, respectively. He will further show that the

-10-

Case No. 2:23-cv-06191 MWF-E
JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER

*Savage Remix* bears substantial similarities to the Session Recording and/or Session Composition recorded during Spatola's sessions.

    ii.  Accounting:

       1.  Spatola is a joint author of *Savage Love*; or

       2.  Spatola is a joint author of the Session Composition and/or Session Recording, and the musical composition or sound recording of *Savage Love* is derivative of the Session Composition and/or Session Recording; or

       3.  Spatola is a joint author of the Session Composition and/or Session Recording, and the musical composition or sound recording of *Savage Remix* is derivative of the Session Composition and/or Session Recording;

       4.  Defendants exploited the joint work for profit, which Spatola and each Defendant will testify to; and

       5.  Monies due to Spatola resulting from Defendants' exploitation can only be ascertained by an accounting, which Spatola and his expert will testify to.

    iii.  Constructive Trust:

       1.  Plaintiff will present evidence that Defendants have exploited *Savage Love* and *Savage Remix* for profit and Defendants collected money in connection with that exploitation.

       2.  Plaintiff will demonstrate that he has a right to a share of the profits if he prevails on his first claim for declaratory relief as a joint author.

       3.  Spatola will present evidence that, as a joint author, Sony and/or Derulo wrongfully detained his share of

the profits from their exploitation of *Savage Love* and *Savage Remix*.

4. Plaintiff further contends that the royalty revenues and other identifiable economic benefits Defendants received from the exploitation of *Savage Love* and the *Savage Remix* constitute funds subject to a constructive trust, and that equity permits recovery of more than a pro rata share of those funds, including disgorgement of profits obtained through the misattribution of authorship.

**Defendants**

(a)  Defendants plan to pursue the following affirmative defenses:

    a. Laches

    b. Estoppel

    c. Waiver

    d. Unclean Hands

    e. Invalid Copyright Registration

    f. Implied License

(b)  The elements required to prove Defendants' affirmative defenses are:

    a. Laches

      i. An unreasonable delay by the plaintiff; and

      ii. Prejudice to the defendants.

      iii. Source: *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001) (citing *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000)).

    b. Estoppel

      i. The plaintiff knows the facts;

  ii. The plaintiff intends that his conduct be acted on or acts in such a way that the defendant has a right to believe it is so intended;

  iii. The defendant is ignorant of the true facts; and

  iv. The defendant relies on the plaintiff's conduct to the defendant's injury.

  v. <u>Source</u>: *Softketeers, Inc. v. Regal West Corp.*, 2022 WL 17968835, at *17 (C.D. Cal. Dec. 22, 2022) (citing *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960)).

 c. Waiver

  i. An intent by the copyright proprietor to surrender rights in his work;

  ii. That is manifested by an overt act indicating an intention to abandon that right.

  iii. <u>Source</u>: *Roblox Corp. v. WowWee Group Ltd.*, 2024 WL 4057403, at *6 (N.D. Cal. Sept. 3, 2024) (citing *A&M Records, Inv. C. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001)); *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1114 (9th Cir. 1998) (citing *Hampton*, F.2d at 104).

 d. Unclean Hands

  i. The plaintiff engages in wrongful conduct that in some measure affects the equitable relations between the parties with respect to the claims before the court; and

  ii. The defendant is personally injured by the plaintiff's wrongful conduct.

  iii. <u>Source</u>: *Interscope Records*, 2010 WL 11505708, at *14 (C.D. Cal. June 28, 2010) (citing *Dream Games of*

*Arizona, Inc. v. P.C. Onsite*, 561 F.2d 983, 990 (9th Cir. 2009); *Metro-Goldwyn Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1223 (C.D. Cal. 2007)).

 e. Invalid Copyright Registration

  i. The applicant knowingly included inaccurate information; and

  ii. The inaccuracy would have caused the Copyright Office to refuse registration.

  iii. <u>Source</u>: *Furie v. Infowars, LLC*, 401 F.Supp.3d 952, 983 (C.D. Cal. 2019) (citing 17 U.S.C. § 411(b)(1)).

 f. Implied License

  i. The totality of the parties' conduct indicates an intent by the plaintiff to grant permission for nonexclusive use.

  ii. <u>Source</u>: *Interscope Records*, 2010 WL 11505708, at *3.

