SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JOSHUA ROSENBERG, Cal Bar No. 274473
jrosenberg@sheppardmullin.com
KAZIM A. NAQVI Cal Bar No. 300438
knaqvi@sheppardmullin.com
ALLISON C. WONG Cal Bar No. 341178
acwong@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants
JASON DESROULEAUX p/k/a JASON
DERULO; and SONY MUSIC
ENTERTAINMENT d/b/a COLUMBIA
RECORDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA p/k/a MATTY SPATS<br><br>            Plaintiff,<br><br>        v.<br><br>JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS<br><br>            Defendants. | Case No. 2:23-cv-06191-MWF-E<br><br>Hon. Michael W. Fitzgerald; Courtroom 5A<br><br>**DEFENDANTS' DISPUTED SPECIAL VERDICT FORM**<br><br>**Final Pretrial Conference:**<br>Date:            March 30, 2026<br>Time:            11:00 a.m.<br>Dept.:           Courtroom 5A<br><br>Action Filed:        July 31, 2023<br>FAC Filed:           December 21, 2023<br>Final Pretrial Conf.:  March 30, 2026<br>Trial Date:          April 21, 2026 |

Pursuant to Local Rule 51-1, the Order Re Jury Trial (*see* ECF 25), and the Parties' various stipulations and the Court's various orders continuing the case schedule and trial date (ECF Nos. 53, 54, 112, 113, 130, 132, 139), Defendants Jason Desrouleaux p/k/a Jason Derulo ("Derulo") and Sony Music Entertainment d/b/a Columbia Records ("Sony") (collectively, with Derulo, "Defendants") submit Defendants' Disputed Special Verdict Form.

**TABLE OF CONTENTS**

| Plaintiff's Claim | The Work | Section | Question Nos. | Page Nos. |
|---|---|---|---|---|
| Joint Authorship | The Savage Love Musical Composition | A | 1-10 | 3-7 |
| Joint Authorship | The Savage Love Sound Recording | B | 11-20 | 8-12 |
| Joint Authorship | The April 23, 2020 Session File Composition | C | 21-31 | 13-18 |
| Joint Authorship | The April 23, 2020 Session File Sound Recording | D | 32-42 | 19-24 |

**NAME REFERENCES**

| Name | Refers to |
|---|---|
| Plaintiff | Plaintiff Matthew Spatola p/k/a Matty Spats |
| Derulo | Defendant Jason Desrouleaux p/k/a Jason Derulo |
| Sony | Defendant Sony Music Entertainment d/b/a Columbia Records |
| Defendants | Derulo and Sony |
| Jawsh 685 | Non-Party Joshua Christian Nanai p/k/a Jawsh 685 |
| JKash | Non-Party Jacob Kasher Hindlin p/k/a JKash |
| Greiss | Non-Party Philippe Henri Greiss p/k/a Phil Greiss |

-2-                                          Case No. 2:23-cv-06191-MWF-E

We the jury in the above-entitled action answer the questions submitted to us as follows:

## SECTION A:  THE SAVAGE LOVE MUSICAL COMPOSITION

## Plaintiff's Claims

**Question 1:**

Did Plaintiff Matthew Spatola p/k/a Matty Spats ("Plaintiff") prove, by a preponderance of the evidence, that he made a substantial and valuable contribution to the Savage Love Musical Composition?

Yes ___ No ____

If your answer to Question 1 is yes, please continue to Question 2.  If your answer to Question 1 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section A and go to Section B.

**Question 2:**

Did Plaintiff prove, by a preponderance of the evidence, that he made independently copyrightable contributions to the Savage Love Musical Composition that were separate from those made by Jawsh 685, Derulo, JKash, and Greiss?

Yes ____ No _____

If your answer to Question 2 is yes, please continue to Question 3.  If your answer to Question 2 is no, you have found for the Defendants on this claim. Please skip the remaining Questions in Section A and go to Section B.

**Question 3:**

Did Plaintiff prove, by a preponderance of the evidence, that his individual contributions to the Savage Love Musical Composition were fixed in a tangible medium of expression by either him personally or under his authority?

Yes ___ No ____

If your answer to Question 3 is yes, please continue to Question 4. If your answer to Question 3 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section A and go to Section B.

**Question 4:**

**Question 4a:** Did Plaintiff prove, by a preponderance of the evidence, that he exercised control over the whole of the Savage Love Musical Composition?

Yes ____ No ____

Please go to Question 4b.

**Question 4b:** Did Plaintiff prove, by a preponderance of the evidence, that he made specific and objective manifestations of a shared intent to be co-authors of the Savage Love Musical Composition with Jawsh 685, Derulo, JKash, and Greiss?

Yes ____ No ____

Please go to Question 4c.

**Question 4c:** Did Plaintiff prove, by a preponderance of the evidence, that Jawsh 685, Derulo, JKash, and Greiss each made specific and objective

-4-

SMRH:4911-4734-9910

DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

manifestations of a shared intent to be co-authors of the Savage Love Musical Composition with Plaintiff?

Yes _____ No _____

Please go to Question 4d.

**Question 4d:** Did Plaintiff prove, by a preponderance of the evidence, that Savage Love's audience appeal depended so much on his contribution that the contributions of Jawsh 685, Derulo, JKash, and Greiss to Savage Love's success cannot be appraised?

Yes _____ No _____

Please go to Question 4e.

**Question 4e**:  Based on your answers to Questions 4a, 4b, 4c, and 4d, did Plaintiff prove, by a preponderance of the evidence, that he is a joint author of the Savage Love Musical Composition?

