**FILED**
CLERK, U.S. DISTRICT COURT

05/06/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____smom_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SPATOLA, p/k/a MATTY SPATS, <br><br> Plaintiff, <br><br> v. <br><br> JASON DESROULEAUX p/k/a JASON DERULO; and SONY MUSIC ENTERTAINMENT d/b/a COLUMBIA RECORDS, <br><br> Defendants. | Case No. 2:23-cv-06191-MWF(Ex) <br><br> Judge Michael W. Fitzgerald <br><br> **JURY INSTRUCTIONS** |

-1-

**Instruction No. 1**

**Duty of the Jury**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions for each of you will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Instruction No. 2**

**Claims and Defense**

I will again give you a brief summary of the positions of the parties:

The plaintiff, Matthew Spatola professionally known as Matty Spats ("Plaintiff" or "Spatola"), asserts that he is a joint author of the commercially released version of the song titled *Savage Love (Laxed — Siren Beat)*, which in these instructions will be referenced as *"Savage Love"*.  Spatola claims that he is the joint author of both the musical composition (the "*Savage Love* Musical Composition") and the sound recording (the "*Savage Love* Sound Recording") for *Savage Love.*  Spatola has the burden of proving this claim.

In the alternative, Spatola asserts that he is a joint author of one "session file" that was recorded before *Savage Love* was released.  The session file was recorded on April 23, 2020 (the "April 23rd Session File").  Spatola also has the burden of proving this alternative claim.

The defendants are Jason Desrouleaux professionally known as Jason Derulo ("Derulo") and Sony Music Entertainment doing business as Columbia Records ("Sony") (collectively, "Defendants").  Defendants deny that Spatola is a joint author of the *Savage Love* Musical Composition, the *Savage Love* Sound Recording, or the April 23rd Session File.

As a defense, Defendants claim that Spatola, through his words, conduct or delay, acted unreasonably in the time and manner in which he asserted his claims of joint authorship.  Defendants bear the burden of proving this defense by a preponderance of the evidence.  Spatola denies that he acted unreasonably.

**Instruction No. 3**

**Burden of Proof — Preponderance of the Evidence**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 4**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

## Instruction No. 5

## What Is Not Evidence

As I just instructed you, in reaching your verdict, you may consider only the testimony and exhibits received into evidence, along with those facts on which the lawyers have agreed and I have instructed you to accept.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, or will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

(2)     Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Instruction No. 6**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Instruction No. 7**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered or the exhibit was received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose. When I instructed you that certain evidence could only be used for a limited purpose, you may use that evidence only for that purpose and no other.

**Instruction No. 8**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case, if any;
5.  the witness's bias or prejudice, if any;
6.  whether other evidence contradicted the witness's testimony;
7.  the reasonableness of the witness's testimony in light of all the evidence; and
8.  any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 9**

**No Transcript Available to Jury**

During deliberations you will not have a transcript of the trial testimony.  You will have to make your decision based on what you recall of the evidence.

If you wish to have a portion of the testimony read in open court, you may do so by sending me a note.  However, it is not possible that only a very small amount of testimony can be read to you; it is likely that much or all of the testimony of a witness will be read.  Moreover, in hearing the testimony read, you will not be seeing the demeanor and manner of the witness while testifying.  I therefore urge you to make your decision without having any testimony read.

**Instruction No. 10**

**Taking Notes**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**Instruction No. 11**

**Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the lawyers out of the hearing of the jury by having a conference at the bench.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.  Of course, we have done what we could to keep the number and length of these conferences to a minimum.

**Instruction No. 12**

**Use of Interrogatories**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Instruction No. 13**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Akintunde Akinwade, professionally known as TuneDaRula, was taken in lieu of live testimony on March 31, 2025.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Instruction No. 14**

**Expert Opinion Testimony**


You heard testimony from several witnesses who testified about their opinions and the reasons for those opinions.  These witnesses were: Dr. Ethan Lustig, Dr. William Rayner, and Dr. Lawrence Ferrara.


This opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.


Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 15**

**Definition of Copyright and Author**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a musical work.

In order to be copyrighted, a work must be fixed in a tangible medium of expression.  A work is fixed when it is embodied in a copy or phonorecord by or under the authority of the author.

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work.  However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of a work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

## Instruction No. 16

## Musical Compositions and Sound Recordings

As I just explained, copyrighted works can include musical works. There are two types of musical works: musical compositions and the sound recordings of those musical compositions. Each are separate works with their own distinct copyrights.

A musical composition consists of rhythm, harmony, melody, and structure captured in a tangible medium of expression. Sound recordings are works that result from the fixation of a series of musical, spoken, or other sounds. In other words, the sound recording is the sound produced by a performer's rendition of a musical composition or by the producer's management of the sound recording. The same musical composition can be performed and embodied in different ways in multiple sound recordings.