 (c) In brief, the key evidence that Defendants rely on for each of the affirmative defenses is:

 a. <u>Laches</u>: Spatola unreasonably delayed in asserting his claims, as even if he believed himself to be a co-author of Savage Love in April 2020, he did not make a legal claim of any kind until March 2023, and, in fact, only requested a specific credit of "Additional Guitar & Bass" in the interim.  Defendants and the non-party co-authors of Savage Love will be prejudiced because it will require them to re-work, among other things, publishing splits, master points, and licensing agreements that have been in place for years (including but not limited to those set forth in the Tripartite Agreement).

 b. <u>Estoppel</u>: Spatola repeatedly requested "Additional Guitar & Bass" credit, misleading Defendants into believing that was

the only credit Spatola desired.  Spatola did not request producer or writing credit.  Defendants took Spatola at his word and granted him the requested credit, only to be sued years later.  Further, after he attended two recording sessions of Savage Love, Spatola sent Derulo an invoice via email on April 28, 2020, for $2,000 for Spatola's time and contributions on Savage Love on April 22/23, 2020 and April 27, 2020 at Derulo's recording studio, and Derulo timely paid Spatola his requested $2,000.  Spatola's April 2020 invoice does not state that it was an "advance" on any producer's fee nor does it state that Spatola expects any further payment.  Spatola's invoice requesting payment and Derulo's payment misled Derulo into believing that was the only financial compensation that Spatola desired.

c. <u>Waiver</u>: Spatola, through various overt acts, indicated an intent to abandon any purported authorship, writing, or production right he may have to Savage Love—namely, by requesting only an "Additional Guitar & Bass" credit from Defendants (which Spatola was given) and requesting and receiving a payment of $2,000 for his session time on Savage Love (which Spatola was paid).

d. <u>Unclean Hands</u>: As with laches, estoppel, and waiver, Spatola's request for "Additional Guitar & Bass" where he allegedly, privately wanted co-writer and co-producer credit affects the equitable relations between the parties, prejudicing Defendants.

e. <u>Invalid Copyright Registration</u>: Through counsel, Spatola applied for a copyright registration in both the sound

SMRH:4916-1718-7990

recording and musical composition of the commercially released version of Savage Love two days before his counsel sent a demand letter to Defendants' representatives. Spatola's registration identifies himself as being responsible for "sound recording, music & lyrics" despite the fact Spatola has admitted he did not write any lyrics for Savage Love. Spatola also did not obtain the permission of the four co-authors listed on his registration before submitting his application.

      f. <u>License</u>: Spatola granted an implied license with respect to his contributions to Savage Love in exchange for $2,000 paid by Derulo. By submitting his AFM session report forms for Savage Love, Spatola agreed to be bound by the terms of those forms and received the benefits he sought from Sony.

(d) Defendants' object to Spatola's claim that he may seek more than his pro rata share under the constructive trust. Any relief Spatola may receive under the constructive trust must be limited to his pro rata share. This Court has issued an Order to Show Cause ("OSC") related to this issue (ECF 182). Spatola has filed his Response (ECF 193), and Defendants will file their Reply to Spatola's OSC Response on March 18, 2026.

**Third Party Plaintiffs and Defendants**

There are no third-party plaintiffs or defendants.

8.    In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

      a. Whether Spatola is a joint author of the Savage Love Musical Composition;

      b. Whether Spatola is a joint author of the Savage Love Sound Recording;

      c. If the answers to (a) and (b) are both no:

       i. Whether Spatola is a joint author of the April 22, 2020 Session File Musical Composition;

      ii. Whether Spatola is a joint author of the April 22, 2020 Session File Sound Recording;

    iii. Whether *Savage Love* or the *Savage Remix* are derivative works of the April 22, 2020 Session File Musical Composition and/or Sound Recording.

d. If any of the answers to (a), (b), and (c) are yes:

      i. Whether Spatola's claims are barred by:

        1. Laches;

        2. Estoppel;

        3. Waiver;

        4. Unclean hands;

        5. Invalid copyright registration;

        6. Implied license;

e. If any of the answers to (a), (b), and (c) are yes, and if the answer to (d) is no:

      i. Whether Spatola is deemed a joint author of the Savage Love Sound Recording and/or Savage Love Musical Composition and/or the sound recording and/or musical composition of the April 22, 2020 Session File; and

      ii. Whether Spatola is entitled to an equal, undivided interest in the Savage Love Sound Recording and/or Savage Love Musical Composition and/or the sound recording and/or musical composition of the April 22, 2020 Session File (depending on which work the jury finds Spatola is a joint author of).

9. All discovery is complete.

10.     All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit has been withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Spatola objects to Exhibit Nos.: 8, 13, 46, 49, 51, 52, 53, 54, 55, 57, 75, 85, 86, 87, 91, 92, 99, 104, 108, 109, 110, 111, 112, 113, 116, 124, 127, 130, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 151, 152, 153, 154, 155, 156, 157, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 285, 286, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 370, 372, 373, 374, 391, 393, 394, 395, 396, 405, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449.

Defendants object to Exhibit Nos.: 94, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204. 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 239, 249, 250, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 318, 319, 320, 321, 322, 325, 326, 327, 328, 344, 398, 399, 400, 401, 402, 403, 404.

The objections and grounds therefor are identified in **Exhibit A attached hereto**.

11.     Witness lists of the parties have been filed with the Court.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the

following depositions shall be lodged with the Clerk as required by L.R. 32-1: Spatola, Derulo, Ghena Spatola and non-parties Akintunde Akinwande p/k/a TuneDaRula, Frank Harris, Wade Leak, and Hillary Rapson.

The Parties agree to serve and file objections to each party's deposition designations in accordance with Federal Rule of Civil Procedure 26(a)(3)(B).

12. The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

- Plaintiff's Motion *in Limine* #1 to Exclude Evidence and Testimony Regarding "Work For Hire;"

- Plaintiff's Motion *in Limine* #2 to Exclude Proffered Expert Testimony of Lawrence Ferrara, Ph.D.;

- Plaintiff's Motion *in Limine* #3 to exclude Proffered Expert Testimony of Dr. William Rayner;

- Defendants' Motion *in Limine* #1 to Exclude Irrelevant/Prejudicial Testimony and Argument;

- Defendants' Motion *in Limine* #2 to Exclude Proffered Expert Testimony of Jeff Rougvie;

- Defendants' Motion *in Limine* #3 to Exclude Proffered Expert Testimony of Dr. Ethan Lustig;

- Defendants' Motion *in Limine* #4 to Strike Plaintiff's Jury Demand as to Counts II and III, Bifurcate Trial, and Exclude from the First Phase of Trial Any Evidence Related to the Financial Exploitation of Savage Love;

- Defendants' Motion *in Limine* #5 to exclude Ron Perry as a trial witness; and

- Motions for judgment as a matter of law; motions for judgment notwithstanding the verdict; motions for new trial, and other such motions that may be brought before, during, and after trial.

SMRH:4916-1718-7990

Case No. 2:23-cv-06191 MWF-E

JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER

13.    As set forth in Defendants' Motion *in Limine* #4, Defendants respectfully request that the Court bifurcate trial into Phase One and Phase Two. Defendants propose that Spatola's declaratory judgment claim is tried to a jury in Phase One and that Spatola's accounting and constructive trust claims are tried before the Court in Phase Two only if Spatola prevails in Phase One.  As set forth in Plaintiff's Opposition to Defendants' Motion *in Limine* #4, Spatola opposes this request.

14.    The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this case, unless modified to prevent manifest injustice.

SMRH:4916-1718-7990
Case No. 2:23-cv-06191 MWF-E
JOINT [PROPOSED] PRETRIAL CONFERENCE ORDER

Dated: _____, 20____.


_____
UNITED STATES DISTRICT JUDGE


Approved as to form and content.


_____
Attorney for Plaintiff


_____
Attorney for Defendants