Yes _____ No _____

If your answer to Question 4e is yes, please continue to Question 5.  If your answer to Question 4e is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section A and go to Section B.

**Defendants' Affirmative Defenses**

**Question 5:**

Do you find, by a preponderance of the evidence, that Plaintiff unreasonably delayed in asserting his rights in the Savage Love Musical Composition and that

-5-

Defendants were prejudiced as a result?

Yes ___ No ___

If your answer to Question 5 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section A and go to Section B. If your answer to Question 5 is no, please continue to Question 6.

**Question 6:**

Do you find, by a preponderance of the evidence, that Plaintiff is equitably estopped from asserting his claim in the Savage Love Musical Composition because Plaintiff misled Defendants into believing that any rights Plaintiff may claim to have in the Savage Love Musical Composition would not be enforced, and this caused Defendants to act to their detriment in reliance on that belief?

Yes ___ No ___

If your answer to Question 6 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section A and go to Section B. If your answer to Question 6 is no, please continue to Question 7.

**Question 7:**

Do you find, by a preponderance of the evidence, that Plaintiff waived any rights he may claim to have in the Savage Love Musical Composition through words or conduct that showed Plaintiff's intent to abandon any such rights?

Yes ___ No ___

If your answer to Question 7 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section A and go to Section B. If your answer to Question 7 is no, please continue to Question 8.

**Question 8:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action by reason of his unclean hands?

Yes ___ No ___

If your answer to Question 8 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section A and go to Section B. If your answer to Question 8 is no, please continue to Question 9.

**Question 9:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claim in the Savage Love Musical Composition because he fraudulently obtained or knowingly included inaccurate information in his application in order to obtain a copyright for the Savage Love Musical Composition?

Yes ___ No ___

If your answer to Question 9 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section A and go to Section B. If your answer to Question 9 is no, please continue to Question 10.

**Question 10:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action because he granted Defendants an implied license to use his contributions to the Savage Love Musical Composition?

Yes ___ No ___

Please continue to Section B.

-7-

# SECTION B:  THE SAVAGE LOVE SOUND RECORDING

## Plaintiff's Claims

**Question 11:**

Did Plaintiff prove, by a preponderance of the evidence, that he made a substantial and valuable contribution to the Savage Love Sound Recording?

Yes ___ No ____

If your answer to Question 11 is yes, please continue to Question 12.  If your answer to Question 11 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section B and go to Section C.

**Question 12:**

Did Plaintiff prove, by a preponderance of the evidence, that he made independently copyrightable contributions to the Savage Love Sound Recording that were separate from those made by Jawsh 685 and Derulo?

Yes ____ No _____

If your answer to Question 12 is yes, please continue to Question 13.  If your answer to Question 12 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section B and go to Section C.

**Question 13:**

Did Plaintiff prove, by a preponderance of the evidence, that his individual contributions to the Savage Love Sound Recording were fixed in a tangible medium of expression by either him personally or under his authority?

Yes ___ No ____

-8-

SMRH:4911-4734-9910

DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

If your answer to Question 13 is yes, please continue to Question 14.  If your answer to Question 13 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section B and go to Section C.

**Question 14:**

**Question 14a:** Did Plaintiff prove, by a preponderance of the evidence, that he exercised control over the whole of the Savage Love Sound Recording?

Yes _____ No _____

Please go to Question 14b.

**Question 14b:** Did Plaintiff prove, by a preponderance of the evidence, that he made specific and objective manifestations of a shared intent to be co-authors of the Savage Love Sound Recording with Jawsh 685 and Derulo?

Yes _____ No _____

Please go to Question 14c.

**Question 14c:** Did Plaintiff prove, by a preponderance of the evidence, that Jawsh 685 and Derulo each made specific and objective manifestations of a shared intent to be co-authors of the Savage Love Sound Recording with Plaintiff?

Yes _____ No _____

Please go to Question 14d.

**Question 14d:** Did Plaintiff prove, by a preponderance of the evidence, that Savage Love's audience appeal depended so much on his contribution that the

-9-

contributions of Jawsh 685 and Derulo to Savage Love's success cannot be appraised?

Yes ____ No ____

Please go to Question 14e.

**Question 14e**: Based on your answers to Questions 14a, 14b, 14c, and 14d, did Plaintiff prove, by a preponderance of the evidence, that he is a joint author of the Savage Love Sound Recording?

Yes ____ No ____

If your answer to Question 14e is yes, please continue to Question 15. If your answer to Question 14e is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section B and go to Section C.

## **Defendants' Affirmative Defenses**

**Question 15:**

Do you find, by a preponderance of the evidence, that Plaintiff unreasonably delayed in asserting his rights in the Savage Love Sound Recording and that Defendants were prejudiced as a result?

Yes ___ No ___

If your answer to Question 15 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section B and go to Section C. If your answer to Question 15 is no, please continue to Question 16.

**Question 16:**

Do you find, by a preponderance of the evidence, that Plaintiff is equitably estopped from asserting his claim in the Savage Love Sound Recording because Plaintiff misled Defendants into believing that any rights Plaintiff may claim to have in the Savage Love Sound Recording would not be enforced, and this caused Defendants to act to their detriment in reliance on that belief?

Yes ___ No ___

If your answer to Question 16 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section B and go to Section C. If your answer to Question 16 is no, please continue to Question 17.

**Question 17:**

Do you find, by a preponderance of the evidence, that Plaintiff waived any rights he may claim to have in the Savage Love Sound Recording through words or conduct that showed Plaintiff's intent to abandon any such rights?