**Instruction No. 17**

**Plaintiff's Claim — Joint Authorship of *Savage Love***

It is undisputed that Derulo is an author of *Savage Love.* There is also no dispute that in addition to Derulo, non-parties Jacob Kasher Hindlin, professionally known as JKash; Joshua Christian Nanai, professionally known as Jawsh 685 ("Jawsh 685"); and Philippe Henri Greiss, professionally known as Phil Greiss ("Phil Greiss"); are also authors of the *Savage Love* Musical Composition.

What is disputed is whether Spatola is a joint author of *Savage Love.* Spatola claims joint authorship of both the *Savage Love* Musical Composition and the *Savage Love* Sound Recording. In order to prevail on this claim, Spatola must therefore prove *each* of the following elements by a preponderance of the evidence:

1. Each author made a substantial and valuable contribution to *Savage Love*;
2. Each author must have intended that his contribution be merged into inseparable or interdependent parts of a unitary whole;
3. Each author must have contributed material to the joint work which could have been independently copyrighted; *and*
4. Each author must be a person to whom the work owes its origins and who superintended the whole work.

Each author of a joint work shares an undivided interest in the entire joint work.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

Additional instruction on whether an author intended that his contribution be merged into inseparable or interdependent parts of a unitary whole (Element 2 above) is contained in Instruction No. 18.

Additional instruction on whether an author's contribution could have been independently copyrightable (Element 3 above) is contained in Instruction No. 19.

**Instruction No. 18**

**Joint Authors — Intending Contributions to be Merged**

Here, it is undisputed that Spatola and Derulo did not jointly sign a written agreement regarding their rights in the *Savage Love* Musical Composition or Sound Recording. Likewise, there is no dispute that Spatola has not entered into a jointly signed written agreement with Sony.

As a result, in deciding whether the parties intended their contributions to be merged (as required by Instruction No. 17, Element 2), you may consider all the evidence in the case. You may also consider the following factors when analyzing the evidence:

a. Whether each of the parties exercised control over the work;

b. Whether each of the parties' actions (and the actions of any other co-authors) showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and

c. The audience appeal of the work depends on the contribution of each party (including any other co-author) so that the share of each party's contribution to the work's success cannot be appraised.

**Instruction No. 19**

**Joint Authors — Independently Copyrightable**

Instruction No. 17, Element 3, requires that material contributed to a joint work be independently copyrightable. In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors. In other words, Spatola should have been able to obtain a copyright on his own contributions to *Savage Love* standing alone.

To be copyrighted, a work must be original. To be original, the work must be independently created by the author and must possess at least some minimal degree of creativity. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

Commonplace expression (such as common or trite musical elements, or elements that are firmly rooted in the musical genre's tradition), ideas, processes, concepts, principles, or discoveries cannot themselves be copyrighted.

**Instruction No. 20**

**Plaintiff's Alternative Claim — April 23rd Session File**

If and only if you do not find that Spatola has proven that he is the joint author of the *Savage Love* Musical Composition **or** the *Savage Love* Sound Recording, then you will be asked to determine whether Spatola has proven his alternative claim to joint authorship of the April 23rd Session File. As with *Savage Love*, the April 23rd Session File consists of a Musical Composition and a Sound Recording. (Instruction No. 16).

To prove this claim, Plaintiff must prove **each** of the following elements by a preponderance of the evidence:

1. The April 23rd Session File as a whole is a copyrightable work; **and**
2. Plaintiff is a joint author of the April 23rd Session File, using the same four elements set forth in Instruction No. 17.

The difference between the claim for joint authorship of *Savage Love* and this alternative claim for joint authorship of the April 23rd Session File is that there is no dispute that *Savage Love* as a whole is a copyrightable work. As to the April 23rd Session File, however, Defendants dispute both whether the work as a whole is a copyrightable work and whether Spatola's own contributions, standing alone, are copyrightable.

In determining whether the April 23rd Session File as a whole is a copyrightable work, you should follow Instruction No. 19.

**Instruction No. 21**

**Defense — Plaintiff Acted Unreasonably**

As a defense, Defendants claim that Spatola acted unreasonably toward Defendants.  The burden is on Defendants to prove this defense by a preponderance of the evidence.

Therefore, to establish this defense, Defendants must prove that Spatola, through words, conduct, or delay, acted unreasonably in the time and/or manner in which he asserted a claim of joint authorship for *Savage Love* and/or the April 23rd Session File.

## Instruction No. 22

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your foreperson.  The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.  That means any answer to a question on the Verdict Form must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 23**

**Consideration of Evidence — Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the

parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify me immediately.

**Instruction No. 24**

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to me.

**Instruction No. 25**

**Return of Verdict**

A Verdict Form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the Verdict Form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.