Yes ___ No ___

If your answer to Question 17 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section B and go to Section C. If your answer to Question 17 is no, please continue to Question 18.

**Question 18:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action by reason of his unclean hands?

Yes ___ No ___

-11-                    Case No. 2:23-cv-06191-MWF-E

If your answer to Question 18 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section B and go to Section C. If your answer to Question 18 is no, please continue to Question 19.

**Question 19:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claim in the Savage Love Sound Recording because he fraudulently obtained or knowingly included inaccurate information in his application in order to obtain a copyright for the Savage Love Sound Recording?

Yes ___ No ___

If your answer to Question 19 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section B and go to Section C. If your answer to Question 19 is no, please continue to Question 20.

**Question 20:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action because he granted Defendants an implied license to use his contributions to the Savage Love Sound Recording?

Yes ___ No ___

Please continue to Section C.

## SECTION C:  THE APRIL 23, 2020 SESSION FILE COMPOSITION

### **Plaintiff's Claims**

**Question 21:**

Do you find that the April 23, 2020 Session File was a work in progress draft that was always intended to be part of the process of creating the final Savage Love Musical Composition?

Yes ___ No ___

If your answer to Question 21 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section C and go to Section D. If your answer to Question 21 is no, please continue to Question 22.

**Question 22:**

Did Plaintiff prove, by a preponderance of the evidence, that he made a substantial and valuable contribution to the April 23, 2020 Session File Composition?

Yes ___ No ____

If your answer to Question 22 is yes, please continue to Question 23.  If your answer to Question 22 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section C and go to Section D.

**Question 23:**

Did Plaintiff prove, by a preponderance of the evidence, that he made independently copyrightable contributions to the April 23, 2020 Session File

Composition that were separate from those made by Jawsh 685, Derulo, and JKash?

Yes _____ No _____

If your answer to Question 23 is yes, please continue to Question 24. If your answer to Question 23 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section C and go to Section D.

**Question 24:**

Did Plaintiff prove, by a preponderance of the evidence, that his individual contributions to the April 23, 2020 Session File Composition were fixed in a tangible medium of expression by either him personally or under his authority?

Yes ___ No ____

If your answer to Question 24 is yes, please continue to Question 25. If your answer to Question 24 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section C and go to Section D.

**Question 25:**

**Question 25a:** Did Plaintiff prove, by a preponderance of the evidence, that he exercised control over the whole of the April 23, 2020 Session File Composition?

Yes _____ No ____

Please go to Question 25b.

-14-

**Question 25b:** Did Plaintiff prove, by a preponderance of the evidence, that he made specific and objective manifestations of a shared intent to be co-authors of the April 23, 2020 Session File Composition with Jawsh 685, Derulo, and JKash?

Yes ____ No ____

Please go to Question 25c.

**Question 25c:** Did Plaintiff prove, by a preponderance of the evidence, that Jawsh 685, Derulo, and JKash each made specific and objective manifestations of a shared intent to be co-authors of the April 23, 2020 Session File Composition with Plaintiff?

Yes ____ No ____

Please go to Question 25d.

**Question 25d:** Did Plaintiff prove, by a preponderance of the evidence, that Savage Love's audience appeal depended so much on his contribution that the contributions of Jawsh 685, Derulo, JKash, and Greiss to Savage Love's success cannot be appraised?

Yes ____ No ____

Please go to Question 25e.

**Question 25e:** Based on your answers to Questions 25a, 25b, 25c, and 25d, did Plaintiff prove, by a preponderance of the evidence, that he is a joint author of the April 23, 2020 Session File Composition?

Yes ____ No ____

-15-

SMRH:4911-4734-9910                    DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

If your answer to Question 25e is yes, please continue to Question 26.  If your answer to Question 25e is no, you have found for the Defendants on this claim.  Please skip the remaining questions in Section C and go to Section D.

<strong><u>Defendants' Affirmative Defenses</u></strong>

**<u>Question 26:</u>**

Do you find, by a preponderance of the evidence, that Plaintiff unreasonably delayed in asserting his rights in the April 23, 2020 Session File Composition and that Defendants were prejudiced as a result?

Yes ___ No ___

If your answer to Question 26 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section C and go to Section D. If your answer to Question 26 is no, please continue to Question 27.

**<u>Question 27:</u>**

Do you find, by a preponderance of the evidence, that Plaintiff is equitably estopped from asserting his claim in the April 23, 2020 Session File Composition because Plaintiff misled Defendants into believing that any rights Plaintiff may claim to have in the April 23, 2020 Session File Composition would not be enforced, and this caused Defendants to act to their detriment in reliance on that belief?

Yes ___ No ___

If your answer to Question 27 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section C and go to Section D. If your answer to Question 27 is no, please continue to Question 28.

-16-                    Case No. 2:23-cv-06191-MWF-E

**Question 28:**

Do you find, by a preponderance of the evidence, that Plaintiff waived any rights he may claim to have in the April 23, 2020 Session File Composition through words or conduct that showed Plaintiff's intent to abandon any such rights?

Yes ___ No ___

If your answer to Question 28 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section C and go to Section D. If your answer to Question 28 is no, please continue to Question 29.

**Question 29:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action by reason of his unclean hands?

Yes ___ No ___

If your answer to Question 29 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section C and go to Section D. If your answer to Question 29 is no, please continue to Question 30.

**Question 30:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claim in the April 23, 2020 Session File Composition because he fraudulently obtained or knowingly included inaccurate information in his application in order to obtain a copyright for the April 23, 2020 Session File Composition?

Yes ___ No ___

SMRH:4911-4734-9910

If your answer to Question 30 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section C and go to Section D. If your answer to Question 30 is no, please continue to Question 31.

**Question 31:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action because he granted Defendants an implied license to use his contributions to the April 23, 2020 Session File Composition?

Yes ___ No ___

Please continue to Section D.

-18-

DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

## SECTION D:  THE APRIL 23, 2020 SESSION FILE SOUND RECORDING

### Plaintiff's Claims

**Question 32:**

Do you find that the April 23, 2020 Session File was a work in progress draft that was always intended to be part of the process of creating the final Savage Love Sound Recording?

Yes ___ No ___

If your answer to Question 32 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section D and go to Section E.  If your answer to Question 32 is no, please continue to Question 33.

**Question 33:**

Did Plaintiff prove, by a preponderance of the evidence, that he made a substantial and valuable contribution to the April 23, 2020 Session File Sound Recording?

Yes ___ No ____

If your answer to Question 33 is yes, please continue to Question 34.  If your answer to Question 33 is no, you have found for the Defendants on this claim.  Please skip the remaining questions in Section D and go to Section E.

**Question 34:**

Did Plaintiff prove, by a preponderance of the evidence, that he made independently copyrightable contributions to the April 23, 2020 Session File Sound Recording that were separate from those made by Jawsh 685 and Derulo?

-19-                    Case No. 2:23-cv-06191-MWF-E

Yes _____ No _____

If your answer to Question 34 is yes, please continue to Question 35.  If your answer to Question 34 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E.

**Question 35:**

Did Plaintiff prove, by a preponderance of the evidence, that his individual contributions to the April 23, 2020 Session File Sound Recording were fixed in a tangible medium of expression by either him personally or under his authority?

Yes ___ No ____

If your answer to Question 35 is yes, please continue to Question 36.  If your answer to Question 35 is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E.

**Question 36:**

**Question 36a:** Did Plaintiff prove, by a preponderance of the evidence, that he exercised control over the whole of the April 23, 2020 Session File Sound Recording?

Yes _____ No ____

Please go to Question 36b.

**Question 36b:** Did Plaintiff prove, by a preponderance of the evidence, that he made specific and objective manifestations of a shared intent to be co-authors of the April 23, 2020 Session File Sound Recording with Jawsh 685 and Derulo?

Yes _____ No ____

SMRH:4911-4734-9910
DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

Please go to Question 36c.

**Question 36c:** Did Plaintiff prove, by a preponderance of the evidence, that Jawsh 685 and Derulo each made specific and objective manifestations of a shared intent to be co-authors of the April 23, 2020 Session File Sound Recording with Plaintiff?

Yes ____ No ____

Please go to Question 36d.

**Question 36d:** Did Plaintiff prove, by a preponderance of the evidence, that Savage Love's audience appeal depended so much on his contribution that the contributions of Jawsh 685, Derulo, JKash, and Greiss to Savage Love's success cannot be appraised?

Yes ____ No ____

Please go to Question 36e.

**Question 36e**: Based on your answers to Questions 36a, 36b, 36c, and 36d, did Plaintiff prove, by a preponderance of the evidence, that he is a joint author of the April 23, 2020 Session File Sound Recording?

Yes ____ No ____

If your answer to Question 36e is yes, please continue to Question 37. If your answer to Question 36e is no, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E.

-21-

## Defendants' Affirmative Defenses

**Question 37:**

Do you find, by a preponderance of the evidence, that Plaintiff unreasonably delayed in asserting his rights in the April 23, 2020 Session File Sound Recording and that Defendants were prejudiced as a result?

Yes ___ No ___

If your answer to Question 37 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E. If your answer to Question 37 is no, please continue to Question 38.

**Question 38:**

Do you find, by a preponderance of the evidence, that Plaintiff is equitably estopped from asserting his claim in the April 23, 2020 Session File Sound Recording because Plaintiff misled Defendants into believing that any rights Plaintiff may claim to have in the April 23, 2020 Session File Sound Recording would not be enforced, and this caused Defendants to act to their detriment in reliance on that belief?

Yes ___ No ___

If your answer to Question 38 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E. If your answer to Question 38 is no, please continue to Question 39.

**Question 39:**

Do you find, by a preponderance of the evidence, that Plaintiff waived any rights he may claim to have in the April 23, 2020 Session File Sound Recording through words or conduct that showed Plaintiff's intent to abandon any such rights?

Yes ___ No ___

If your answer to Question 39 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E. If your answer to Question 39 is no, please continue to Question 40.

**Question 40:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action by reason of his unclean hands?

Yes ___ No ___

If your answer to Question 40 is yes, you have found for the Defendants on this claim. Please skip the remaining questions in Section D and go to Section E. If your answer to Question 40 is no, please continue to Question 41.

**Question 41:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claim in the April 23, 2020 Session File Sound Recording because he fraudulently obtained or knowingly included inaccurate information in his application in order to obtain a copyright for the April 23, 2020 Session File Sound Recording?

Yes ___ No ___

If your answer to Question 41 is yes, you have found for the Defendants on this claim.  Please skip the remaining questions in Section D and go to Section E. If your answer to Question 41 is no, please continue to Question 42.

**Question 42:**

Do you find, by a preponderance of the evidence, that Plaintiff is barred from asserting his claims in this action because he granted Defendants an implied license to use his contributions to the April 23, 2020 Session File Sound Recording?

Yes ___ No ___

Please continue to Section E.[1]

---

[1] N/A [Plaintiff no longer asserts ownership to the musical composition and sound recording of the April 27, 2020 session file. As a result, Sections E- F of Defendants' Proposed Special Verdict Form are no longer applicable.]

-24-    Case No. 2:23-cv-06191-MWF-E

## PLAINTIFF'S OBJECTIONS AND DEFENDANTS' RESPONSES THERETO

**Plaintiff's Objection #1: DEFENDANTS MISAPPLY THE JOINT AUTHORSHIP TEST OUTLINE IN AALMUHAMMED AND IN THEIR PROPOSED JURY INSTRUCTIONS**

Defendants' Proposed Form is riddled with additional burdens on Plaintiff, misstatements of the law, and distastefully biased phrasing.

First, Defendants impose an additional requirement that does not exist under Defendants' Proposed Jury Instructions, nor under *Aalmuhammed v. Lee*, making the question legally flawed. Proposed Form Questions 2, 12, 23, 34, 45, and 56 follow the following format: "Did Plaintiff prove, by a preponderance of the evidence, that he made independently copyrightable contributions to the [work] that were **separate** from those made by Jawsh 685, Derulo, JKash, and Greiss." (emphasis added). Under both *Aalmuhammed* and Defendants' [Proposed] Jury Instruction No. 26, the appropriate test is not whether Plaintiff's contributions were separate from the other joint authors; the appropriate question is whether "Plaintiff proved that he contributed material to the joint work which could have been independently copyrighted." *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) ("'A joint work' in this circuit 'requires each author to make an independently copyrightable contribution to the disputed work.'") (citation omitted).

As drafted, Defendants impose an additional requirement that copyright law does not recognize; Plaintiff must now unnecessarily show that his contribution is isolated from another joint author's contribution. The questions must, therefore, be rewritten to accurately reflect the law.

Next, Defendants unnecessarily omit any reference to the third question under *Aalmuhammed* and the second question under Defendants' [Proposed] Jury

-25-

Instruction No. 26: whether each author "intended that his contribution be merged into inseparable or interdependent parts of a unitary whole." *Aalmuhammed*, 202 F.3d at 1231. Without reason to remove this requirement, it must be included to ensure that the jury applies the appropriate test.

Next, Defendants materially alter the governing standard for joint authorship by stating that the jury must determine whether Plaintiff proved "that he made specific and objective manifestations of a shared intent to be co-authors of the [work] with Jawsh 685, Derulo, JKash, and Greiss," and whether Plaintiff proved that "Jawsh 685, Derulo, JKash, and Greiss each made specific and objective manifestations of a shared intent to be co-authors of the [work]." Defs' Special Verdict Form, Questions 4b-4c, 14b-c, 25b-c, 36b-c, 47b-c, and 58b-c. Meanwhile, Defendants' [Proposed] Instruction No. 26(b) states that the relevant inquiry is whether "each of the parties' actions (and the actions of any other co-authors) showed that they shared the intent to be co-authors when they were creating the work." In rewriting the appropriate test, Defendants improperly recast the standard into multiple independent elements, rather than whether Plaintiff Spatola and Defendant Derulo objectively demonstrated a mutual intent to be co-authors. For these reasons, the proposed verdict questions misstate the joint authorship standard, impose additional requirements not found in the law, and should be rejected or revised to track the unified, objective intent inquiry set forth in *Aalmuhammed*.

Similarly, Defendants frame Questions 4d, 14d, 25d, 36d, 47d, and 58d in such a way that they misstate of the law and are likely to mislead the jury. Again, under both *Aalmuhammed* and Defendants' own [Proposed] Jury Instruction No. 26, the appropriate inquiry is whether the work's audience appeal results from interdependent contributions such that the respective shares of the contributors cannot readily be appraised. It does not require a plaintiff to prove that the work depended "so much on his contribution" that the others' contributions "cannot be

appraised." The proposed language improperly shifts the focus from the collaborative nature of the work as a whole to a heightened inquiry into the magnitude of Plaintiff's individual contribution. The questions should accurately reflect the inquiry into whether the work's appeal derives from interdependent contributions whose respective shares cannot readily be separated, not whether the work depended "so much on [Plaintiff's] contribution" that the others' contributions cannot be appraised.

**Defendants' Response to Plaintiff's Objection No. 1**

Plaintiff's objections lack merit.  First, inclusion of the word "separate" in connection with Questions 2, 12, 23, 34 (Questions 45 and 56 have been withdrawn given Plaintiff's withdrawal of his alternative claim related to the April 27, 2020 Session File) is proper and consistent with the requirement that each author must have contributed material to the joint work which could have been independently copyrightable.  Indeed, the Court's ruling on Defendants' Summary Judgment Motion stated: "To establish joint authorship, ***each putative co-author*** must make an ***independently copyrightable*** contribution to the work."  ECF 125 at 6 (emphasis added).  This means that the contributions of each co-author must be independently copyrightable, separate and apart from the contributions of the other co-authors.  "Separate" is consistent with "independent."  Given that there are four joint authors in the Savage Love musical composition, use of the word "separate" will help the jury understand this element.  Plaintiff complains that he must "show that his contribution is isolated from another joint author's contribution."  But that is what the law requires.  Plaintiff must show that he, separate from the other co-authors, made an independently copyrightable contribution.

Second, Defendants did not include the second element of a joint authorship claim, whether each author "intended that his contribution be merged into inseparable or interdependent parts of a unitary whole," because that element is

-27-                    Case No. 2:23-cv-06191-MWF-E

broken down into three factors that the jury must decide: (1) whether Spatola superintended the work by exercising control over it; (2) whether there were objective manifestations of a shared intent to be co-authors amongst each of the co-authors; and (3) the audience appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised. *See Aalmuhammed*, 202 F.3d at 1231-1235. These three factors are presented to the jury in Defendants' [Proposed] Special Verdict Form. Adding the umbrella element is unnecessary because the jury is already being asked to decide the three factors. Conversely, Plaintiff's proposed special verdict fails to include **any** of the three *Aalmuhammed* factors. The Court should reject Plaintiff's improper attempt to eliminate the jury's consideration of the *Aalmuhammed* factors in deciding Plaintiff's joint authorship claims on the special verdict form. The Ninth Circuit has made clear that the jury's consideration of the *Aalmuhammed* factors is essential, and thus the omission of these factors in the special verdict form would be erroneous. *Aalmuhammed*, 202 F.3d at 1231-1235.

Third, Plaintiff's objection that "Defendants improperly recast the standard into multiple independent elements, rather than whether Plaintiff Spatola and Defendant Derulo objectively demonstrated a mutual intent to be co-authors" is wholly inconsistent with the law. Derulo is not the only co-author of the Savage Love musical composition. It is undisputed that Derulo is a co-author and co-owner in the copyright of the musical composition of Savage Love with non-parties Joshua Christian Nanai p/k/a Jawsh 685 ("Jawsh"), Jacob Kasher Hindlin p/k/a JKash ("JKash"), and Philippe Henri Greiss p/k/a Phil Greiss ("Greiss"). Thus, the "objective manifestation" element is not limited to just Spatola and Derulo. Per *Aalmuhammed*, the test considers the objective manifestations of **all** co-authors. Notably, Plaintiff cites zero legal authority in support of his objection.

Finally, Questions 4d, 14d, 25d, and 36d (Questions 47d and 58d have been withdrawn) are proper and not misleading. Per *Aalmuhammed*, the third sub-

-28-

element of the second element for joint authorship is "the audience appeal of the work turns on both contributions and the share of each in its success cannot be appraised." *Aalmuhammed*, 202 F.3d at 1234 (quotations omitted). These questions properly track the language in *Aalmuhammed*. Plaintiff's objection that "[t]he proposed language improperly shifts the focus from the collaborative nature of the work as a whole to a heightened inquiry into the magnitude of Plaintiff's individual contribution" is off base. The relevant inquiry under *Aalmuhammed* is focused on the "individual contribution" and whether the share of such contribution can be appraised.

**Plaintiff's Objection No. 2: DEFENDANTS UNNECESSARILY REPEAT THEIR AFFIRMATIVE DEFENSES**

Defendants submitted a nearly 30-page document containing 64 questions, with the overwhelming majority structured to instruct the jury that "if your answer is [x], you have found for the Defendants." In substance, the document does not function as a neutral mechanism for recording the jury's factual findings; it embeds more than sixty separate pathways that would result in a defense verdict. Aside from the above-mentioned errors in which Defendants misstate the *Aalmuhammed* factors, the format itself is argumentative and outcome-driven. Rather than presenting the jury with clear factual determinations tied to the elements of the claims and defenses, the proposed form repeatedly signals how particular answers dispose of the case in Defendants' favor.

Moreover, Plaintiff continues to object to any of these affirmative defenses being submitted to the jury because they fail to state a claim. Under the Rule 12(b), "[i]f a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim." Fed. R. Civ. P. 12(b). Indeed, no responsive pleading was required to Defendants' Answer to the First Amended Complaint (Doc. 30). Accordingly, because Defendants

-29-

provided no facts in support of their affirmative defenses in their answer to the First Amended Complaint (Doc. 30), they are not plausibly pled, and the affirmative defenses cannot be raised at trial.

Equally concerning is the practical burden the proposed form would impose on jury deliberations. At nearly 30 pages with extensive conditional branching, the form would require jurors to navigate dozens of instructions directing them to stop, skip sections, or reach dispositive findings for Defendants based on a single response. Verdict forms are intended to neutrally and efficiently guide jurors through the factual determinations required by law. Defendants' proposal instead creates a labyrinth of conditional "exit points" that risks confusion, inconsistent findings, and unnecessarily prolonged deliberations. After a multi-day trial involving substantial testimony and evidence, the jury—and the Court—would be better served by a streamlined verdict form that focuses on the elements the jury must decide and facilitates clear, orderly deliberation.

**Defendants' Response to Plaintiff's Objection No. 2**

Plaintiff's objections lack merit for several reasons. First, Plaintiff complains about the length of Defendants' [Proposed] Special Verdict Form. As explained below, given Plaintiff's belated withdrawal of alternative claims related to the April 27, 2020 Session File, Questions 43-64 in Defendants' [Proposed] Special Verdict Form related to the April 27, 2020 Session File have been withdrawn and removed. That leaves 42 questions remaining.

Second, Plaintiff's declaratory judgment claim seeks joint authorship in the musical composition and sound recording of Savage Love and, in the alternative, the musical composition and sound recording of the April 23, 2020 Session File. Thus, there must be four separate sections—two for Savage Love and two for the April 23, 2020 Session File. Under each section, the jury must be presented with the applicable elements of Plaintiff's claim and Defendants' equitable defenses to

-30-

Plaintiff's claim.  Any objections to the length of Defendants' [Proposed] Special Verdict Form are attributable to the nature of Plaintiff's claims.

Third, Plaintiff's objection that Defendants' affirmative defenses fail to state a claim and are not plausibly pled have been expressly rejected by this Court.  The Court has already granted Defendants' Motion for Advisory Jury on Equitable Defenses, and ruled that Defendants' equitable defenses overlap with Spatola's claims and will be presented to the jury.  ECF 185.  In doing so, the Court held:

> "the Court notes that these arguments are properly construed as belatedly raised motions for summary adjudication on the affirmative defenses of equitable estoppel and unclean hands. (See Opp. at 5-9). These are quite inappropriately raised, both as a matter of disregarding the Court's scheduling order in this action and because they raise intensely fact-bound questions for the first time in an Opposition. Of course, the latter concern is what prevents the Court from even considering these arguments. But even if the Court wished to consider the merits of these arguments, Plaintiff attaches no evidence to support any of his factual allegations in the Opposition. Accordingly, to the extent that Plaintiff argues, for the first time in this action, that Defendants cannot support their defenses, that is an argument for the trier of fact."  ECF 185 at 3.

Fourth, Plaintiff's objections about a purported "practical" burden are meritless.  The Court has already held that the jury will be presented with Defendants' affirmative defenses.  In doing so, the jury must decide whether those affirmative defenses have been established in connection with: (1) the musical composition of Savage Love; (2) the sound recording of Savage Love; (3) the musical composition of the April 23, 2020 Session File; and (4) the sound recording of the April 23, 2020 Session File.  Defendants' [Proposed] Special Verdict Form properly tracks these requirements.  Further, Plaintiff presupposes that the jury would be required to answer all 42 questions (after removal of Questions 43-64 in connection with the April 27, 2020 Session File).  Indeed, if the jury decides that Plaintiff has failed to meet his burden on just a single element of his claim in connection with the musical composition and sound recordings of

Savage Love and the April 23, 2020 session file, then the jury has found for Defendants.  The jury may not need to answer more than 10 questions. While Plaintiff would of course prefer the jury not be asked to answer questions regarding Defendants' affirmative defenses, that is not the law and the Court has already ruled otherwise.

**Plaintiff's Objection No. 3: DEFENDANTS' AFFIRMATIVE DEFENSES QUESTIONS ARE IMPROPER**

Plaintiff denies the validity of Defendants' affirmative defenses. To the extent the Court determines that the defenses are properly presented to the jury, Defendants' questions are inherently problematic. As detailed in Plaintiff's Objections to Defendants' [Proposed] Jury Instructions, Defendants repeatedly misstate the appropriate standard they must meet to succeed on their affirmative defenses. If the Court requires Defendants to revise their [Proposed] Jury Instructions to conform to the applicable legal standards, the verdict form must likewise conform. Each affirmative defense must then be broken into its constituent legal elements so that the jury understands precisely what findings are required and whether Defendants have carried their burden as to each element. Lumping multiple elements into a single compound question risks obscuring the burden of proof. Without such clarification and restructuring, the Proposed Form as to its affirmative defenses are likely to confuse the jury and improperly ease Defendants' burden.

Further, there is no reason as to why each affirmative defense must be included under each Section. Affirmative defenses are, by definition, defenses to liability as a whole. Repeating them throughout the special verdict form is unnecessary, risks confusion, and may distort the jury's deliberative process.

**Defendants' Response to Plaintiff's Objection No. 3**

Plaintiff's objections make no sense and are contradictory.  First, as described above, the Court has already granted Defendants' Motion for Advisory Jury on Equitable Defenses, and ruled that Defendants' equitable defenses overlap with Spatola's claims and will be presented to the jury.  ECF 185.

Second, as set forth in Defendants' concurrently filed [Disputed] Jury Instructions, Defendants properly instruct the jury on the elements of each of their affirmative defenses.

Third, Plaintiff's objection that "[e]ach affirmative defense must then be broken into its constituent legal elements" is wholly contradictory with his Objection No. 2 that Defendants' [Proposed] Special Verdict Form is too long and complex.  Breaking each affirmative defense into each of its elements would add several more questions to the Special Verdict Form.  This would favor Defendants, so it is unclear why Plaintiff is taking this position.  Regardless, Defendants' position is that after the jury is properly instructed on the elements of Defendants' affirmative defenses, the jury can decide if an affirmative defense has been established as a whole.

Fourth, Plaintiff's objection that "there is no reason as to why each affirmative defense must be included under each Section" lacks merit.  Plaintiff here is not seeking declaratory judgment in connection with only one work.  As described above in connection with Objection No. 2, Plaintiff claims joint authorship in both the musical composition and sound recording of Savage Love and, in the alternative, the musical composition and sound recording of the April 23, 2020 Session File.  Thus, Defendants' affirmative defenses must be presented in response to each of Plaintiff's four separate claims.

-33-    Case No. 2:23-cv-06191-MWF-E

SMRH:4911-4734-9910    DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

**Plaintiff's Objection No. 4: DEFENDANTS ASK INAPPROPRIATE QUESTIONS AS TO WHETHER THE SESSION FILES WERE WORKS IN PROGRESS**

Defendants' Proposed Questions 21, 32, 43, and 54, Defendants ask the jury to determine whether "the [date] Session File was a work in progress draft that was always intended to be part of the process of creating the final [work]." Such a question is legally and procedurally flawed. The questions improperly insinuate that if the jury considers the Session Files to be "early drafts," then they could not also be independently copyrightable, which creates a legally flawed test for the jury. Whether a file is a draft does not automatically determine joint authorship or a copyrightable contribution. In turn, the inclusion of these questions could mislead the jury into thinking that labeling a work as a draft affects the rights of its contributors, which is not the appropriate standard.

**Defendants' Response to Plaintiff's Objection No. 4**

Defendants' Proposed Questions 21 and 32 (Questions 43 and 54 have been withdrawn given Spatola's withdrawal of his alternative claim to the April 27, 2020 Session File) are not misleading or improper. Before determining whether a work is a derivative work, the jury must first determine whether the work in question was merely an early draft of a final work. Early drafts of a final work are not entitled to separate copyright protection. *See* 2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4; *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000); *Jefferson v. Raisen*, 2020 WL 6440034, at *3 (C.D. Cal. Aug. 14, 2020); *JCW Investments, Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1032-1034 (N.D. Ill. 2003), *aff'd*, 482 F.3d 910 (7th Cir. 2007). Just because Spatola alleges that he is a co-owner of the April 23, 2020 Session File does not make it a final work for copyright purposes. As a result, the jury must decide whether the April 23, 2020 Session File is a separate work

-34-

SMRH:4911-4734-9910
DEFENDANTS' DISPUTED SPECIAL VERDICT FORM

entitled to copyright protection *before* proceeding to determine whether Spatola is a joint author in the musical composition or sound recording of the April 23, 2020 Session File in any respect.  Defendants' [Proposed] Special Verdict Form appropriately asks the jury to decide these issues.

Moreover, the jury should absolutely consider whether the April 23, 2020 Session File is a draft rather than a final, fixed work given the genesis and creation of Savage Love.  It is undisputed that **Savage Love is a derivative work of Laxed**, thereby misleading the jury regarding the nature of Spatola's contribution.  Conversely, Defendants dispute that Savage Love is a derivative work of the April 23, 2020 Session File.  Given that Laxed is the "original work," Defendants dispute Spatola's theory that Savage Love is a "derivative work of a derivative work."  There were at least nine different session files of Savage Love, including the April 23, 2020 Session File that Spatola claims is not a draft and stands on its own as a completed work.  If that were true, then Savage Love would be a derivative work of not only Laxed, but also the nine (9) session files from the nine (9) different recording sessions for Savage Love—only two (2) of which Spatola attended.  Spatola cannot cherry-pick one session and claim it is a "finished work" but not the subsequent eight sessions, each of which resulted in a "session file" and ultimately the final, released version of Savage Love.  Spatola was not even present when the April 23, 2020 Session File was "fixed" and Spatola never received a copy of that session file, nor did he ever ask for it.  Derulo also never sought Spatola's input on the April 23, 2020 Session file, any other session file, or the commercially-related version of Savage Love.  Conversely, Derulo circulated the April 23, 2020 Session File (when the song had a completely different title and unfinished lyrics) to his co-writer Jacob Kasher Hindlin p/k/a JKash for the purpose of revising the lyrics, evidencing that the April 23, 2020 Session File was indeed a work in progress draft.  Ben Hogarth—the recording engineer who was present at each of the nine recording sessions—will also testify that the April 23,

-35-

2020 Session File was a work in progress and was never intended to be a "final" version of the song.  Like Hogarth, Spatola will admit that Derulo had ultimate decision-making authority, veto power, and was the sole person who decided whether and to what extent different contributions (including Spatola's contribution) would be included in Savage Love.  Factually and legally, Spatola was in no position to determine or even intend that the April 23, 2020 Session File was a "final and fixed work" and any subsequent versions (and there were at least eight other versions) would be derivative works of the April 23, 2020 Session File.

Accordingly, the threshold question of whether the April 23, 2020 Session File was a work in progress draft is absolutely necessary for the jury to determine before the jury proceeds to any further questions about Spatola's "alternative" claims for joint authorship in the April 2023 Session File.

**Plaintiff's Objection No. 5: DEFENDANTS IMPROPERLY INCLUDE AN ANALYSIS ON THE APRIL 27, 2020 SESSION FILE**

Finally, Defendants include an analysis on whether Plaintiff contributed to the April 27, 2020, Session Files. Plaintiff no longer asserts such a claim, and the analysis must, therefore, be removed from the Proposed Form.

For each of the foregoing reasons, Plaintiff objects to Defendants' Proposed Form in its entirety as it is inaccurate beyond use, intentionally overwhelming, and mischaracterizes the prevailing law. Defendants' Proposed Form will not and cannot be used during trial without drawing issues with the jury and causing undue prejudice to Plaintiff. Plaintiff urges the Court to use Plaintiff's [Proposed] Special Verdict Form and will move to strike any inaccurate statements of law and unduly prejudicial inferences that Defendants try to insert in the jury's special verdict form.

**Defendants' Response to Plaintiff's Objection No. 5**

Plaintiff did not withdraw his alternative claim in connection with the April 27, 2020 Session File until after Defendants served their [Proposed] Special Verdict Form.  Given Plaintiff's withdrawal, Defendants have removed and withdrawn Questions 43-64 in their [Proposed] Special Verdict Form.  This objection is therefore moot.

Dated:  March 16, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:    /s/ *Joshua M. Rosenberg*
Joshua M. Rosenberg
Kazim A. Naqvi
Allison C. Wong

Attorneys for Defendants JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS

Case No. 2:23-cv-06191-MWF-E

SMRH:4911-4734-9910

DEFENDANTS' DISPUTED SPECIAL VERDICT FORM